PAPER_REQUIRED

# U.S. District Court
# Northern District of Texas (Fort Worth)
# CIVIL DOCKET FOR CASE #: <u>4:18−cv−00893−A</u>

Lines v. Amazon.Com, Inc. et al                              Date Filed: 10/31/2018
Assigned to: Senior Judge John McBryde                       Jury Demand: Plaintiff
Case in other court:  Texas Western, 1:17−cv−00072           Nature of Suit: 710 Labor: Fair Labor
Cause: 15:2(a) Fair Labor Standards Act                      Standards Act
                                                             Jurisdiction: Federal Question

**<u>Plaintiff</u>**

**Jeffrey Lines**                            represented by   **Holt Major Lackey**
*individually and on behalf of all others*                   Ellwanger Law LLLP
*similary situated*                                          8310−1 North Capital of Texas Hwy
                                                             Suite 190
                                                             Austin, TX 78731
                                                             737−808−2238
                                                             Email: <u>hlackey@equalrights.law</u>
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*
                                                             *Bar Status: Admitted/In Good Standing*

                                                             **James A Vagnini**
                                                             Valli Kane & Vagnini LLP
                                                             600 Old Country Road, Suite 519
                                                             Garden City, NY 11530
                                                             516−203−7180
                                                             Fax: 516−706−0248
                                                             Email: <u>jvagnini@vkvlawyers.com</u>
                                                             *PRO HAC VICE*
                                                             *ATTORNEY TO BE NOTICED*
                                                             *Bar Status: Not Admitted*

                                                             **Jay D Ellwanger**
                                                             Ellwanger Law LLLP
                                                             400 South Zang Bouldevard, Suite 1015
                                                             Dallas, TX 75208
                                                             737−808−2260
                                                             Fax: 737−808−2262
                                                             Email: <u>jellwanger@equalrights.law</u>
                                                             *ATTORNEY TO BE NOTICED*
                                                             *Bar Status: Admitted/In Good Standing*

                                                             **Matthew Berman**
                                                             Valli Kane & Vagnini, LLP
                                                             600 Old Country Rd, Ste. 519
                                                             Garden City, NY 11530
                                                             516−203−7180
                                                             Fax: 516−706−0248

Email: mberman@vkvlawyers.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Monica Hincken**
Valli Kane & Vagnini LLP
600 Old Country Road, Suite 519
Garden City, NY 11530
516–203–7180
Fax: 516–706–0248
Email: mhincken@vkvlawyers.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Sara Wyn Kane**
Valli Kane & Vagnini, LLP
600 Old Country Road, Suite 519
Garden City, NY 11530
516–203–7180
Fax: 516–706–0248
Email: skane@vkvlawyers.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

V.

**Respondent**

**Amazon.Com Inc**                          represented by **Darren G Gibson**
Littler Mendelson PC
100 Congress Avenue, Suite 1400
Austin, TX 78701
512–982–7250
Fax: 512–982–7248
Email: dgibson@littler.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Kevin S Mullen**
The Mullen Firm PLLC
3801 N. Capital of Texas Hwy.
Suite E–240/604
Austin, TX 78746
214–228–4473
Email: kevin@themullenfirm.com
*TERMINATED: 04/24/2017*
*Bar Status: Admitted/In Good Standing*

Salvador Davila
Thompson, Coe, Cousins & Irons, LLP
701 Brazos
Suite 1500
Austin, TX 78701
512/703−5065
Fax: 512/708−8777
Email: sdavila@thompsoncoe.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Respondent**

**Tenet Concepts, LLC**          represented by  **Darren G Gibson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Kevin S Mullen**
(See above for address)
*TERMINATED: 04/24/2017*
*Bar Status: Admitted/In Good Standing*

**Salvador Davila**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Respondent**

**John Doe, 1**

**Respondent**

**John Doe, 2**

**Respondent**

**John Doe, 3**

**Respondent**

**John Doe, 4**

**Respondent**

**John Doe, 5**

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 02/02/2017 | 1 | 11 | COMPLAINT ( Filing fee $ 400 receipt number 0542−9258413). No Summons requested at this time, filed by Jeffrey Lines. (Attachments: # 1 Civil Cover Sheet)(Ellwanger, Jay) (Attachment 1 replaced on 2/3/2017 to flatten image) (afd). [Transferred from Texas Western on 10/31/2018.] (Entered: 02/02/2017) |

| 02/02/2017 | | 40 | Case Assigned to Judge Lee Yeakel. CM WILL NOW REFLECT THE JUDGE INITIALS AS PART OF THE CASE NUMBER. PLEASE APPEND THESE JUDGE INITIALS TO THE CASE NUMBER ON EACH DOCUMENT THAT YOU FILE IN THIS CASE. (afd) [Transferred from Texas Western on 10/31/2018.] (Entered: 02/03/2017) |
|---|---|---|---|
| 02/02/2017 | | 41 | DEMAND for Trial by Jury by Jeffrey Lines. (afd) [Transferred from Texas Western on 10/31/2018.] (Entered: 02/03/2017) |
| 02/03/2017 | 2 | 42 | Letter to Holt Major Lackey re: Non–Admitted Status. (afd) [Transferred from Texas Western on 10/31/2018.] (Entered: 02/03/2017) |
| 02/09/2017 | 3 | 43 | MOTION to Appear Pro Hac Vice by Jay D. Ellwanger *for Sara Wyn Kane* ( Filing fee $ 100 receipt number 0542–9281306) by on behalf of Jeffrey Lines. (Attachments: # 1 Proposed Order)(Ellwanger, Jay) [Transferred from Texas Western on 10/31/2018.] (Entered: 02/09/2017) |
| 02/09/2017 | 4 | 48 | MOTION to Appear Pro Hac Vice by Jay D. Ellwanger *for James A. Vagnini* ( Filing fee $ 100 receipt number 0542–9281322) by on behalf of Jeffrey Lines. (Attachments: # 1 Proposed Order)(Ellwanger, Jay) [Transferred from Texas Western on 10/31/2018.] (Entered: 02/09/2017) |
| 02/13/2017 | 5 | 53 | ORDER GRANTING 3 Motion for Sara Wyn Kane to Appear Pro Hac Vice. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (ml) [Transferred from Texas Western on 10/31/2018.] (Entered: 02/13/2017) |
| 02/13/2017 | 6 | 54 | ORDER GRANTING 4 Motion for James A. Vagnini to Appear Pro Hac Vice. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (ml) [Transferred from Texas Western on 10/31/2018.] (Entered: 02/14/2017) |
| 03/03/2017 | 7 | 55 | REQUEST FOR ISSUANCE OF SUMMONS by Jeffrey Lines. (Ellwanger, Jay) [Transferred from Texas Western on 10/31/2018.] (Entered: 03/03/2017) |
| 03/03/2017 | 8 | 57 | Summons Issued as to Tenet Concepts, LLC. (jf) [Transferred from Texas Western on 10/31/2018.] (Entered: 03/03/2017) |
| 03/31/2017 | 9 | 59 | MOTION to Dismiss *Pursuant to 12(b)(6) and Brief In Support* by Amazon.Com, Inc., Tenet Concepts, LLC. (Mullen, Kevin) [Transferred from Texas Western on 10/31/2018.] (Entered: 03/31/2017) |
| 03/31/2017 | 10 | 75 | Certificate of Interested Parties *and Corporate Disclosure Statement* by Amazon.Com, Inc., Tenet Concepts, LLC. (Mullen, Kevin) [Transferred from Texas Western on 10/31/2018.] (Entered: 03/31/2017) |
| 04/14/2017 | 11 | 78 | AMENDED COMPLAINT against All Defendants amending, filed by Jeffrey Lines.(Ellwanger, Jay) [Transferred from Texas Western on 10/31/2018.] (Entered: 04/14/2017) |
| 04/14/2017 | 12 | 113 | DEFICIENCY NOTICE: No certificate of service was included in pleading. Please file ONLY the certificate of service in the form of a pleading using the |

| | | | |
|---|---|---|---|
| | | | "Certificate of Service" event located under the 'Service of Process' menu re 11 Amended Complaint (jf) [Transferred from Texas Western on 10/31/2018.] (Entered: 04/17/2017) |
| 04/17/2017 | 13 | 114 | CERTIFICATE OF SERVICE by Jeffrey Lines *for* 11 Amended Complaint (Ellwanger, Jay) [Transferred from Texas Western on 10/31/2018.] (Entered: 04/17/2017) |
| 04/21/2017 | 14 | 115 | NOTICE of Attorney Appearance by Darren Glenn Gibson on behalf of Amazon.Com, Inc., Tenet Concepts, LLC. Attorney Darren Glenn Gibson added to party Amazon.Com, Inc.(pty:dft), Attorney Darren Glenn Gibson added to party Tenet Concepts, LLC(pty:dft) (Gibson, Darren) Modified event on 4/21/2017 (jf). [Transferred from Texas Western on 10/31/2018.] (Entered: 04/21/2017) |
| 04/21/2017 | | 118 | Notice of Correction: Proposed order is required. Please file the proposed order to substitute counsel using the "Attachment" event re 14 MOTION to Substitute Attorney. (jf) [Transferred from Texas Western on 10/31/2018.] (Entered: 04/21/2017) |
| 04/21/2017 | 15 | 119 | ATTACHMENT *Proposed Order* to 14 MOTION to Substitute Attorney by Amazon.Com, Inc., Tenet Concepts, LLC. (Gibson, Darren) [Transferred from Texas Western on 10/31/2018.] (Entered: 04/21/2017) |
| 04/24/2017 | 16 | 120 | ORDER GRANTING 14 Motion to Substitute Attorney. Signed by Judge Lee Yeakel. (jf) [Transferred from Texas Western on 10/31/2018.] (Entered: 04/25/2017) |
| 04/25/2017 | 17 | 121 | Unopposed MOTION for Extension of Time to File Answer *to Plaintiff's First Amended Complaint* by Amazon.Com, Inc., Tenet Concepts, LLC. (Attachments: # 1 Proposed Order – Proposed Order)(Gibson, Darren) [Transferred from Texas Western on 10/31/2018.] (Entered: 04/25/2017) |
| 05/01/2017 | 18 | 125 | ORDER GRANTING 17 Motion for Extension of Time to Answer ; Amazon.Com, Inc. answer due 5/12/2017; Tenet Concepts, LLC answer due 5/12/2017. Signed by Judge Lee Yeakel. (jf) [Transferred from Texas Western on 10/31/2018.] (Entered: 05/01/2017) |
| 05/12/2017 | 19 | 126 | *AMAZON.COM, INC.'s* ANSWER to 11 Amended Complaint by Amazon.Com, Inc..(Gibson, Darren) [Transferred from Texas Western on 10/31/2018.] (Entered: 05/12/2017) |
| 05/12/2017 | 20 | 146 | ANSWER to 11 Amended Complaint by Tenet Concepts, LLC.(Gibson, Darren) [Transferred from Texas Western on 10/31/2018.] (Entered: 05/12/2017) |
| 05/17/2017 | 21 | 164 | MOTION to Appear Pro Hac Vice by Jay D. Ellwanger *for Matthew L. Berman* ( Filing fee $ 100 receipt number 0542−9597872) by on behalf of Jeffrey Lines. (Attachments: # 1 Proposed Order)(Ellwanger, Jay) [Transferred from Texas Western on 10/31/2018.] (Entered: 05/17/2017) |
| 05/23/2017 | 22 | 169 | ORDER DISMISSING 9 Motion to Dismiss. Signed by Judge Lee Yeakel. (jf) [Transferred from Texas Western on 10/31/2018.] (Entered: 05/24/2017) |
| 05/23/2017 | 23 | 170 | ORDER GRANTING 21 Motion to Appear Pro Hac Vice for Matthew L. Berman. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must |

| | | | register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (jf) [Transferred from Texas Western on 10/31/2018.] (Entered: 05/24/2017) |
|---|---|---|---|
| 07/24/2017 | 24 | 171 | Proposed Scheduling Order by Jeffrey Lines. (Berman, Matthew) [Transferred from Texas Western on 10/31/2018.] (Entered: 07/24/2017) |
| 08/07/2017 | 25 | 175 | ORDER (Initial Pretrial Conference set for 10/3/2017 at 2:30 PM before Judge Lee Yeakel). Signed by Judge Lee Yeakel. (jf) [Transferred from Texas Western on 10/31/2018.] (Entered: 08/07/2017) |
| 10/03/2017 | 26 | 176 | Scheduling Recommendations *Joint Discovery/Case Management Plan* by Amazon.Com, Inc., Tenet Concepts, LLC. (Attachments: # 1 Exhibit A)(Davila, Salvador) [Transferred from Texas Western on 10/31/2018.] (Entered: 10/03/2017) |
| 10/03/2017 | 27 | 188 | Minute Entry for proceedings held before Judge Lee Yeakel: Initial Pretrial Conference in Chambers held on 10/3/2017 (Minute entry documents are not available electronically). (Court Reporter Arlinda Rodriguez)(jf) [Transferred from Texas Western on 10/31/2018.] (Entered: 10/03/2017) |
| 10/03/2017 | 28 | 189 | Unopposed MOTION for Protective Order by Amazon.Com, Inc., Tenet Concepts, LLC. (Attachments: # 1 Exhibit A – Confidentiality and Protective Order)(Davila, Salvador) [Transferred from Texas Western on 10/31/2018.] (Entered: 10/03/2017) |
| 10/03/2017 | 29 | 202 | SCHEDULING ORDER: Pretrial Conference set for 3/29/2019 at 10:00 AM before Judge Lee Yeakel and jury trial in the month of April 2019, ADR Report Deadline due by 3/9/2018, Discovery due by 10/5/2018, Motions due by 11/9/2018. Signed by Judge Lee Yeakel. (jf) [Transferred from Texas Western on 10/31/2018.] (Entered: 10/04/2017) |
| 10/06/2017 | 30 | 206 | PROTECTIVE ORDER. Signed by Judge Lee Yeakel. (dm) [Transferred from Texas Western on 10/31/2018.] (Entered: 10/06/2017) |
| 10/19/2017 | 31 | 215 | MOTION to Appear Pro Hac Vice by Jay D. Ellwanger *for Monica Hincken* ( Filing fee $ 100 receipt number 0542–10095187) by on behalf of Jeffrey Lines. (Attachments: # 1 Proposed Order)(Ellwanger, Jay) [Transferred from Texas Western on 10/31/2018.] (Entered: 10/19/2017) |
| 10/24/2017 | 32 | 220 | ORDER GRANTING Monica Hincken's 31 Motion to Appear Pro Hac Vice. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (jf) [Transferred from Texas Western on 10/31/2018.] (Entered: 10/24/2017) |
| 01/25/2018 | 33 | 221 | SUGGESTION OF BANKRUPTCY as to Tenet Concepts, LLC . (Attachments: # 1 Exhibit A – Tenet Voluntary Petition)(Gibson, Darren) [Transferred from Texas Western on 10/31/2018.] (Entered: 01/25/2018) |
| 01/29/2018 | 34 | 229 | ORDER setting Status Conference for 2/13/2018 01:30 PM before Judge Lee Yeakel. Signed by Judge Lee Yeakel. (klw) [Transferred from Texas Western on 10/31/2018.] (Entered: 01/30/2018) |
| 02/13/2018 | 35 | 230 | |

| | | | |
|---|---|---|---|
| | | | Minute Entry for proceedings held before Judge Lee Yeakel: Status Conference held on 2/13/2018 (Minute entry documents are not available electronically). (Court Reporter Arlinda Rodriguez.)(dl) [Transferred from Texas Western on 10/31/2018.] (Entered: 02/14/2018) |
| 02/13/2018 | 36 | 231 | JOINT Status Report due by 2/27/2018. Signed by Judge Lee Yeakel. (dl) [Transferred from Texas Western on 10/31/2018.] (Entered: 02/15/2018) |
| 02/20/2018 | 37 | 232 | MOTION to Appear Pro Hac Vice by Jay D. Ellwanger *Application and Proposed Order for Holt Lackey to Appear Pro Hac Vice* ( Filing fee $ 100 receipt number 0542–10480878) by on behalf of Jeffrey Lines. (Ellwanger, Jay) [Transferred from Texas Western on 10/31/2018.] (Entered: 02/20/2018) |
| 02/27/2018 | 38 | 237 | STATUS REPORT *Joint Status Report* by Jeffrey Lines. (Ellwanger, Jay) [Transferred from Texas Western on 10/31/2018.] (Entered: 02/27/2018) |
| 02/27/2018 | 39 | 242 | ORDER GRANTING 37 Motion to Appear Pro Hac Vice. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (dl) [Transferred from Texas Western on 10/31/2018.] (Entered: 02/28/2018) |
| 03/13/2018 | 40 | 243 | STATUS REPORT *Agreed Amendment to Joint Status Report* by Jeffrey Lines. (Ellwanger, Jay) [Transferred from Texas Western on 10/31/2018.] (Entered: 03/13/2018) |
| 03/20/2018 | 41 | 246 | MOTION to Change Venue *and Brief in Support* by Amazon.Com, Inc., Tenet Concepts, LLC. (Attachments: # 1 Affidavit Declaration of Scott Cass, # 2 Proposed Order Proposed Order)(Gibson, Darren) [Transferred from Texas Western on 10/31/2018.] (Entered: 03/20/2018) |
| 03/20/2018 | 42 | 295 | NOTICE *of Substantial Compliance Regarding Joint Status Report* by Jeffrey Lines (Ellwanger, Jay) [Transferred from Texas Western on 10/31/2018.] (Entered: 03/20/2018) |
| 03/27/2018 | 43 | 298 | Response in Opposition to Motion, filed by Jeffrey Lines, re 41 MOTION to Change Venue *and Brief in Support* filed by Defendant Amazon.Com, Inc., Defendant Tenet Concepts, LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Proposed Order)(Ellwanger, Jay) [Transferred from Texas Western on 10/31/2018.] (Entered: 03/27/2018) |
| 04/02/2018 | 44 | 358 | REPLY to Response to Motion, filed by Amazon.Com, Inc., Tenet Concepts, LLC, re 41 MOTION to Change Venue *and Brief in Support* filed by Defendant Amazon.Com, Inc., Defendant Tenet Concepts, LLC (Gibson, Darren) [Transferred from Texas Western on 10/31/2018.] (Entered: 04/02/2018) |
| 07/06/2018 | 45 | 365 | NOTICE *of Withdrawal of Opposition to Motion to Transfer* by Jeffrey Lines re 41 MOTION to Change Venue *and Brief in Support* (Ellwanger, Jay) [Transferred from Texas Western on 10/31/2018.] (Entered: 07/06/2018) |
| 08/09/2018 | 46 | 9 | ORDER GRANTING 41 Motion to Transfer Venue. Signed by Judge Lee Yeakel. (dl) [Transferred from Texas Western on 10/31/2018.] (Entered: 08/09/2018) |
| 10/31/2018 | 47 | 369 | |

| | | | |
|---|---|---|---|
| | | | Case electronically transferred in from District of Texas Western; Case Number 1:17–cv–00072. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas should seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information – Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. Copy of NEF to be sent US Mail to parties not electronically noticed. (Entered: 10/31/2018) |
| 10/31/2018 | 48 | 381 | New Case Notes: A filing fee has been paid. File to Judge McBryde. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge. Clerk to provide copy to plaintiff if not received electronically. (mpw) (Entered: 10/31/2018) |
| 10/31/2018 | 49 | 383 | Standing ORDER Concerning Paper Filing in Cases Assigned to District Judge John McBryde...see order for specifics. (Ordered by Senior Judge John McBryde on 10/31/2018) (mpw) (Entered: 10/31/2018) |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

**2018 AUG -9 AM 10: 30**

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

| | | |
|---|---|---|
| JEFFREY LINES, INDIVIDUALLY AND | § | |
| ON BEHALF OF ALL OTHERS | § | |
| SIMILARLY SITUATED, | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | CAUSE NO. 1:17-CV-072-LY |
| | § | |
| AMAZON.COM, INC., TENET | § | |
| CONCEPTS, LLC, AND JOHN DOES 1-5, | § | |
| DEFENDANTS. | § | |

## ORDER

Before the court in the above-styled and numbered cause is Defendants Amazon.com, Inc. and Tenet Concepts, LLC's Motion to Transfer Venue and Brief in Support filed March 20, 2018 (Dkt. No. 41), Jeffrey Lines' Response to Defendants' Motion to Transfer Venue filed March 27, 2018 (Dkt. No. 43), Defendants Amazon.com, Inc. and Tenet Concepts, LLC's Reply to Jeffrey Lines' Response to their Motion to Transfer Venue filed April 2, 2018 (Dkt. No. 44). Also before the court is Plaintiffs' Withdrawal of Opposition to Motion to Transfer filed July 6, 2018 (Dkt. No. 45), in which Lines requests that Line's response in opposition to the motion to transfer be withdrawn and thus to consider the motion to transfer as unopposed. In light of Line's request, the court will consider the motion to transfer as unopposed. Accordingly,

**IT IS ORDERED** that Jeffrey Lines' Response to Defendants' Motion to Transfer Venue filed March 27, 2018 (Dkt. No. 43) is **DEEMED STRIKEN**.

**IT IS FURTHER ORDERED** that Defendants Amazon.com, Inc. and Tenet Concepts, LLC's Motion to Transfer Venue and Brief in Support filed March 20, 2018 (Dkt. No. 41) is **GRANTED**.

**IT IS FINALLY ORDERED** that the above-styled cause is **TRANSFERRED** to the

United States District Court for the Northern District of Texas, Fort Worth Division.

SIGNED this _8th_ of ~~~~ August 2018.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| JEFFREY LINES, individually and on behalf of all others similarly situated, | § § § | CASE NO. 1:17-cv-0072 |
| Plaintiffs, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| AMAZON.COM, INC.; TENET CONCEPTS, LLC; and JOHN DOES 1-5, | § § § | |
| Defendants. | § § | |

## ORIGINAL COMPLAINT

Plaintiff JEFFREY LINES ("Plaintiff Lines") on behalf of himself and all others similarly situated (collectively, "Drivers") by and through his attorneys, DINOVO PRICE ELLWANGER & HARDY, LLP and VALLI KANE & VAGNINI, LLP, bring this action for damages and other legal and equitable relief from Defendants, AMAZON.COM, INC. ("Amazon"), TENET CONCEPTS, LLC ("Tenet Concepts"), and JOHN DOES 1-5 (collectively, "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. 201 *et seq.*, and for violation of Title Two of the Texas Labor Code ("TLC") §§ 62.001 *et seq.*,  and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1.      This is a collective and class action brought by Plaintiff Lines challenging acts committed by Defendants against Plaintiff Lines and those similarly situated which amounted to violations of federal and state wage and hour laws.

2.      Tenet Concepts maintains a service contract with Amazon, one of the country's largest online retail stores, to provide one (1) to two (2) hour delivery services of Amazon's merchandise.

3.      Plaintiff Lines is a delivery driver who was employed by Defendants to carry out deliveries of Amazon's merchandise from Amazon's warehouses to their customers' addresses.

4.      First, Defendants' regular failure to pay Plaintiff Lines and all other similarly situated employees the statutorily required overtime rate of time and a half (½) violates the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and any other cause(s) of action that can be inferred from the facts set forth herein. Defendants violate these laws by engaging in a systematic scheme of altering Drivers' paychecks in order to deprive them of their statutorily required overtime pay.

5.      Second, Defendants' regular failure to pay Plaintiff Lines and all other similarly situated employees the statutorily required minimum wage for all hours worked in a workweek violates the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), Title Two of the Texas Labor Code ("TLC") §§ 62.001 *et seq.*, and any other cause(s) of action that can be inferred from the facts set forth herein. Defendants violate these laws by engaging in a systematic scheme of failing to reimburse Drivers for their incurred expenses and by altering Drivers' paychecks in order to deprive them of their statutorily required minimum wage, effectively forcing Drivers to work "off-the-clock."

6.      Third, Defendants' retention of all or some of the tips earned by Plaintiff Lines and all other similarly situated employees violates the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and any other cause(s) of action that can be inferred from the facts set forth herein. Defendants violate these laws by engaging in a systematic scheme of retaining all or

some of Drivers' earned tips and by not providing Drivers with any documentation that accurately reflects their allotted tips.

7. Fourth, Plaintiff Lines' unlawful termination violates the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and any other cause(s) of action that can be inferred from the facts set forth herein. Defendants violate these laws by terminating Plaintiff Lines' employment in retaliation for his complaints against Defendants' unlawful conduct that violates the FLSA.

8. Plaintiff Lines alleges, on behalf of himself and similarly situated current and former employees who elect to opt into this action pursuant to the FLSA, that they are entitled to recover (i) unpaid and incorrectly paid wages for all hours worked in a workweek, as required by law, (ii) unpaid overtime, (iii) earned and unlawfully retained tips, (iv) liquidated damages, (v) interest, and (vi) attorney fees and costs pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*, and further relief as this Court finds necessary and proper.

9. Plaintiff Lines also brings this action, pursuant to Fed. R. Civ. P. 23, on behalf of a class of all persons who are and were employed by Defendants as delivery drivers during the past three years through the final date of the disposition of this action who were not paid the statutorily required minimum wage for all hours worked by them in a workweek, as required by the TLC who are entitled to recover: (1) back pay, (2) liquidated damages, (4) attorney's fees and costs, and (5) interest, and further relief as this Court finds necessary and proper.

10. In addition to the class and collective actions, Plaintiff Lines brings this action pursuant to the FLSA to remedy his unlawful retaliatory discharge by recovering: (1) back pay, (2) liquidated damages, (3) emotional damages, (4) attorney's fees and costs, and (5) interest, and further relief as this Court finds necessary and proper.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) under 29 U.S.C. § 201 *et. seq.*

12.     The Court's supplemental jurisdiction is invoked to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

13.     Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendants maintain offices, conduct business and reside in this district.

## THE PARTIES

14.     Plaintiff Lines is a citizen of Texas and resides in Dallas, Texas.

15.     At all relevant times, Plaintiff Lines was an employee within the meaning of the FLSA and TLC.

16.     Upon information and belief, Amazon is incorporated under the laws of the state of Delaware and has its principal place of business in Seattle, Washington.

17.     Upon information and belief, Defendant Amazon also maintains multiple places of business within the State of Texas and within this District.

18.     Defendant Amazon transacts business in Texas by employing Plaintiff Lines and those similarly situated as delivery drivers in Texas.

19.     Amazon has at all relevant times been an employer covered by the FLSA and the TLC.

20.     Upon information and belief, the amount of qualifying annual volume of business for Amazon exceeds $500,000.00 and thus subjects Amazon to the FLSA's overtime and minimum wage requirements.

21.     Upon information and belief, Amazon is engaged in interstate commerce. This independently subjects Amazon to the overtime and minimum wage requirements of the FLSA.

22.     Upon information and belief, Tenet Concepts is incorporated under the laws of the state of Texas and has its principal place of business in Austin, Texas.

23.     Defendant Tenet Concepts transacts business throughout Texas by employing Plaintiff Lines and those similarly situated as delivery drivers in Texas.

24.     Tenet Concepts has at all relevant times been an employer covered by the FLSA and the TLC.

25.     Upon information and belief, the amount of qualifying annual volume of business for Tenet Concepts exceeds $500,000.00 and thus subjects Tenet Concepts to the FLSA's overtime and minimum wage requirements.

26.     Upon information and belief, Tenet Concepts is engaged in interstate commerce. This independently subjects Tenet Concepts to the overtime and minimum wage requirements of the FLSA.

27.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as John Does 1-5, inclusive, are currently unknown to

Drivers, who therefore sue Defendants by such fictitious names pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 33.004.

28.    Plaintiff Lines alleges, upon information and belief, that each of Defendants named as John Doe(s) are legally responsible in some manner for the unlawful acts referred within the complaint.

29.    Plaintiff Lines will seek leave of court to amend this Complaint to reflect the true names and capacities of Defendants designated as "John Does 1-5" when such identities become known.

30.    Defendants jointly employed Plaintiff Lines and those similarly situated by employing or acting in the interest of employer towards Plaintiff and directly or indirectly, jointly or severally, including without limitation, controlling and directing the terms of employment and compensation of all similarly situated employees.

## STATEMENT OF THE FACTS

31.    Plaintiff Lines was employed as a delivery driver by Defendants from October 6, 2015, until his unlawful termination on or around January 22, 2016.

32.    Tenet Concepts is a distribution company that provides, among other things, delivery services for clientele.

33.    Amazon is one of the country's largest online retail stores that provides merchandise to customers.

34.    Throughout all times relevant to this matter, Tenet Concepts maintained a service contract with Amazon to provide delivery services for Amazon's merchandise to Amazon's customers.

35.     Upon information and belief, Tenet Concepts employs over four hundred (400) delivery drivers who operate out of Amazon's warehouses located in Texas, California, and Illinois.

36.     Specifically, Plaintiff Lines operated out of Amazon's warehouse located in Irving, Texas.

37.     Drivers' primary job duties were to deliver Amazon's merchandise to customers within one (1) to two (2) hours after the purchase was made through Amazon's Prime Now mobile application ("App").

38.     Drivers wore uniforms that identified them as representatives of Amazon Prime Now.

39.     Drivers were compensated at or around $7.25 per hour.

40.     Drivers received their paychecks every two weeks.

41.     All hours Drivers worked were not accounted for nor compensated on their paychecks.

42.     In addition to their pay, Defendants promised Drivers, through a written policy, tips and reimbursements for the expenses they incurred during deliveries.

43.     When Defendants issued the customers' tips to Drivers on their paychecks, which was infrequent, Defendants refused to issue an accurate record of the allotted tip breakdown.

44.     Drivers were never informed of their total actual amount of tips.

45.     Defendants posted the Drivers weekly shifts on bulletin boards.

46.     Drivers were routinely scheduled to work six (6) or seven (7) consecutive days in a workweek.

47.     Drivers routinely worked in excess of forty (40) hours per workweek.

7

48. Drivers were not properly compensated at the overtime premium for all hours worked in excess of forty (40) hours per workweek.

49. Drivers were required to obtain management approval to switch shifts with one another.

50. If there was "not enough work," Defendants sent Drivers home without pay.

51. Drivers clocked in and out by presenting their identification cards, which bore both Amazon's and Tenet Concepts' logos, to Defendants' dispatchers.

52. Defendants required Drivers to arrive at their Amazon warehouse ten (10) to fifteen (15) minutes before their scheduled clock-in time.

53. Drivers were not compensated for the ten (10) to fifteen (15) minutes they were required to be at their Amazon warehouse prior to clocking in, effectively forcing them to work "off-the-clock."

54. Drivers were not permitted to take meal breaks.

55. Defendants, however, deducted a one half hour (1/2) of pay for each day worked from the Drivers' paychecks for meal periods, effectively forcing them to work "off-the-clock."

56. After "clocking in" at their Amazon warehouse, Drivers waited for Defendants' dispatcher to assign them packages for delivery.

57. Amazon unilaterally decided the quantity of packages assigned to Drivers.

58. Amazon unilaterally decides which packages Drivers will deliver.

59. After receiving their assigned packages, Drivers scanned each package into the App to provide real time tracking to Amazon's customers.

60. Drivers were not permitted to reject delivery assignments, nor could they request that deliveries be restricted to a particular geographical areas.

61.     If Drivers did not abide by Defendants' delivery assignments or routes they were subjected to discipline, which included termination.

62.     Defendants instructed Drivers to deliver assigned packages in a set sequence determined by Defendants.

63.     A Driver's assigned delivery route began with the delivery that is furthest away from the Amazon warehouse and ended with the delivery closet to the Amazon warehouse.

64.     Drivers were assigned eight (8) to ten (10) packages per route that were required to be delivered within two hours.

65.     Defendants generated and dictated Drivers' delivery routes.

66.     Drivers were assigned routes that spanned up to or more than two hundred and fifty (250) miles.

67.     Drivers did not receive mileage reimbursement and/or credit from Defendants.

68.     Defendants tracked Drivers while they were on delivery routes.

69.     Defendants' dispatchers frequently called and/or sent text messages to Drivers to provide them with alternate delivery routes and/or to inform them that they were running late.

70.     After delivering a set of assigned packages, Drivers returned to their Amazon warehouse to receive another assignment of packages. This process repeated multiple times throughout the work day.

71.     Following a delivery, the App suggested a default tip of $5.00 for the delivery Driver. Customers were permitted to modify the tipped amount to their desired amount.

72.     Upon information and belief, before a customer left a tip, the App stated to them: "If you elect to leave a tip, the entire tip goes to your courier."

73.    Upon information and belief, Defendants maintained a policy that prohibited customers from leaving cash tips, requiring all tips to be made through the app, via credit card, and payable to Defendants.

74.    Upon information and belief, Drivers never received the correct tip total during each pay period as they were continually given an amount less than what they actually received.

75.    Upon information and belief, Defendants never provided Drivers with any record or receipt of which customer tipped them or the amount they were tipped.

76.    Upon information and belief, Defendants retained all or some of the tips Drivers received.

77.    Upon information and belief, Drivers were required to use their own personal vehicles to deliver Amazon's merchandise.

78.    Upon information and belief, Drivers incurred significant out of pocket expenses from the use of their vehicles for deliveries, tolls, and keeping their vehicles running for extraordinary durations of time throughout their shift(s).

79.    The incurred out of pocket costs for the operation of their vehicles frequently drove the Drivers' hourly rate well below both federal and state minimum wage and overtime requirements.

80.    Despite Defendants' written policy, Drivers were often denied reimbursements of incurred expenses in the form of a car allowance (mileage, wear and tear, gas, tolls, etc.).

81.    Upon information and belief, Drivers were required to submit their toll bills to Defendant Tenet Concepts' supervisors immediately after they received and paid the toll bills.

82.    Upon information and belief, Defendant Tenet Concepts' supervisors were then required to submit the toll bill to Defendant Amazon.

83.     Upon receipt of the toll bill, Defendant Amazon was to reimburse Drivers for the total amount of the toll bill.

84.     Plaintiff Lines was never reimbursed for any of the toll bills he submitted to his supervisor, Steven (last name unknown).

85.     Upon information and belief, when Drivers were reimbursed for gas expenses, which was infrequent, they were only reimbursed for the pre-tax cost of gas and mileage and not the total amount. Thus, Drivers still incurred out of pocket expenses that drove their hourly rate below the minimum wage.

86.     Upon information and belief, on or around November 26, 2015, Amazon assigned the delivery routes of almost all of the delivery drivers that were operating out of the warehouse located in Irving, Texas, to new employees known as "Amazon flex drivers."

87.     Upon information and belief Amazon flex drivers were individually contracted by Amazon.

88.     Upon information and belief Amazon flex drivers were paid between $18.00 and $25.00 per hour.

89.     On or around November 26, 2015, Plaintiff Lines complained to Steven regarding Defendants' failure to compensate Drivers the overtime premium for all hours worked in excess of forty (40) hours per week, Defendants' failure to properly reimburse Drivers for toll, mileage, and gas expenses, and Defendants' retention of the Drivers' earned tips.

90.     Steven stated to Plaintiff Lines that he would inform the owner of Defendant Tenet Concepts of his November 26, 2015 complaint and that he was going to remedy the complaint.

91.     Defendants never responded to the November 26, 2015 complaint.

92.     Around December 10, 2015, Plaintiff Lines complained to Steven regarding Defendants' failure to compensate Drivers the overtime premium for all hours worked in excess of forty (40) hours per week, Defendants' failure to properly reimburse Drivers for toll, mileage, and gas expenses, and Defendants' retention of the Drivers' earned tips.

93.     Around December 22, 2015, Plaintiff Lines again complained to Steven regarding Defendants' failure to compensate Drivers the overtime premium for all hours worked in excess of forty (40) hours per week, Defendants' failure to properly reimburse Drivers for toll, mileage, and gas expenses, and Defendants' retention of the Drivers' earned tips.

94.     Following Plaintiff Lines' December 22, 2015, complaint, Steven became increasingly agitated with Plaintiff Lines.

95.     On or around January 22, 2016, Steven informed Plaintiff Lines that he "did not have to work anymore" because he "would not keep his mouth shut and stop complaining" about Defendants' failure to compensate Drivers the overtime premium for all hours worked in excess of forty (40) hours per week, Defendants' failure to properly reimburse Drivers for toll, mileage, and gas expenses, and Defendants' retention of the Drivers' earned tips.

96.     Plaintiff Lines remained unemployed for over two (2) months.

97.     Plaintiff Lines was forced to pawn his personal property to afford his rent and utilities bills.

98.     Due to his lack of employment, Plaintiff Lines was unable to recover all of his pawned property.

99.     Plaintiff Lines' unlawful termination caused him to suffer from, among other things, lack of sleep and appetite, weight loss, severe stress, depression, and anxiety.

12

## FLSA COLLECTIVE ACTION ALLEGATIONS

### A. FLSA OVERTIME COLLECTIVE CLASS

100.    Plaintiff Lines seeks to bring this suit as a collective action pursuant to 29 U.S.C. §

216(b) on his own behalf as well as those in the following collective class:

> All delivery drivers employed by Defendants during the relevant time period, who
> have been subject to Defendants' policies of requiring them to work in excess of
> forty (40) hours per work week without proper compensation of overtime required
> by the FLSA.

101.    At all relevant times, Plaintiff Lines was similarly situated to all such individuals

in the FLSA Overtime Collective Class[1] because while employed by Defendants, Plaintiff Lines

and all FLSA Overtime Plaintiffs performed similar tasks, were subject to the same laws and

regulations, were paid in the same or substantially similar manner, were paid the same or similar

rate, were required to work in excess of forty (40) hours per workweek and were subject to

Defendants' policies and practices of willfully failing to pay them at the statutorily required rate

of one and one half (1½) times their hourly rate for hours worked in excess of forty (40) per

workweek.

102.    Defendants are and have been aware of the requirement to pay Plaintiff Lines and

the FLSA Plaintiffs at a rate of one and one half (1 ½) times their hourly rate for hours worked in

excess of forty (40) per workweek, yet willfully chose not to.

103.    The FLSA Overtime Plaintiffs, under Plaintiff Lines' FLSA claim, are readily

discernable and ascertainable. All FLSA Overtime Plaintiffs' contact information is readily

available in Defendants' records.  Notice of this collective action can be made as soon as the Court

determines.

---

[1]    Hereinafter referred to as the FLSA Overtime Plaintiffs.

104.    The number of FLSA Overtime Plaintiffs in the class are too numerous to join in a single action, necessitating class recognition.

105.    All questions relating to Defendants' violation of the FLSA share the common factual basis with Plaintiff Lines.  No claims under the FLSA relating to the failure to compensate for overtime are specific to Plaintiff Lines and the claims are typical of the violations of the FLSA perpetrated by Defendants.

106.    Plaintiff Lines will fairly and adequately represent the interests of the collective class and has no interests conflicting with the class.

107.    A collective action is superior to all other methods and is necessary in order to fairly and completely litigate violations of the FLSA.

108.    Plaintiff Lines' attorneys are familiar and experienced with class action litigation as well as employment and labor law litigation.

109.    The public benefits from the case being brought as a collective action as it saves the Court's time and efforts by reducing the multitude of claims to a single litigation.  Prosecution of separate actions by individual FLSA Overtime Plaintiffs creates a risk for varying results based on identical fact patterns as well as disposition of the classes' interests without their knowledge or contribution.

110.    The questions of law and fact are nearly identical for all FLSA Overtime Plaintiffs and therefore proceeding as a collective action is ideal.  Without this method, continued violations of the FLSA will undoubtedly continue.

## B.  FLSA MINUMUM WAGE COLLECTIVE CLASS

111.    Plaintiff Lines seeks to bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on his own behalf as well as those in the following collective class:

All delivery drivers employed by Defendants during the relevant time period, who have been subject to Defendants' policies of requiring delivery drivers to work "off-the-clock" and/or to incur business expenses without proper reimbursement, which ultimately brings their hourly rate below the statutorily required minimum wage.

112.    At all relevant times, Plaintiff Lines was similarly situated to all such individuals in the FLSA Minimum Wage Collective Class[2] because while employed by Defendants, Plaintiff Lines and FLSA Minimum Wage Plaintiffs performed similar tasks, were subject to the same laws and regulations, were paid in the same or similar manner, were paid the same or similar rate, were required to work "off-the-clock." Furthermore, in the same manner, through Defendants' practice of not reimbursing Plaintiff Lines and the FLSA Minimum Wage Plaintiffs for their incurred expenses, their hourly rate was below the statutorily required minimum wage.

113.    Defendants are and have been aware of the requirement to pay Plaintiff Lines and members of the FLSA Minimum Wage Plaintiffs at a rate of $7.25, yet willfully chose not to.

114.    The FLSA Minimum Wage Plaintiffs, under Plaintiff Lines' FLSA claim, are readily discernable and ascertainable. All FLSA Minimum Wage Plaintiffs' contact information is readily available in Defendants' records. Notice of this collective action can be made as soon as the Court determines.

115.    The number of FLSA Minimum Wage Plaintiffs in the class are too numerous to join in a single action, necessitating class recognition.

116.    All questions relating to Defendants' violation of the FLSA share the common factual basis with Plaintiff Lines. No claims under the FLSA relating to the failure to compensate the minimum wage for all hours worked are specific to Plaintiff Lines and the claims are typical of the violations of the FLSA perpetrated by Defendants.

---

[2] Hereinafter referred to as the FLSA Minimum Wage Plaintiffs.

117.     Plaintiff Lines will fairly and adequately represent the interests of the FLSA Minimum Wage Plaintiffs and has no interests conflicting with the class.

118.     A collective action is superior to all other methods and is necessary in order to fairly and completely litigate violations of the FLSA.

119.     Plaintiff Lines' attorneys are familiar and experienced with class action litigation as well as employment and labor law litigation.

120.     The public benefits from the case being brought as a collective action as it saves the Court's time and efforts by reducing the multitude of claims to a single litigation.  Prosecution of separate actions by individual FLSA Minimum Wage Plaintiffs creates a risk for varying results based on identical fact patterns as well as disposition of the classes' interests without their knowledge or contribution.

121.     The questions of law and fact are nearly identical for all FLSA Minimum Wage Plaintiffs and therefore proceeding as a collective action is ideal.  Without this method, continued violations of the FLSA will undoubtedly continue.

### C.  FLSA TIP COLLECTIVE CLASS

122.     Plaintiff Lines seeks to bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on his own behalf as well as those in the following collective class:

> All delivery drivers employed by Defendants during the relevant time period, who have been subject to Defendants' policies of retaining all or some of the delivery drivers' tips they received from customers following a delivery.

123.     At all relevant times, Plaintiff Lines was similarly situated to all such individuals in the FLSA Tip Collective Class[3] because while employed by Defendants, all FLSA Tip Collective Class members performed similar tasks, were subject to the same laws and regulations,

---

[3] Hereinafter referred to as the FLSA Tip Plaintiffs.

were paid in the same or substantially similar manner, were paid the same or similar rate, received tips for their delivery services from Amazon's customers, and were subjected to Defendants' policies and practices of retaining all or some those tips.

124. Defendants are and have been aware of the FLSA prohibition of employers retaining all of some of their employees earned tips, yet willfully chose to violate that prohibition.

125. The FLSA Tip Plaintiffs, under Plaintiff Lines' FLSA claim, are readily discernable and ascertainable. All FLSA Tip Plaintiffs' contact information is readily available in Defendants' records. Notice of this collective action can be made as soon as the Court determines.

126. The number of FLSA Tip Plaintiffs in the class are too numerous to join in a single action, necessitating class recognition.

127. All questions relating to Defendants' violation of the FLSA share the common factual basis with Plaintiff Lines. No claims under the FLSA relating to the failure to compensate for overtime are specific to Plaintiff Lines and the claims are typical of the violations of the FLSA perpetrated by Defendants.

128. Plaintiff Lines will fairly and adequately represent the interests of the collective class and has no interests conflicting with the class.

129. A collective action is superior to all other methods and is necessary in order to fairly and completely litigate violations of the FLSA.

130. Plaintiff Lines' attorneys are familiar and experienced with class action litigation as well as employment and labor law litigation.

131. The public benefits from the case being brought as a collective action as it saves the Court's time and efforts by reducing the multitude of claims to a single litigation. Prosecution

17

of separate actions by individual FLSA Tip Plaintiffs creates a risk for varying results based on identical fact patterns as well as disposition of the classes' interests without their knowledge or contribution.

132.     The questions of law and fact are nearly identical for all FLSA Tip Plaintiffs and therefore proceeding as a collective action is ideal.  Without this method, continued violations of the FLSA will undoubtedly continue.

## RULE 23 CLASS ACTION ALLEGATIONS

133.     Plaintiff Lines additionally seeks to maintain this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of those who, during the previous three years, were subjected to violations of the TLC ("Texas Class").

134.     The Class which Plaintiff Lines seeks to define includes:

> All delivery drivers employed by Defendants during the relevant time period, who have been subject to Defendants' policies of requiring delivery drivers to work "off-the-clock" and/or to incur business expenses without proper reimbursement, which ultimately brings their hourly rate below the statutorily required minimum wage.

135.      The number of class members protected by the TLC and who have suffered under Defendants violation of the TLC, as set forth herein, are too numerous to join in a single action, necessitating class recognition.

136.     All questions relating to Defendants' violation of the TLC share the common factual basis with the class representative, Plaintiff Lines. No claims under the TLC relating to the denial of minimum wage are specific to Plaintiff Lines or any Texas Class member and the claims are typical of the violations of the TLC perpetrated by Defendants.

137.      Plaintiff Lines will fairly and adequately represent the interests of all Texas Class members.

138.     A class action is superior to all other methods and is necessary in order to fairly and completely litigate the violations of the TLC which have occurred. Specifically, the violation of the TLC's requirements for minimum wage is at issue.

139.     The class members under Plaintiff Lines' TLC claims are readily discernable and ascertainable.   All Texas Class members'[4] contact information is readily available from Defendants as such information is likely in their personnel files.  Notice of this class action can be offered by any means permissible under the FRCP Rule 23 requirements.

140.     Plaintiff Lines brings these claims on his own behalf as well as those of the Texas Class Plaintiffs through his attorneys who are well associated with class action litigation as well as employment litigation.

141.     Plaintiff Lines is able to fairly represent and properly protect the interests of the Texas Class Plaintiffs and has no interests conflicting with the class.

142.      The public benefits from this case being brought as a class action as it saves the Court's time and efforts by reducing a multitude of claims to a single litigation.  Prosecution of separate actions by individual Texas Class Plaintiffs creates a risk for varying results based on identical fact patterns as well as disposition of the classes' interests without their knowledge or contribution.

143.      Because of the nature of wage and hour claims brought during the course of employment, class members are often fearful of filing claims against their employers and would benefit from Plaintiff Lines' willingness to proceed against Defendants.  The anonymity inherent in a class action suit further provides safety against retaliation and/or undue stress and fear for the Texas Class Plaintiffs' jobs and continued employment.

---

[4] Hereinafter referred to as the Texas Class Plaintiffs.

144.     The questions of law and fact that are nearly identical for all class members make proceeding as class action ideal.  Without this method, continued violations of the TLC will undoubtedly be permitted to continue.

145.     Whether Plaintiff Lines and the Texas Class Plaintiffs were properly compensated at the minimum wage for all hours worked is a common question which can easily be resolved through the class action process.

## CAUSES OF ACTION
## AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF

**The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, Made by Plaintiff Lines on Behalf of All FLSA Overtime Collective Class Plaintiffs**

146.     Plaintiff Lines and the FLSA Overtime Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

147.     Throughout the period covered by the applicable statute of limitations, Plaintiff Lines and other FLSA Overtime Plaintiffs were required to work and did in fact work in excess of forty (40) hours per workweek.

148.     Upon information and belief, Defendants knowingly failed to pay Plaintiff Lines and the FLSA Overtime Plaintiffs for all hours worked and failed to pay Plaintiff Lines and the Overtime Plaintiffs members the statutorily required overtime rate for all hours worked in excess of forty (40) per workweek.

149.     Defendants' conduct was willful and lasted for the duration of the relevant time periods.

150.     Defendants' conduct was in violation of the Fair Labor Standards Act.

### AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF

**The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, Made by Plaintiff Lines on Behalf of All FLSA Minimum Wage Collective Class Plaintiffs**

151.   Plaintiff Lines and the FLSA Minimum Wage Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

152.   Throughout the period covered by the applicable statute of limitations, Defendants knowingly failed to pay Plaintiff Lines and the FLSA Minimum Wage Plaintiffs the minimum wage for hours worked "off-the-clock" due to Defendants' practice of wrongfully reducing the number of reported hours that employees worked by deducting meal periods and working before their designated work shift. In addition to reduction of actual hours worked, Plaintiff Lines and the FLSA Minimum Wage Plaintiffs were required to incur all costs and expenses for the use of their vehicles to make deliveries on behalf of Defendants. After incurring these costs, Plaintiff Lines' and the FLSA Minimum Wage Plaintiffs' hourly wages were reduced below minimum wage in violation of the FLSA, for which they were not properly reimbursed.

153.   Plaintiff Lines and FLSA Minimum Wage Plaintiffs are entitled to payment at the minimum wage for all hours worked.

154.   Upon information and belief, Defendants knowingly failed to pay Plaintiff Lines and the FLSA Minimum Wage Plaintiffs for all hours worked in a workweek.

155.   Defendants' conduct was willful and lasted for the duration of the relevant time periods.

156.   Defendants' conduct was in violation of the Fair Labor Standards Act.

## AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF

### The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, Made by Plaintiff Lines on Behalf of All FLSA Tip Collective Class Plaintiffs

157.    Plaintiff Lines and the FLSA Tip Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

158.    Throughout the period covered by the applicable statute of limitations, Defendants had a policy and practice of not disclosing the amount of tips Plaintiff Lines and the FLSA Tip Plaintiffs earned from customers for their deliveries.

159.    Upon information and belief, Defendants knowingly retained all or some the tips given by Defendants' customers to Plaintiff Lines and the FLSA Tip Plaintiffs.

160.    Plaintiff Lines and FLSA Tip Plaintiffs are entitled to all tips they received from each and every delivery.

161.    Upon information and belief, Defendants knowingly retained Plaintiff Lines' and the FLSA Tip Plaintiffs' tips.

162.    Defendants' conduct was willful and lasted for the duration of the relevant time periods.

163.    Defendants' conduct was in violation of the Fair Labor Standards Act.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF

### The Texas Labor Code §§ 62.001 *et seq.*, Made by Plaintiff Lines on Behalf of All Texas Class Plaintiffs

164.    Plaintiff Lines and the Texas Class Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

165.    Defendants have violated the Texas Labor Code by failing to pay Plaintiff Lines and the Texas Class Plaintiffs their full and proper compensation.

166.     Throughout the period covered by the applicable statute of limitations, Defendants knowingly failed to pay Plaintiff Lines and the Texas Class Plaintiffs the minimum wage for hours worked "off-the-clock" due to Defendants' practice of wrongfully reducing the number of reported hours that employees worked by deducting meal periods and working before their designated work shift. In addition to reduction of actual hours worked, Plaintiff Lines and the Texas Class Plaintiffs were required to incur all costs and expenses for the use of their vehicles to make deliveries on behalf of Defendants. After incurring these costs, Plaintiff Lines' and the Texas Class Plaintiffs' hourly wage were reduced below minimum wage in violation of the Texas Labor Code, for which they were not properly reimbursed.

167.     Plaintiff Lines and the Texas Class Plaintiffs are entitled to payment at the minimum wage for all hours worked.

168.     Defendants' conduct was willful and lasted for the duration of the relevant time periods.

169.     Defendants' conduct was in violation of the Texas Labor Code.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR A VIOLATION OF

### The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

170.     Plaintiff Lines re-alleges and incorporates by reference all allegations in all preceding paragraphs.

171.     Plaintiff Lines opposed Defendants' unlawful conduct that violated the FLSA by refusing to compensate Drivers the overtime premium for all hours worked in excess of forty (40) hours per week, failing to properly reimburse Drivers for toll, mileage, and gas expenses, and by retaining the Drivers earned tips.

172.     Plaintiff Lines made these complaints to his supervisor, Steven, on November 15, 2015, December 10, 2015, and December 22, 2015.

173.    As a direct retaliatory result of Plaintiff Lines' complaints, Defendants unlawfully terminated him on or around January 22, 2016.

174.    Defendants' conduct was in violation of the Fair Labor Standards Act.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lines, on behalf of himself and all FLSA and Texas Class Plaintiffs employed by each Defendant, demand judgment against Defendants as follows:

175.    At the earliest possible time, Plaintiff Lines should be allowed to give notice of this collective action, or the Court should issue such notice, to all Collective Action Members. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime wages;

176.    Designation of Plaintiff Lines as representatives of the FLSA Collective and Rule 23 Class, and Plaintiff's counsel as Class Counsel;

177.    Equitable tolling of the FLSA statute of limitations as a result of Defendants' failure to post requisite notices under the FLSA;

178.    Certification of this action as a class action pursuant to FRCP Rule 23 for the purposes of the claims brought on behalf of all Texas Class members under the Texas Labor Code;

179.    Demand a jury trial on these issues to determine liability and damages;

180.    Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

181.    A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, ("FLSA"), the Texas Labor Code Texas Labor Codes ("TLC") §§ 62.001 *et seq*.;

182.    All damages which Plaintiff Lines and all FLSA and Texas Class Plaintiffs have sustained as a result of Defendants' conduct, including back pay, liquidated damages, general and special damages for lost compensation and job benefits they would have received but for Defendants' improper practices;

183.    All damages which Plaintiff Lines has sustained as a result of Defendants' conduct, including back pay, general and special damages for lost compensation and job benefits he would have received but for Defendants' unlawful retaliatory conduct, and for emotional distress humiliation, embarrassment, and anguish;

184.    An award to Plaintiff Lines and all FLSA and Texas Class Plaintiffs of pre-judgment interest at the highest level rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

185.    An award to Plaintiff Lines and all FLSA and Texas Class Plaintiffs representing Defendants' share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

186.    An award to Plaintiff Lines and all FLSA and Texas Class Plaintiffs for the amount of unpaid wages, including interest thereon, and penalties, including liquidated damages subject to proof;

187.    Awarding Plaintiff Lines and all FLSA and Texas Class Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

188.    Pre-judgment and post-judgment interest, as provided by law; and

189.    Granting Plaintiff Lines and all FLSA and Texas Class Plaintiffs other and further

relief as this Court finds necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Lines demands a

trial by jury on all questions of fact raised by this complaint.

Dated:   February 2, 2017
         Austin, Texas

Respectfully submitted,

Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@dpelaw.com
**DiNovo Price Ellwanger & Hardy LLP**
7000 North MoPac Expressway
Suite 350
Austin, Texas 78731
(512) 539-2626 (phone)
(512) 539-2627 (fax)

OF COUNSEL:

Holt Major Lackey
Texas State Bar No. 24047763
hlackey@dpelaw.com
**DiNovo Price Ellwanger & Hardy LLP**
7000 North MoPac Expressway
Suite 350
Austin, Texas 78731
(512) 539-2626 (phone)
(512) 539-2627 (fax)

Robert J. Valli, Jr.
Sara Wyn Kane
James Vagnini
**Valli Kane & Vagnini, LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530

(516) 203-7180 (phone)
(516) 706-0248 (fax)

**ATTORNEYS FOR PLAINTIFFS**

27

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JEFFREY LINES, individually and on behalf of all others similarly situated, | AMAZON.COM, INC.; TENET CONCEPTS, LLC; and JOHN DOES 1-5, |

**(b)** County of Residence of First Listed Plaintiff    Dallas County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    King County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jay D. Ellwanger - DiNovo Price Ellwanger & Hardy, LLP
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731    Tel: (512) 539-2626

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. 201 et seq. and §§ 62.001 et seq
Brief description of cause:
Failure to pay minimum wage and overtime pursuant to FLSA and comparable state laws.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
02/02/2017

SIGNATURE OF ATTORNEY OF RECORD
/s/ Jay D. Ellwanger

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**     **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**     **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**     **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**     **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**     Nature of Suit.  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**     **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**     **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**     **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

```
MIME-Version:1.0
From:TXW_USDC_Notice@txwd.uscourts.gov
To:cmecf_notices@txwd.uscourts.gov
Bcc:
--Case Participants: Jay D. Ellwanger (docketing@dpelaw.com, jellwanger@dpelaw.com)
--Non Case Participants:
--No Notice Sent:

Message-Id:16865787@txwd.uscourts.gov
Subject:Activity in Case 1:17-cv-00072-LY Lines v. Amazon.Com, Inc. et al Case
```
Assigned/Reassigned
Content–Type: text/html

## U.S. District Court [LIVE]

## Western District of Texas

## Notice of Electronic Filing

The following transaction was entered on 2/3/2017 at 8:16 AM CST and filed on 2/2/2017

| | |
|---|---|
| **Case Name:** | Lines v. Amazon.Com, Inc. et al |
| **Case Number:** | 1:17–cv–00072–LY |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 **Case Assigned to Judge Lee Yeakel. CM WILL NOW REFLECT THE JUDGE INITIALS AS PART OF THE CASE NUMBER. PLEASE APPEND THESE JUDGE INITIALS TO THE CASE NUMBER ON EACH DOCUMENT THAT YOU FILE IN THIS CASE. (afd)**

**1:17–cv–00072–LY Notice has been electronically mailed to:**

Jay D. Ellwanger &nbsp &nbsp jellwanger@dpelaw.com, docketing@dpelaw.com

**1:17–cv–00072–LY Notice has been delivered by other means to:**

```
MIME-Version:1.0
From:TXW_USDC_Notice@txwd.uscourts.gov
To:cmecf_notices@txwd.uscourts.gov
Bcc:
--Case Participants: Jay D. Ellwanger (docketing@dpelaw.com, jellwanger@dpelaw.com)
--Non Case Participants:
--No Notice Sent:

Message-Id:16865789@txwd.uscourts.gov
Subject:Activity in Case 1:17-cv-00072-LY Lines v. Amazon.Com, Inc. et al Jury Demand
```
Content−Type: text/html

## U.S. District Court [LIVE]

### Western District of Texas

**Notice of Electronic Filing**

The following transaction was entered on 2/3/2017 at 8:17 AM CST and filed on 2/2/2017

| | |
|---|---|
| **Case Name:** | Lines v. Amazon.Com, Inc. et al |
| **Case Number:** | 1:17−cv−00072−LY |
| **Filer:** | Jeffrey Lines |
| **Document Number:** | No document attached |

**Docket Text:**
 **DEMAND for Trial by Jury by Jeffrey Lines. (afd)**

**1:17−cv−00072−LY Notice has been electronically mailed to:**

Jay D. Ellwanger &nbsp &nbsp jellwanger@dpelaw.com, docketing@dpelaw.com

**1:17−cv−00072−LY Notice has been delivered by other means to:**



## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### 501 West 5th Street, Suite 1100
### Austin, Texas 78701

**JEANNETTE J. CLACK**
**CLERK OF COURT**

**PHILIP J. DEVLIN**
**CHIEF DEPUTY**

### February 3, 2017

Holt Major Lackey
DiNovo Price Ellwanger & Hardy LLP
7000 North MoPac Expressway, Suite 350
Austin, TX 78731

      Re: Jeffrey Lines v. Amazon.Com, Inc. et al
      Case Number: 1:17-cv-072-LY

Dear Mr. Lackey,

      The records of this office indicate that you are not admitted to practice in this court.

      **Local District Court Rule AT-1(f)(1) states:** "An attorney who is licensed by the highest court of a state or another federal district court, but who is not admitted to practice before this court, may represent a party in this court pro hac vice only by permission of the judge presiding...."

      **If you intend to represent a party in this case, you must submit to this court a Motion to Appear pro hac vice within ten days of the date of this letter**. You can locate a copy of the motion on our website at
http://www.txwd.uscourts.gov/Rules/StandingOrders/Austin/AustinProHacVice.pdf
The motion must contain an original signature by the attorney seeking to be admitted pro hac vice. Pro hac vice motions signed by one attorney for another attorney *will not* be granted. If you are an attorney who maintains your office outside of this district, the Judge may require you to designate local counsel as co-counsel (Local Rule AT-2).

      Please be sure to review the Local Rules for the Western District of Texas before you submit your motion, especially Local Rules CV-5 (Pleadings & Filing Papers), CV-7 (Motions), CV-10 (Form of Pleadings), and AT-1(f)(1) and AT-(f)(2) (Pro hac vice requirements), and standing orders for the Austin Division. For your convenience, a complete copy of the Local Rules for the Western District of Texas and various forms can be downloaded from our website.

      **Please be advised that the Clerk no longer automatically adds non-admitted attorneys to a case. Thus, non-admitted attorneys will not receive orders or notices (which may include deadlines, hearing dates, etc.) filed in their case. The Clerk will only add said attorneys to the case upon the granting of a Motion to Appear pro hac vice.**

      If you have any questions regarding the above information, please do not hesitate to call.

          Sincerely

          *AD*

          Deputy Clerk

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

JEFFREY LINES, individually and on behalf of
all others similarly situated,

-vs-                                                    Case No.:  **1:17-cv-00072**

AMAZON.COM, INC.; TENET CONCEPTS,
LLC; and JOHN DOES 1-5,

## MOTION FOR ADMISSION *PRO HAC VICE*

TO THE HONORABLE JUDGE OF SAID COURT:

Comes   now   _____**Sara Wyn Kane**_____, applicant   herein,   and

moves this Court to grant admission to the United States District Court for the Western District of

Texas *pro hac vice* to represent _____**all Plaintiffs**_____ in this case, and would

respectfully show the Court as follows:

1.      Applicant is an attorney and a member of the law firm (or practices under the name of)

**Valli Kane & Vagnini, LLP**,

with offices at

    Mailing address:       **600 Old Country Road, Suite 519**

    City, State, Zip Code:      **Garden City, New York 11530**

    Telephone:       **(516) 203-7180**

    Facsimile:       **(516) 706-0248**

2.  Since _____ **1999** _____ , Applicant has been and presently is a member of and in good standing with the Bar of the State of _____ **New York** _____ . Applicant's bar license number is _____ **2935617** _____ .

3.  Applicant has been admitted to practice before the following courts:

| Court: | Admission date: |
| --- | --- |
| **Southern District of New York** | **4/10/2002** |
| **Eastern District of New York** | **3/10/2002** |
| **Supreme Court** | **2/24/2015** |
| | |

4.  Applicant is presently a member in good standing of the bars of the courts listed above, except as provided below (list any court named in the preceding paragraph before which Applicant is no longer admitted to practice):

    **N/A**

5.  Applicant has never been subject to grievance proceedings or involuntary removal proceedings while a member of the bar of any state or federal court, except as provided below:

    **N/A**

6.  Applicant has not been charged, arrested, or convicted of a criminal offense or offenses, except as provided below (omit minor traffic offenses):

    **N/A**

- 2 -

7.  Applicant has read and is familiar with the Local Rules of the Western District of Texas and will comply with the standards of practice set out therein.

8.  Select one:

    ☐   Applicant has on file an application for admission to practice before the United States District Court for the Western District of Texas.

    ☑   Applicant has co-counsel in this case who is admitted to practice before the United States District Court for the Western District of Texas.

    | | |
    |---|---|
    | Co-counsel: | **Jay D. Ellwanger** |
    | Mailing address: | **7000 N. MoPac Expressway, Suite 350** |
    | City, State, Zip Code: | **Austin, Texas 78731** |
    | Telephone: | **(512) 539-2626** |

9.  Should the Court grant applicant's motion, Applicant shall tender the amount of $100.00 *pro hac vice* fee in compliance with Local Court Rule AT-1(f)(1) [checks made payable to: **Clerk, U.S. District Court**].

10. Should the Court grant applicant's motion, Applicant shall register as a filing user within 10 days of this order, pursuant to Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases in the Western District of Texas.

- 3 -

Wherefore, Applicant prays that this Court enter an order permitting the admission of

_____ **Sara Wyn Kane** _____ to the Western District of Texas *pro hac vice*

for this case only.

Respectfully submitted,

_____
**Sara Wyn Kane**
[printed name of Applicant]

_____
[signature of Applicant]

### CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of this motion upon each attorney of record and the original upon the Clerk of Court on this the __ 9 __ day of _____ **February** _____, ___ **2017** ___ .

_____
**Sara Wyn Kane**
[printed name of Applicant]

_____
[signature of Applicant]

- 4 -

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

**JEFFREY LINES, individually and on behalf of
all others similarly situated,**

-vs-

Case No. ___1:17-cv-00072___

**AMAZON.COM, INC.; TENET CONCEPTS,
LLC; and JOHN DOES 1-5,**

## O R D E R

BE IT REMEMBERED on this the _____ day of _____, 20____, there was presented to the Court the Motion for Admission *Pro Hac Vice* filed by ___**Sara Wyn Kane**___ ("Applicant"), counsel for _____**all Plaintiffs**_____ and the Court, having reviewed the motion, enters the following order:

IT IS ORDERED that the Motion for Admission *Pro Hac Vice* is GRANTED, and Applicant may appear on behalf of _____**all Plaintiffs**_____ in the above case.

IT IS FURTHER ORDERED that Applicant, if Applicant has not already done so, shall, in compliance with Local Court Rule AT-1(f)(1), immediately tender the amount of $100.00, made payable to:  **Clerk, U.S. District Court.**

IT IS FURTHER ORDERED that Applicant, pursuant to the Administrative Policies and Procedures for Electronic Filing in Civil and Criminal cases in the Western District of Texas, shall register as a filing user within 10 days of the date of this Order.

IT IS FINALLY ORDERED that Applicant's *Pro Hac Vice* status shall not become effective until Applicant has complied with all provisions of this Order.

SIGNED this the _____ day of _____ 20____.

_____
UNITED STATES DISTRICT JUDGE

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

JEFFREY LINES, individually and on behalf of
all others similarly situated,

-vs-                                                              Case No.: __1:17-cv-00072_____

AMAZON.COM, INC.; TENET CONCEPTS,
LLC; and JOHN DOES 1-5,

_____

### MOTION FOR ADMISSION *PRO HAC VICE*

TO THE HONORABLE JUDGE OF SAID COURT:

    Comes now _____**James A. Vagnini**_____, applicant herein, and

moves this Court to grant admission to the United States District Court for the Western District of

Texas *pro hac vice* to represent _____**all Plaintiffs**_____ in this case, and would

respectfully show the Court as follows:

1.    Applicant is an attorney and a member of the law firm (or practices under the name of)

        **Valli Kane & Vagnini, LLP**_____,

with offices at

        Mailing address:    **600 Old Country Road, Suite 519**_____

        City, State, Zip Code:    **Garden City, New York 11530**_____

        Telephone:    **(516) 203-7180**_____

        Facsimile:    **(516) 706-0248**_____

2. Since **06/23/1999**_____, Applicant has been and presently is a member of and in good standing with the Bar of the State of _____ **New York** _____.

   Applicant's bar license number is _____ **2958130** _____.

3. Applicant has been admitted to practice before the following courts:

   Court:                                            Admission date:

   **Southern District of New York**           **08/10/2009**

   **Eastern District of New York**            **10/19/2005**

   _____         _____

   _____         _____

4. Applicant is presently a member in good standing of the bars of the courts listed above, except as provided below (list any court named in the preceding paragraph before which Applicant is no longer admitted to practice):

   **N/A** _____

   _____

5. Applicant has never been subject to grievance proceedings or involuntary removal proceedings while a member of the bar of any state or federal court, except as provided below:

   **N/A** _____

   _____

6. Applicant has not been charged, arrested, or convicted of a criminal offense or offenses, except as provided below (omit minor traffic offenses):

   **N/A** _____

- 2 -

7.  Applicant has read and is familiar with the Local Rules of the Western District of Texas and will comply with the standards of practice set out therein.

8.  Select one:

☐ Applicant has on file an application for admission to practice before the United States District Court for the Western District of Texas.

☑ Applicant has co-counsel in this case who is admitted to practice before the United States District Court for the Western District of Texas.

| | |
|---|---|
| Co-counsel: | **Jay D. Ellwanger** |
| Mailing address: | **7000 North MoPac Expressway, Suite 350** |
| City, State, Zip Code: | **Austin, Texas 78731** |
| Telephone: | **(512) 539-2626** |

9.  Should the Court grant applicant's motion, Applicant shall tender the amount of $100.00 *pro hac vice* fee in compliance with Local Court Rule AT-1(f)(1) [checks made payable to: **Clerk, U.S. District Court**].

10. Should the Court grant applicant's motion, Applicant shall register as a filing user within 10 days of this order, pursuant to Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases in the Western District of Texas.

- 3 -

Wherefore, Applicant prays that this Court enter an order permitting the admission of

_____ **James A. Vagnini** _____ to the Western District of Texas *pro hac vice*

for this case only.

Respectfully submitted,

_____ **James A. Vagnini** _____
[printed name of Applicant]


[signature of Applicant]


## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of this motion upon each attorney of record and the original upon the Clerk of Court on this the __ 9 __ day of _____ **February** _____, ___ **2017** ___.

_____ **James A. Vagnini** _____
[printed name of Applicant]


[signature of Applicant]

- 4 -

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JEFFREY LINES, individually and on behalf of
all others similarly situated,

-vs-

Case No.  1:17-cv-00072

AMAZON.COM, INC.; TENET CONCEPTS,
LLC; and JOHN DOES 1-5,

## O R D E R

BE IT REMEMBERED on this the _____ day of _____, 20____, there

was presented to the Court the Motion for Admission *Pro Hac Vice* filed by

_____**James A. Vagnini**_____ ("Applicant"), counsel for _____**all Plaintiffs**_____ and

the Court, having reviewed the motion, enters the following order:

IT IS ORDERED that the Motion for Admission *Pro Hac Vice* is GRANTED, and Applicant

may appear on behalf of _____**all Plaintiffs**_____ in the above case.

IT IS FURTHER ORDERED that Applicant, if Applicant has not already done so, shall,

in compliance with Local Court Rule AT-1(f)(1), immediately tender the amount of $100.00,

made payable to: **Clerk, U.S. District Court**.

IT IS FURTHER ORDERED that Applicant, pursuant to the Administrative Policies and

Procedures for Electronic Filing in Civil and Criminal cases in the Western District of Texas, shall

register as a filing user within 10 days of the date of this Order.

IT IS FINALLY ORDERED that Applicant's *Pro Hac Vice* status shall not become effective

until Applicant has complied with all provisions of this Order.

SIGNED this the _____ day of _____ 20____.

_____

UNITED STATES DISTRICT JUDGE

FILED

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

2017 FEB 13 PM 1:57

JEFFREY LINES, individually and on behalf of
all others similarly situated,

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

-vs-

Case No.  1:17-cv-00072

AMAZON.COM, INC.; TENET CONCEPTS,
LLC; and JOHN DOES 1-5,

## O R D E R

BE IT REMEMBERED on this the *13th* day of *February*, 20 *17*, there
was presented to the Court the Motion for Admission *Pro Hac Vice* filed by
_____Sara Wyn Kane_____ ("Applicant"), counsel for _____all Plaintiffs_____ and
the Court, having reviewed the motion, enters the following order:

IT IS ORDERED that the Motion for Admission *Pro Hac Vice* is GRANTED, and Applicant
may appear on behalf of _____all Plaintiffs_____ in the above case.

IT IS FURTHER ORDERED that Applicant, if Applicant has not already done so, shall,
in compliance with Local Court Rule AT-1(f)(1), immediately tender the amount of $100.00,
made payable to:  **Clerk, U.S. District Court.**

IT IS FURTHER ORDERED that Applicant, pursuant to the Administrative Policies and
Procedures for Electronic Filing in Civil and Criminal cases in the Western District of Texas, shall
register as a filing user within 10 days of the date of this Order.

IT IS FINALLY ORDERED that Applicant's *Pro Hac Vice* status shall not become effective
until Applicant has complied with all provisions of this Order.

SIGNED this the *13th* day of *February* 20 *17*.

_____
UNITED STATES DISTRICT JUDGE

FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

2017 FEB 13 PM 4: 55

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

JEFFREY LINES, individually and on behalf of
all others similarly situated,

-vs-

AMAZON.COM, INC.; TENET CONCEPTS,
LLC; and JOHN DOES 1-5,

Case No.  1:17-cv-00072

## O R D E R

BE IT REMEMBERED on this the *13th* day of *February*, 20*17*, there was presented to the Court the Motion for Admission *Pro Hac Vice* filed by  **James A. Vagnini**  ("Applicant"), counsel for _____**all Plaintiffs**_____ and the Court, having reviewed the motion, enters the following order:

IT IS ORDERED that the Motion for Admission *Pro Hac Vice* is GRANTED, and Applicant may appear on behalf of _____**all Plaintiffs**_____ in the above case.

IT IS FURTHER ORDERED that Applicant, if Applicant has not already done so, shall, in compliance with Local Court Rule AT-1(f)(1), immediately tender the amount of $100.00, made payable to:  **Clerk, U.S. District Court**.

IT IS FURTHER ORDERED that Applicant, pursuant to the Administrative Policies and Procedures for Electronic Filing in Civil and Criminal cases in the Western District of Texas, shall register as a filing user within 10 days of the date of this Order.

IT IS FINALLY ORDERED that Applicant's *Pro Hac Vice* status shall not become effective until Applicant has complied with all provisions of this Order.

SIGNED this the *13th* day of *February*, 20*17*.

UNITED STATES DISTRICT JUDGE

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

<table>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td align="center">*Plaintiff(s)*</td><td>)</td><td></td></tr>
<tr><td align="center">v.</td><td>)</td><td>Civil Action No.</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td align="center">*Defendant(s)*</td><td>)</td><td></td></tr>
</table>

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                              *Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

### Western District of Texas

| | |
|---|---|
| JEFFREY LINES, individually and on behalf of all others similarly situated, | ) ) ) ) |
| *Plaintiff(s)* | ) |
| v. | )     Civil Action No.   1:17-cv-00072-LY |
| AMAZON.COM, INC.; TENET CONCEPTS, LLC; and JOHN DOES 1-5, | ) ) ) |
| *Defendant(s)* | ) ) |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   TENET CONCEPTS, LLC
    c/o RUSSELL DAVENPORT
    MCDONALD SANDERS PC
    777 MAIN STREET, SUITE 1300
    FORT WORTH, TEXAS 76102

       A lawsuit has been filed against you.

       Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    JAY D. ELLWANGER
    DINOVO PRICE ELLWANGER & HARDY LLP
    7000 N. MOPAC EXPY., SUITE 350
    AUSTIN, TEXAS 78731

       If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JEANNETTE J. CLACK

*CLERK OF COURT*

Date:     03/03/2017                                     
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  1:17-cv-00072-LY

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

&#10065; I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

&#10065; I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

&#10065; I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

&#10065; I returned the summons unexecuted because _____ ; or

&#10065; Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                *Server's signature*

                                          _____
                                                *Printed name and title*


                                          _____
                                                *Server's address*

Additional information regarding attempted service, etc:

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| JEFFREY LINES, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiffs, | § § | Case No. 1:17-cv-00072-LY |
| vs. | § § | |
| AMAZON.COM, INC.; TENET CONCEPTS, LLC; and JOHN DOES 1-5, | § § § § | |
| Defendants. | § § § | |

## DEFENDANTS AMAZON.COM, INC. AND TENET CONCEPTS, LLC'S MOTION TO DISMISS PURSUANT TO 12(b)(6) AND BRIEF IN SUPPORT

Defendants Amazon.com, Inc.[1] ("Amazon") and Tenet Concepts, LLC ("Tenet") (collectively, "Defendants") hereby move for dismissal of all Plaintiff Jeffrey Lines' claims against Defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Jeffrey Lines ("Plaintiff") has sued Defendants on behalf of himself and those similarly situated, alleging unpaid overtime and wages under the Fair Labor Standards Act (29 U.S.C. §201 *et seq.*) and Texas law, but he has failed to allege facts sufficient to state any of his claims. For instance, Plaintiff does not allege what hours he claims he was not correctly paid for, what work he claims he performed during that time, or any other facts on which he bases his theories. Instead, Plaintiff relies on bare statements of the statutory and legal elements. Although the standard for pleading under Federal Rule of Civil Procedure 8 is not high, it has not been met

---

[1] Amazon.com, Inc. denies that it is a proper defendant. Amazon.com, Inc. had no employment, joint employer, or contractual relationship with Plaintiff or Defendant Tenet Concepts, LLC.

**DEFENDANTS' 12(b)(6) MOTION TO DISMISS – Page 1**

here.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In addition, Plaintiff's Complaint fails for the fundamental reason that the class definitions are insufficient as a matter of law.  Embedded in each of Plaintiff's class definitions is the allegation that the putative class members have lost wages due to Defendants' violation of the law.  But classes that are defined in terms of the merit of their claims—commonly referred to as "fail-safe classes"—are not ascertainable.  This is because the court would have to conduct a mini-hearing on the merits of each individual's case to determine class membership.  Moreover, it creates a win-win situation for Plaintiff and the putative class.  If Defendants are found liable, only then is the class ascertainable and Plaintiff wins.  If Defendants are found not liable, however, the members of the class, defined in terms of liability, cannot be ascertained, and therefore are not bound by the judgment. The improper class definitions must be dismissed or stricken.

All of these deficiencies render Plaintiff's Complaint insufficient to state a plausible right to relief from Defendants.

## PLAINTIFF'S ALLEGATIONS

Plaintiff resides in Dallas, Texas.  Compl. ¶ 14.  He alleges that Tenet contracted with Amazon to provide delivery services of Amazon's merchandise.  *Id.* at ¶ 34.  Plaintiff alleges that he was "employed by Defendants" as a delivery driver from October 6, 2015 to January 22, 2016.  *Id.* at ¶¶ 3, 31.  Plaintiff worked exclusively out of Amazon's warehouse in Irving, Texas. *See id.* at ¶ 36.

Plaintiff asserts four claims on behalf of himself and those similarly situated, all arising out of his alleged employment with Defendants:  (1) unpaid overtime under the FLSA; (2)

minimum wage violations under the FLSA; (3) unlawful retention of tips under the FLSA; and (4) minimum wage violations under Texas Labor Code. Plaintiff alleges a fifth claim on behalf of himself as an individual for (5) retaliation under the FLSA. *See* Compl.

Plaintiff seeks to represent four separate classes, defined as follows:

<u>FLSA Overtime Collective Class</u>

All delivery drivers employed by Defendants during the relevant time period, who have been subject to Defendants' policies of requiring them to work in excess of forty (40) hours per work week without proper compensation of overtime required by the FLSA.

Compl. ¶ 100.

<u>FLSA Minimum Wage Collective Class</u>

All delivery drivers employed by Defendants during the relevant time period, who have been subject to Defendants' policies of requiring delivery drivers to work "off-the-clock" and/or to incur business expenses without proper reimbursement, which ultimately brings their hourly rate below the statutorily required minimum wage without proper compensation of overtime required by the FLSA.

Compl. ¶ 111.

<u>FLSA Tip Collective Class</u>

All delivery drivers employed by Defendants during the relevant time period, who have been subject to Defendants' policies of retaining all or some of the delivery drivers' tips they received from customers following a deliver.

Compl. ¶ 122.

<u>Texas Class</u> (under Rule 23)

All delivery drivers employed by Defendants during the relevant time period, who have been subject to Defendants' policies of requirement delivery drivers to work "off-the-clock" and/or to incur business experiences with proper reimbursement, which ultimately brings their hourly rate below the statutorily required minimum wage.

Compl. ¶ 134.

**DEFENDANTS' 12(b)(6) MOTION TO DISMISS – Page 3**

<u>**STANDARD**</u>

Rule 12(b)(6) provides for dismissal when the plaintiff "fail[s] to state a claim upon which relief can be granted." Although Federal Rule of Civil Procedure 8(a)(2) only requires a plaintiff to provide a "short and plain statement of the claim showing that the pleader is entitled to relief," to survive a motion to dismiss, a plaintiff's statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). To be plausible on its face, "a formulaic recitation of the elements of a cause of action" or "naked assertions" without supporting facts are inadequate. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555, 557 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions.").

While the Court should assume the truth of well-pleaded factual allegations, it should disregard legal conclusions, even when cast or phrased as factual assertions. *Iqbal*, 556 U.S. at 679, 681. "Rule 8(a)(2) . . . requires a [factual] 'showing,' rather than a blanket assertion of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3. To survive a motion to dismiss, plaintiffs must allege actual facts that "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief," and the complaint should be dismissed. *Id.*

<u>**ARGUMENT & AUTHORITIES**</u>

**A.      Plaintiff Has Not Pleaded Facts Sufficient to State a Claim for Any Cause of Action.**

Plaintiff's Complaint purports to assert claims for overtime violations, minimum wage violations, improper tip retention, and retaliation under the FLSA. Plaintiff also asserts a claim for minimum wage violations under Texas law. In each case, Plaintiff has not asserted sufficient

non-conclusory, factual allegations to state a plausible claim. *See Iqbal*, 556 U.S. at 679; *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012).

### 1.      Plaintiff Fails to State a Claim for Overtime Wages under the FLSA.

Plaintiff alleges that Defendants violated the FLSA by failing to pay him overtime. Compl. ¶¶ 100-10, 146-50. Federal law is clear that to survive a motion to dismiss, a plaintiff must make specific allegations and provide a factual context regarding the hours he worked without adequate compensation. *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 644-45 (9th Cir. 2014). A plaintiff "must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Id.* (citing *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012)). For example, a plaintiff "may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." *Landers*, 771 F.3d at 645. But, at minimum, a plaintiff "should be able to specify at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Id.* at 646.

On the other hand, mere statements that a plaintiff "regularly" or "consistently" worked more than forty hours but was not paid overtime do not satisfy the pleading requirements of Rule 8 of the Federal rules of Civil Procedure. *Id.*; *Pruell*, 678 F.3d at 12; (dismissing claims that simply alleged that "putative class members 'regularly worked' over 40 hours a week and were not compensated for such time); *Dejesus v. HF Mgmt. Services, LLC*, 726 F.3d 85, 89 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 918 (2014) (dismissing claims where plaintiff "alleged only that in 'some or all weeks' she worked more than 'forty hours' a week without being paid '1.5' times her rate of compensation); *Cooper v. Primary Care Sols., Inc.,* No. 16-259-EWD (CONSENT),

2017 U.S. Dist. LEXIS 40308, at *37 (M.D. La. Mar. 21, 2017) ("Moreover, Plaintiffs have failed to allege the regular or overtime hours they worked. Under such circumstances, dismissal of Plaintiffs' FLSA claims is warranted."); *Jones v. Casey's Gen. Stores*, 538 F. Supp. 2d 1094, 1102-03 (S.D. Iowa 2008) (holding that allegations that the plaintiffs "regularly worked" overtime but were not paid for it were too conclusory to satisfy the *Twombly* pleading standard).

District courts of Texas are in accord. *See, e.g., Hernandez v. Praxair Distrib.*, 2015 U.S. Dist. LEXIS 127782, at *3-5 (S.D. Tex. Sept. 23, 2015) (dismissing FLSA claims when the plaintiff failed to allege details regarding his overtime claim, such as the dates, hours, or frequency of his overtime work); *Coleman v. John Moore Svcs., Inc.*, No. H-13-2090, 2014 U.S. Dist. 1501, at *4 (S.D. Tex. Jan. 7, 2014) (dismissing FLSA claims when the plaintiff's allegations amounted to a repetition of the statute); *Cf. Perez v. T.A.S.T.E. Food Prods., Inc.,* No. 5:13-CV-655-DAE, 2014 U.S. Dist. LEXIS 12607 (W.D. Tex. Feb. 3, 2014) (denying motion to dismiss because the plaintiffs pleaded specific facts regarding the improper handling of their pay).

Contrary to this standard, Plaintiff alleges no specific facts or context for his overtime allegations. Instead, Plaintiff alleges generally that Drivers were "routinely" scheduled to work six or seven consecutive days in a workweek, and drivers "routinely worked in excess of forty (40) hours per workweek." Compl. ¶¶ 46-47. He also alleges generally that Drivers worked in excess of 40 hours per workweek and were not paid. Compl. ¶¶ 101-02; *see also* Compl. ¶ 148 (alleging generally that Defendants did not pay the FLSA Overtime Plaintiffs for "all hours worked in excess of forty (40) per workweek").

Without supporting factual allegations, these are the type of conclusory allegations that have been held insufficient as a matter of law under the *Twombly/Iqbal* standard.[2]  *See, e.g.,* *Pruell*, 678 F.3d at 12; *Hernandez*, 2015 U.S. Dist. LEXIS 127782, at *3-5.  Like the claims dismissed by other courts, Plaintiff's allegations do not provide enough detail to make his right to relief plausible, as opposed to simply possible.  Plaintiff's claim for overtime under the FLSA should be dismissed.

### 2.    Plaintiff Fails to State a Claim for Unpaid Minimum Wage under the FLSA.

Plaintiff's claim for unpaid minimum wage under the FLSA is similarly insufficient under the *Twombly/Iqbal* standard.  This minimum wage claim is based on the allegations that Plaintiff was required to work "off-the-clock" and he was not reimbursed for incurred business expenses.  Compl. ¶¶ 112-13, 152-54.  Plaintiff alleges that drivers were required to be at the warehouse 10-to-15 minutes before clocking in, and they were automatically deducted 30 minutes for meal periods, even though they were not permitted to take meal breaks.  Compl. ¶¶ 53-55.  Plaintiff also alleged that the drivers incurred out-of-pocket expenses for mileage, wear and tear, gas, and tolls, and they were "often denied reimbursements."  Compl. ¶¶ 77-85.

Like his overtime claim, Plaintiff fails to provide sufficient factual allegations to support this claim.  The FLSA requires employers "to pay each of [their] employees who in any workweek is engaged in commerce . . . wages at the following [minimum] rates . . ." 29 U.S.C. § 206(a).  "A violation of section 206(a) occurs when an employee is paid at a rate below the minimum rate."  *Hensley v. MacMillan Bloedel Containers, Inc.*, 786 F.2d 353, 357 (8th Cir. 1986).  "However, no violation [of the FLSA's minimum wage provisions] occurs 'so long as the total weekly wage paid by an employer meets the minimum weekly requirements of the statute,

---

[2] Plaintiff's seemingly contrary allegation that Drivers were sent home when "there was 'not enough work'" renders his overtime claim even more implausible.  *See* Compl. ¶ 50.

**DEFENDANTS' 12(b)(6) MOTION TO DISMISS – Page 7**

such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by the hourly statutory requirement.'" *Id.* (citations omitted); *accord Johnson v. RGIS Inventory Specialists*, 554 F. Supp. 2d 693, 710 (E.D. Tex. 2007).

Accordingly, "where the plaintiff alleges violations of the FLSA's minimum wage provision[ ], the complaint should, at least approximately, allege the hours worked for which these wages were not received;" otherwise, there can be no inference of a right to relief "above the speculative level." *Jones*, 538 F. Supp. 2d at 1102 (dismissing "generic, conclusory assertion" that defendant had failed to pay minimum wage); *see also Pruell*, 678 F.3d at 13 (dismissing minimum wage claims with prejudice due to "the lack of any information on plaintiffs' approximate weekly wages and hours worked"). As the *Jones* court explained, allegations that the defendants "regularly and repeatedly failed to compensate Plaintiffs and similarly situated individuals for all hours actually worked" are nothing more than "generic, conclusory assertions" and cannot establish a plausible minimum wage claim. 538 F. Supp. 2d at 1102.

Absent from this Complaint is the required allegation that Plaintiff's compensation fell below the "minimum weekly requirements of the statute" in any given week. *See Hensley*, 786 F.2d at 357; *see also Jones*, 538 F. Supp. 2d at 1102-03 (dismissing claim where complaint made no reference to deficiencies in weekly wages). Further, the Complaint fails to include any details regarding an approximation of the hours worked for which wages were not received, further rendering the Complaint deficient under the *Twombly/Iqbal* standard. *See Landers*, 771 F.3d at 645-646 ("At a minimum the plaintiff must allege at least one workweek when he worked in excess of forty hours and was not paid for the excess hours in that workweek, or was not paid minimum wages."); *Pruell*, 678 F.3d at 13; *Jones*, 538 F. Supp. 2d at 1102-03.

**DEFENDANTS' 12(b)(6) MOTION TO DISMISS – Page 8**

Moreover, to the extent Plaintiff's claim rests on "off-the-clock" work, that allegation alone cannot establish that an employee was improperly paid. In fact, the label can apply to a broad range of different types of work—some of which is compensable and some of which is not. *See Pruell*, 678 F.3d at 14. For instance, off-the-clock activities that are preliminary and postliminary and those that are de minimis are not compensable under the FLSA. *Chambers v. Sears Roebuck and Co.*, 428 F. App'x 400, 413-14 (5th Cir. 2011). Similarly, off-the-clock time spent waiting for security screenings is not compensable. *Integrity Staffing Solutions, Inc. v. Busk*, 135 S.Ct. 513, 515 (2014). Thus, though Plaintiff alleges that he came to work before clocking in and thirty minutes was automatically deducted for meal periods, without allegations regarding the nature of work performed during this time, the wage paid, or the total number of hours worked, these allegations do not necessarily point to wrongdoing. *See Pruell*, 678 F.3d at 14 (allegations of automatic meal deduction system, unpaid preliminary and postliminary work, and unpaid training were insufficient to state a claim for unpaid minimum wage because plaintiffs could still have been properly compensated for the alleged off-the-clock work); *Hernandez*, 2015 U.S. Dist. LEXIS 127782 at *5-6 (allegations including automatic meal deduction insufficient to state a claim for minimum wage violation).

Without any details as to how much Plaintiff was paid and the number of hours he worked, it is not possible for the Court to assess whether Plaintiff's compensation could have plausibly fallen below the federal minimum wage, and, thus, Plaintiff has failed to state a claim for violation of the FLSA's minimum wage requirement.

3. **Plaintiff Fails to State a Claim for Unpaid Minimum Wage under Texas Law.**

The Texas Minimum Wage Act ("TMWA") requires, with certain exceptions, that "an employer shall pay to each employee the federal minimum wage under Section 6, Fair Labor Standards Act of 1938." Tex. Lab. Code § 62.051. Plaintiff supports his claim under Texas law with the exact same allegations he did under the FLSA, and therefore, for the same reasons, Plaintiff has failed to plead facts showing it was plausible he did not receive minimum wage under Texas law as well. *See* Compl. ¶¶ 166-68; *Iqbal*, 129 S. Ct. at 1949.

This claim fails for the additional reason that Section 62.151 of the Texas Minimum Wage Act specifically exempts persons covered by the Fair Labor Standards Act from seeking recovery under the state law:

> This chapter and a municipal ordinance or charter provision governing wages in private employment, other than wages under a public contract, do not apply to a person covered by the Fair Labor Standards Act of 1938 (29 U.S.C. Section 201 et seq.).

Tex. Lab. Code. § 62.151; *Lozano v. W. Concrete Pumping, Inc.*, No. 1:15-cv-1192-RP, 2016 U.S. Dist. LEXIS 112055, at *13 n.5 (W.D. Tex. Aug. 23, 2016) (Pitman, J.) ("the [Texas Labor Code's] minimum wage requirements only apply where the FLSA's do not").

Because Plaintiff and the purported putative class members are subject to the protections of the FLSA, they are preempted from seeking recovery under Section 62.001, *et seq.* of the Texas Minimum Wage Act. *Mohammadi v. Nwabuisi*, No. SA:12-CV-00042-DAE, 2013 U.S. Dist. LEXIS 67331, at *26 (W.D. Tex. May 10, 2013), *aff'd in part, rev'd in part and remanded*, 605 F. App'x 329 (5th Cir. 2015) (granting summary judgment on Texas Minimum Wage Act claims where employee made identical claims under the FLSA and there was no dispute that employee was covered by the FLSA); *Chambers v. Sears Roebuck & Co.*, 428 F. App'x 400, 425

**DEFENDANTS' 12(b)(6) MOTION TO DISMISS – Page 10**

(5th Cir. 2011) (Texas Minimum Wage Act did not apply to employee covered by the FLSA).

Plaintiff's own allegations in his Complaint that he and the putative class members were covered

under the FLSA negate any claim for minimum wages under the Texas Minimum Wage Act.

This claim should be dismissed.

### 4. Plaintiff's Claim for Improper Retention of Tips under the FLSA Fails.

Without providing any factual detail, Plaintiff alleges that Defendants had a policy of

"retaining all or some of the delivery drivers' tips" in violation of the FLSA. Compl. ¶¶ 122-23,

158-59. Because an employer may lawfully retain a portion of an employee's tips, these

allegations are insufficient to state a claim under the FLSA. For instance, an employer may

offset credit card tips for credit card issuer fees as long as the withheld amounts do not exceed

the processing costs to the employer for those transactions. *See Steele v. Leasing Enters.*, 826

F.3d 237, 244 (5th Cir. 2016). An employer may also take a "tip credit" of up to $5.12 per hour

for each tipped employee whose tips exceed that amount. 29 U.S.C. §§ 203(m)(2). And the

FLSA does not prohibit a valid tip pooling or sharing arrangement among employees who

customarily and regularly receive tips. *Id.*

Thus, mere retention of tips is insufficient to state a claim under the FLSA. With no

specific facts regarding how much is withheld and when, Plaintiff's allegations do not contain

sufficient facts all the Court to assess whether it is plausible that Defendants violated the FLSA.

*See Twombly*, 550 U.S. at 570 (claim that alleges the "mere possibility" of misconduct should be

dismissed).

### 5. Plaintiff's Individual Claim for Retaliation under the FLSA Fails.

Plaintiff's claim for retaliation also fails to assert factual allegations sufficient to state a

claim. To state a prima facie case for retaliation under the FLSA, a plaintiff must allege (1)

participation in protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action. *Hagan v. Echostar Satellite LLC*, 529 F.3d 617, 624 (5th Cir. 2008). Though an internal complaint may constitute protected activity under the FLSA, the Fifth Circuit has acknowledged that "not all abstract grumblings or vague expressions of discontent are actionable as complaints." *Id.* at 626. Significantly, the complaint must concern a violation of the law, and it must be framed to the employer in terms of that potential illegality. *Id.*; *Hernandez*, 2015 U.S. Dist. LEXIS 127782 at *6 (dismissing claim for retaliation because plaintiff failed to assert sufficient factual allegations to indicate his complaint to his employer stated the illegality of the employer's actions or that they violated the FLSA).

Plaintiff alleges that he complained to his supervisor about Defendants' "failure to compensate Drivers the overtime premium for all hours worked in excess of forty (40) hours per week, Defendants' failure to properly reimburse Drivers for toll, mileage, and gas expenses, and Defendants' retention of the Drivers' earned tips" three separate times on November 26, 2015, December 10, 2015, and December 22, 2015. Compl. ¶¶ 89, 92-93; 171-72. Plaintiff alleges that after his complaint on December 22, his supervisor "became increasingly agitated." *Id.* at ¶ 94. Plaintiff alleges that he was later fired because he would not "stop complaining." But Plaintiff never alleges that any facts to demonstrate that he conveyed to Defendants the illegality of their alleged actions or that they violated the FLSA. This is insufficient as a matter of law.[3] *See Hernandez*, 2015 U.S. Dist. LEXIS 127782 at *6.

---

[3] It is not at all clear that Plaintiff has sufficiently alleged causation between his complaint and his subsequent termination either. *See Hernandez*, 2015 U.S. Dist. LEXIS 127782 at *6. Though Plaintiff alleges he was fired because he would not stop complaining about the owed wages, it is worth noting that Plaintiff alleges he was not fired until January 22, 2016, one whole month after the most recent alleged complaint to his supervisor. *Id.* at ¶ 95. Not incidentally, Plaintiff concedes that shortly before he was allegedly fired, Amazon replaced almost all of the delivery drivers operating out of the warehouse at which Plaintiff worked. Compl. ¶ 86; *see Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 655 (5th Cir. 2004) ("[T]he mere fact that some adverse action is taken after an employee engages in some protected activity will not always be enough for a prima facie case.").

**DEFENDANTS' 12(b)(6) MOTION TO DISMISS – Page 12**

**B.**   **Plaintiff's Class Allegations Should Be Dismissed for the Additional Reason that He Pleaded Only "Fail-Safe" Classes, Which Are Impermissible as a Matter of Law.**

Plaintiff's collective and class action allegations are improper because embedded in each of Plaintiff's class definitions is the allegation that the putative class members are already owed wages as a result of Defendants' violations of the law.   Each of Plaintiff's purportedly appropriate classes has an assumption of the merits embedded within the definition.   For instance, Plaintiff defines the FLSA Overtime Collective Class as in part as "[a]ll delivery drivers employed by Defendants,"[4]  who worked in excess of forty hours per week "*without proper compensation of overtime required by the FLSA.*"   Compl. ¶ 100 (emphasis added).   Similarly, the definition of the FLSA Minimum Wage Collective Class is delivery drivers who worked at an "hourly rate *below the statutorily required minimum wage without proper compensation of overtime required by the FLSA.*" Compl. ¶ 111 (emphasis added).   Plaintiff defines the FLSA Tip Collective Class, in part, as those drivers "who have been subject to Defendants' policies of *retaining all or some of the delivery drivers' tips they received from customers following a delivery.*" Compl. ¶ 122 (emphasis added).   Finally, the Texas Class (under Rule 23) is similarly defined in part as delivery drivers whose hourly rate was "*below the statutorily required minimum wage.*" Compl. ¶ 134 (emphasis added).

But classes that are defined in terms of the merit of their claims—commonly referred to as "fail-safe classes"—are impermissible because the class definition precludes the possibility of

---

[4] Plaintiff's class allegations are also imprecise because the broad definitions suggest a nationwide class ("All delivery drivers employed by Defendants"), though, as Plaintiff admits, he only made deliveries from Amazon's Irving, Texas warehouse. Comp. ¶¶ 20, 100, 111, 122, 134.  And, the fact that he asserts claims under Texas state law suggests that he could only – at the most – be seeking a class of Texas drivers.  Though Defendants deny Plaintiff's allegations of joint employment, for purposes of this motion, Plaintiff cannot reasonably argue he is substantially similar to delivery drivers employed by Amazon and/or Tenet who worked in completely different warehouses in different states and under different supervisors.

**DEFENDANTS' 12(b)(6) MOTION TO DISMISS – Page 13**

the class ever losing the case: "the class members either win or are not in the class."[5] *Genenbacher v. Centurytel Fiber Co. II, LLC*, 244 F.R.D. 485, 487-88 (C.D. Ill. 2007). Significantly, this means these classes are unascertainable because the court would have to conduct a mini-hearing on the merits of each individual's case to determine class membership. *Schilling v. Kenton County*, 2011 U.S. Dist. LEXIS 8050, at *16 (E.D. Ky. Jan. 27, 2011) ("A fail-safe class is defined by the merits of [the plaintiffs'] legal claims, and [is] therefore unascertainable prior to a finding of liability in the plaintiffs' favor.").

Such classes are inherently deficient, because they preclude membership unless the defendant's liability is established. *Id.* In *Schilling*, for example, the plaintiffs sought to bring a class action on behalf of themselves and those similarly-situated, alleging that the defendant had violated their Eighth Amendment rights. 2011 U.S. Dist. LEXIS 8050, at *3-4. The proposed class included individuals who had been "subjected to intentional physical and mental abuse by Defendants in violation of the Eighth Amendment . . . and the Fourteenth Amendment" and were denied "appropriate and necessary" medical care as a "result of Defendants' neglect and deliberate indifference" while they were incarcerated. *Id.* at *18-19. The court granted the defendant's motion to dismiss the class allegations, because it could not determine the individual members of the class without reviewing the evidence relative to each inmate's incarceration and determining whether each inmate had established liability. *Id.* at *18. *See also Kissling v. Ohio Cas. Ins. Co.*, No. 5:10-22-JMH, 2010 U.S. Dist. LEXIS 48271, at *3 (E.D. Ky. May 14, 2010) (granting motion to dismiss class allegations where extensive factual inquiry would be required

---

[5] The principle of res judicata also precludes the creation of a fail-safe class. *See, e.g., Dafforn v. Rousseau Assocs., Inc.,* No. F 75-74, 1976 U.S. Dist. LEXIS 13910, at *3-4 (N.D. Ind. July 27, 1976) (refusing to certify a fail-safe class, noting "Rule 23 was never meant to be an exception to the rules of res judicata or to provide a risk-free method of litigation. The class definition must be such that all (except those who opt out) are as much bound by an adverse judgment as by a favorable one."). A class whose membership is contingent upon the outcome of the litigation contravenes this principle since class members would be bound by a favorable judgment, but not by an adverse judgment. *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 547 (1974).

**DEFENDANTS' 12(b)(6) MOTION TO DISMISS – Page 14**

to determine the individual class members and ultimately concluding that a "fail-safe class is prohibited."); *Heffelfinger v. Elec. Data Sys. Corp.*, No. CV 07-00101 MMM (Ex), 2008 U.S. Dist. LEXIS 5296, at *42-43 (C.D. Cal. Jan. 7, 2008) (refusing to certify a class that defined putative members as "employed by EDS in the state of California *who were entitled to,* but were not paid, overtime *in violation of* California Labor Code Section 510 and Wage Order No. 4-2001"); *Intratex Gas Co. v. Beeson*, 22 S.W.3d 398, 405 (Tex. 2000) (holding trial court abused its discretion by certifying a fail-safe class, and collecting federal cases in accord).

By describing the classes as if he has already won the lawsuit, Plaintiff leaves the Court and Defendants with no current means of identifying the class members or determining whether they are substantially similar. When as here the complaint lacks a straightforward, objective means of ascertaining class membership, the Court should dismiss rather than permit the matter to continue as a class action.[6]   *See Huchingson v. Rao*, No. 5:14-CV-1118, 2015 U.S. Dist. LEXIS 48674, at *7-8 (W.D. Tex. Apr. 14, 2015) (dismissing collective action allegations under Rule 12(b)(6)).

## **CONCLUSION**

Plaintiff has failed to plead facts sufficient to state plausible claims against Defendants as required by the guidelines expressed in *Iqbal* and *Twombly*. Plaintiff's class and collective allegations fail for the additional reason that they assume the merits of the claims, rending them impermissible as a matter of law. Therefore, Defendants respectfully request that all Plaintiff's claims be dismissed.

---

[6] Although there is no express ascertainability requirement under the FLSA, a collective action must also be pled clearly enough to identify the categories of employees whom the plaintiff alleges are similarly situated. *See, e.g., Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 945 (W.D. Ark. 2003) ("[I]t is incumbent upon Plaintiff to propose a [FLSA] class that is sufficiently defined and manageable from the outset."). Because the collective action allegations contain the same ambiguities as the Rule 23 allegations, they do not meet this burden.

**DEFENDANTS' 12(b)(6) MOTION TO DISMISS – Page 15**

Dated:  March 31, 2017                    Respectfully submitted,


                                          /s/ Kevin S. Mullen
                                          **Kevin S. Mullen**
                                          Texas Bar No. 24032892
                                          **Salvador Davila**
                                          Texas Bar No. 24065119

                                          **LITTLER MENDELSON, PC**
                                          100 Congress Avenue, Suite 1400
                                          Austin, Texas  78701
                                          (512) 982-7250 (Telephone)
                                          (512) 982-7248  (Facsimile)
                                          kmullen@littler.com
                                          sdavila@littler.com

                                          **ATTORNEYS FOR DEFENDANTS**


                             **CERTIFICATE OF SERVICE**

I hereby certify that, on March 31, 2017, I filed the foregoing document with the clerk of

the court for the United States District Court for the Western District of Texas, using the

electronic case filing system of the court.  The electronic case filing system sent a Notice of

Electronic Filing to the counsel for Plaintiff.



                                          /s/ Kevin S. Mullen
                                          Kevin S. Mullen


Firmwide:146680570.2 090575.1002


**DEFENDANTS' 12(b)(6) MOTION TO DISMISS – Page 16**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JEFFREY LINES, individually and on behalf of all others similarly situated,** | § § § | |
| **Plaintiffs,** | § § | **Case No. 1:17-cv-00072-LY** |
| **vs.** | § § | |
| **AMAZON.COM, INC.; TENET CONCEPTS, LLC; and JOHN DOES 1-5,** | § § § | |
| **Defendants.** | § § § § | |

**DEFENDANTS' CORPORATE DISCLOSURE AND**
**CERTIFICATE OF INTERESTED PERSONS**

Pursuant to Fed. R. Civ. P. 7.1, Defendants Amazon.com, Inc.[1] and Tenet Concepts, LLC file this Corporate Disclosure and Certificate of Interested Persons.

**A.    CORPORATE DISCLOSURE STATEMENT**

No publicly-traded corporation owns more than 10% of the stock of Amazon.com, Inc. No publicly-traded corporation owns more than 10% of the stock of Tenet Concepts, LLC.

**B.    CERTIFICATE OF INTERESTED PERSONS**

The following persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations, or other entities may have a financial interest in the outcome of this litigation:

1.    Plaintiff, Jeffrey Lines

---

[1] Amazon.com, Inc. denies that it is a proper defendant. Amazon.com, Inc. had no employment, joint employer, or contractual relationship with Plaintiff or Defendant Tenet Concepts, LLC.

1

2.      Counsel for Plaintiff
        Jay D. Ellwanger
        Holt Major Lackey
        DINOVO PRICE ELLWANGER & HARDY LLP

        Robert J. Valli, Jr.
        Sara Wyn Kane
        James Vagnini
        VALLI KANE & VAGNINI, LLP

3.      Misnamed Defendant, Amazon.com, Inc.

4.      Defendant Tenet Concepts, LLC

5.      Counsel for Defendants
        Kevin S. Mullen
        Salvador Davila
        LITTLER MENDELSON, PC

Defendants will supplement this Disclosure Statement and Certificate of Interested Persons

as appropriate.

Dated:  March 31, 2017                      Respectfully submitted,


                                            s/ Kevin S. Mullen
                                            _____
                                            **Kevin S. Mullen**
                                            Texas Bar No. 24032892
                                            **Salvador Davila**
                                            Texas Bar No. 24065119

                                            **LITTLER MENDELSON, PC**
                                            100 Congress Avenue, Suite 1400
                                            Austin, Texas  78701
                                            (512) 982-7250 (Telephone)
                                            (512) 982-7248  (Facsimile)
                                            kmullen@littler.com
                                            sdavila@littler.com

                                            **ATTORNEYS FOR DEFENDANTS**

2

## CERTIFICATE OF SERVICE

I hereby certify that, on March 31, 2017, I filed the foregoing document with the clerk of the court for the United States District Court for the Western District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a Notice of Electronic Filing to the counsel for Plaintiff.


*/s/ Kevin S. Mullen*
Kevin S. Mullen

Firmwide:146724355.1 090575.1002

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| JEFFREY LINES, individually and on behalf of all others similarly situated, | § § § | Case No. 1:17-cv-00072-LY |
| Plaintiffs, | § § | |
| v. | § § | FIRST AMENDED COMPLAINT JURY TRIAL DEMANDED |
| AMAZON.COM, INC.; TENET CONCEPTS, LLC; and JOHN DOES 1-5, | § § § § | |
| Defendants. | § § | |

## FIRST AMENDED COMPLAINT

Plaintiff JEFFREY LINES ("Plaintiff Lines") on behalf of himself and all others similarly situated by and through his attorneys, DINOVO PRICE ELLWANGER & HARDY, LLP and VALLI KANE & VAGNINI LLP, bring this action for damages and other legal and equitable relief from Defendants AMAZON.COM, INC. ("Amazon"), TENET CONCEPTS, LLC ("Tenet Concepts"), and JOHN DOES 1-5 (collectively, "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. 201 *et seq.*, for violation of Title Two of the Texas Labor Code ("TLC") §§ 62.001 *et seq.*, and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1.     This is a collective and class action brought by Plaintiff Lines challenging acts committed by Defendants against Plaintiff Lines and those similarly situated, which amounted to violations of federal and state wage and hour laws.

2.     Defendant Tenet Concepts maintains a service contract with Defendant Amazon, one of the country's largest online retail stores, to provide one (1) to two (2) hour delivery services of Amazon's merchandise.

3.     Plaintiff Lines is a delivery driver who was employed by Defendants to carry out deliveries of Defendant Amazon's merchandise from Defendant Amazon's warehouses to their customers' addresses.

4.     Plaintiff Lines brings this action on behalf of himself, and those similarly situated, as a result of Defendants' violation of federal and state wage and hour laws, as set forth herein.

5.     First, Defendants' regular failure to pay Plaintiff Lines and all other similarly situated delivery-driver employees (collectively, the "Drivers") the statutorily required overtime rate of time-and-a-half for hours worked beyond forty (40) in a workweek violates the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and any other cause(s) of action that can be inferred from the facts set forth herein.  Defendants violate the FLSA by engaging in a systematic scheme of altering Drivers' paychecks.  Pursuant to this scheme, Defendants paid the Drivers only their <u>base</u> hourly rate, including for hours worked beyond forty (40) hours in a workweek, depriving Drivers of the statutorily required overtime premium (*i.e.* an extra 50% above the hourly rate) for hours worked beyond forty (40) in a workweek.  Defendants altered the Drivers' paychecks to provide a false record of the hours worked by the Drivers, and paid the Drivers at the Drivers' <u>base</u> rate of pay (*i.e.* without the time-and-a-half premium) for hours worked beyond forty (40) hours.

6.     Second, Defendants' regular failure to pay the Drivers the statutorily required minimum wage for all hours worked in a workweek violates the FLSA, Title Two of the Texas Labor Code ("TLC") §§ 62.001 *et seq.*, and any other cause(s) of action that can be inferred from

2

the facts set forth herein. Defendants violate these laws by engaging in a systematic scheme of: (i) altering Drivers' paychecks in order to deprive them of wages for time worked "off the clock," during which Drivers were performing work primarily for the benefit of Defendants; and, (ii) altering Drivers' paychecks in order to deprive Drivers of reimbursement for their incurred expenses, which had the effect of reducing Drivers' base rate of pay below the statutorily required minimum wage. Defendants violated the FLSA and TLC by altering Drivers' paychecks in order to deprive them of this statutorily required minimum wage, effectively forcing Drivers to work "off-the-clock" for some of their hours worked, and reducing Drivers' effective rates of pay below the statutorily required minimum wage (after accounting for unreimbursed expenses).

7. Third, Defendants' regular retention of tips earned by Drivers violates the FLSA and any other cause(s) of action that can be inferred from the facts set forth herein. Defendants violated the FLSA by engaging in a systematic scheme of retaining Drivers' earned tips in amounts that, upon information and belief, exceeded $5.12 per hour (*i.e.*, the maximum "tip credit" permitted under the FLSA, after accounting for the minimum "cash wage" of $2.13 and deducting it from the minimum wage of $7.50 per hour) plus any applicable credit card processing fees or other lawfully retained portions of the tips. Defendants also violated the FLSA by failing to provide the Drivers with oral or written notice informing Drivers of the "tip credit" information required by 29 C.F.R. §531.59(b).

8. Fourth, Defendants' retaliatory termination of Plaintiff Lines violates the FLSA and any other cause(s) of action that can be inferred from the facts set forth herein. Defendants violated the FLSA by terminating Plaintiff Lines' employment in retaliation for his repeated complaints that Defendants violated the FLSA, as set forth herein.

9.      Plaintiff Lines alleges, on behalf of himself and similarly situated current and former employees who elect to opt into this action pursuant to the FLSA, that they are entitled to recover: (i) unpaid and incorrectly paid wages for all hours worked in a workweek, as required by law, (ii) unpaid overtime, (iii) earned and unlawfully retained tips, (iv) liquidated damages, (v) interest, and (vi) attorney fees and costs, pursuant to the FLSA and such other and further relief as this Court finds necessary and proper.

10.     Plaintiff Lines also brings this action, pursuant to Fed. R. Civ. P. 23, on behalf of a class of all persons who are and were employed by Defendants as delivery drivers  during the past three years through the final date of the disposition of this action who were not paid the statutorily required minimum wage and/or overtime for all hours worked by them in a workweek, as required by the TLC, and who are thus entitled to recover: (1) back pay, (2) liquidated damages, (4) attorney's fees and costs, (5) interest, and (6) such other and further relief as this Court finds necessary and proper.

11.     In addition to Plaintiff Lines' class and collective action allegations, Plaintiff Lines brings this action pursuant to the FLSA to remedy Defendants' unlawful, retaliatory termination of Plaintiff Lines' employment, by recovering: (1) back pay, (2) liquidated damages, (3) emotional damages, (4) attorney's fees and costs, (5) interest, and (6) such other and further relief as this Court finds necessary and proper.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress

4

providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) under 29 U.S.C. § 201 *et. seq.*

13.     The Court's supplemental jurisdiction is invoked to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

14.     Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, in as much as this judicial district lies in a State in which the unlawful employment practices occurred.  Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendants maintain offices, conduct business and reside in this district.

## **THE PARTIES**

15.     Plaintiff Lines is a citizen of Texas and resides in Dallas, Texas.

16.     At all relevant times, Plaintiff Lines was an employee within the meaning of the FLSA and TLC.

17.     Upon information and belief, Defendant Amazon is incorporated under the laws of the state of Delaware and has its principal place of business in Seattle, Washington.

18.     Upon information and  belief, Defendant Amazon also maintains multiple places of business within the State of Texas and within this District.

19.     Defendant Amazon transacts business in Texas by employing Plaintiff Lines and those similarly situated as delivery drivers in Texas.

20.     Defendant Amazon has at all relevant times been an employer covered by the FLSA and the TLC.

21.     Upon information and belief, the amount of qualifying annual volume of business for Defendant Amazon exceeds $500,000.00 and thus subjects Defendant Amazon to the FLSA's overtime and minimum wage requirements.

22.     Upon information and belief, Defendant Amazon is engaged in interstate commerce.  This independently subjects Defendant Amazon to the overtime and minimum wage requirements of the FLSA.

23.     Upon information and belief, Defendant Tenet Concepts is incorporated under the laws of the state of Texas and has its principal place of business in Austin, Texas.

24.     Defendant Tenet Concepts transacts business throughout Texas by employing Plaintiff Lines and those similarly situated as delivery drivers in Texas.

25.     Defendant Tenet Concepts has at all relevant times been an employer covered by the FLSA and the TLC.

26.     Upon information and belief, the amount of qualifying annual volume of business for Defendant Tenet Concepts exceeds $500,000.00 and thus subjects Defendant Tenet Concepts to the FLSA's overtime and minimum wage requirements.

27.     Upon information and belief, Defendant Tenet Concepts is engaged in interstate commerce.  This independently subjects Defendant Tenet Concepts to the overtime and minimum wage requirements of the FLSA.

28.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as John Does 1-5, inclusive, are currently unknown to Drivers, who therefore sue Defendants by such fictitious names pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 33.004.

29.     Plaintiff Lines alleges, upon information and belief, that each of Defendants named as John Doe(s) are legally responsible in some manner for the unlawful acts referred within the complaint.

30.     Plaintiff Lines will seek leave of court to amend this Complaint to reflect the true names and capacities of Defendants designated as "John Does 1-5" when such identities become known.

31.     Defendants jointly employed Plaintiff Lines and those similarly situated by employing or acting in the interest of employer towards Plaintiff and those similarly situated, directly or indirectly, jointly or severally, including without limitation, by controlling and directing the terms of employment and compensation and by suffering Plaintiff Lines, and all those similarly situated, to work.

## STATEMENT OF THE FACTS

32.     Plaintiff Lines was employed as a delivery driver by Defendants from October 6, 2015, until his unlawful termination on or around January 22, 2016.

33.     Defendant Tenet Concepts is a distribution company that provides, among other things, delivery services for clientele.

34.     Defendant Amazon is one of the country's largest online retail stores that provides merchandise to customers.

35.     Throughout all times relevant to this matter, Defendant Tenet Concepts maintained a service contract with Defendant Amazon to provide delivery services for Defendant Amazon's merchandise to Defendant Amazon's customers.

36. Upon information and belief, Defendant Tenet Concepts employs over four hundred (400) delivery drivers who operate out of Defendant Amazon's warehouses located in Texas, California, and Illinois.

37. Specifically, Plaintiff Lines operated out of Defendant Amazon's warehouse located in Irving, Texas.

38. Drivers' primary job duties were to deliver Defendant Amazon's merchandise to customers within one (1) to two (2) hours after the purchase was made through Amazon's Prime Now™ mobile application (the "App").

39. Drivers wore uniforms that identified them as representatives of Amazon Prime Now™.

40. Drivers were compensated at or around $7.25 per hour.

**i.** **Defendants Failed to Pay Drivers for All Hours Worked.**

41. Not all hours Drivers worked were accounted or compensated for on their paychecks.

42. Defendants maintained a practice and policy of only paying a portion of the hours Drivers worked "on the clock" in excess of forty (40) hours per workweek at the statutorily required overtime rate, while the remainder of the "on the clock" hours in excess of forty (40) hours per week was paid at the Drivers' "straight-time" rate (*i.e.*, their base rate of $7.25 per hour).

43. Further, Defendants maintained a practice and policy of not compensating Drivers for hours worked "off the clock," as set forth in more detail below.

44. Defendants posted Drivers' daily start times on bulletin boards at the beginning of each work week. Drivers' work days would begin at the scheduled start times, and would end when all of their Amazon Prime Now™ merchandise deliveries were completed for the day.

Drivers would not know, in advance, when their deliveries would be completed and thus, when their work days would end.

45. Drivers were routinely scheduled to work between five (5) and seven (7) consecutive days in a workweek.

46. Drivers' workdays typically and routinely ranged between ten (10) and eleven (11) hours per day, depending upon the days' volume of Amazon Now™ merchandise deliveries.

47. Throughout their employment, Drivers routinely worked between approximately fifty (50) and seventy-seven (77) hours per workweek.

48. For example, for Defendants' October 16, 2015, to October 31, 2015 pay period, Plaintiff Lines worked a total of one hundred and fifty-two point zero eight (152.08) hours "on the clock" during the two week pay period. In addition to that "on the clock" time, Plaintiff Lines worked an *additional* fourteen (14) hours of "off the clock" time during that two week period, as set forth below.

49. Plaintiff Lines' work during this "off the clock time" fell within three (3) categories. In the first category, Plaintiff Lines was required to arrive at work 15 minutes prior to his scheduled start time. During this time, Plaintiff Lines conducted work duties primarily for the benefit of Defendants. These duties included, among other things, folding and sorting Amazon Prime Now™ delivery bags in preparation for delivery, organizing shelves where boxes of Amazon Prime Now™ merchandize were stored prior to delivery, and confirming all of the orders which he was scheduled to deliver by: (i) utilizing a hand scanner to update Amazon Prime Now™'s delivery database; and (ii) obtaining his supervisor's permission to load the merchandise aboard the delivery vehicle. As an illustrative example, two hours of Plaintiff Lines' "off the clock" time during the pay period from October 16, 2015 to October 31, 2015 fell within this first category.

50.     In the second category, Plaintiff Lines' time was classified by Defendants as meal break time, in the amount of one hour per work day, even though, during this time, Plaintiff Lines was not permitted to take a meal break.  Instead, he spent all of that time exclusively for the benefit of Defendants, conducting his normal work duties, including, without limitation, driving the delivery vehicle, loading and unloading packages, fueling the delivery vehicle, transporting Amazon Prime Now™ merchandise, and other various and sundry tasks necessary to the completion of his job duties for the benefit of Defendants.  As an illustrative example, eight hours of Plaintiff Lines' "off the clock" time during the pay period from October 16, 2015 to October 31, 2015 fell within this second category.

51.     In the third category, Plaintiff Lines was required to work "off the clock" for approximately thirty (30) minutes at the end of every work day.  During this time, Plaintiff Lines conducted work primarily for the benefit of Defendants.  These duties included, among other things, folding up and sorting Amazon Prime Now™ delivery bags, cleaning the warehouse, and organizing ice bags utilized for delivery of Amazon Prime Now™ frozen food containers.  As an illustrative example, four hours of Plaintiff Lines' "off the clock" time during the pay period from October 16, 2015 to October 31, 2015 fell within this third category.

52.     In addition to the three categories of "off the clock" time set forth above, Defendants failed to pay Plaintiff Lines (and on information belief, the other Drivers) the FLSA's statutorily required overtime premium for all hours worked.

53.     As an illustrative example, for the same two week period, from October 16, 2015 to October 31, 2015, Defendants paid more than eighty (80) hours of Plaintiff Lines' one-hundred-and-fifty-two point zero eight (152.08) hours of work time at the straight time hourly rate, with no FLSA statutory overtime premium.  In fact, Defendants paid ninety-eight (98) of Plaintiff Lines'

10

hours during this pay period at his straight time hourly rate. Defendants therefore deprived Plaintiff Lines of the FLSA's statutorily required overtime premium for eighteen (18) hours of "on the clock time" during that pay period.

54.    In addition, during the same pay period (October 16, 2015 to October 31, 2015), Defendants deprived Plaintiff Lines of an additional fourteen (14) hours of overtime with respect to his "off the clock" time, in the three categories described above, for which Plaintiff Lines received no compensation whatsoever.

55.    Upon information and belief, all Drivers were subject to the policies and practices of Defendants, examples of which are described in the immediately preceding paragraphs.

56.    Upon information and belief, all Drivers were not paid the FLSA's statutorily required overtime premium for all hours worked in excess of forty (40) hours per workweek and were required to work "off the clock" before their scheduled start times, through their purported meal breaks, and at the conclusion of each work day. Indeed, Drivers were required to, and did, make deliveries during the alleged meal breaks, which Defendants deducted from Drivers' paychecks.

57.    By virtue of requiring Drivers to be at their Amazon warehouse ten (10) to fifteen (15) minutes before "clocking in," Defendants knew Drivers were required to perform unpaid tasks that were primarily for Defendants' benefit.

58.    By virtue of requiring Drivers to forego all meal breaks and, instead, deliver packages during the purported meal breaks, Defendants knew Drivers were required to perform unpaid tasks that were primarily for Defendants' benefit.

11

59. By virtue of requiring Drivers to remain at Defendants' warehouse after "clocking out," Defendants knew Drivers were required to perform unpaid tasks that were primarily for Defendants' benefit.

60. At this time, Drivers are unable to calculate: (i) the total number of "on the clock" overtime hours for which they received only their straight-time rate of pay; and (ii) the total number of "off the clock" hours that they worked for Defendants without any compensation whatsoever. This information is peculiarly within the possession of Defendants. However, Plaintiffs estimate that, on average, they received straight time (instead of overtime) for twelve (12) to fifteen (15) hours per workweek and that, on average, they received no compensation for eight (8) to nine (9) hours per workweek.

61. Drivers clocked in and out by presenting their identification cards, which bore both Defendant Amazon's and Defendant Tenet Concepts' logos, to Defendants' dispatchers.

62. After "clocking in" at their respective Amazon warehouse, Drivers waited for Defendants' dispatchers to assign them packages for delivery.

63. Defendant Amazon unilaterally decided the quantity of packages assigned to Drivers.

64. Defendant Amazon unilaterally decided which packages each of the Drivers would deliver.

65. After receiving their assigned packages, Drivers scanned each package into the App to provide real time tracking information to Defendant Amazon's customers.

66. Drivers were not permitted to reject delivery assignments, nor could they request that deliveries be restricted to particular geographical areas.

12

67.     If Drivers did not abide by Defendants' delivery assignments or routes they were subjected to discipline, which included termination.

68.     Defendants instructed Drivers to deliver assigned packages in a set sequence determined by Defendants.

69.     A Driver's assigned delivery route began with the delivery furthest away from the Amazon warehouse and ended with the delivery closest to the Amazon warehouse.

70.     Drivers were assigned eight (8) to ten (10) packages per route that were required to be delivered within two (2) hours.

71.     Defendants generated and dictated Drivers' delivery routes.

72.     Drivers were assigned routes that spanned up to or more than two hundred and fifty (250) miles.

73.     Drivers did not receive mileage reimbursement and/or credit from Defendants.

74.     Defendants tracked Drivers while they were on delivery routes.

75.     Defendants' dispatchers frequently called and/or sent text messages to Drivers to provide them with alternate delivery routes and/or to inform them that they were running behind schedule.

76.     After delivering a set of assigned packages, Drivers returned to the warehouse to receive another assignment of packages. This process repeated multiple times throughout the work day.

77.     Typically, Drivers completed their last delivery around 10:00 pm and did not return to the Defendants' warehouse to "clock out" until approximately 10:30 pm.

78.     Typically, although Drivers were still performing their required duties well after 10:00 pm, Defendants considered Drivers' meal break to be between 10:00 pm and 11:00 pm.

13

79.     Accordingly, Defendants did not compensate Drivers for the time worked within the purported "meal break," thus forcing Drivers to work "off-the-clock."

**ii. <u>Defendants Unlawfully Retained Drivers' Tips.</u>**

80.     In addition to Drivers' hourly rate of pay, Defendants promised Drivers, via a written and signed policy, that Drivers would receive both tips and reimbursements for expenses incurred during deliveries.

81.     Upon information and belief, following a delivery, the Amazon Prime Now™ App suggested to customers that they leave a default tip of $5.00 for the delivery Driver. Customers were permitted to modify the tipped amount to their desired amount and, indeed, some customers tipped substantially more than $5.00 per delivery.

82.     Upon information and belief, before a customer left a tip, the App stated to them: "If you elect to leave a tip, the entire tip goes to your courier."

83.     Upon information and belief, Defendants maintained a policy that prohibited customers from leaving cash tips, and instead required that all tips be made through the App, via credit card, and thus payable to Defendants.

84.     Drivers were customarily and regularly tipped significantly more than thirty dollars ($30.00) per month by the recipients of their respective Amazon Prime Now™ merchandise deliveries. These tips were in addition to Drivers' hourly cash compensation.

85.     Drivers received their paychecks every two (2) weeks.

86.     When Defendants issued the customers' tips to Drivers on their paychecks, Defendants did not provide Drivers with any record itemizing the tips.

87.     Despite their requests for the information, Drivers were never informed of their gross amount of tips, prior to any deductions retained by Defendants.

14

88.     Drivers did not participate in a tip pool.

89.     At no time did Defendants implement a tip pooling or tip sharing arrangement.

90.     At no time did Defendants provide, to Plaintiff Lines or the Drivers, the information required by section 3(m) of the FLSA, and identified in 29 CFR 531.59(b), including, without limitation: (i) the amount of the cash wage to be paid to the Drivers by Defendants; (ii) the additional amount claimed by the employer as a tip credit; (iii) that the tip credit claimed cannot exceed the amount of tips actually received by the tipped employee; (iv) that all tips received by the tipped employee are to be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (v) that the tip credit will not apply to any tipped employee unless the employee has been informed of these tip credit provisions. This information was not provided to Plaintiff lines and, upon information and belief, was not provided to the other Drivers.

91.     Upon information and belief, Defendants used some or all of Drivers' earned tips for reasons other than as a tip credit to satisfy federal and state minimum wage requirements.

92.     Upon information and belief, Defendants retained a significant portion of the tips designated for Drivers by Amazon Prime Now™ customers.

93.     Upon information and belief, Defendants retained more than $5.12 (*i.e.*, the difference between the minimum required cash wage of $2.13 and the minimum wage of $7.25) per hour from the Drivers tips, plus any other lawful deductions (for, *e.g.*, reimbursement of credit card processing charges).

94.     Upon information and belief, Drivers did not receive the correct tip total during each pay period since the Drivers were continually given significantly less tip money than what Amazon Prime Now™ customers, in the aggregate, actually designated as tips for the Drivers.

15

95.     Upon information and belief, Defendants never provided Drivers with any records or receipts informing Drivers of which Amazon Prime Now™ customers designated tips for the Drivers.

96.     Upon information and belief, since all tips were processed through the App, which Defendants maintained complete control of, the specific amount of Drivers' tips retained by Defendants is peculiarly within the knowledge of Defendants.  However, upon information and belief, Defendants' regularly retained Drivers' tips in excess of $5.12 per hour (*i.e.*, the maximum "tip credit" permitted under the FLSA, after accounting for the minimum "cash wage" of $2.13 and deducting it from the minimum wage of $7.50 per hour) plus any applicable credit card processing fees or other lawfully retained portions of the tips.

### iii.  Defendants Failed to Reimburse Drivers' Expenses.

97.     Upon information and belief, Drivers were required to use their own personal vehicles to deliver Amazon's merchandise.

98.     Upon information and belief, Drivers incurred significant out of pocket costs from the use of their vehicles for deliveries, tolls, and keeping their vehicles running for extraordinary durations of time throughout their shift(s).

99.     Upon information and belief, Drivers incurred out of pocket costs for the operation of their vehicles and, after deducting those costs, Drivers' hourly rate fell below both federal and state minimum wage requirements.

100.    Despite Defendants' written policy (*see* ¶80, *supra*), Drivers were often denied reimbursements of incurred expenses including, without limitation, mileage, wear and tear, gas, and tolls.

16

101. For example, from November 1, 2015, to November 15, 2015, Plaintiff Lines incurred two thousand one hundred and fifty-seven (2,157) miles on his personal vehicle while making deliveries for Defendants.

102. From November 1, 2015, to November 15, 2015, Plaintiff Lines was only reimbursed approximately $354.00 for his incurred mileage.

103. Pursuant to the Internal Revenue Service's 2015 standard mileage rates, from November 1, 2015, to November 15, 2015, Plaintiff Lines' mileage of 2,157, incurred for the benefit of Defendants, was actually worth $1,240.27 in reimbursable expenses.

104. Upon information and belief, Drivers were required to submit their toll bills to Defendant Tenet Concepts' supervisors immediately after they received and paid the toll bills.

105. Upon information and belief, Defendant Tenet Concepts' supervisors were then required to submit the toll bill to Defendant Amazon.

106. Upon receipt of the toll bill, Defendant Amazon was to reimburse Drivers for the total amount of the toll bill.

107. Upon information and belief, Drivers were frequently not reimbursed for any of the toll bills they submitted to their supervisors.

108. For example, even though Plaintiff Lines properly followed Defendants' reimbursement policy, he was never reimbursed for the approximate $100 to $200 in toll bills he incurred every month while making deliveries for Defendants throughout the period of his employment.

109. Upon information and belief, Defendants often failed to reimburse Drivers for gas expenses, which, after accounting for these expenses, reduced Drivers' hourly rate below the FLSA's statutory minimum wage.

17

110.    For example, at all relevant times Plaintiff owned and operated a 2016 Chrysler 200 and a 2012 Dodge Avenger, which he utilized to make deliveries for Defendants.

111.    Plaintiff Lines incurred approximately $100 per week in gas expenses.

112.    Defendants frequently failed to reimburse Plaintiff Lines for gas expenses.

113.    On the infrequent occasions where Drivers were reimbursed for gas expenses, they were only reimbursed for the pre-tax cost of gas and mileage and not the total amount including taxes.  Thus, Drivers still incurred out of pocket expenses that drove their hourly rate below the minimum wage.

114.    Plaintiffs are unable, without the benefit of discovery, to determine the amount of unreimbursed gas expenses because that information is peculiarly within the knowledge of Defendants.  However, Plaintiffs estimate that the unreimbursed expense gas expenses total more than $2500 per year per Driver.

**iv.  Defendants Unlawfully Discharged Lines as Retaliation for Raising FLSA Violations**

115.    On or around November 26, 2015, Plaintiff Lines complained to his supervisor, Steven (last name unknown), that Defendants were violating the FLSA by not compensating Drivers with an overtime premium for all hours worked in excess of forty (40) hours per workweek, failing to compensate Drivers for "off-the-clock" hours worked, failing to reimburse Drivers for toll, mileage, and gas expenses, and by retaining Drivers' earned tips.

116.    Steven stated to Plaintiff Lines that he would inform the owner of Defendant Tenet Concepts of Plaintiff Lines' November 26, 2015, complaint and that he was going to remedy the complaint.

117.    Defendants never responded to the November 26, 2015 complaint, nor did Defendants remedy the complained-of practices.

18

118.     On or around December 10, 2015, Plaintiff Lines complained to Steven again that Defendants were violating the FLSA by not compensating Drivers with an overtime premium for all hours worked in excess of forty (40) hours per workweek, failing to compensate Drivers for "off-the-clock" hours worked, failing to reimburse Drivers for toll, mileage, and gas expenses, and retaining Drivers' earned tips.

119.     On or around December 22, 2015, Plaintiff Lines complained to Steven yet again that Defendants were violating the FLSA by not compensating Drivers with an overtime premium for all hours worked in excess of forty (40) hours per workweek, failing to compensate Drivers for "off-the-clock" hours worked, failing to reimburse Drivers for toll, mileage, and gas expenses, and retaining Drivers' earned tips.

120.     Prior to making these three complaints to Steven, Plaintiff Lines had a positive performance record with Defendants.

121.     Following Plaintiff Lines' complaints, his supervisor Steven became agitated and displayed new-found animosity toward Plaintiff Lines.

122.     For example, on or around January 22, 2016, Steven informed Plaintiff Lines that he "did not have to work anymore" because he "would not keep his mouth shut and stop complaining" about Defendants' violations of the FLSA, described in paragraphs 115-121, *supra*.

123.     Within thirty (30) days of making his January 22, 2016 complaint that Defendants were violating the FLSA, Plaintiff Lines' employment was terminated by Defendants.

124.     Plaintiff Lines remained unemployed for over two (2) months.

125.     Plaintiff Lines was forced to pawn his personal property in order to pay his rent and utility bills.

126.    Due to his lack of employment, Plaintiff Lines was unable to recover all of his pawned property.

127.    Plaintiff Lines' unlawful termination by Defendants caused him to suffer from, among other things, lack of sleep and appetite, weight loss, severe stress, depression, and anxiety.

**v.  Lines Asserts FLSA Collective Actions on Behalf of Similarly Situated Drivers**

### A.  FLSA Overtime Collective

128.    Plaintiff Lines seeks to bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on his own behalf as well as on behalf of all those in a proposed "FLSA Overtime Collective," defined as:

> All delivery drivers employed by Defendants during the relevant time period, who have been subject to Defendants' policies of requiring them to work in excess of forty (40) hours per workweek at their base hourly rate of pay.

129.    At all relevant times, Plaintiff Lines was similarly situated to all such individuals in the proposed FLSA Overtime Collective[1] because, while employed by Defendants, Plaintiff Lines and all FLSA Overtime Plaintiffs performed similar tasks, were subject to the same laws and regulations, were paid in the same or substantially similar manner, were paid the same or similar rate, were required to work in excess of forty (40) hours per workweek and were subject to Defendants' policies and practices of willfully failing to pay them at the FLSA's statutorily required rate of one-and-one-half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek.

130.    Defendants are and have been aware of the requirement to pay Plaintiff Lines and the FLSA Overtime Plaintiffs at a rate of one-and-one-half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek, yet willfully chose not to.

---

[1]    Hereinafter referred to as the FLSA Overtime Plaintiffs.

131.     The members of the proposed FLSA Overtime Collective are readily discernable and ascertainable. All FLSA Overtime Plaintiffs' contact information is readily available in Defendants' records. Notice of this collective action can be made as soon as the Court determines.

132.     The number of FLSA Overtime Plaintiffs in the collective are too numerous to join in a single action, necessitating collective recognition.

133.     All questions relating to Defendants' violation of the FLSA share a common factual basis with Plaintiff Lines. No claims under the FLSA relating to the failure to pay statutorily required overtime premiums are specific to Plaintiff Lines and the claims asserted by Plaintiff Lines are typical of those of members of the collective.

134.     Plaintiff Lines will fairly and adequately represent the interests of the collective and has no interests conflicting with the collective.

135.     A collective action is superior to all other methods and is necessary in order to fairly and completely litigate violations of the FLSA.

136.     Plaintiff Lines' attorneys are familiar and experienced with collective and class action litigation, as well as employment and labor law litigation.

137.     The public will benefit from the case being brought as a collective action because doing so will serve the interests of judicial economy by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual FLSA Overtime Plaintiffs creates a risk for varying results based on identical fact patterns as well as disposition of the collectives' interests without their knowledge or contribution.

138.     The questions of law and fact are nearly identical for all FLSA Overtime Plaintiffs and therefore proceeding as a collective action is ideal. Without judicial resolution of the claims

asserted on behalf of the proposed collective, Defendants' continued violations of the FLSA will undoubtedly continue.

**B. FLSA Minimum Wage Collective**

139.     Plaintiff Lines seeks to bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on his own behalf as well as on behalf of all those in the proposed "FLSA Minimum Wage Collective," defined as:

> All delivery drivers employed by Defendants during the relevant time period, who have been subject to Defendants' policies and/or practices of requiring delivery drivers to work "off-the-clock" and/or to incur business expenses without reimbursement.

140.     At all relevant times, Plaintiff Lines was similarly situated to all such individuals in the proposed FLSA Minimum Wage Collective[2] because, while employed by Defendants, Plaintiff Lines and FLSA Minimum Wage Plaintiffs performed similar tasks, were subject to the same laws and regulations, were paid in the same or similar manner, were paid the same or similar rate, and were required to work "off-the-clock." Furthermore, in the same manner, through Defendants' practice of not reimbursing Plaintiff Lines and the FLSA Minimum Wage Plaintiffs for their incurred expenses, their hourly rate was reduced below the FLSA's statutorily required minimum wage.

141.     Defendants are and have been aware of the requirement to pay Plaintiff Lines and members of the FLSA Minimum Wage Plaintiffs at a rate of $7.25 per hour, yet willfully chose not to do so.

142.     The members of the proposed FLSA Minimum Wage Collective are readily discernable and ascertainable. All FLSA Minimum Wage Plaintiffs' contact information is

---

[2] Hereinafter referred to as the FLSA Minimum Wage Plaintiffs.

readily available in Defendants' records. Notice of this collective action can be made as soon as the Court determines.

143.     The members of the FLSA Minimum Wage Collective are too numerous to join in a single action, necessitating collective recognition.

144.     All questions relating to Defendants' violation of the FLSA share a common factual basis with Plaintiff Lines. No claims under the FLSA relating to Defendants' failure to pay minimum wage for all hours worked are specific to Plaintiff Lines and the claims asserted by Plaintiff Lines are typical of those of the proposed collective.

145.     Plaintiff Lines will fairly and adequately represent the interests of the FLSA Minimum Wage Plaintiffs and has no interests conflicting with those of the proposed collective.

146.     A collective action is superior to all other methods and is necessary in order to fairly and completely litigate the claims of members of the proposed collective under the FLSA.

147.     Plaintiff Lines' attorneys are familiar and experienced with class action litigation as well as employment and labor law litigation.

148.     The public will benefit from the case being brought as a collective action because doing so will serve the interests of judicial economy by saving the Court's time and efforts and by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual FLSA Minimum Wage Plaintiffs creates a risk for varying results based on identical fact patterns as well as disposition of interests of members of the proposed collective without their knowledge or contribution.

149.     The questions of law and fact are nearly identical for all FLSA Minimum Wage Plaintiffs and therefore proceeding as a collective action is ideal. Without judicial resolution of

the claims asserted on behalf of the members of the proposed collective, Defendants' continued

violations of the FLSA will undoubtedly continue.

### C. FLSA Tip Collective

150. Plaintiff Lines seeks to bring this suit as a collective action pursuant to 29 U.S.C. §

216(b) on his own behalf as well as on behalf of those in a proposed "FLSA Tip Collective,"

defined as:

> All delivery drivers employed by Defendants during the relevant time period, who
> have been subject to Defendants' policies and/or practices of retaining all or some
> of the delivery drivers' tips received from customers in connection with deliveries.

151. At all relevant times, Plaintiff Lines was similarly situated to all such individuals

in the proposed FLSA Tip Collective[3] because, while employed by Defendants, all FLSA Tip

Collective members performed similar tasks, were subject to the same laws and regulations, were

paid in the same or substantially similar manner, were paid the same or similar rate, received tips

for their delivery services from Defendant Amazon's customers, and were subjected to

Defendants' policies and practices of retaining all or some those tips.

152. Defendants are and have been aware of the FLSA's prohibition of employers

retaining employees earned tips, except as "tip credits" in furtherance of a tip pooling or sharing

arrangement or for other lawful reasons such as to reimburse employers for credit card processing

fees, yet Defendants willfully chose to violate that prohibition.

153. Members of the proposed FLSA Tip Collective are readily discernable and

ascertainable. All FLSA Tip Plaintiffs' contact information is readily available in Defendants'

records. Notice of this collective action can be made as soon as the Court determines.

---

[3] Hereinafter referred to as the FLSA Tip Plaintiffs.

154. The number of FLSA Tip Plaintiffs in the collective are too numerous to join in a single action, necessitating collective recognition.

155. All questions relating to Defendants' violation of the FLSA share the common factual basis with Plaintiff Lines. No claims under the FLSA relating to the failure to compensate for overtime are specific to Plaintiff Lines and Plaintiff Lines' claims are typical of those of the members of the proposed collective.

156. Plaintiff Lines will fairly and adequately represent the interests of the collective and has no interests conflicting with the collective.

157. A collective action is superior to all other methods and is necessary in order to fairly and completely litigate violations of the FLSA.

158. Plaintiff Lines' attorneys are familiar and experienced with collective and class action litigation as well as employment and labor law litigation.

159. The public will benefit from the case being brought as a collective action because it serves the interest of judicial economy by saving the Court's time and effort, and by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual FLSA Tip Plaintiffs creates a risk for varying results based on identical fact patterns as well as disposition of members of the collective's interests without their knowledge or contribution.

160. The questions of law and fact are nearly identical for all FLSA Tip Plaintiffs and therefore proceeding as a collective action is ideal. Without judicial resolution of the claims asserted on behalf of the proposed collective, continued violations of the FLSA will undoubtedly continue.

### vi. Lines Asserts Rule 23 Class Action on Behalf of Similarly Situated Drivers

161.     Plaintiff Lines additionally seeks to maintain this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of those who, during the previous three years, were subjected to violations of the TLC (the proposed "Texas Class").

162.     The proposed Texas Class which Plaintiff Lines seeks to define includes:

> All delivery drivers employed by Defendants during the relevant time period, who have been subject to Defendants' policies of requiring delivery drivers to work "off-the-clock" and/or to incur business expenses without reimbursement.

163.     The number of proposed Texas Class members protected by the TLC and who have suffered under Defendants' violation of the TLC, as set forth herein, are too numerous to join in a single action, necessitating class recognition.

164.     All questions relating to the Texas Class's allegations under the TLC share a common factual basis with those raised by the claims of Plaintiff Lines.  No claims under the TLC relating to the denial of minimum wage are specific to Plaintiff Lines or any proposed Texas Class member and the claims of Plaintiff Lines are typical of those asserted by the proposed Texas Class.

165.     Plaintiff Lines will fairly and adequately represent the interests of all members of the proposed Texas Class.

166.     A class action is superior to all other methods of adjudication and is necessary in order to fairly and completely litigate the Class's allegations that Defendants violated the TLC by failing to pay statutorily required minimum wages to all members of the proposed Texas Class.

167.     The class members of the proposed Texas Class are readily discernable and ascertainable.  Contact information for all members of the proposed Texas Class[4] is readily

---

[4] Hereinafter referred to as the Texas Class Plaintiffs.

available from Defendants since such information is likely to be contained in their personnel files. Notice of this class action can be provided by any means permissible under the FRCP Rule 23 requirements.

168.     Plaintiff Lines asserts these claims on his own behalf as well as on behalf of the Texas Class Plaintiffs through his attorneys who are experienced in class action litigation as well as employment litigation.

169.     Plaintiff Lines is able to fairly represent and properly protect the interests of the absent members of the proposed Texas Class and has no interests conflicting with those of the class.

170.     The public will benefit from this case being brought as a class action because it serves the interests of judicial economy by saving the Court's time and effort, and by reducing a multitude of claims to a single litigation.  Prosecution of separate actions by individual Texas Class Plaintiffs creates a risk of varying results based on identical fact patterns as well as disposition of the classes' interests without their knowledge or contribution.

171.     Because of the nature of wage and hour claims brought during the course of employment, class members are often fearful of filing claims against their employers and would benefit from Plaintiff Lines' willingness to proceed against Defendants.  The anonymity inherent in a class action suit further provides insulation against retaliation and/or undue stress and fear for the Texas Class Plaintiffs' jobs and continued employment.

172.     The questions of law and fact that are nearly identical for all class members make proceeding as class action ideal.  Without judicial resolution of the claims asserted on behalf of the proposed Texas Class, continued violations of the TLC will undoubtedly continue.

173.     Whether Plaintiff Lines and the Texas Class Plaintiffs were properly compensated at the minimum wage for all hours worked is a common question which can readily be resolved through the class action process.

## CAUSES OF ACTION

## Count I

**Failure to Pay Full Wages and Overtime in Violation of the Fair Labor Standards Act**
**29 U.S.C. § 201 *et seq.*,**
(Asserted by Plaintiff Lines on Behalf of All FLSA Overtime Plaintiffs)

174.     Plaintiff Lines and the FLSA Overtime Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

175.     Throughout the period covered by the applicable statute of limitations (the "Relevant Period"), Plaintiff Lines and the other FLSA Overtime Plaintiffs were required to work and did in fact work in excess of forty (40) hours per workweek.

176.     Upon information and belief, Defendants knowingly failed to pay Plaintiff Lines and the FLSA Overtime Plaintiffs for all hours worked and failed to pay Plaintiff Lines and the Overtime Plaintiffs the statutorily required overtime rate for all hours worked in excess of forty (40) per workweek.

177.     As set forth above, Defendants' conduct was willful and lasted for the duration of the Relevant Time Period.

178.     Defendants' conduct was in violation of the FLSA.

28

## Count II

**Failure to Pay Minimum Wage in Violation of the Fair Labor Standards Act
29 U.S.C. § 201 *et seq.*,**
(Asserted by Plaintiff Lines on Behalf of All FLSA Minimum Wage Plaintiffs)

179.     Plaintiff Lines and the FLSA Minimum Wage Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

180.     Throughout the period covered by the applicable statute of limitations, Defendants knowingly failed to pay Plaintiff Lines and the FLSA Minimum Wage Plaintiffs the minimum wage for all hours worked "off-the-clock" due to Defendants' practice of wrongfully reducing the number of reported hours that employees worked, by deducting meal periods, work performed before their designated start time, or after the completion of their merchandise deliveries.  In addition to Defendants' failure to pay the FLSA Minimum Wage Plaintiffs for all of their hours worked, Plaintiff Lines and the FLSA Minimum Wage Plaintiffs were required to incur all costs and expenses for the use of their vehicles to make deliveries on behalf of, and primarily for the benefit of, Defendants.  After accounting for these incurred costs, for which they were not reimbursed, Plaintiff Lines' and the FLSA Minimum Wage Plaintiffs' hourly wages were reduced below the required minimum wage, in violation of the FLSA.

181.     The "off the clock" work performed by the FLSA Minimum Wage Plaintiffs  before their start time, after their last deliveries, and during their purported meal breaks was all compensable work, because it was all performed either exclusively for, or at least primarily for, the benefit of Defendants.

182.     Plaintiff Lines and the FLSA Minimum Wage Plaintiffs are entitled to payment at the minimum wage for all hours worked.

183.     Upon information and belief, Defendants knowingly failed to pay Plaintiff Lines and the FLSA Minimum Wage Plaintiffs the statutory minimum wage for all hours worked in each workweek.

184.     Defendants' conduct was willful, as set forth herein, and lasted for the duration of the Relevant Time Period.

185.     Defendants' conduct was in violation of the FLSA.

## Count III

**Unlawfully Retaining Tips in Violation of the Fair Labor Standards Act**
**29 U.S.C. § 201 *et seq.*,**
(Asserted by Plaintiff Lines on Behalf of All FLSA Tip Plaintiffs)

186.     Plaintiff Lines and the FLSA Tip Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

187.     Throughout the period covered by the applicable statute of limitations, Defendants had a policy and practice of not disclosing the amount of tips Plaintiff Lines and the FLSA Tip Plaintiffs earned from customers for their deliveries.

188.     Upon information and belief, as set forth above, Defendants knowingly retained the tips given by Defendants' customers to Plaintiff Lines and the FLSA Tip Plaintiffs, in amounts substantially exceeding any amounts lawfully deductible for reimbursement of credit card processing fees and other lawful deductions, and there was no tip pooling or tip sharing arrangement pursuant to which "tip credits" were being deducted by Defendants.

189.     Plaintiff Lines and the FLSA Tip Plaintiffs are entitled to all tips they received from each and every delivery over and above any deductions by Defendants for credit card processing fees and other lawful deductions.

190.    Upon information and belief, Defendants knowingly retained Plaintiff Lines' and the FLSA Tip Plaintiffs' tips, in violation of the FLSA.

191.    Defendants' conduct was willful and lasted for the duration of the Relevant Time Period.

192.    Defendants' conduct was in violation of the FLSA.

### Count IV

**Violation of the Texas Labor Code §§ 62.001 *et seq.*,**
**(Asserted by Plaintiff Lines on Behalf of All Texas Class Plaintiffs)**

193.    Plaintiff Lines and the Texas Class Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

194.    Defendants have violated the Texas Labor Code by failing to pay Plaintiff Lines and the Texas Class Plaintiffs their full and proper compensation.

195.    Throughout the period covered by the applicable statute of limitations, Defendants knowingly failed to pay Plaintiff Lines and the Texas Class Plaintiffs the minimum wage for all hours worked "off-the-clock" due to Defendants' practice of wrongfully reducing the number of reported hours that employees worked by deducting purported meal periods, work performed before their designated start times, and work performed after the completion of their merchandise deliveries.  In addition to reduction of their hours worked, Plaintiff Lines and the Texas Class Plaintiffs were required to incur all costs and expenses for the use of their vehicles to make deliveries on behalf of Defendants.  After accounting for these costs and expenses, for which they were not reimbursed, Plaintiff Lines' and the Texas Class Plaintiffs' hourly wages were reduced below minimum wage in violation of the Texas Labor Code.

196.    Plaintiff Lines and the Texas Class Plaintiffs are entitled to payment at the minimum wage for all hours worked.

31

197.     Defendants' conduct was willful and lasted for the duration of the relevant time periods.

198.     Defendants' conduct was in violation of the TLC.

<u>**Count V**</u>

**Retaliatory Discharge in Violation of the Fair Labor Standards Act
29 U.S.C. § 201 *et seq.***

199.     Plaintiff Lines re-alleges and incorporates by reference all allegations in all preceding paragraphs.

200.     Plaintiff Lines engaged in protected activity by complaining to Defendants that their conduct violated the FLSA by refusing to compensate Drivers the overtime premium for all hours worked in excess of forty (40) hours per workweek, failing to properly compensate Drivers for time worked "off the clock," failing to properly reimburse Drivers for toll, mileage, and gas expenses, and by retaining Drivers' earned tips.

201.     Plaintiff Lines made these complaints to his supervisor, Steven, on November 15, 2015, December 10, 2015, and December 22, 2015.

202.     As a direct retaliatory result of Plaintiff Lines' protected activity, Defendants unlawfully terminated him on or around January 22, 2016.

203.     Defendants' termination of Plaintiff Lines' employment was in violation of the FLSA.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Lines, on behalf of himself and all Drivers employed by each Defendant, demands judgment against Defendants as follows:

204.     At the earliest possible time, Plaintiff Lines should be allowed to give notice of this collective action, or the Court should issue such notice, to all members of the proposed collectives,

defined herein. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper minimum wages and overtime wages;

205.    Designation of Plaintiff Lines as representative of the FLSA collectives and Rule 23 Classes defined herein, and Plaintiff's counsel as Class Counsel;

206.    Equitable tolling of the FLSA statute of limitations as a result of Defendants' failure to post requisite notices under the FLSA;

207.    Certification of this action as a class action pursuant to FRCP Rule 23 for the purposes of the claims brought on behalf of all proposed Texas Class members under the Texas Labor Code;

208.    Demand a jury trial on these issues to determine liability and damages;

209.    Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

210.    A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Texas Labor Code, §§ 62.001 *et seq.*;

211.    All damages which Plaintiff Lines and all proposed members of the collectives and Texas Class Plaintiffs ("FLSA and Texas Class Plaintiffs"), defined herein, have sustained as a result of Defendants' conduct, including back pay, liquidated damages, general and special damages for lost compensation and job benefits they would have received but for Defendants' improper practices;

33

212.     All damages which Plaintiff Lines has sustained as a result of Defendants' conduct, including back pay, general and special damages for lost compensation and job benefits he would have received but for Defendants' unlawful retaliatory conduct, and for emotional distress humiliation, embarrassment, and anguish;

213.     An award to Plaintiff Lines and all FLSA and Texas Class Plaintiffs of pre-judgment interest at the highest level rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

214.     An award to Plaintiff Lines and all FLSA and Texas Class Plaintiffs representing Defendants' share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

215.     An award to Plaintiff Lines and all FLSA and Texas Class Plaintiffs for the amount of unpaid wages, including interest thereon, and penalties, including liquidated damages subject to proof;

216.     Awarding Plaintiff Lines and all FLSA and Texas Class Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

217.     Pre-judgment and post-judgment interest, as provided by law; and

218.     Granting Plaintiff Lines and all FLSA and Texas Class Plaintiffs other and further relief as this Court finds necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Lines demands a trial by jury on all questions of fact raised by this complaint.

Dated:   April 14, 2017
          Austin, Texas

Respectfully submitted,

Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@dpelaw.com
**DiNovo Price Ellwanger & Hardy LLP**
7000 North MoPac Expressway
Suite 350
Austin, Texas 78731
(512) 539-2626 (phone)
(512) 539-2627 (fax)

OF COUNSEL:

Holt Major Lackey
Texas State Bar No. 24047763
hlackey@dpelaw.com
**DiNovo Price Ellwanger & Hardy LLP**
7000 North MoPac Expressway
Suite 350
Austin, Texas 78731
(512) 539-2626 (phone)
(512) 539-2627 (fax)

Robert J. Valli, Jr.
Sara Wyn Kane
James Vagnini
**Valli Kane & Vagnini LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
(516) 203-7180 (phone)
(516) 706-0248 (fax)

**ATTORNEYS FOR PLAINTIFFS**

35

United States District Court

Western District of Texas

Austin

Deficiency Notice

| | |
|---|---|
| To: | Ellwanger, Jay D. |
| From: | Court Operations Department, Western District of Texas |
| Date: | Monday, April 17, 2017 |
| Re: | 01:17-CV-00072-LY / Doc # 11 / Filed On: 04/14/2017 11:31 AM CST |

Pursuant to the <u>Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases</u>, the following pleading has been filed. However, it is deficient in the area(s) checked below. Please correct the deficiency(ies), as noted below, and re-file document **IMMEDIATELY.** When re-filing document, other than a motion, please ensure you add 'corrected' to the docket text. If the document you are re-filing is a motion, select 'corrected' from the drop-down list.

**If an erroneous filing results in failure to meet a deadline, you will need to seek relief, for any default, from the presiding judge.**

(1) No certificate of service was included in pleading. Please file ONLY the certificate of service in the form of a pleading using the "Certificate of Service" event located under the 'Service of Process' menu.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| JEFFREY LINES, individually and on behalf of all others similarly situated, | § § § | Case No. 1:17-cv-00072-LY |
| Plaintiffs, | § § | |
| v. | § § | FIRST AMENDED COMPLAINT JURY TRIAL DEMANDED |
| AMAZON.COM, INC.; TENET CONCEPTS, LLC; and JOHN DOES 1-5, | § § § | |
| Defendants. | § § | |

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service were served on the 14th day of April, 2017, with a copy of Plaintiff's First Amended Complaint (Dkt. No. 11) via the Court's CM/ECF system pursuant to Local Rule CV-5.

*/s/ Jay D. Ellwanger*
Jay D. Ellwanger

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| JEFFREY LINES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMAZON.COM, INC.; TENET CONCEPTS, LLC; and JOHN DOES 1-5,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 1:17-cv-00072-LY |

## NOTICE OF APPEARANCE AND SUBSTITUTION OF COUNSEL

Defendants Amazon.com, Inc.[1] and Tenet Concepts, LLC ("Defendants") file this Notice of Appearance and Substitution of Counsel in the above-captioned case to notify the Court, the District Clerk, and all parties of the following:

Defendants wish to substitute Darren G. Gibson with the law firm of Littler Mendelson, P.C. as counsel for Defendants in place of Kevin S. Mullen of Littler Mendelson, P.C.

Mr. Gibson's contact information is:

Darren G. Gibson
State Bar No. 24068846
LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
100 Congress Ave., Suite 1400
Austin, Texas 78701
512.982.7250 (Telephone)
512.982.7248 (Facsimile)
dgibson@littler.com

---

[1] Amazon.com, Inc. denies that it is a proper defendant. Amazon.com, Inc. had no employment, joint employer, or contractual relationship with Plaintiff or Defendant Tenet Concepts, LLC.

- 1 -

Defendants respectfully request that the above mentioned substitution be made and that Mr. Gibson be added as counsel and receive all notices of filings in this lawsuit.

Dated: April 21, 2017                              Respectfully submitted,


                                                  /s/ Darren G. Gibson
                                                  Darren G. Gibson
                                                  State Bar No. 24068846
                                                  LITTLER MENDELSON, P.C.
                                                  A PROFESSIONAL CORPORATION
                                                  100 Congress Avenue, Suite 1400
                                                  Austin, Texas 78701
                                                  512.982.7250 (Telephone)
                                                  512.982.7248 (Facsimile)
                                                  dgibson@littler.com

                                                  ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded via ECF with the court, on this the 21st day of April, 2017, to the following counsel:

Jay D. Ellwanger                          Holt Major Lackey
DiNovo Price Ellwanger & Hardy LLP        DiNovo Price Ellwanger & Hardy LLP
7000 North MoPac Expressway, Suite 350    7000 North MoPac Expressway, Suite 350
Austin, Texas 78731                       Austin, Texas 78731
512.539.2626 - telephone                  512.539.2626 - telephone
512.539.2627 – facsimile                  512.539.2627 – facsimile

ATTORNEYS FOR PLAINTIFFS                   ATTORNEYS FOR PLAINTIFFS

- 2 -

Robert J. Valli, Jr.
Sara Wyn Kane
James Vagnini
**Valli Kane & Vagnini, LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
(516) 203-7180 - telephone
(516) 706-0248 – facsimile

ATTORNEYS FOR PLAINTIFFS


 */s/ Darren G. Gibson*
Darren G. Gibson


Firmwide:147165530.1 090575.1002

```
MIME-Version:1.0
From:TXW_USDC_Notice@txwd.uscourts.gov
To:cmecf_notices@txwd.uscourts.gov
Bcc:
--Case Participants: Jay D. Ellwanger (docketing@dpelaw.com, jellwanger@dpelaw.com), Kevin
S. Mullen (kevin@themullenfirm.com, smendoza@littler.com), Darren Glenn Gibson
(dgibson@littler.com, smendoza@littler.com), James A. Vagnini (jvagnini@vkvlawyers.com),
Salvador Davila (sdavila@littler.com, smendoza@littler.com), Sara Wyn Kane
(eraxon@vkvlawyers.com, skane@vkvlawyers.com)
--Non Case Participants:
--No Notice Sent:

Message-Id:17243617@txwd.uscourts.gov
Subject:Activity in Case 1:17-cv-00072-LY Lines v. Amazon.Com, Inc. et al Notice of
Correction
Content-Type: text/html
```

## U.S. District Court [LIVE]

### Western District of Texas

## Notice of Electronic Filing

The following transaction was entered on 4/21/2017 at 10:59 AM CDT and filed on 4/21/2017

| | |
|---|---|
| **Case Name:** | Lines v. Amazon.Com, Inc. et al |
| **Case Number:** | 1:17−cv−00072−LY |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
 **Notice of Correction: Proposed order is required. Please file the proposed order to substitute counsel using the "Attachment" event** re [14] MOTION to Substitute Attorney. (jf)


**1:17−cv−00072−LY Notice has been electronically mailed to:**

Darren Glenn Gibson &nbsp &nbsp dgibson@littler.com, smendoza@littler.com

James A. Vagnini &nbsp &nbsp jvagnini@vkvlawyers.com

Jay D. Ellwanger &nbsp &nbsp jellwanger@dpelaw.com, docketing@dpelaw.com

Kevin S. Mullen &nbsp &nbsp kevin@themullenfirm.com, smendoza@littler.com

Salvador Davila &nbsp &nbsp SDavila@littler.com, Smendoza@littler.com

Sara Wyn Kane &nbsp &nbsp skane@vkvlawyers.com, eraxon@vkvlawyers.com

**1:17−cv−00072−LY Notice has been delivered by other means to:**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| JEFFREY LINES, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiffs, | § § | **Case No. 1:17-cv-00072-LY** |
| vs. | § § | |
| AMAZON.COM, INC.; TENET CONCEPTS, LLC; and JOHN DOES 1-5, | § § § | |
| Defendants. | § § § § | |

## ORDER GRANTING DEFENDANTS'
## MOTION TO SUBSTITUTE COUNSEL

Before the Court is Defendants' Amazon.com, Inc. [1] and Tenet Concepts, LLC ("Defendants") Notice of Appearance and Substitution of Counsel.  Having considered the motion,

IT IS ORDERED that Darren G. Gibson be substituted as counsel for Defendants in place of Kevin S. Mullen.

Signed this _____ day of _____, 2017.

_____
UNITED STATES DISTRICT JUDGE

Firmwide:147220689.1 090575.1002

---

[1] Amazon.com, Inc. denies that it is a proper defendant.  Amazon.com, Inc. had no employment, joint employer, or contractual relationship with Plaintiff or Defendant Tenet Concepts, LLC.

- 1 -

**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

17 APR 24 PM 4:57

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
_____ DEPUTY CLERK

| | | |
|---|---|---|
| JEFFREY LINES, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § § | Case No. 1:17-cv-00072-LY |
| AMAZON.COM, INC.; TENET CONCEPTS, LLC; and JOHN DOES 1-5, | § § § § | |
| Defendants. | § § § § § | |

## ORDER GRANTING DEFENDANTS' MOTION TO SUBSTITUTE COUNSEL

Before the Court is Defendants' Amazon.com, Inc. [1] and Tenet Concepts, LLC ("Defendants") Notice of Appearance and Substitution of Counsel. Having considered the motion,

IT IS ORDERED that Darren G. Gibson be substituted as counsel for Defendants in place of Kevin S. Mullen.

Signed this 24th day of _____April_____, 2017.

_____
UNITED STATES DISTRICT JUDGE

Firmwide:147220689.1 090575.1002

---

[1] Amazon.com, Inc. denies that it is a proper defendant. Amazon.com, Inc. had no employment, joint employer, or contractual relationship with Plaintiff or Defendant Tenet Concepts, LLC.

- 1 -

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **JEFFREY LINES, individually and on behalf of all others similarly situated,** | § § § | |
| **Plaintiffs,** | § § | **Case No. 1:17-cv-00072-LY** |
| **vs.** | § § | |
| **AMAZON.COM, INC.; TENET CONCEPTS, LLC; and JOHN DOES 1-5,** | § § § | |
| **Defendants.** | § § § § | |

### DEFENDANT AMAZON.COM, INC. AND TENET CONCEPTS, LLC'S UNOPPOSED MOTION TO EXTEND THE DEADLINE TO RESPOND TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Amazon.com, Inc. and Tenet Concepts, LLC ("Defendants") file this Unopposed Motion to Extend the Deadline to Respond to Plaintiff's First Amended Complaint and respectfully state as follows:

1.      On April 14, 2017, Plaintiff filed a First Amended Complaint alleging that Defendants failed to properly compensate him and others similarly situated for wages in violation of the Fair Labor Standards Act and Texas Labor Code, and also brought a claim for alleged retaliatory discharge. *See* Dkt. No. 11. Defendants were served electronically on April 14, 2017, making their responses to Plaintiff's First Amended Complaint due in the normal course on April 28, 2017.

2.      The undersigned counsel recently has assumed the role of lead counsel for Defendants on this case. On April 21, 2017, Defendants filed a Notice of Appearance and

**DEFENDANTS' UNOPPOSED MOTION TO EXTEND DEADLINE TO RESPOND TO PLAINTIFF'S FIRST AMENDED COMPLAINT – PAGE 1**

Substitution of Counsel on April 21, 2107. *See* Dkt. No. 14. The change in lead counsel necessitates a brief extension of Defendants' answer deadline.

3.    The parties conferred on April 24, 2017, during which Plaintiff agreed to a stay of the deadline for Defendants to respond to Plaintiff's First Amended Complaint by 14 days. Under the parties' agreement, Defendants' responsive pleadings are due by May 12, 2017.

4.    The proposed stay, as requested in this present motion, is in good faith and not for the purposes of delay.

Defendants therefore request that the Court enter an Order granting their Unopposed Motion to Extend the Deadline to Respond to Plaintiff's First Amended Complaint by 14 days, making Defendants' responsive pleadings due by May 12, 2017. A proposed order is attached to this motion.

Dated:  April 25, 2017                          Respectfully submitted,


                                                */s/ Darren G. Gibson*
                                                Darren G. Gibson
                                                State Bar No. 24068846
                                                Salvador Davila
                                                State Bar No. 24065119
                                                LITTLER MENDELSON, P.C.
                                                A PROFESSIONAL CORPORATION
                                                100 Congress Avenue, Suite 1400
                                                Austin, Texas  78701
                                                512.982.7250 (Telephone)
                                                512.982.7248 (Facsimile)
                                                dgibson@littler.com
                                                sdavila@littler.com

                                                ATTORNEYS FOR DEFENDANTS


**DEFENDANTS' UNOPPOSED MOTION TO EXTEND DEADLINE TO
RESPOND TO PLAINTIFF'S FIRST AMENDED COMPLAINT – PAGE 2**

## CERTIFICATE OF CONFERENCE

I hereby certify that on April 25, 2017, counsel for Defendants conferred with Plaintiff's counsel via electronic mail, and we were advised that Plaintiff does not oppose a 14-day extension of the deadline for Defendants to respond to Plaintiff's First Amended Complaint.

*/s/ Darren G. Gibson*
Darren G. Gibson

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded via ECF with the court, on this the 25th day of April, 2017, to the following counsel:

Jay D. Ellwanger
DiNovo Price Ellwanger & Hardy LLP
7000 North MoPac Expressway, Suite 350
Austin, Texas  78731
512.539.2626 - telephone
512.539.2627 – facsimile

ATTORNEYS FOR PLAINTIFFS

Robert J. Valli, Jr.
Sara Wyn Kane
James Vagnini
Valli Kane & Vagnini, LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
(516) 203-7180 - telephone
(516) 706-0248 – facsimile

ATTORNEYS FOR PLAINTIFFS

Holt Major Lackey
DiNovo Price Ellwanger & Hardy LLP
7000 North MoPac Expressway, Suite 350
Austin, Texas  78731
512.539.2626 - telephone
512.539.2627 – facsimile

ATTORNEYS FOR PLAINTIFFS

*/s/ Darren G. Gibson*
Darren G. Gibson

**DEFENDANTS' UNOPPOSED MOTION TO EXTEND DEADLINE TO
RESPOND TO PLAINTIFF'S FIRST AMENDED COMPLAINT – PAGE 3**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **JEFFREY LINES, individually and on behalf of all others similarly situated,** | § § § | |
| **Plaintiffs,** | § § | **Case No. 1:17-cv-00072-LY** |
| **vs.** | § § | |
| **AMAZON.COM, INC.; TENET CONCEPTS, LLC; and JOHN DOES 1-5,** | § § § | |
| **Defendants.** | § § § § | |

## ORDER

After reviewing Defendants Amazon.com, Inc. and Tenet Concepts, LLC's Unopposed Motion to Extend the Deadline to Respond to Plaintiff's First Amended Complaint, this Court is of the opinion that the Motion should be **GRANTED**.

It is therefore **ORDERED** that Defendants Amazon.com, Inc. and Tenet Concepts, LLC are to file their responses to Plaintiff's First Amended Complaint on or before May 12, 2017.

SIGNED this _____ day of _____, 2017.


_____
UNITED STATES DISTRICT JUDGE


Firmwide:147251008.1 090575.1002

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

2017 MAY -1 PM 3:29

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

JEFFREY LINES, individually and on
behalf of all others similarly situated,

    Plaintiffs,

vs.

AMAZON.COM, INC.; TENET
CONCEPTS, LLC; and JOHN DOES 1-5,

    Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

Case No. 1:17-cv-00072-LY

## ORDER

After reviewing Defendants Amazon.com, Inc. and Tenet Concepts, LLC's Unopposed
Motion to Extend the Deadline to Respond to Plaintiff's First Amended Complaint, this Court is
of the opinion that the Motion should be **GRANTED**.

It is therefore **ORDERED** that Defendants Amazon.com, Inc. and Tenet Concepts, LLC are
to file their responses to Plaintiff's First Amended Complaint on or before May 12, 2017.

SIGNED this _1st_ day of _May_, 2017.

_____
UNITED STATES DISTRICT JUDGE

Firmwide:147251008.1 090575.1002

125

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| JEFFREY LINES, individually and on behalf of all others similarly situated, | § § § | |
| **Plaintiffs,** | § § | **Case No. 1:17-cv-00072-LY** |
| vs. | § § | |
| AMAZON.COM, INC.; TENET CONCEPTS, LLC; and JOHN DOES 1-5, | § § § | |
| **Defendants.** | § § § § | |

## DEFENDANT AMAZON.COM, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Amazon.com, Inc. [1] ("Defendant") files this Original Answer and Affirmative Defenses to Plaintiff's First Amended Complaint. Answers to each paragraph of the Complaint are made without waiving, but expressly reserving, all rights that Defendant may have to seek relief by appropriate motions directed to the allegations of the Complaint. Defendant responds to the Complaint as follows:

## POINT-BY-POINT ANSWER

Defendant responds to Plaintiff's allegations on a point-by-point basis as follows:

Answering the unnumbered paragraph of the Complaint, to the extent that an answer is required to the statements therein, Defendant admits only that Plaintiff purports to bring a cause of action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. and Title Two of the Texas Labor Code, § 62.001 et. seq. Further answering, Defendant denies violating the

---

[1] Amazon.com, Inc. denies that it is a proper defendant. Amazon.com, Inc. had no employment, joint employer, or contractual relationship with Plaintiff or Defendant Tenet Concepts, LLC.

**DEFENDANT AMAZON.COM, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT – Page** 1

statutes referenced in this paragraph of the Complaint. Defendant further denies any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations therein.

1.      Defendant admits only that Plaintiff purports to bring a collective and class action. Defendant denies the remaining allegations contained in Paragraph 1.

2.      Defendant admits only that Tenet Concepts maintained a delivery contract with a subsidiary of Defendant to provide one to two hour delivery services of Amazon's merchandise. Defendant denies the remaining allegations contained in Paragraph 2.

3.      Defendant denies any claim or implication that it employed Plaintiff. Defendant admits the remaining allegations contained in paragraph 3.

4.      Defendant denies any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 4.

5.      Defendant denies any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 5.

6.      Defendant denies the allegations contained in Paragraph 6.

7.      Defendant denies the allegations contained in Paragraph 7.

8.      Defendant denies the allegations contained in Paragraph 8.

9.      Defendant admits only that Plaintiff purports to bring a collective action. Further answering, Defendant denies any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 9.

10.     Defendant admits only that Plaintiff purports to bring a class action. Defendant denies the remaining allegations contained in Paragraph 10.

11.     Defendant admits only that Plaintiff purports to seek the described relief. Defendant denies that Plaintiff is entitled to any of the relief requested in Paragraph 11, any of the relief and/or damages sought in the subparagraphs (1) through (6), or to any relief at all.

12.     The allegations in this paragraph are legal or jurisdictional in nature and, therefore, require no response.

13.     The allegations in this paragraph are legal or jurisdictional in nature and, therefore, require no response.

14.     The allegations in this paragraph are legal or jurisdictional in nature and, therefore, require no response. To the extent a response is required, Defendant admits that Defendant maintains offices and conducts business in this district. Answering further, Defendant denies the remaining allegations contained in Paragraph 14.

15.     Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's citizenship and residence.

16.     Defendant denies any claim or implication that it employed Plaintiff. Defendant denies the remaining allegations contained in paragraph 16.

17.     Defendant admits the allegations contained in Paragraph 17.

18.     Defendant denies the allegations contained in Paragraph 18.

**DEFENDANT AMAZON.COM, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT – Page 3**

19.     Defendant denies any claim or implication that it employed Plaintiff. Defendant denies the remaining allegations contained in paragraph 19.

20.     Defendant states that the allegations contained in Paragraph 20 constitute legal conclusions that require neither an admission nor denial. To the extent a response is required, Defendant denies the allegations contained in Paragraph 20.

21.     Defendant denies the allegations contained in Paragraph 21.

22.     Defendant admits only that Defendant is engaged in interstate commerce. Answering further, Defendant denies the remaining allegations contained in Paragraph 22.

23.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23.

24.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24.

25.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25.

26.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26.

27.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27.

28.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28.

29.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29.

**DEFENDANT AMAZON.COM, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT – Page 4**

30.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30.

31.     Defendant denies the allegations contained in Paragraph 31.

32.     Defendant denies the allegations contained in Paragraph 32.

33.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33.

34.     Defendant admits the allegations contained in Paragraph 34.

35.     Defendant admits only that Defendant Tenet Concepts had a contract with a subsidiary of Defendant to provide deliveries to customers who placed orders through the Amazon Prime Now app. Defendant denies the remaining allegations contained in Paragraph 35.

36.     Defendant denies the allegations contained in Paragraph 36..

37.     Defendant denies the allegations contained in Paragraph 37.

38.     Defendant admits only that drivers employed by Defendant Tenet Concepts provided deliveries to customers who placed orders through the Amazon Prime Now app. Defendant denies the remaining allegations contained in Paragraph 38.

39.     Defendant admits only that drivers wore uniforms with the Amazon Prime Now logo. Defendant denies the remaining allegations contained in Paragraph 39.

40.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 40.

41.     Defendant denies the allegations contained in Paragraph 41.

42.     Defendant denies the allegations contained in Paragraph 42.

43.     Defendant denies the allegations contained in Paragraph 43.

44.     Defendant denies the allegations contained in Paragraph 44.

45.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 45.

46.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 46.

47.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 47.

48.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 48.

49.     Defendant denies the allegations contained in Paragraph 49.

50.     Defendant denies the allegations contained in Paragraph 50.

51.     Defendant denies the allegations contained in Paragraph 51.

52.     Defendant denies the allegations contained in Paragraph 52.

53.     Defendant denies the allegations contained in Paragraph 53.

54.     Defendant denies the allegations contained in Paragraph 54.

55.     Defendant denies the allegations contained in Paragraph 55.

56.     Defendant denies the allegations contained in Paragraph 56.

57.     Defendant denies the allegations contained in Paragraph 57.

58.     Defendant denies the allegations contained in Paragraph 58.

59.     Defendant denies the allegations contained in Paragraph 59.

60.     Defendant denies the allegations contained in Paragraph 60.

61.     Defendant denies the allegations contained in paragraph 61.

62.     Defendant denies the allegations contained in paragraph 62.

63.     Defendant denies the allegations contained in Paragraph 63.

64.     Defendant denies the allegations contained in Paragraph 64.

65.     Defendant admits the allegations contained in Paragraph 65.

66.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 66.

67.     Defendant denies the allegations contained in Paragraph 67.

68.     Defendant denies the allegations contained in Paragraph 68.

69.     Defendant denies the allegations contained in Paragraph 69.

70.     Defendant denies the allegations contained in Paragraph 70.

71.     Defendant denies the allegations contained in Paragraph 71.

72.     Defendant denies the allegations contained in Paragraph 72.

73.     Defendant denies the allegations contained in Paragraph 73.

74.     Defendant admits the allegations contained in Paragraph 74.

75.     Defendant denies the allegations contained in Paragraph 75.

76.     Defendant admits the allegations contained in Paragraph 76.

77.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 77.

78.     Defendant denies the allegations contained in Paragraph 78.

79.     Defendant denies the allegations contained in Paragraph 79.

80. Defendant denies the allegations contained in Paragraph 80.

81. Defendant admits only that the Amazon Prime Now App suggested a tip of $5.00, and customers were allowed to increase or decrease this amount. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 81.

82. Defendant denies the allegations contained in Paragraph 82.

83. Defendant denies the allegations contained in Paragraph 83.

84. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 84.

85. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 85.

86. Defendant denies the allegations contained in Paragraph 86.

87. Defendant denies the allegations contained in Paragraph 87.

88. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 88.

89. Defendant denies any claim or implication that it employed Plaintiff. Defendant admits the allegations contained in Paragraph 89.

90. Defendant denies the allegations contained in Paragraph 90.

91. Defendant denies the allegations contained in Paragraph 91.

92. Defendant denies the allegations contained in Paragraph 92.

93. Defendant denies the allegations contained in Paragraph 93.

94. Defendant denies the allegations contained in Paragraph 94.

**DEFENDANT AMAZON.COM, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT – Page 8**

95.     Defendant admits the allegations contained in Paragraph 95.

96.     Defendant denies the allegations contained in Paragraph 96.

97.     Defendant denies the allegations contained in Paragraph 97.

98.     Defendant denies the allegations contained in Paragraph 98.

99.     Defendant denies the allegations contained in Paragraph 99.

100.    Defendant denies the allegations contained in Paragraph 100.

101.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 101.

102.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 102.

103.    Defendant denies the allegations contained in Paragraph 103.

104.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 104.

105.    Defendant denies the allegations contained in Paragraph 105.

106.    Defendant denies the allegations contained in Paragraph 106.

107.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 107.

108.    Defendant denies the allegations contained in Paragraph 108.

109.    Defendant denies the allegations contained in Paragraph 109.

110.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 110.

**DEFENDANT AMAZON.COM, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT – Page 9**

111.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 111.

112.    Defendant denies the allegations contained in Paragraph 112.

113.    Defendant denies the allegations contained in paragraph 113.

114.    Defendant denies the allegations contained in paragraph 114.

115.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 115.

116.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 116.

117.    Defendant denies any claim or implication that it violated the FLSA. Answering further, Defendant denies the remaining allegations contained in Paragraph 117.

118.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 118.

119.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 119.

120.    Defendant denies any claim or implication that it employed Plaintiff. Defendant denies the remaining allegations contained in Paragraph 120.

121.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 121.

122.    Defendant denies any claim or implication that it violated the FLSA. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 122

**DEFENDANT AMAZON.COM, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT – Page 10**

123.    Defendant denies any claim or implication that it employed Plaintiff. Defendant denies the remaining allegations contained in Paragraph 123.

124.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 124.

125.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 125.

126.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 126.

127.    Defendant denies any claim or implication that it employed or terminated Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 127.

128.    Defendant admits only that Plaintiff purports to bring a collective action.  Further answering, Defendant denies any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 128.

129.    Defendant denies the allegations contained in Paragraph 129.

130.    Defendant denies the allegations contained in Paragraph 130.

131.    Defendant denies the allegations contained in Paragraph 131.

132.    Defendant denies the allegations contained in Paragraph 132.

133.    Defendant denies the allegations contained in Paragraph 133.

134.    Defendant denies the allegations contained in Paragraph 134.

135.    Defendant denies the allegations contained in Paragraph 135.

136.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 136.

137.    Defendant denies the allegations contained in Paragraph 137.

138.    Defendant denies the allegations contained in Paragraph 138.

139.    Defendant admits only that Plaintiff purports to bring a collective action. Defendant denies the remaining allegations contained in Paragraph 139.

140.    Defendant denies the allegations contained in Paragraph 140.

141.    Defendant denies the allegations contained in Paragraph 141.

142.    Defendant denies the allegations contained in Paragraph 142.

143.    Defendant denies the allegations contained in Paragraph 143.

144.    Defendant denies the allegations contained in Paragraph 144.

145.    Defendant denies the allegations contained in Paragraph 145.

146.    Defendant denies the allegations contained in Paragraph 146.

147.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 147.

148.    Defendant denies any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 148.

149.    Defendant denies any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 149.

**DEFENDANT AMAZON.COM, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT – Page 12**

150.     Defendant admits only that Plaintiff purports to bring a collective action. Further answering, Defendant denies any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 150.

151.     Defendant denies any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 151.

152.     Defendant denies the allegations contained in Paragraph 152.

153.     Defendant denies any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 153.

154.     Defendant denies any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 154.

155.     Defendant denies any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 155.

156.     Defendant denies any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 156.

157.     Defendant denies the allegations contained in Paragraph 157.

158.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 158.

**DEFENDANT AMAZON.COM, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
– Page 13**

159.     Defendant denies any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 159.

160.     Defendant denies any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 160.

161.     Defendant admits only that Plaintiff purports to bring a class action.  Defendant denies the remaining allegations contained in Paragraph 161.

162.     Defendant admits only that Plaintiff purports to bring a class action.  Defendant denies the remaining allegations contained in Paragraph 162.

163.     Defendant denies the allegations contained in Paragraph 163.

164.     Defendant denies the allegations contained in Paragraph 164.

165.     Defendant denies the allegations contained in Paragraph 165.

166.     Defendant denies the allegations contained in Paragraph 166.

167.     Defendant denies the allegations contained in Paragraph 167.

168.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 168.

169.     Defendant denies the allegations contained in Paragraph 169.

170.     Defendant denies the allegations contained in Paragraph 170.

171.     Defendant denies the allegations contained in Paragraph 171.

172.     Defendant denies the allegations contained in Paragraph 172.

173.     Defendant denies the allegations contained in Paragraph 173.

**DEFENDANT AMAZON.COM, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT – Page 14**

174.    Defendant re-alleges all answers in all preceding paragraphs.

175.    Defendant denies the allegations contained in Paragraph 175.

176.    Defendant denies the allegations contained in Paragraph 176.

177.    Defendant denies the allegations contained in Paragraph 177.

178.    Defendant denies the allegations contained in Paragraph 178.

179.    Defendant re-alleges all answers in all preceding paragraphs.

180.    Defendant denies the allegations contained in Paragraph 180.

181.    Defendant denies the allegations contained in Paragraph 181.

182.    Defendant denies the allegations contained in Paragraph 182.

183.    Defendant denies the allegations contained in Paragraph 183.

184.    Defendant denies the allegations contained in Paragraph 184.

185.    Defendant denies the allegations contained in Paragraph 185.

186.    Defendant re-alleges all answers in all preceding paragraphs.

187.    Defendant denies the allegations contained in Paragraph 187.

188.    Defendant denies the allegations contained in Paragraph 188.

189.    Defendant denies the allegations contained in Paragraph 189.

190.    Defendant denies the allegations contained in Paragraph 190.

191.    Defendant denies the allegations contained in Paragraph 191.

192.    Defendant denies the allegations contained in Paragraph 192.

193.    Defendant re-alleges all answers in all preceding paragraphs.

**DEFENDANT AMAZON.COM, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
– Page** 15

194.    Defendant denies the allegations contained in Paragraph 194.

195.    Defendant denies the allegations contained in Paragraph 195.

196.    Defendant denies the allegations contained in Paragraph 196.

197.    Defendant denies the allegations contained in Paragraph 197.

198.    Defendant denies the allegations contained in Paragraph 198.

199.    Defendant re-alleges all answers in all preceding paragraphs.

200.    Defendant denies the allegations contained in Paragraph 200.

201.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 201.

202.    Defendant denies the allegations contained in Paragraph 202.

203.    Defendant denies the allegations contained in Paragraph 203.

204.    Defendant denies that Plaintiff is entitled to any of the relief requested in the Section titled "Prayer For Relief," any of the relief and/or damages sought in Paragraphs 204 through 218, or to any relief at all.

205.    Answering the section titled "Demand For Trial By Jury," Defendant admits only that Plaintiff purports to demand a trial by jury.

## AFFIRMATIVE AND OTHER DEFENSES

To the extent that any defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are hereby pled in the alternative. Subject to and without waiving the foregoing, and without waiving Plaintiff's burden to show otherwise, Defendant pleads as follows:

1.    Defendant affirmatively pleads that Plaintiff fails to state claims upon which relief

can be granted in that Defendant was not Plaintiff's employer, nor was Defendant obligated in any way to compensate Plaintiff under the statutes at issue.

2. Defendant affirmatively pleads that Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, and/or estoppel.

3. Plaintiff's claims are barred under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA") to the extent that the work he performed falls within exemptions provided for in the FLSA.

4. Plaintiff's claims are barred under the FLSA because to the extent that he has been provided wages in excess of the minimum wage.

5. Plaintiff's claims are barred under the Texas Minimum Wage Act, Chapter 62 Tex. Labor Code (the "TLC") to the extent he has been provided wages in excess of the minimum wage.

6. Plaintiff is precluded from recovery to the extent he has already been fully compensated for all hours worked.

7. Defendant denies that it was Plaintiff's employer, as that term is used under the FLSA and/or TLC.

8. Plaintiff's Texas Minimum Wage claims are barred by Section 62.151 of the Texas Labor Code.

9. Defendant, at all times, acted in a good faith belief that it was in compliance with the FLSA and TLC, and had reasonable grounds to believe that its actions did not violate the statutes cited in Plaintiff's First Amended Complaint and that Plaintiff was fully compensated for all hours worked.

10. Defendant asserts a lack of willfulness or intent to violate the FLSA or TLC as a

defense to any claim by Plaintiff for liquidated damages. Defendant specifically denies any allegations of knowing, willful or intentional conduct and other conduct which may form the legal basis for entitlement to the liquidated damages requested by Plaintiff.

11.     Defendant affirmatively pleads that it has made a good faith effort to comply with the Texas Labor Code and the FLSA and all of their obligations and requirements.

12.     Defendant affirmatively pleads that its actions were taken without malice.

13.     Defendant affirmatively pleads that Plaintiff's claims for damages are subject to the caps prescribed by Texas Labor Code Chapter 21, Texas Civil Practices & Remedies Code §41.001 et seq., and all other applicable statutory caps on damages.

14.     Defendant reserves the right to assert any additional affirmative defenses discovered during the course of this litigation.

Defendant requests that the Court enter judgment in favor of Defendant, order that Plaintiff take nothing by his claim against Defendant, and grant Defendant such other and further relief, including its attorneys' fees and costs of suit, at law or in equity, to which it may be justly entitled.

Dated: May 12, 2017                          Respectfully submitted,


                                             /s/ Darren G. Gibson
                                             **Darren G. Gibson**
                                             State Bar No. 24068846
                                             **Salvador Davila**
                                             State Bar No. 24065119

                                             **LITTLER MENDELSON, PC**
                                             100 Congress Avenue, Suite 1400
                                             Austin, Texas 78701
                                             (512) 982-7250 (Telephone)
                                             (512) 982-7248 (Facsimile)
                                             dgibson@littler.com
                                             sdavila@littler.com

                                             **ATTORNEYS FOR DEFENDANT
                                             AMAZON.COM, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded via ECF with the court, on this the 12th day of May, 2017, to the following counsel:

Jay D. Ellwanger
DiNovo Price Ellwanger & Hardy LLP
7000 North MoPac Expressway, Suite 350
Austin, Texas 78731
512.539.2626 - telephone
512.539.2627 – facsimile

ATTORNEYS FOR PLAINTIFFS

Robert J. Valli, Jr.
Sara Wyn Kane
James Vagnini
Valli Kane & Vagnini, LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
(516) 203-7180 - telephone
(516) 706-0248 – facsimile

ATTORNEYS FOR PLAINTIFFS

Holt Major Lackey
DiNovo Price Ellwanger & Hardy LLP
7000 North MoPac Expressway, Suite 350
Austin, Texas 78731
512.539.2626 - telephone
512.539.2627 – facsimile

ATTORNEYS FOR PLAINTIFFS

_/s/ Darren G. Gibson_
Darren G. Gibson

Firmwide:147574236.4 090575.1002

**DEFENDANT AMAZON.COM, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT – Page 20**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| JEFFREY LINES, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiffs, | § § | Case No. 1:17-cv-00072-LY |
| vs. | § § | |
| AMAZON.COM, INC.; TENET CONCEPTS, LLC; and JOHN DOES 1-5, | § § § | |
| Defendants. | § § § § | |

## DEFENDANT TENET CONCEPTS, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Tenet Concepts, LLC ("Defendant") files this Original Answer and Affirmative Defenses to Plaintiff's First Amended Complaint. Answers to each paragraph of the Complaint are made without waiving, but expressly reserving, all rights that Defendant may have to seek relief by appropriate motions directed to the allegations of the Complaint. Defendant responds to the Complaint as follows:

## POINT-BY-POINT ANSWER

Defendant responds to Plaintiff's allegations on a point-by-point basis as follows:

Answering the unnumbered paragraph of the Complaint, to the extent that an answer is required to the statements therein, Defendant admits only that Plaintiff purports to bring a cause of action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. and Title Two of the Texas Labor Code, § 62.001 et. seq. Further answering, Defendant denies violating the statutes referenced in this paragraph of the Complaint. Defendant further denies any claim or implication

**DEFENDANT TENET CONCEPTS, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT– Page 1**

by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations therein.

1.      Defendant admits only that Plaintiff purports to bring a collective and class action. Defendant denies the remaining allegations contained in Paragraph 1.

2.      Defendant admits only that Tenet Concepts maintained a delivery contract with a subsidiary of Defendant Amazon to provide one to two hour delivery services of Amazon's merchandise. Defendant denies the remaining allegations contained in Paragraph 2.

3.      Defendant admits the allegations contained in Paragraph 3.

4.      Defendant denies any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 4.

5.      Defendant denies any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 5.

6.      Defendant denies the allegations contained in Paragraph 6.

7.      Defendant denies the allegations contained in Paragraph 7.

8.      Defendant denies the allegations contained in Paragraph 8.

9.      Defendant admits only that Plaintiff purports to bring a collective action.  Further answering, Defendant denies any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 9.

10.     Defendant admits only that Plaintiff purports to bring a class action.  Defendant denies the remaining allegations contained in Paragraph 10.

11.     Defendant admits only that Plaintiff purports to seek the described relief. Defendant denies that Plaintiff is entitled to any of the relief requested in Paragraph 11, any of the relief and/or damages sought in the subparagraphs (1) through (6), or to any relief at all.

12.     The allegations in this paragraph are legal or jurisdictional in nature and, therefore, require no response.

13.     The allegations in this paragraph are legal or jurisdictional in nature and, therefore, require no response.

14.     The allegations in this paragraph are legal or jurisdictional in nature and, therefore, require no response.   To the extent a response is required, Defendant admits that Defendant maintains offices and conducts business in this district. Answering further, Defendant denies the remaining allegations contained in Paragraph 14.

15.      Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's citizenship and residence.

16.     Defendant admits only that Plaintiff was an employee of Defendant. Defendant denies violating the statutes referenced in paragraph 16.

17.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17.

18.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18.

19.     Defendant admits only that Plaintiff was an employee of Defendant. Further answering, Defendant denies any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 19.

**DEFENDANT TENET CONCEPTS, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT– Page 3**

20.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20.

21.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21.

22.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22.

23.     Defendant admits that it is a Texas Limited Liability Company, and has its principal place of business in Austin, Texas.

24.     Defendant admits only that Plaintiff was an employee of Defendant. Further answering, Defendant denies any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 24.

25.     Defendant admits only that Defendant is an employer covered by the FLSA and TLC.

26.     Defendant admits only that Defendant's annual volume of business exceeds $500,000.00. Defendant denies the remaining allegations contained in Paragraph 26.

27.     Defendant admits only that Defendant is engaged in intrastate commerce. Defendant denies the remaining allegations contained in Paragraph 27.

28.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28.

29.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29.

30.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30.

31.     Defendant denies the allegations contained in Paragraph 31.

32.     Defendant admits only that Plaintiff was an employee of Defendant. Defendant denies the remaining allegations contained in Paragraph 32.

33.     Defendant admits the allegations contained in Paragraph 33.

34.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34.

35.     Defendant admits only that Defendant Tenet Concepts had a contract with a subsidiary of Defendant Amazon to provide deliveries to customers who placed orders through the Amazon Prime Now app.

36.     Defendant denies the allegations contained in Paragraph 36.

37.     Defendant denies the allegations contained in Paragraph 37.

38.     Defendant admits the allegations contained in Paragraph 38.

39.     Defendant admits only that drivers wore uniforms with the Amazon Prime Now logo.

40.     Defendant denies the allegations contained in Paragraph 40.

41.     Defendant denies the allegations contained in Paragraph 41.

42.     Defendant denies the allegations contained in Paragraph 42.

43.     Defendant denies the allegations contained in Paragraph 43.

44.     Defendant denies the allegations contained in Paragraph 44.

45.     Defendant denies the allegations contained in Paragraph 45.

46.     Defendant denies the allegations contained in Paragraph 46.

47.     Defendant denies the allegations contained in Paragraph 47.

48.     Defendant admits only that Plaintiff worked 152.08 hours of regular and overtime hours for the period of October 16, 2015 to October 31, 2015. Defendant denies the remaining allegations contained in Paragraph 48.

49.     Defendant denies the allegations contained in Paragraph 49.

50.     Defendant denies the allegations contained in Paragraph 50.

51.     Defendant denies the allegations contained in Paragraph 51.

52.     Defendant denies the allegations contained in Paragraph 52.

53.     Defendant denies the allegations contained in Paragraph 53.

54.     Defendant denies the allegations contained in Paragraph 54.

55.     Defendant denies the allegations contained in Paragraph 55.

56.     Defendant denies the allegations contained in Paragraph 56.

57.     Defendant denies the allegations contained in Paragraph 57.

58.     Defendant denies the allegations contained in Paragraph 58.

59.     Defendant denies the allegations contained in Paragraph 59.

60.     Defendant denies the allegations contained in Paragraph 60.

61.     Defendant denies the allegations contained in Paragraph 61.

62.     Defendant admits the allegations contained in Paragraph 62.

63.     Defendant denies the allegations contained in Paragraph 63.

64.     Defendant denies the allegations contained in Paragraph 64.

65.     Defendant admits the allegations contained in Paragraph 65.

66.     Defendant admits the allegations contained in Paragraph 66.

67.     Defendant denies the allegations contained in Paragraph 67.

68.     Defendant denies the allegations contained in Paragraph 68.

**DEFENDANT TENET CONCEPTS, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT– Page 6**

69.    Defendant denies the allegations contained in Paragraph 69.

70.    Defendant denies the allegations contained in Paragraph 70.

71.    Defendant denies the allegations contained in Paragraph 71.

72.    Defendant denies the allegations contained in Paragraph 72.

73.    Defendant denies the allegations contained in Paragraph 73.

74.    Defendant admits the allegations contained in Paragraph 74.

75.    Defendant admits the allegations contained in Paragraph 75.

76.    Defendant admits the allegations contained in Paragraph 76.

77.    Defendant denies the allegations contained in Paragraph 77.

78.    Defendant denies the allegations contained in Paragraph 78.

79.    Defendant denies the allegations contained in Paragraph 79.

80.    Defendant denies the allegations contained in Paragraph 80.

81.    Defendant admits only that the Amazon Prime Now App suggested a tip of $5.00, and customers were allowed to increase or decrease this amount. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 81.

82.    Defendant denies the allegations contained in Paragraph 82.

83.    Defendant denies the allegations contained in Paragraph 83.

84.    Defendant admits only that the tips were on addition to Plaintiff's hourly compensation. Defendant denies the remaining allegations contained in paragraph 84.

85.    Defendant denies the allegations contained in Paragraph 85.

86.    Defendant denies the allegations contained in Paragraph 86.

87.    Defendant denies the allegations contained in Paragraph 87.

88.    Defendant admits the allegations contained in Paragraph 88.

**DEFENDANT TENET CONCEPTS, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT– Page 7**

89.     Defendant admits the allegations contained in Paragraph 89.

90.      Defendant denies the allegations contained in Paragraph 90.

91.     Defendant denies the allegations contained in Paragraph 91.

92.     Defendant denies the allegations contained in Paragraph 92.

93.     Defendant denies the allegations contained in Paragraph 93.

94.     Defendant denies the allegations contained in Paragraph 94.

95.     Defendant admits the allegations contained in Paragraph 95.

96.     Defendant denies the allegations contained in Paragraph 96.

97.     Defendant denies the allegations contained in Paragraph 97.

98.     Defendant denies the allegations contained in Paragraph 98.

99.     Defendant denies the allegations contained in Paragraph 99.

100.    Defendant denies the allegations contained in Paragraph 100.

101.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 101.

102.    Defendant admits only that from November 1, 2015 to November 15, 2015, Plaintiff received mileage reimbursement of $354.51. Defendant denies the remaining allegations contained in Paragraph 102.

103.    Defendant denies the allegations contained in Paragraph 103.

104.    Defendant denies the allegations contained in Paragraph 104.

105.    Defendant denies the allegations contained in Paragraph 105.

106.    Defendant denies the allegations contained in Paragraph 106.

107.    Defendant denies the allegations contained in Paragraph 107.

108.    Defendant denies the allegations contained in Paragraph 108.

**DEFENDANT TENET CONCEPTS, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT– Page 8**

109.    Defendant denies the allegations contained in Paragraph 109.

110.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 110.

111.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 111.

112.    Defendant denies the allegations contained in Paragraph 112.

113.    Defendant denies the allegations contained in paragraph 113.

114.    Defendant denies the allegations contained in paragraph 114.

115.    Defendant denies the allegations contained in paragraph 115.

116.    Defendant denies the allegations contained in paragraph 116.

117.    Defendant denies any claim or implication that it violated the FLSA. Answering further, Defendant denies the remaining allegations contained in Paragraph 117.

118.    Defendant denies the allegations contained in paragraph 118.

119.    Defendant denies the allegations contained in paragraph 119.

120.    Defendant denies the allegations contained in paragraph 120.

121.    Defendant denies the allegations contained in paragraph 121.

122.    Defendant denies the allegations contained in Paragraph 122.

123.    Defendant denies the allegations contained in Paragraph 122.

124.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 124.

125.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 125.

126.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 126.

127.     Defendant denies any claim or implication that it unlawfully terminated Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 127.

128.     Defendant admits only that Plaintiff purports to bring a collective action.  Further answering, Defendant denies any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 128.

129.     Defendant denies the allegations contained in Paragraph 129.

130.     Defendant denies the allegations contained in Paragraph 130.

131.     Defendant denies the allegations contained in Paragraph 131.

132.     Defendant denies the allegations contained in Paragraph 132.

133.     Defendant denies the allegations contained in Paragraph 133.

134.     Defendant denies the allegations contained in Paragraph 134.

135.     Defendant denies the allegations contained in Paragraph 135.

136.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 136.

137.     Defendant denies the allegations contained in Paragraph 137.

138.     Defendant denies the allegations contained in Paragraph 138.

139.     Defendant admits only that Plaintiff purports to bring a collective action. Defendant denies the remaining allegations contained in Paragraph 139.

140.     Defendant denies the allegations contained in Paragraph 140.

**DEFENDANT TENET CONCEPTS, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT– Page 10**

141.     Defendant denies the allegations contained in Paragraph 141.

142.     Defendant denies the allegations contained in Paragraph 142.

143.     Defendant denies the allegations contained in Paragraph 143.

144.     Defendant denies the allegations contained in Paragraph 144.

145.     Defendant denies the allegations contained in Paragraph 145.

146.     Defendant denies the allegations contained in Paragraph 146.

147.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 147.

148.     Defendant denies any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 148.

149.     Defendant denies any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 149.

150.     Defendant admits only that Plaintiff purports to bring a collective action.  Further answering, Defendant denies any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 150.

151.     Defendant denies any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 151.

152.     Defendant denies the allegations contained in Paragraph 152.

**DEFENDANT TENET CONCEPTS, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT– Page 11**

153. Defendant denies any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 153.

154. Defendant denies any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 154.

155. Defendant denies any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 155.

156. Defendant denies any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 156.

157. Defendant denies the allegations contained in Paragraph 157.

158. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 158.

159. Defendant denies any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 159.

160. Defendant denies any claim or implication by Plaintiff that this action may be appropriately maintained as a collective action, or that there are others similarly situated to Plaintiff. Defendant denies the remaining allegations contained in Paragraph 160.

161. Defendant admits only that Plaintiff purports to bring a class action. Defendant denies the remaining allegations contained in Paragraph 161.

162.    Defendant admits only that Plaintiff purports to bring a class action.  Defendant denies the remaining allegations contained in Paragraph 162.

163.    Defendant denies the allegations contained in Paragraph 163.

164.    Defendant denies the allegations contained in Paragraph 164.

165.    Defendant denies the allegations contained in Paragraph 165.

166.    Defendant denies the allegations contained in Paragraph 166.

167.    Defendant denies the allegations contained in Paragraph 167.

168.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 168.

169.    Defendant denies the allegations contained in Paragraph 169.

170.    Defendant denies the allegations contained in Paragraph 170.

171.    Defendant denies the allegations contained in Paragraph 171.

172.    Defendant denies the allegations contained in Paragraph 172.

173.    Defendant denies the allegations contained in Paragraph 173.

174.    Defendant re-alleges all answers in all preceding paragraphs.

175.    Defendant denies the allegations contained in Paragraph 175.

176.    Defendant denies the allegations contained in Paragraph 176.

177.    Defendant denies the allegations contained in Paragraph 177.

178.    Defendant denies the allegations contained in Paragraph 178.

179.    Defendant re-alleges all answers in all preceding paragraphs.

180.    Defendant denies the allegations contained in Paragraph 180.

181.    Defendant denies the allegations contained in Paragraph 181.

182.    Defendant denies the allegations contained in Paragraph 182.

**DEFENDANT TENET CONCEPTS, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT– Page 13**

183.    Defendant denies the allegations contained in Paragraph 183.

184.    Defendant denies the allegations contained in Paragraph 184.

185.    Defendant denies the allegations contained in Paragraph 185.

186.    Defendant re-alleges all answers in all preceding paragraphs.

187.    Defendant denies the allegations contained in Paragraph 187.

188.    Defendant denies the allegations contained in Paragraph 188.

189.    Defendant denies the allegations contained in Paragraph 189.

190.    Defendant denies the allegations contained in Paragraph 190.

191.    Defendant denies the allegations contained in Paragraph 191.

192.    Defendant denies the allegations contained in Paragraph 192.

193.    Defendant re-alleges all answers in all preceding paragraphs.

194.    Defendant denies the allegations contained in Paragraph 194.

195.    Defendant denies the allegations contained in Paragraph 195.

196.    Defendant denies the allegations contained in Paragraph 196.

197.    Defendant denies the allegations contained in Paragraph 197.

198.    Defendant denies the allegations contained in Paragraph 198.

199.    Defendant re-alleges all answers in all preceding paragraphs.

200.    Defendant denies the allegations contained in Paragraph 200.

201.    Defendant denies the allegations contained in Paragraph 201.

202.    Defendant denies the allegations contained in Paragraph 202.

203.    Defendant denies the allegations contained in Paragraph 203.

204.    Defendant denies that Plaintiff is entitled to any of the relief requested in the Section titled "Prayer For Relief," any of the relief and/or damages sought in Paragraphs 204 through 218, or to any relief at all.

205.    Answering the section titled "Demand For Trial By Jury," Defendant admits only that Plaintiff purports to demand a trial by jury.

## AFFIRMATIVE AND OTHER DEFENSES

To the extent that any defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are hereby pled in the alternative.  Subject to and without waiving the foregoing, and without waiving Plaintiff's burden to show otherwise, Defendant pleads as follows:

1.      Defendant affirmatively pleads that Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, and/or estoppel.

2.      Plaintiff's claims are barred under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA") to the extent that the work he performed falls within exemptions provided for in the FLSA.

3.      Plaintiff's claims are barred under the FLSA because to the extent that he has been provided wages in excess of the minimum wage.

4.      Plaintiff's claims are barred under the Texas Minimum Wage Act, Chapter 62 Tex. Labor Code (the "TLC") to the extent he has been provided wages in excess of the minimum wage.

5.      Plaintiff is precluded from recovery to the extent he has already been fully compensated for all hours worked.

6.      Plaintiff's Texas Minimum Wage claims are barred by Section 62.151 of the

Texas Labor Code.

7.      Defendant, at all times, acted in a good faith belief that it was in compliance with the FLSA and TLC, and had reasonable grounds to believe that its actions did not violate the statutes cited in Plaintiff's First Amended Complaint and that Plaintiff was fully compensated for all hours worked.

8.      Defendant asserts a lack of willfulness or intent to violate the FLSA or TLC as a defense to any claim by Plaintiff for liquidated damages. Defendant specifically denies any allegations of knowing, willful or intentional conduct and other conduct which may form the legal basis for entitlement to the liquidated damages requested by Plaintiff.

9.      Defendant affirmatively pleads that it has made a good faith effort to comply with the Texas Labor Code and the FLSA and all of their obligations and requirements.

10.      Defendant affirmatively pleads that its actions were taken without malice.

11.      Defendant affirmatively pleads that Plaintiff's claims for damages are subject to the caps prescribed by Texas Labor Code Chapter 21, Texas Civil Practices & Remedies Code §41.001 et seq., and all other applicable statutory caps on damages.

12.      Defendant reserves the right to assert any additional affirmative defenses discovered during the course of this litigation.

Defendant requests that the Court enter judgment in favor of Defendant, order that Plaintiff take nothing by his claim against Defendant, and grant Defendant such other and further relief, including its attorneys' fees and costs of suit, at law or in equity, to which it may be justly entitled.

**DEFENDANT TENET CONCEPTS, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT– Page 16**

Dated:  May 12, 2017     Respectfully submitted,


         */s/ Darren G. Gibson*
         **Darren G. Gibson**
         State Bar No. 24068846
         **Salvador Davila**
         State Bar No. 24065119

         **LITTLER MENDELSON, PC**
         100 Congress Avenue, Suite 1400
         Austin, Texas  78701
         (512) 982-7250 (Telephone)
         (512) 982-7248 (Facsimile)
         dgibson@littler.com
         sdavila@littler.com

         **ATTORNEYS FOR DEFENDANT TENET
         CONCEPTS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded via ECF with the court, on this the 12th day of May, 2017, to the following counsel:

Jay D. Ellwanger
DiNovo Price Ellwanger & Hardy LLP
7000 North MoPac Expressway, Suite 350
Austin, Texas 78731
512.539.2626 - telephone
512.539.2627 – facsimile

ATTORNEYS FOR PLAINTIFFS

Holt Major Lackey
DiNovo Price Ellwanger & Hardy LLP
7000 North MoPac Expressway, Suite 350
Austin, Texas 78731
512.539.2626 - telephone
512.539.2627 – facsimile

ATTORNEYS FOR PLAINTIFFS

Robert J. Valli, Jr.
Sara Wyn Kane
James Vagnini
Valli Kane & Vagnini, LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
(516) 203-7180 - telephone
(516) 706-0248 – facsimile

ATTORNEYS FOR PLAINTIFFS

/s/ Darren G. Gibson
Darren G. Gibson

Firmwide:147575216.2 090575.1002

**DEFENDANT TENET CONCEPTS, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT– Page 18**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JEFFREY LINES, individually and on behalf of
all others similarly situated,

-vs-                                                    Case No.:    1:17-cv-00072

AMAZON.COM, INC.; TENET CONCEPTS,
LLC; and JOHN DOES 1-5,

## MOTION FOR ADMISSION *PRO HAC VICE*

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now _____ **Matthew L. Berman** _____, applicant herein, and

moves this Court to grant admission to the United States District Court for the Western District of

Texas *pro hac vice* to represent _____ **all Plaintiffs** _____ in this case, and would

respectfully show the Court as follows:

1.    Applicant is an attorney and a member of the law firm (or practices under the name of)

_____ **Valli Kane & Vagnini LLP** _____,

with offices at

Mailing address:      **600 Old Country Road, Suite 519**

City, State, Zip Code:      **Garden City, New York 11530**

Telephone:      **(516) 203-7180**

Facsimile:      **(516) 706-0248**

2.  Since _____ **May 2002** _____, Applicant has been and presently is a member of and in

    good  standing  with  the  Bar  of  the  State  of  _____ **New York** _____.

    Applicant's bar license number is _____ **3893484** _____.

3.  Applicant has been admitted to practice before the following courts:

    Court:                                          Admission date:

    **Eastern District of New York** _____        **11/2/2015** _____

    **Southern District of New York** _____       **9/8/2015** _____

    _____                         _____

    _____                         _____

4.  Applicant is presently a member in good standing of the bars of the courts listed above,

    except as provided below (list any court named in the preceding paragraph before which

    Applicant is no longer admitted to practice):

    **N/A**

    _____

5.  Applicant  has  never  been  subject  to  grievance  proceedings  or  involuntary  removal

    proceedings while a member of the bar of any state or federal court, except as provided

    below:

    **N/A**

    _____

6.  Applicant has not been charged, arrested, or convicted of a criminal offense or offenses,

    except as provided below (omit minor traffic offenses):

    **N/A**

    _____

- 2 -

7. Applicant has read and is familiar with the Local Rules of the Western District of Texas and will comply with the standards of practice set out therein.

8. Select one:

☐ Applicant has on file an application for admission to practice before the United States District Court for the Western District of Texas.

☑ Applicant has co-counsel in this case who is admitted to practice before the United States District Court for the Western District of Texas.

Co-counsel: **Jay D. Ellwanger**

Mailing address: **7000 N. MoPac Expressway, Suite 350**

City, State, Zip Code: **Austin, Texas 78731**

Telephone: **(512) 539-2626**

9. Should the Court grant applicant's motion, Applicant shall tender the amount of $100.00 *pro hac vice* fee in compliance with Local Court Rule AT-1(f)(1) [checks made payable to: **Clerk, U.S. District Court**].

10. Should the Court grant applicant's motion, Applicant shall register as a filing user within 10 days of this order, pursuant to Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases in the Western District of Texas.

- 3 -

Wherefore, Applicant prays that this Court enter an order permitting the admission of

_____ **Matthew L. Berman** _____ to the Western District of Texas *pro hac vice*

for this case only.

Respectfully submitted,

_____
 **Matthew L. Berman**
[printed name of Applicant]


_____
[signature of Applicant]


### CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of this motion upon each attorney of record and the original upon the Clerk of Court on this the **17th** day of _____ **May** _____, **2017** .

_____
 **Matthew L. Berman**
[printed name of Applicant]


_____
[signature of Applicant]

- 4 -

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

**JEFFREY LINES, individually and on behalf of
all others similarly situated,**

-vs-

**AMAZON.COM, INC.; TENET CONCEPTS,
LLC; and JOHN DOES 1-5,**

Case No.  1:17-cv-00072

## O R D E R

 BE IT REMEMBERED on this the _____ day of _____, 20____, there was presented to the Court the Motion for Admission *Pro Hac Vice* filed by **Matthew L. Berman** ("Applicant"), counsel for **all Plaintiffs** and the Court, having reviewed the motion, enters the following order:

 IT IS ORDERED that the Motion for Admission *Pro Hac Vice* is GRANTED, and Applicant may appear on behalf of **all Plaintiffs** in the above case.

 IT IS FURTHER ORDERED that Applicant, if Applicant has not already done so, shall, in compliance with Local Court Rule AT-1(f)(1), immediately tender the amount of $100.00, made payable to: **Clerk, U.S. District Court**.

 IT IS FURTHER ORDERED that Applicant, pursuant to the Administrative Policies and Procedures for Electronic Filing in Civil and Criminal cases in the Western District of Texas, shall register as a filing user within 10 days of the date of this Order.

 IT IS FINALLY ORDERED that Applicant's *Pro Hac Vice* status shall not become effective until Applicant has complied with all provisions of this Order.

 SIGNED this the _____ day of _____ 20____.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

17 MAY 23 PM 4:12

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

JEFFREY LINES, INDIVIDUALLY AND §
ON BEHALF OF ALL OTHERS §
SIMILARLY SITUATED, §
      PLAINTIFF, §
 §
V. §
 §    CAUSE NO. 1:17-CV-072-LY
 §
AMAZON.COM, INC., TENET §
CONCEPTS, LLC, AND JOHN DOES 1-5, §
      DEFENDANTS. §

## ORDER

Before the court in the above styled and numbered cause is Defendants Amazon.Com, Inc. And Tenet Concepts, LLC's Motion to Dismiss filed March 31, 2017 (Clerk's Doc. No. 9). On April 14, 2017, Plaintiff filed its First Amended Complaint (Clerk's Doc. No. 11). In light of the amended complaint,

**IT IS ORDERED** that Defendants Amazon.Com, Inc. And Tenet Concepts, LLC's Motion to Dismiss (Clerk's Doc. No. 9) is **DISMISSED** without prejudice to refiling.

SIGNED this **23rd** day of May, 2017.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

17 MAY 23 PM 4:12

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

JEFFREY LINES, individually and on behalf of
all others similarly situated,

-vs-

AMAZON.COM, INC.; TENET CONCEPTS,
LLC; and JOHN DOES 1-5,

Case No.: 1:17CV72

Case No. 1:17-cv-00072

**O R D E R**

BE IT REMEMBERED on this the _23rd_ day of _May_, 20_17_, there
was presented to the Court the Motion for Admission *Pro Hac Vice* filed by
_Matthew L. Berman_ ("Applicant"), counsel for _all Plaintiffs_ and
the Court, having reviewed the motion, enters the following order:

IT IS ORDERED that the Motion for Admission *Pro Hac Vice* is GRANTED, and Applicant
may appear on behalf of _all Plaintiffs_ in the above case.

IT IS FURTHER ORDERED that Applicant, if Applicant has not already done so, shall,
in compliance with Local Court Rule AT-1(f)(1), immediately tender the amount of $100.00,
made payable to: **Clerk, U.S. District Court.**

IT IS FURTHER ORDERED that Applicant, pursuant to the Administrative Policies and
Procedures for Electronic Filing in Civil and Criminal cases in the Western District of Texas, shall
register as a filing user within 10 days of the date of this Order.

IT IS FINALLY ORDERED that Applicant's *Pro Hac Vice* status shall not become effective
until Applicant has complied with all provisions of this Order.

SIGNED this the _23rd_ day of _May_ 20_17_.

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JEFFREY LINES, individually and on behalf    §
of all others similarly situated,            §
                                             §
                                             §
                                             §        1:17-CV-0072
AMAZON.COM, INC.; TENET                       §
CONCEPTS, LLC; and JOHN DOES 1-5,            §
                                             §
                                             §

## SCHEDULING ORDER

Pursuant to Rule 16, Federal Rules of Civil Procedure, the Court issues the following

scheduling order.

IT IS ORDERED THAT:

1. The parties shall file all amended or supplemental pleadings and shall join additional

parties on or before August 11, 2017                          .

2. All parties asserting claims for relief shall file and serve on all other parties their

designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on

all other parties, but not file, the materials required by Federal Rule of Civil Procedure

26(a)(2)(B) on or before July 13, 2018                          . Parties resisting claims for relief

shall file and serve on all other parties their designations of potential witnesses, testifying

experts, and proposed exhibits, and shall serve on all other parties, but not file, the materials

required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before August 17, 2018          .

All designations of rebuttal experts shall be filed and served on all other parties not later than 14

days of receipt of the report of the opposing expert, and the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, shall be served, but not filed, on all other parties not later than 14 days of receipt of the report of the opposing expert.

3. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before February 9, 2018 _____, and each opposing party shall respond, in writing, on or before February 23, 2018 _____. All offers of settlement are to be private, not filed, and the Court is not to be advised of the same. The parties are further ORDERED to retain the written offers of settlement and responses as the Court will use these in assessing attorney's fees and court costs at the conclusion of trial.

4. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before March 9, 2018 _____.

5. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, not later than 14 days of receipt of the written report of the expert's proposed testimony or not later than 14 days of the expert's deposition, if a deposition is taken, whichever is later. **The failure to strictly comply with this paragraph will be deemed a waiver of any objection that could have been made pursuant to Federal Rule of Evidence 702.**

6. The parties shall complete discovery on or before October 5, 2018 _____. Counsel may, by agreement, continue discovery beyond the deadline, but there will be no

intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

    7. All dispositive motions shall be filed and served on all other parties on or before November 9, 2018 _____ and shall be limited to 20 pages. Responses shall be filed and served on all other parties not later than 14 days of the service of the motion and shall be limited to 20 pages. Any replies shall be filed and served on all other parties not later than 14 days of the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion.

    **The parties shall not complete the following paragraph 8. It will be completed by the Court at the initial pretrial conference to be scheduled by the Court.**

    8. This case is set for final pretrial conference, in chambers, on the _____ day of _____, 20_____, at _____ and _____ trial in the month of _____. 20_____. The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference.

    SIGNED this _____ day of _____, 20_____.


_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE

LY SCHEDULING ORDER (rev. 06/12/2012)       3

AGREED:

| | |
|---|---|
| _____ | _____ |
| Matthew L. Berman, Esq. | Darren Glenn Gibson |

Signature

Signature

**ATTORNEY FOR PLAINTIFFS**

Matthew L. Berman, Esq.
VALLI KANE & VAGNINI, LLP
600 Old Country Road, Suite 501
Garden City, New York 11530

Jay D. Ellwanger, Esq.
DINOVO PRICE ELLWANGER LLP
7000 North MoPac Expressway, Suite 350
Austin, Texas 78731

**ATTORNEY FOR DEFENDANTS**

Darren Glenn Gibson, Esq.
LITTLER MENDELSON PC
100 Congress Ave., Suite 1400
Austin, Texas 78701

Salvador Davila, Esq.
LITTLER MENDELSON PC
100 Congress Ave., Suite 1400
Austin, Texas 78701

Please call Janie Ney Jones if you have questions: (512) 916-5896 Ext. 8709

LY SCHEDULING ORDER (rev. 06/12/2012) 4

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| JEFFREY LINES | § | |
| | § | |
| vs. | § | CIVIL NO: |
| | § | AU:17-CV-00072-LY |
| AMAZON.COM, INC., TENET CONCEPTS, | § | |
| LLC, JOHN DOE 1, JOHN DOE 2, JOHN | § | |
| DOE 3, JOHN DOE 4, JOHN DOE 5 | § | |

## ORDER SETTING INITIAL PRETRIAL CONFERENCE

IT IS HEREBY ORDERED that the above entitled and numbered case has been set for an

INITIAL PRETRIAL CONFERENCE in Chambers, on the Seventh Floor of the United States

Courthouse, 501 West Fifth Street, Austin, Texas, on **October 3, 2017 at 2:30 PM.**

The parties' proposed scheduling order is tentatively approved and the parties shall comply with

the dates set forth in paragraphs 1 through 7 of such proposed order pending the initial pretrial

conference.

FURTHER, the parties are notified that at the initial pretrial conference, the Court will schedule a

final pretrial conference and set a trial month.

SIGNED this **7th day of August, 2017**.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **JEFFREY LINES, individually and on behalf of all others similarly situated,** | § § § | |
| **Plaintiffs,** | § § | **Case No. 1:17-cv-00072-LY** |
| **vs.** | § § | |
| **AMAZON.COM, INC.; TENET CONCEPTS, LLC; and JOHN DOES 1-5,** | § § § | |
| **Defendants.** | § § § § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER FEDERAL RULES OF CIVIL PROCEDURE 26(f)

Plaintiff Jeffrey Lines ("Lines"), and Defendants Amazon.com, Inc. ("Amazon") and Tenet Concepts, LLC ("Tenet"), respectfully file this Joint Case Management/Discovery Plan ("Plan") pursuant to Federal Rule of Civil Procedure 26(f).

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   The parties conferred via telephone on July 21, 2017. Matthew Berman appeared on behalf of Lines. Darren Gibson and Salvador Davila appeared on behalf of Defendants Amazon and Tenet.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   Cause No. 16CV297900: *Chen Xu v. Tenet Concepts, LLC and Does 1-100*, in the Superior Court of the State of California in and for the County of Santa Clara.

   Cause No. 4:17-cv-00692: *Willie J. Mukes v. Tenet Concepts, LLC*, in the United States District Court for the Southern District of Texas, Houston Division.

3. **Briefly describe what this case is about**

   This is a wage and hour case brought by Lines, who was employed by Tenet to deliver

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER FEDERAL RULES OF CIVIL PROCEDURE 26(f) – Page 1**

products under the Amazon Prime Now program out of Amazon's warehouse in Irving, Texas. Lines alleges that Tenet, as the employer, and Amazon, as the alleged joint employer, failed to pay him overtime and minimum wages, unlawfully retained tips, and failed to reimburse his expenses. Lines asserts claims under the Fair Labor Standards Act ("FLSA"), and he seeks to bring his suit as a collective action under the FLSA on behalf of similarly situated drivers employed by Tenet in Amazon warehouses in Texas, California, and Illinois. In addition, Lines asserts claims under the Texas Labor Code ("TLC"), and he seeks to bring his suit as a Rule 23 class action on behalf of similar situated drivers in Texas under the TLC. In addition, Lines alleges that he was unlawfully discharged in retaliation for reporting alleged FLSA violations.

Defendants have each filed an answer denying these allegations. Defendants assert that Lines is not entitled to any of the relief which he seeks.

**4.     Specify the allegation of federal jurisdiction.**

This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et. seq.*

**5.     Name the parties who disagree and the reasons.**

There are none.

**6.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

There are none.

**7.     List anticipated interventions.**

There are none.

**8.     Describe class-action issues.**

Plaintiff seeks a Federal Rule 23 class for alleged violations of Chapter 62 of the Texas Labor Code. Defendants object to this proposed Rule 23 Class.

**9.     State whether each party represents that it has made the initial disclosures required by Rule 26(a). If no, describe the arrangement that have been made to complete the disclosures.**

The parties have not served their initial disclosures. The parties have agreed to exchange initial disclosures by **August 11, 2017**.

**10.    Describe the proposed agreed discovery plan, including:**

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER FEDERAL RULES OF CIVIL PROCEDURE 26(f) – Page 2**

A.    **Responses to all the matters raised in Rule 26(f).**

All such responses are addressed elsewhere in this Joint Report.

B.    **When and to whom the plaintiff anticipates it may send interrogatories.**

Amazon.com, Inc. and Tenet Concepts, LLC (collectively, "Defendants")– on or before the close of discovery.

C.    **When and to whom the defendants anticipate they may send interrogatories.**

Defendants will send Plaintiff interrogatories before the close of discovery.

D.    **Of Whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff will take depositions of Defendants pursuant to Fed. R. Civ. P. 30(b)(6). Plaintiff will also depose plaintiff's Lines' supervisor(s), dispatcher, warehouse manager, and the Human Resources manager for each of the Defendants. Plaintiff will also depose certain of Defendants delivery drivers. These depositions will take place before the end of discovery.

Defendants Amazon.com, Inc. and Tenet Concepts, LLC object to depositions that go beyond the number allotted for each party by the Federal Rules of Civil Procedure.

E.    **Of Whom and by when the defendants anticipate taking oral depositions.**

Defendants will take Plaintiff's deposition. Prior to the end of the discovery deadline, Defendants may also depose other individuals identified in Plaintiff's initial disclosures or other discovery responses, or other persons relevant to the case.

F.    **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff will designate any experts and will provide any reports required by Rule 26(a)(2)(B) by **July 13, 2018**.

Defendants will designate their experts and provide any reports required by Rule 26(a)(2)(B) by **August 17, 2018**.

G.    **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER FEDERAL RULES OF CIVIL PROCEDURE 26(f) – Page 3**

Plaintiffs anticipate taking the deposition of any expert designated by Defendants by the close of discovery.

**H.     List expert depositions the opposing parties anticipate taking and their anticipated completion dates.  See Rule 26(a)(2)(B) (expert report).**

Defendants anticipate taking the deposition of any expert designated by Plaintiff by the close of discovery.

**I.     Production Format**

At this time, the parties agree that production of electronic information (if any) will be made in the form of either searchable Adobe .PDF filesor TIFF image files (for black-and-white images) and as JPEG image files (for color images) with their corresponding load files as set forth in the attached Exhibit A.  Such productions of electronic information (if any) will be made in electronic form on a CD-ROM, or on other removable media, as necessary, in accordance with standard electronic discovery protocols. Should a dispute arise regarding the production of electronic information, the parties will comply with the Court's procedures regarding discovery disputes. To the extent a party produces electronic information in searchable Adobe .PDF format, upon request that party shall produce all corresponding metadata (as set forth in the Exhibit A hereto) for such files (whether by native format production or by load file production). Additionally, where feasible, non-redacted Excel, multi-media, and PowerPoint files shall be produced in native format.

Defendants anticipate needing a protective order to ensure the confidentiality of confidential, personal, and proprietary information and documents provided in discovery. The parties are currently working to finalize an agreed protective order based on the model order for the Western District.

**11.   If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.**

Not applicable.

**12.   Specify the discovery beyond initial disclosures that has been undertaken to date.**

The parties have not undertaken any discovery.

**13.   State the date the planned discovery can reasonably be completed.**

Discovery can reasonably be completed by **October 5, 2018**.

**14.   Describe the possibilities for a prompt settlement or resolution of the case that were**

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER FEDERAL RULES OF CIVIL PROCEDURE 26(f) – Page 4**

discussed in your Rule 26(f) meeting.

The parties agreed that discussions regarding settlement or resolution are premature prior to preliminary discovery and a ruling on Plaintiff's anticipated motion for conditional certification. The parties agreed to revisit the possibility of a mutually agreeable resolution at a later date, as appropriate.

**15.** **Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties have discussed the appropriate time for settlement discussions and have agreed to revisit the possibility of settlement at a later date, as appropriate.

**16.** **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Mediation may be appropriate at a later date, after completion of initial discovery and a ruling on Plaintiff's anticipated motion for conditional certification.

**17.** **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to trial before the magistrate judge.

**18.** **State whether a jury demand has been made and if it was made on time.**

Plaintiff has made a timely jury demand.

**19.** **Specify the number of hours it will take to present the evidence in this case.**

The parties anticipate that this case will take 32 hours to present the case to the jury.

**20.** **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

There are none.

**21.** **List other motions pending.**

There are none.

**22.** **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

The parties agree that privileged communications between attorneys and clients (or, if the

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER FEDERAL RULES OF CIVIL PROCEDURE 26(f) – Page 5**

party is a corporation, between the corporation's attorneys and its employees) conducted after the commencement of this litigation, and work-product created after the commencement of litigation, do not need to be included on privilege logs. Similarly, drafts of expert reports do not need to be included on privilege logs.

**23.** **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

Counsel for Plaintiff:
Jay D. Ellwanger
Holt Major Lackey
DiNovo Price Ellwanger & Hardy LLP
7000 North MoPac Expressway, Suite 350
Austin, Texas 78731
512.539.2626 - telephone
512.539.2627 – facsimile
jellwanger@dpelaw.com
hlackey@dpelaw.com

And

Robert J. Valli, Jr.
Sara Wyn Kane
James Vagnini
Matthew L. Berman
Valli Kane & Vagnini, LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
(516) 203-7180 - telephone
(516) 706-0248 – facsimile


Counsel for Defendants Amazon.com, Inc. and Tenet Concepts, LLC:
Darren G. Gibson
Texas Bar No. 24068846
Salvador Davila
Texas Bar No. 24065119
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
100 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone: 512.982.7250
Facsimile: 512.982.7248
dgibson@littler.com
sdavila@littler.com

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER FEDERAL RULES OF CIVIL PROCEDURE 26(f) – Page 6**

Dated:  October 3, 2017

Respectfully submitted,

*/s/Salvador Davila*
Darren G. Gibson
Texas Bar No.  24068846
Salvador Davila
Texas Bar No.  24065119

**LITTLER MENDELSON, PC**
100 Congress Avenue, Suite 1400
Austin, Texas  78701
(512) 982-7250 (Telephone)
(512) 982-7248  (Facsimile)
dgibson@littler.com
sdavila@littler.com

**ATTORNEYS FOR DEFENDANTS**
**AMAZON.COM, INC. and TENET**
**CONCEPTS, LLC**

*/s/ Matthew L/ Berman (with permission)*
Jay D. Ellwanger
Holt Major Lackey
DiNovo Price Ellwanger & Hardy LLP
7000 North MoPac Expressway, Suite 350
Austin, Texas  78731
512.539.2626 - telephone
512.539.2627 – facsimile
jellwanger@dpelaw.com
hlackey@dpelaw.com

And

Robert J. Valli, Jr.
Sara Wyn Kane
James Vagnini
Matthew L. Berman
Valli Kane & Vagnini, LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
(516) 203-7180 - telephone
(516) 706-0248 – facsimile

**ATTORNEYS FOR PLAINTIFF**
**JEFFREY LINES**

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER FEDERAL RULES**
**OF CIVIL PROCEDURE 26(f) – Page 7**

# EXHIBIT A

# Exhibit A
Form of Production/Load File Specifications

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JEFFREY LINES, individually and on behalf of all others similarly situated,** | § § § | |
| **Plaintiffs,** | § § | **Case No. 1:17-cv-00072-LY** |
| **vs.** | § § | |
| **AMAZON.COM, INC.; TENET CONCEPTS, LLC; and JOHN DOES 1-5,** | § § § | |
| **Defendants.** | § § § § | |

A.  **Load Files in General**.

All production documents should be accompanied by a Concordance .DAT load file.  The Concordance .DAT file should contain the following delimiters:

| | | |
|---|---|---|
| Field Separator | ¶ | (ASCII:0020) |
| Quote | þ | (ASCII:0254) |
| Multi-Entry Delimiter | ; | (ASCII:0059) |
| <Return> Value in Data | ® | (ASCII:0174) |

The TIFF images should be produced as single-page Group IV TIFF format with an Opticon image load file.  The Opticon image load file should contain the BEGBATES value for each corresponding document and appropriate path or folder information to the corresponding images that comprise each document.  Each TIFF or JPEG image should be individually Bates numbered (each party using a unique prefix of letters as appropriate, without punctuation, and each page having a unique number of at least six digits, with no separator between the letters and numbers).  The Bates number must not obliterate, conceal, or interfere with any information on the produced document.

1

B.    **Production Format from Electronic Format**.

For documents that are produced directly from electronic format, the full extracted text will be provided by a link in the main (.DAT) load file.

To the extent readily available at the time of retrieval, the following extracted data and metadata fields shall to be provided in the Concordance .DAT file:

- FOR E-MAIL AND E-DOCS (REQUIRED)
    - PRODUCTION BEG NUM
    - PRODUCTION END NUM
    - PRODUCTION BEG ATTACH[1]
    - CUSTODIAN[2]
    - CONFIDENTIALITY DESIGNATION
    - MESSAGE FROM
    - MESSAGE TO
    - MESSAGE CC
    - MESSAGE BCC
    - MESSAGE SUBJECT
    - MESSAGE DATE/TIME SENT[#]
    - MESSAGE DATE/TIME SENT OFFSET[Δ]
    - MESSAGE DATE/TIME RECEIVED[#]
    - MESSAGE DATE/TIME RECEIVED OFFSET[Δ]
    - MESSAGE ATTACHMENT COUNT
    - MESSAGE ATTACHMENT NAMES
    - MESSAGE HAS ATTACHMENTS
    - TIME ZONE OFFSET[∞]
    - FILE AUTHOR
    - FILE DATE CREATED[#]
    - FILE DATE CREATED OFFSET[Δ]
    - FILE DATE MODIFIED[#]
    - FILE DATE MODIFIED OFFSET[Δ]
    - FILE NAME

---

[1] PRODUCTION BEG ATTACH should contain the PRODUCTION BEG NUM value of an attachment's parent document.  PRODUCTION BEG ATTACH for a parent document is equal to the PRODUCTION BEG NUM for the parent document.

[2] If it has been captured.

       o   FILE SIZE

       o   FILE EXTENSION

       o   ORIGINAL FOLDER NAME[3]

       o   PAGE COUNT

       o   MD5 HASH

       o   LINK TO NATIVE FILE[4]

       o   LINK TO EXTRACTED TEXT[5]

       o

- FOR SCANNED HARDCOPY DOCUMENTS
  - PRODUCTION BEG NUM
  - PRODUCTION END NUM
  - o   PAGE COUNT
  - o   LINK TO TEXT[6]

These are the only metadata fields that the parties are required to collect and produce, to the extent they are readily available at the time of retrieval.

C.    **DeDuplication**

Cross-Custodian DeDuplication[7] (also known as Horizontal Duplication) will be applied to all data. Duplicate custodian name and a duplicate custodian path will be provided to memorialize the location of all deduped data.

D.    **Native Production**

Where feasible, non-redacted Excel, Multi-Media and PowerPoint files shall be produced in their native format.

E.    **Databases or Structured Data.**

If a party is providing databases or structured data, the parties will confer to discuss the appropriate delivery format.

---

[3] Mailbox Path for E-Mails or Original Path for E-Docs
[4] Only for data being produced natively; see Section C below
[5] Extracted text will be provided at the document level – not the page level
[6] Extracted text will be provided at the document level – not the page level
[7] *See The Sedona Conference Glossary: E-Discovery & Digital Information Management*, p. 11 (2d ed. 2010).

    F.     **Social Media and Web Content.**

       Social media and other web content shall be produced as Group IV TIFF image files (black-and-white) and JPEG image files (color) with associated metadata load files. The parties will further confer regarding the specific web pages and available metadata.

Firmwide:149419709.1 090575.1002

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION
<u>MINUTES OF CIVIL PROCEEDINGS</u>

<u>COURT OFFICIALS PRESENT</u>

| | | | |
|---|---|---|---|
| JUDGE: | LEE YEAKEL | DATE: | October 03, 2017 |
| COURT REPORTER: | Arlinda Rodriguez | TIME | 2:32 PM - 3:03 PM |
| | | | Total Time = **31 MINUTES** |
| | | | Non-Evidentiary |
| LAW CLERK: | Lisa Newman | CSO | None |
| DEPUTY CLERK: | Samantha Oakes | | |

CASE NUMBER:  AU:17-CV-00072-LY

STYLE OF CASE:  <u>JEFFREY LINES</u>

<u>v.</u>

<u>AMAZON.COM, INC., TENET CONCEPTS, LLC, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5</u>

<u>ATTORNEYS FOR PLAINTIFF:</u>     Jay D. Ellwanger and Holt Lackey

<u>ATTORNEY FOR DEFENDANTS:</u>     Salvador Davila

PROCEEDINGS: **INITIAL PRETRIAL CONFERENCE HELD IN CHAMBERS**

_X_   PARTIES ANNOUNCE READY

___   NO APPEARANCE MADE BY

___   PRO HAC MOTION GRANTED FOR

_X_   STATEMENTS AND ARGUMENTS OF COUNSEL HEARD

_X_   FINAL PRETRIAL CONFERENCE IN CHAMBERS SET FOR:  March 29, 2019 at 10:00 AM

_X_   JURY TRIAL SET IN THE MONTH OF:      April 2019

___   WITNESSES SWORN

___   EVIDENCE SUBMITTED ON BEHALF OF PLAINTIFF/DEFENDANT

___   COURT EXHIBIT FILED

___   MOTION GRANTED

___   MOTION DENIED

___   MOTION TAKEN UNDER ADVISEMENT

___   SUPPLEMENTAL DOCUMENTS DUE IN 10 DAYS

_X_   WRITTEN ORDER FORTHCOMING

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **JEFFREY LINES, individually and on behalf of all others similarly situated,** | § § § | |
| **Plaintiffs,** | § § § | **Case No. 1:17-cv-00072-LY** |
| **vs.** | § § | |
| **AMAZON.COM, INC.; TENET CONCEPTS, LLC; and JOHN DOES 1-5,** | § § § | |
| **Defendants.** | § § § § | |

## DEFENDANTS AMAZON.COM, INC. AND TENET CONCEPT, LLC'S UNOPPOSED MOTION FOR ENTRY OF AGREED CONFIDENTIALITY AND PROTECTIVE ORDER

Defendants Tenet Concepts, LLC and Amazon.com, Inc. ("Defendants") file this Unopposed Motion for Entry of Agreed Confidentiality and Protective Order, and in support of the motion, show as follows:

1.      This case concerns allegations of violations of federal and state wage and hour laws.  In connection with the discovery process, certain documents to be produced are sensitive, confidential or proprietary.  To preserve the confidentiality of those documents and their contents, Defendants request that the Court enter a protective order to limit the disclosure and dissemination of those documents and their contents.

2.      The parties hereby stipulate and agree to the Western District form confidentiality and protective order, attached hereto as ***Exhibit A***.

**DEFENDANTS' UNOPPOSED MOTION FOR ENTRY OF AGREED**
**CONFIDENTIALITY AND PROTECTIVE ORDER – Page 1**

189

For these reasons, Defendants request that the Court grant this motion, and that it enter the proposed agreed Confidentiality and Protective Order or another suitable protective order to preserve the confidentiality of documents produced in this action and their contents.

Dated:  October 3, 2017                    Respectfully submitted,

                                           /s/ Salvador Davila
                                           **Darren G. Gibson**
                                           State Bar No. 24068846
                                           **Salvador Davila**
                                           State Bar No. 24065119

                                           **LITTLER MENDELSON, PC**
                                           100 Congress Avenue, Suite 1400
                                           Austin, Texas  78701
                                           (512) 982-7250 (Telephone)
                                           (512) 982-7248 (Facsimile)
                                           dgibson@littler.com
                                           sdavila@littler.com

                                           **ATTORNEYS FOR DEFENDANT**
                                           **AMAZON.COM, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded via ECF with the court, on this the 3rd day of October, 2017, to the following counsel:

Jay D. Ellwanger
DiNovo Price Ellwanger & Hardy LLP
7000 North MoPac Expressway, Suite 350
Austin, Texas 78731
512.539.2626 - telephone
512.539.2627 – facsimile

ATTORNEYS FOR PLAINTIFFS

Robert J. Valli, Jr.
Sara Wyn Kane
James Vagnini
Valli Kane & Vagnini, LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
(516) 203-7180 - telephone
(516) 706-0248 – facsimile

ATTORNEYS FOR PLAINTIFFS

Holt Major Lackey
DiNovo Price Ellwanger & Hardy LLP
7000 North MoPac Expressway, Suite 350
Austin, Texas 78731
512.539.2626 - telephone
512.539.2627 – facsimile

ATTORNEYS FOR PLAINTIFFS

/s/ Salvador Davila
Salvador Davila

Firmwide:150400343.1 090575.1002

**DEFENDANTS' UNOPPOSED MOTION FOR ENTRY OF AGREED
CONFIDENTIALITY AND PROTECTIVE ORDER – Page 3**

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

|   |   |   |
|---|---|---|
| | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| | § | |
| Defendant | § | |

### CONFIDENTIALITY AND PROTECTIVE ORDER

Before the court is the joint motion of the parties for the entry of a confidentiality and protective order ("Protective Order").  After careful consideration, it is hereby ORDERED as follows:

**1.     Classified Information**

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential", "For Counsel Only", or "Attorneys Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

**2.     Qualified Persons**

"Qualified Persons" means:

a.     For Counsel or Attorneys Only information:

    i.     retained counsel for the parties in this litigation and their respective staff;

    ii.     actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been

[ 1 ]

designated in writing by notice to all counsel;

    iii.    this court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

  b.    For Confidential information:

    i.    the persons identified in subparagraph 2(a);

    ii.    the party, if a natural person;

    iii.    if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential information to such person, have been designated in writing by notice to all counsel and have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney designating such person);

    iv.    litigation vendors, court reporters, and other litigation support personnel;

    v.    any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

  c.    Such other person as this court may designate after notice and an opportunity to be heard.

### 3.    Designation Criteria

  a.    *Nonclassified Information.*  Classified Information shall not include information that either:

    i.    is in the public domain at the time of disclosure, as evidenced by a written document;

    ii.    becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

    iii.    the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

    iv.    lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

  b.    *Classified Information*.  A party shall designate as Classified Information only

[ 2 ]

such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Classified.

Information and documents that may be designated as Classified Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

Correspondence and other communications between the parties or with nonparties may be designated as Classified Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

c. *For Counsel or Attorneys Only.* The designation "For Counsel Only" or "Attorneys Eyes Only" shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party. For purposes of this order, so-designated information includes, but is not limited to, product formula information, design information, non-public financial information, pricing information, customer identification data, and certain study methodologies.

d. *Ultrasensitive Information.* At this point, the parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information. However, in the event that a court orders that ultrasensitive documents or information be produced, the parties will negotiate and ask the court to enter an ultrasensitive information protocol in advance of production to further protect such information.

**4. Use of Classified Information**

All Classified Information provided by any party or nonparty in the course of this

[ 3 ]

litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

**5.      Marking of Documents**

Documents provided in this litigation may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential", "For Counsel Only", or "Attorneys Eyes Only".   In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided.   Originals shall be preserved for inspection.

**6.      Disclosure at Depositions**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, c onsultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter.  Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control.  All deposition transcripts shall be treated as For Counsel Only for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a nondesignated main transcript.  The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions

[ 4 ]

any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

### 7.    Disclosure to Qualified Persons

a.     *To Whom.*  Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; ***provided, however***, that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information.   Information designated as For Counsel Only shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).

b.     *Retention of Copies During this Litigation.*     Copies of For Counsel Only information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 2(a)(ii), in the offices of those experts.  Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made.   Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

c.     Each party's outside counsel shall maintain a log of all copies of For Counsel Only documents that are delivered to Qualified Persons.

### 8.    Unintentional Disclosures

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential information or

[ 5 ]

For Counsel Only information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

### 9.      Documents Produced for Inspection Prior to Designation

In the event documents are produced for inspection prior to designation, the documents shall be treated as For Counsel Only during inspection.  At the time of copying for the receiving parties, Classified Information shall be marked prominently "Confidential", "For Counsel Only", or "Attorneys Eyes Only" by the producing party.

### 10.      Consent to Disclosure and Use in Examination

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Classified Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure.  Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

### 11.      Challenging the Designation

a.      *Classified Information.*  A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation.  In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies.  If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information.  The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information.  The disputed information shall remain Classified Information unless and until the

[ 6 ]

court orders otherwise.  Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

      b.    *Qualified Persons.*  In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis.  If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular Classified Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the request to move the court for an order denying the disposed person (a) status as a Qualified Person, or (b) access to particular Classified Information.  The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm.  Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the court enters an order preserving the designation.

**12.    Manner of Use in Proceedings**

    In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the court consistent with the sealing requirements of the court.

**13.    Filing Under Seal**

    The clerk of this court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Classified Information by any party to this litigation consistent with the sealing requirements of the court.

**14.    Return of Documents**

    Not later than 120 days after conclusion of this litigation and any appeal related to it, any

[ 7 ]

Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned to the producing party or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing.  Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.

### 15.    Ongoing Obligations

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

### 16.    Advice to Clients

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

### 17.    Duty to Ensure Compliance

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

[ 8 ]

18.     **Waiver**

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.

19.     **Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

It is SO ORDERED this _____ day of _____, 20_____.


_____
UNITED STATES DISTRICT JUDGE

[ 9 ]

FILED

OCT 3 2017

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JEFFREY LINES, individually and on behalf §
of all others similarly situated, §
§
§
§ 1: 17-CV-0072
AMAZON.COM, INC.; TENET §
CONCEPTS, LLC; and JOHN DOES 1-5, §
§
§

## SCHEDULING ORDER

Pursuant to Rule 16, Federal Rules of Civil Procedure, the Court issues the following scheduling order.

IT IS ORDERED THAT:

1. The parties shall file all amended or supplemental pleadings and shall join additional parties on or before August 11, 2017 .

2. All parties asserting claims for relief shall file and serve on all other parties their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all other parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before July 13, 2018 . Parties resisting claims for relief shall file and serve on all other parties their designations of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all other parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before August 17, 2018 All designations of rebuttal experts shall be filed and served on all other parties not later than 14

LY SCHEDULING ORDER (rev. 06/12/2012)                    1

days of receipt of the report of the opposing expert, and the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, shall be served, but not filed, on all other parties not later than 14 days of receipt of the report of the opposing expert.

3. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before February 9, 2018 _____, and each opposing party shall respond, in writing, on or before February 23, 2018 _____. All offers of settlement are to be private, not filed, and the Court is not to be advised of the same. The parties are further ORDERED to retain the written offers of settlement and responses as the Court will use these in assessing attorney's fees and court costs at the conclusion of trial.

4. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before March 9, 2018 _____.

5. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, not later than 14 days of receipt of the written report of the expert's proposed testimony or not later than 14 days of the expert's deposition, if a deposition is taken, whichever is later. **The failure to strictly comply with this paragraph will be deemed a waiver of any objection that could have been made pursuant to Federal Rule of Evidence 702.**

6. The parties shall complete discovery on or before October 5, 2018 _____. Counsel may, by agreement, continue discovery beyond the deadline, but there will be no

LV SCHEDULING ORDER (rev. 06/13/2012)                    2

intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7. All dispositive motions shall be filed and served on all other parties on or before November 9, 2018 _____ and shall be limited to 20 pages. Responses shall be filed and served on all other parties not later than 14 days of the service of the motion and shall be limited to 20 pages. Any replies shall be filed and served on all other parties not later than 14 days of the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion.

The parties shall not complete the following paragraph 8. It will be completed by the Court at the initial pretrial conference to be scheduled by the Court.

8. This case is set for final pretrial conference, in chambers, on the _26th_ day of _March_, 20_19_, at _10:00_ and _Jury_ trial in the month of _April_, 20_19_. The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference.

SIGNED this _3rd_ day of _October_, 20_17_

_[signature]_

LEE YEAKEL
UNITED STATES DISTRICT JUDGE

AGREED:

_____
Matthew L. Berman, Esq.

_____
Signature

ATTORNEY FOR PLAINTIFFS

Matthew L. Berman, Esq.
VALLI KANE & VAGNINI, LLP
600 Old Country Road, Suite 501
Garden City, New York 11530

Jay D. Ellwanger, Esq.
DINOVO PRICE ELLWANGER LLP
7000 North MoPac Expressway, Suite 350
Austin, Texas 78731

_____
Darren Glenn Gibson

_____
Signature

ATTORNEY FOR DEFENDANTS

Darren Glenn Gibson, Esq.
LITTLER MENDELSON PC
100 Congress Ave., Suite 1400
Austin, Texas 78701

Salvador Davila, Esq.
LITTLER MENDELSON PC
100 Congress Ave., Suite 1400
Austin, Texas 78701

Please call Janie Ney Jones if you have questions: (512) 916-5896 Ext. 8709

LY SCHEDULING ORDER (rev. 06/12/2012)                    4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

**2017 OCT -6 PM 3: 50**

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | |
|---|---|
| JEFFREY LINES §<br><br>Plaintiff §<br> §<br> §<br>v. §<br>AMAZON.COM, INC.; TENET CONCEPTS, §<br>LLC; and JOHN DOES 1-5 §<br>Defendant § | CIVIL ACTION NO. 1:17-CV-00072-LY |

**CONFIDENTIALITY AND PROTECTIVE ORDER**

Before the court is the joint motion of the parties for the entry of a confidentiality and protective order ("Protective Order"). After careful consideration, it is hereby ORDERED as follows:

**1.    Classified Information**

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential", "For Counsel Only", or "Attorneys Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

**2.    Qualified Persons**

"Qualified Persons" means:

a.    For Counsel or Attorneys Only information:

    i.    retained counsel for the parties in this litigation and their respective staff;

    ii.    actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been

[ 1 ]

        designated in writing by notice to all counsel;

    iii.    this court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

  b.    For Confidential information:

    i.    the persons identified in subparagraph 2(a);

    ii.    the party, if a natural person;

    iii.    if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential information to such person, have been designated in writing by notice to all counsel and have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney designating such person);

    iv.    litigation vendors, court reporters, and other litigation support personnel;

    v.    any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

  c.    Such other person as this court may designate after notice and an opportunity to be heard.

### 3.    Designation Criteria

  a.    *Nonclassified Information.*  Classified Information shall not include information that either:

    i.    is in the public domain at the time of disclosure, as evidenced by a written document;

    ii.    becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

    iii.    the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

    iv.    lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

  b.    *Classified Information.*  A party shall designate as Classified Information only

[ 2 ]

Case 18-04471-elm Doc 1 Filed 11/02/18 Entered 11/02/18 08:17:33 Page 208 of 385
Case 4:11-cv-00093 Document 36 Filed 10/06/17 Page 3 of 9 PageID 199
Case No: 1:17cv72                                                              Filed: 10/03/17
                                                                               Doc. #28

such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Classified.

Information and documents that may be designated as Classified Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

Correspondence and other communications between the parties or with nonparties may be designated as Classified Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

      c.    *For Counsel or Attorneys Only.*    The designation "For Counsel Only" or "Attorneys Eyes Only" shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party. For purposes of this order, so-designated information includes, but is not limited to, product formula information, design information, non-public financial information, pricing information, customer identification data, and certain study methodologies.

      d.    *Ultrasensitive Information.*  At this point, the parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information. However, in the event that a court orders that ultrasensitive documents or information be produced, the parties will negotiate and ask the court to enter an ultrasensitive information protocol in advance of production to further protect such information.

    **4.**    **Use of Classified Information**

All Classified Information provided by any party or nonparty in the course of this

[3]

litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

### 5. Marking of Documents

Documents provided in this litigation may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential", "For Counsel Only", or "Attorneys Eyes Only". In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

### 6. Disclosure at Depositions

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as For Counsel Only for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions

[ 4 ]

Case 18-0441-elm Doc 1 Filed 11/02/18 Entered 11/02/18 08:17:38 Page 210 of 385
Case 4:18-mc-00093 Document 36 Filed 10/05/17 Page 5 of 8 Page ID 119

**Case No: 1:17cv72**

**Filed: 10/03/17**
**Doc. #28**

any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

### 7. Disclosure to Qualified Persons

a. *To Whom.* Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; ***provided, however***, that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information. Information designated as For Counsel Only shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).

b. *Retention of Copies During this Litigation.* Copies of For Counsel Only information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 2(a)(ii), in the offices of those experts. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

c. Each party's outside counsel shall maintain a log of all copies of For Counsel Only documents that are delivered to Qualified Persons.

### 8. Unintentional Disclosures

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential information or

[5]

Case 18-0441-elm Doc 1 Filed 11/02/18 Entered 11/02/18 08:17:33 Page 211 of 385
Case 4:18-cv-00093 Document 36 Filed 10/06/17 Page 6 of 8 Page 319

Case No: 1:17cv72

Filed: 10/03/17
Doc. #28

For Counsel Only information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

9.  **Documents Produced for Inspection Prior to Designation**

In the event documents are produced for inspection prior to designation, the documents shall be treated as For Counsel Only during inspection. At the time of copying for the receiving parties, Classified Information shall be marked prominently "Confidential", "For Counsel Only", or "Attorneys Eyes Only" by the producing party.

10.  **Consent to Disclosure and Use in Examination**

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Classified Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

11.  **Challenging the Designation**

a.  *Classified Information.* A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Classified Information unless and until the

[6]

court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

       b.    *Qualified Persons.* In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular Classified Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the request to move the court for an order denying the disposed person (a) status as a Qualified Person, or (b) access to particular Classified Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the court enters an order preserving the designation.

       **12.**    **Manner of Use in Proceedings**

       In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the court consistent with the sealing requirements of the court.

       **13.**    **Filing Under Seal**

       The clerk of this court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Classified Information by any party to this litigation consistent with the sealing requirements of the court.

       **14.**    **Return of Documents**

       Not later than 120 days after conclusion of this litigation and any appeal related to it, any

[7]

Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned to the producing party or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.

### 15. Ongoing Obligations

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

### 16. Advice to Clients

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

### 17. Duty to Ensure Compliance

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

[8]

**18.     Waiver**

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.

**19.     Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

It is SO ORDERED this ____ day of _____, 20_17_.

_____
UNITED STATES DISTRICT JUDGE

[9]

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

**JEFFREY LINES, individually and on behalf of**
**all others similarly situated,**

---

**-vs-**　　　　　　　　　　　　　　　**Case No.:**　**1:17-cv-00072**

**AMAZON.COM, INC.; TENET CONCEPTS,**
**LLC; and JOHN DOES 1-5,**

---

## MOTION FOR ADMISSION *PRO HAC VICE*

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now _____**Monica Hincken**_____, applicant herein, and

moves this Court to grant admission to the United States District Court for the Western District of

Texas *pro hac vice* to represent _____**all Plaintiffs**_____ in this case, and would

respectfully show the Court as follows:

1.　　Applicant is an attorney and a member of the law firm (or practices under the name of)

_____**Valli Kane & Vagnini, LLP**_____,

with offices at

Mailing address:　　**600 Old Country Road, Suite 519**

City, State, Zip Code:　　**Garden City, New York 11530**

Telephone:　　**(516) 203-7180**

Facsimile:　　**(516) 706-0248**

2. Since _____ **06/26/2015** _____, Applicant has been and presently is a member of and in good standing with the Bar of the State of _____ **New York** _____ .

Applicant's bar license number is _____ **5351804** _____ .

3. Applicant has been admitted to practice before the following courts:

| Court: | Admission date: |
|---|---|
| **Southern District of New York** | **08/10/2009** |
| **Eastern District of New York** | **10/19/2005** |
| **District of New Mexico** | **July 2016** |
| | |

4. Applicant is presently a member in good standing of the bars of the courts listed above, except as provided below (list any court named in the preceding paragraph before which Applicant is no longer admitted to practice):

**N/A**

5. Applicant has never been subject to grievance proceedings or involuntary removal proceedings while a member of the bar of any state or federal court, except as provided below:

**N/A**

6. Applicant has not been charged, arrested, or convicted of a criminal offense or offenses, except as provided below (omit minor traffic offenses):

**N/A**

- 2 -

7.      Applicant has read and is familiar with the Local Rules of the Western District of Texas and will comply with the standards of practice set out therein.

8.      Select one:

☐       Applicant has on file an application for admission to practice before the United States District Court for the Western District of Texas.

☑       Applicant has co-counsel in this case who is admitted to practice before the United States District Court for the Western District of Texas.

| | |
|---|---|
| Co-counsel: | **Jay D. Ellwanger** |
| Mailing address: | **7000 North MoPac Expressway, Suite 350** |
| City, State, Zip Code: | **Austin, Texas 78731** |
| Telephone: | **(512) 539-2626** |

9.      Should the Court grant applicant's motion, Applicant shall tender the amount of $100.00 *pro hac vice* fee in compliance with Local Court Rule AT-1(f)(1) [checks made payable to: **Clerk, U.S. District Court**].

10.     Should the Court grant applicant's motion, Applicant shall register as a filing user within 10 days of this order, pursuant to Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases in the Western District of Texas.

- 3 -

Wherefore, Applicant prays that this Court enter an order permitting the admission of

_____ **Monica Hincken** _____ to the Western District of Texas *pro hac vice*

for this case only.

Respectfully submitted,

_____ **Monica Hincken** _____
[printed name of Applicant]

[signature of Applicant]

CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of this motion upon each attorney of record and the original upon the Clerk of Court on this the ____**9**____ day of _____**October**_____, ____**2017**____ .

_____ **Monica Hincken** _____
[printed name of Applicant]

[signature of Applicant]

- 4 -

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

**JEFFREY LINES, individually and on behalf of
all others similarly situated,**

    -vs-

                               **Case No.** <u> 1:17-cv-00072 </u>

**AMAZON.COM, INC.; TENET CONCEPTS,
LLC; and JOHN DOES 1-5,**

## O R D E R

        BE IT REMEMBERED on this the _____ day of _____, 20____, there was presented to the Court the Motion for Admission *Pro Hac Vice* filed by <u>  **Monica Hincken**  </u> ("Applicant"), counsel for <u>  **all Plaintiffs**  </u> and the Court, having reviewed the motion, enters the following order:

        IT IS ORDERED that the Motion for Admission *Pro Hac Vice* is GRANTED, and Applicant may appear on behalf of <u>  **all Plaintiffs**  </u> in the above case.

        IT IS FURTHER ORDERED that Applicant, if Applicant has not already done so, shall, in compliance with Local Court Rule AT-1(f)(1), immediately tender the amount of $100.00, made payable to: **Clerk, U.S. District Court**.

        IT IS FURTHER ORDERED that Applicant, pursuant to the Administrative Policies and Procedures for Electronic Filing in Civil and Criminal cases in the Western District of Texas, shall register as a filing user within 10 days of the date of this Order.

        IT IS FINALLY ORDERED that Applicant's *Pro Hac Vice* status shall not become effective until Applicant has complied with all provisions of this Order.

        SIGNED this the _____ day of _____ 20____.

                             <u>_____</u>

                             UNITED STATES DISTRICT JUDGE



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**JEFFREY LINES, individually and on behalf of**
**all others similarly situated,**

-vs-                                                    Case No.  1:17-cv-00072

**AMAZON.COM, INC.; TENET CONCEPTS,**
**LLC; and JOHN DOES 1-5,**

FILED

2017 OCT 24  PM 3: 35

CLERK
WESTERN
BY

## O R D E R

BE IT REMEMBERED on this the _24th_ day of _October_, 20_17_, there

was presented to the Court the Motion for Admission *Pro Hac Vice* filed by

___Monica Hincken___ ("Applicant"), counsel for ___all Plaintiffs___ and

the Court, having reviewed the motion, enters the following order:

IT IS ORDERED that the Motion for Admission *Pro Hac Vice* is GRANTED, and Applicant

may appear on behalf of ___all Plaintiffs___ in the above case.

IT IS FURTHER ORDERED that Applicant, if Applicant has not already done so, shall,

in compliance with Local Court Rule AT-1(f)(1), immediately tender the amount of $100.00,

made payable to:  **Clerk, U.S. District Court**.

IT IS FURTHER ORDERED that Applicant, pursuant to the Administrative Policies and

Procedures for Electronic Filing in Civil and Criminal cases in the Western District of Texas, shall

register as a filing user within 10 days of the date of this Order.

IT IS FINALLY ORDERED that Applicant's *Pro Hac Vice* status shall not become effective

until Applicant has complied with all provisions of this Order.

SIGNED this the _24th_ day of _October_ 20_17_.

_____
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **JEFFREY LINES, individually and on behalf of all others similarly situated,** | § § § | |
| **Plaintiffs,** | § § | **Case No. 1:17-cv-00072-LY** |
| **vs.** | § § | |
| **AMAZON.COM, INC.; TENET CONCEPTS, LLC; and JOHN DOES 1-5,** | § § § | |
| **Defendants.** | § § | |

---

## DEFENDANT TENET CONCEPTS, LLC'S SUGGESTION OF BANKRUPTCY

---

COMES NOW Defendant Tenet Concepts LLC ("<u>Defendant</u>" or "<u>Tenet</u>" or "<u>Debtor</u>") and files this Suggestion of Bankruptcy, and in support of same would respectfully show the Court as follows:

1.      Please take notice that on January 25, 2018, Defendant Tenet filed a voluntary petition for bankruptcy relief under Chapter 11 of Title 11 of the United States Code ("<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, Case Number 18-40270-rfn11 ("<u>Bankruptcy Case</u>"). A copy of the voluntary petition is attached hereto as Attachment A.

2.      Please take further notice that pursuant to § 362(a) of the Bankruptcy Code, the filing of Tenet's bankruptcy petition operates as a stay, applicable to all entities, of, among other things: (a) the commencement or continuation of all judicial, administrative, or other actions or proceedings against the Debtor that was or could have been commenced before the

commencement of the case under this title, or to recover any claims against the Debtor that arose before the commencement of the Debtor's case; (b) the enforcement, against the Debtor or against any property of the Debtor's bankruptcy estate, of a judgment obtained before the commencement of the Debtor's case; or (c) any act to obtain possession of property of or from the Debtor's bankruptcy estate, or to exercise control over property of the Debtor's bankruptcy estate.

WHEREFORE, PREMISES CONSIDERED, Defendant Tenet prays the Court to stay all further proceedings in the above styled and numbered cause, and for such other and further relief Defendant may show itself justly entitled.

Respectfully submitted,

*/s/ Darren G. Gibson*

**Darren G. Gibson**
Texas Bar No. 24068846
**Salvador Davila**
Texas Bar No. 24065119

**LITTLER MENDELSON, PC**
100 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 982-7250 (Telephone)
(512) 982-7248 (Facsimile)
dgibson@littler.com
sdavila@littler.com

**ATTORNEYS FOR DEFENDANTS**
**AMAZON.COM, INC. and TENET**
**CONCEPTS, LLC**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the above and foregoing document has been forwarded on this the 25th day of January, 2018, to the following counsel, as referenced below:

*Via Facsimile:  512.539.2627*
*Via Email: jellwanger@equalrights.law*
*Via Email:  hlackey@equalrights.law*
Jay Ellwanger
Holt M. Lackey
Ellwanger Law LLP
8310-1 N. Capital of Texas Hwy.
Suite 190
Austin, Texas 78731
*Attorney for Plaintiff*

*Via Facsimile: 516.706.0248*
Robert J. Valli, Jr.
Sara Wyn Kane
James Vagnini
Valli Kane & Vagnini, LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
*Attorneys for Plaintiff*

*/s/ Darren G. Gibson*
Darren G. Gibson

Firmwide:152492424.1 090575.1002

# ATTACHMENT A

---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

<u>Northern</u> District of <u>Texas (Fort Worth Div.)</u>
                                    (State)

Case number (*If known*): <u>18-</u>          Chapter _____

☐ Check if this is an
   amended filing

---

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's name**                    Tenet Concepts, LLC

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)       6 1 – 1 7 5 4 4 8 0

4. **Debtor's address**

   **Principal place of business**

   8200 Cameron Rd., Suite A198
   Number        Street

   Austin                TX        78754
   City                   State      ZIP Code

   Travis
   County

   **Mailing address, if different from principal place of business**

   Number        Street

   P.O. Box

   City                   State      ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number        Street

   City                   State      ZIP Code

5. **Debtor's website** (URL)       www.tenetconcepts.com

6. **Type of debtor**       ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
                            ☐ Partnership (excluding  LLP)
                            ☐ Other. Specify: _____

---

| Debtor | Tenet Concepts, LLC | | Case number *(if known)* | 18- |
|---|---|---|---|---|
| | Name | | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

_4_ _8_ _8_ _5_

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes. District _____ When _____ Case number _____
                                     MM / DD / YYYY

            District _____ When _____ Case number _____
                                       MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☒ No

☐ Yes. Debtor _____ Relationship _____

       District _____ When _____
                                     MM / DD / YYYY

       Case number, if known _____

| Debtor | Tenet Concepts, LLC | Case number *(if known)* | 18- |
| | Name | | |

**11. Why is the case filed in *this district*?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

| Number | Street |

_____

| City | State | ZIP Code |

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

☐ Funds will be available for distribution to unsecured creditors.

☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☒ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

| Debtor | Tenet Concepts, LLC | Case number (if known) | 18- |
|---|---|---|---|
| | Name | | |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☒ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ▪ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- ▪ I have been authorized to file this petition on behalf of the debtor.
- ▪ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___1/25/2018___
MM / DD / YYYY

✗ _____     David Scott Cass
Signature of authorized representative of debtor     Printed name

Title ___President/CFO___

**18. Signature of attorney**

✗ /s/ J. Robert Forshey
Signature of attorney for debtor

Date ___1/25/2018___
MM / DD / YYYY

___J. Robert Forshey___
Printed name

___Forshey & Prostok, LLP___
Firm name

___777 Main St., Suite 1290___
Number     Street

___Fort Worth___        ___TX___  ___76102___
City        State  ZIP Code

___817-877-8855___        ___bforshey@forsheyprostok.com___
Contact phone        Email address

___07264200___        ___Texas___
Bar number        State

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

**2018 JAN 29 PM 4: 52**

| | | |
|---|---|---|
| JEFFREY LINES, INDIVIDUALLY AND | § | |
| ON BEHALF OF ALL OTHERS | § | |
| SIMILARLY SITUATED, | § | |
| PLAINTIFF, | § | |
| | § | CAUSE NO. 1:17-CV-072-LY |
| V. | § | |
| | § | |
| AMAZON.COM, INC., TENET | § | |
| CONCEPTS, LLC, AND JOHN DOES 1-5, | § | |
| DEFENDANTS. | § | |

## ORDER

**IT IS ORDERED** that this cause is set for a status conference on **Tuesday, February 13, 2018, at 1:30 p.m.** in Chambers, Seventh Floor of the United States Courthouse, 501 West 5th Street, Austin, Texas. An attorney representing each party must be present at the status conference.

SIGNED this *29th* of January, 2018.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION
## <u>MINUTES OF CIVIL PROCEEDINGS</u>

<u>COURT OFFICIALS PRESENT</u>

| | | | |
|---|---|---|---|
| JUDGE: | LEE YEAKEL | DATE: | February 13, 2018 |
| COURT REPORTER: | Arlinda Rodriguez | TIME: | 1:30 PM - 2:50 PM |
| | | | Total Time = **20 MINUTES** |
| | | | Non-Evidentiary |
| LAW CLERK: | Lisa Newman | CSO: | None |
| DEPUTY CLERK: | Samantha Oakes | | |

---

CASE NUMBER:    AU:17-CV-00072-LY

STYLE OF CASE:    <u>JEFFREY LINES</u>

                    <u>v.</u>

                    <u>AMAZON.COM, INC., TENET CONCEPTS, LLC, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5</u>

<u>ATTORNEYS FOR PLAINTIFFS:</u>    <u>Jay D. Ellwanger and Holt Major Lackey</u>

<u>ATTORNEYS FOR DEFENDANTS:</u>    <u>Salvador Davila and Darren Glenn Gibson</u>

PROCEEDINGS: **CONFERENCE IN CHAMBERS**

<u>X</u>    PARTIES ANNOUNCE READY

\_\_\_\_    NO APPEARANCE MADE BY _____

\_\_\_\_    PRO HAC MOTION GRANTED FOR _____

<u>X</u>    STATEMENTS AND ARGUMENTS OF COUNSEL HEARD

\_\_\_\_    RULE INVOKED

\_\_\_\_    TESTIMONY HEARD ON BEHALF OF PLAINTIFF/DEFENDANT

\_\_\_\_    WITNESSES SWORN

\_\_\_\_    EVIDENCE SUBMITTED ON BEHALF OF PLAINTIFF/DEFENDANT

\_\_\_\_    COURT EXHIBIT FILED

\_\_\_\_    MOTION GRANTED

\_\_\_\_    MOTION DENIED

\_\_\_\_    MOTION TAKEN UNDER ADVISEMENT

<u>X</u>    JOINT STATUS REPORT DUE IN 2 WEEKS

<u>X</u>    WRITTEN ORDER FORTHCOMING

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2018 FEB 13 PM 5: 04

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| JEFFREY LINES, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, PLAINTIFF, | § § § § § | |
| V. | § § | CAUSE NO. 1:17-CV-072-LY |
| AMAZON.COM, INC., TENET CONCEPTS, LLC, AND JOHN DOES 1-5, DEFENDANTS. | § § § § | |

## **ORDER**

Before the court is the above styled and numbered cause. On February 13, 2018, the court conducted a status conference at which all parties were represented. As a result of the discussion at the status conference,

**IT IS ORDERED** that the parties shall submit a joint-status report addressing the issues discussed at the conference **on or before February 27, 2018.**

SIGNED this _____ of February, 2018.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

**JEFFREY LINES, individually and on behalf of
all others similarly situated**

-vs-

**Case No.:**    1:17-cv-0072

**AMAZON.COM, INC.; TENET CONCEPTS,
LLC; and JOHN DOES 1-5**

## MOTION FOR ADMISSION *PRO HAC VICE*

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now **Holt M. Lackey**, applicant herein, and moves this Court to grant admission to the United States District Court for the Western District of Texas *pro hac vice* to represent **all Plaintiffs** in this case, and would respectfully show the Court as follows:

1.    Applicant is an attorney and a member of the law firm (or practices under the name of)

**Ellwanger Law, LLLP**,

with offices at

Mailing address:    **8310-1 N. Capital of Texas Hwy., Ste. 190**

City, State, Zip Code:    **Austin, TX 78731**

Telephone:    **(737) 808-2238**

Facsimile:    **(737) 808-2238**

2.  Since _____**November 2005**_____, Applicant has been and presently is a member of and in good standing with the Bar of the State of _____**Texas**_____.

    Applicant's bar license number is _____**24047763**_____.

3.  Applicant has been admitted to practice before the following courts:

    Court:                                              Admission date:

    **Eastern District of Texas**                       **7/28/2016**

    **Southern District of Texas**                      **5/5/2006**

    **Northern District of Texas**                      **1/22/2018**

    _____                              _____

4.  Applicant is presently a member in good standing of the bars of the courts listed above, except as provided below (list any court named in the preceding paragraph before which Applicant is no longer admitted to practice):

    **N/A**

    _____

    _____

5.  Applicant has never been subject to grievance proceedings or involuntary removal proceedings while a member of the bar of any state or federal court, except as provided below:

    **N/A**

    _____

    _____

6.  Applicant has not been charged, arrested, or convicted of a criminal offense or offenses, except as provided below (omit minor traffic offenses):

    **N/A**

    _____

- 2 -

7.   Applicant has read and is familiar with the Local Rules of the Western District of Texas and will comply with the standards of practice set out therein.

8.   Select one:

☐   Applicant has on file an application for admission to practice before the United States District Court for the Western District of Texas.

☑   Applicant has co-counsel in this case who is admitted to practice before the United States District Court for the Western District of Texas.

Co-counsel:            **Jay D. Ellwanger**

Mailing address:       **8310-1 N. Capital of Texas Hwy, Ste. 190**

City, State, Zip Code:     **Austin, TX 78731**

Telephone:             **(737) 808-2238**

9.   Should the Court grant applicant's motion, Applicant shall tender the amount of $100.00 *pro hac vice* fee in compliance with Local Court Rule AT-1(f)(2) [checks made payable to: **Clerk, U.S. District Court**].

10.  Should the Court grant applicant's motion, Applicant shall register as a filing user within 10 days of this order, pursuant to Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases in the Western District of Texas.

- 3 -

Wherefore, Applicant prays that this Court enter an order permitting the admission of

_____**Holt M. Lackey**_____ to the Western District of Texas *pro hac vice*

for this case only.

Respectfully submitted,

_____**Holt M. Lackey**_____
[printed name of Applicant]

_____
[signature of Applicant]

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a true and correct copy of this motion upon each attorney of record and the original upon the Clerk of Court on this the __**20th**__ day of _____**February**_____, ____**2018**____ .

_____**Holt M. Lackey**_____
[printed name of Applicant]

_____
[signature of Applicant]

- 4 -

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**JEFFREY LINES, individually and on behalf of**
**all others similarly situated**

    -vs-

**AMAZON.COM, INC.; TENET CONCEPTS,**
**LLC; and JOHN DOES 1-5**

Case No.   **1:17-cv-0072**

## O R D E R

    BE IT REMEMBERED on this the _____ day of _____, 20____, there was presented to the Court the Motion for Admission *Pro Hac Vice* filed by _____**Holt M. Lackey**_____ ("Applicant"), counsel for _____**all Plaintiffs**_____ and the Court, having reviewed the motion, enters the following order:

    IT IS ORDERED that the Motion for Admission *Pro Hac Vice* is GRANTED, and Applicant may appear on behalf of _____**all Plaintiffs**_____ in the above case.

    IT IS FURTHER ORDERED that Applicant, if Applicant has not already done so, shall, in compliance with Local Court Rule AT-1(f)(2), immediately tender the amount of $100.00, made payable to: **Clerk, U.S. District Court**.

    IT IS FURTHER ORDERED that Applicant, pursuant to the Administrative Policies and Procedures for Electronic Filing in Civil and Criminal cases in the Western District of Texas, shall register as a filing user within 10 days of the date of this Order.

    IT IS FINALLY ORDERED that Applicant's *Pro Hac Vice* status shall not become effective until Applicant has complied with all provisions of this Order.

    SIGNED this the _____ day of _____ 20____.

_____
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| JEFFREY LINES, individually and on behalf of all others similarly situated, | § § § | CASE NO. 1:17-cv-0072 |
| Plaintiffs, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| AMAZON.COM, INC.; TENET CONCEPTS, LLC; and JOHN DOES 1-5, | § § § | |
| Defendants. | § § | |

## JOINT STATUS REPORT

Plaintiff Jeffrey Lines, individually and on behalf of all others similarly situated ("Plaintiff") and Defendants Amazon.com, Inc. ("Amazon") and Tenet Concepts LLC ("Tenet" and collectively with Amazon "Defendants") file this Joint Status Report.

On January 25, 2018, Tenet filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, Case Number 18-40270-rfn11. *See* Dkt. 33-1. That same day, Tenet filed a Suggestion of Bankruptcy in this case. (Dkt. 33). On January 29, 2018, the Court ordered a status conference to be held on February 13, 2018. (Dkt. 34). On February 13, 2018, the Court held that conference and ordered the parties to submit a joint-status report addressing the issues discussed at the conference on or before February 27, 2018. (Dkt. 36). On February 23, 2018, the parties met and conferred in person at the offices of Defendants' attorneys regarding this joint-status report. While the parties did not reach agreement on their positions as to the proper next procedural steps in this case, the parties did agree to file the appropriate motions to request their respective preferred relief, as described below, within fourteen (14) days of this joint-status report (on or before March 13, 2018).

**Plaintiff's Position:**

Plaintiffs intend[1] to move on or before March 13, 2018 for the Bankruptcy Court to lift the automatic stay as it pertains to Tenet. Plaintiffs further intend to move this Court on or before that date for leave to add Principle Distribution, LLC ("Principle") (on information and belief based on publicly available documents the sole Member of Tenet) as a Defendant, and to remove John Does 1-5 as Defendants. Should the Bankruptcy Court deny Plaintiff's motion to lift the automatic stay as it pertains to Tenet, Plaintiff reserves the right to non-suit Tenet in this action and proceed against Amazon and Principle.

**Defendants' Position:**

Mr. Lines' claims against Tenet have been stayed by automatic stay of 11 U.S.C. §362 and will be adjudicated by the bankruptcy court. Defendants contend that Mr. Lines' claims against Amazon should also be heard as part of the pending Chapter 11 bankruptcy proceeding relating to Tenet in the Bankruptcy Court for the Northern District of Texas, because they are intertwined with Mr. Lines' claims against Tenet. In fact, the Defendants believe that the automatic stay may be applicable to or may be extended to Mr. Lines' claims against Amazon because of indemnification rights Amazon may have against Tenet. Only the Bankruptcy Court in which the bankruptcy case for Tenet is pending can grant relief from the automatic stay. Accordingly, Defendants anticipate filing a motion with this Court to transfer this action to the Northern District of Texas, Fort Worth Division, in the interest of justice and for the convenience of the parties, pursuant to 28 U.S.C. § 1412. Once the case is transferred to the Fort Worth District Court, the

---

[1] At the February 23, 2018 conference, Defendants' counsel suggested that there may be documents: (a) that contradict Plaintiff's belief, based on publicly available documents, that Principle is the sole Member of Tenet; and/or (b) that show that Tenet owes indemnification obligations to Amazon such that Tenet is ultimately liable for any judgment against Amazon. As of this filing such documents have not been produced. Plaintiff reserves the right to amend the course of action described above in the event that Defendants produce documents that contradict Plaintiff's understanding of the facts based on the information available to Plaintiff as of this filing.

standing order of reference in the Northern District of Texas provides that this case will be referred to the Northern District of Texas Bankruptcy Court. Thus, the claims in this action would proceed in the Northern District of Texas Bankruptcy Court, which is the court currently handling Defendant Tenet's Chapter 11 Bankruptcy.

Defendants would also ask the Court to note that notice of Tenet's bankruptcy case has been sent to all of its current and former employees, and which comprise the universe of potential members of the putative FLSA collective and putative Texas class. They have all been given notice of the Tenet bankruptcy case and instructions on how to assert their claims against the Tenet bankruptcy estate. Those claims will be adjudicated and paid as part of the chapter 11 process. Permitting Mr. Lines to proceed against Amazon in this Court, given Amazon's potential indemnification rights, will result in double recovery against Tenet. In view of the on-going claims allowance process and the application of the stay which can only be lifted by the Bankruptcy Court, that forum is the only practical choice to proceed forward.

Defendants anticipate requesting, in the alternative, that this Court refer this action to the Western District of Texas Bankruptcy Court, Austin Division. Thereafter, in the interest of justice and/or for the convenience of the parties, Defendants would move to transfer this action to the Northern District of Texas Bankruptcy Court. However, Defendants contend that the first option above would be the most convenient and expedient method of proceeding with this litigation, especially in view of the fact that the Bankruptcy Court for the Northern District of Texas is the only forum that can address any request for relief from the automatic stay

Dated:  February 27, 2018
        Austin, Texas

Respectfully submitted,


Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
**Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy., Ste. 190
Austin, Texas 78731
(737) 808-2262 (phone)
(737) 808-2260 (fax)

OF COUNSEL:

Holt Major Lackey
(*pro hac vice* pending)
Texas State Bar No. 24047763
hlackey@equalrights.law
**Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy., Ste. 190
Austin, Texas 78731
(737) 808-2238 (phone)
(737) 808-2260 (fax)

Robert J. Valli, Jr.
Sara Wyn Kane
James Vagnini
**Valli Kane & Vagnini, LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
(516) 203-7180 (phone)
(516) 706-0248 (fax)


**ATTORNEYS FOR PLAINTIFFS**


*/s/ Darren G.Gibson (by permission)*
Darren G. Gibson
Texas Bar No.  24068846
Salvador Davila
Texas Bar No.  24065119


**LITTLER MENDELSON, PC**

100 Congress Avenue, Suite 1400
Austin, Texas  78701
(512) 982-7250 (Telephone)
(512) 982-7248  (Facsimile)
dgibson@littler.com
sdavila@littler.com

**ATTORNEYS FOR DEFENDANTS
AMAZON.COM, INC. and TENET
CONCEPTS, LLC**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

**JEFFREY LINES, individually and on behalf of
all others similarly situated**

FILED

2018 FEB 27 PM 12: 34

CLERK U.S. _____ COURT
WESTERN _____ TEXA_
BY _____

-vs-                                                   Case No.   **1:17-cv-0072**

**AMAZON.COM, INC.; TENET CONCEPTS,
LLC; and JOHN DOES 1-5**

### O R D E R

BE IT REMEMBERED on this the __27th__ day of __February__, 20__18__, there

was presented to the Court the Motion for Admission *Pro Hac Vice* filed by

_____**Holt M. Lackey**_____ ("Applicant"), counsel for _____**all Plaintiffs**_____ and

the Court, having reviewed the motion, enters the following order:

IT IS ORDERED that the Motion for Admission *Pro Hac Vice* is GRANTED, and Applicant

may appear on behalf of _____**all Plaintiffs**_____ in the above case.

IT IS FURTHER ORDERED that Applicant, if Applicant has not already done so, shall,

in compliance with Local Court Rule AT-1(f)(2), immediately tender the amount of $100.00,

made payable to:   **Clerk, U.S. District Court**.

IT IS FURTHER ORDERED that Applicant, pursuant to the Administrative Policies and

Procedures for Electronic Filing in Civil and Criminal cases in the Western District of Texas, shall

register as a filing user within 10 days of the date of this Order.

IT IS FINALLY ORDERED that Applicant's *Pro Hac Vice* status shall not become effective

until Applicant has complied with all provisions of this Order.

SIGNED this the __27th__ day of __February__ 20__18__.

_____
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| JEFFREY LINES, individually and on behalf of all others similarly situated, | § § § | CASE NO. 1:17-cv-0072 |
| Plaintiffs, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| AMAZON.COM, INC.; TENET CONCEPTS, LLC; and JOHN DOES 1-5, | § § § | |
| Defendants. | § | |

## AGREED AMENDMENT TO JOINT STATUS REPORT

Plaintiff Jeffrey Lines, individually and on behalf of all others similarly situated ("Plaintiff") and Defendants Amazon.com, Inc. ("Amazon") and Tenet Concepts LLC ("Tenet" and collectively with Amazon "Defendants") file this Agreed Amendment to Joint Status Report.

On February 27, 2018, Plaintiff and Defendants filed a Joint Status Report. Dkt. 38. In that report, the parties reported that they had agreed "to file the appropriate motions to request their respective preferred relief, as described [therein], within fourteen (14) days of [that] joint-status report (on or before March 13, 2018)." Due to intervening events, the parties now agree that a one-week extension of that self-imposed filing deadline is desirable and in the interests of justice. Accordingly, the parties now agree to file the appropriate motions to request their preferred relief within seven (7) days of this Agreed Amendment to Joint Status Report (March 20, 2018).

The parties agree that this amendment is not made for the purposes of delay but in the interests of justice.

Dated:   March 13, 2018
         Austin, Texas


_/s/ Darren G.Gibson (by permission)_
Darren G. Gibson
Texas Bar No.  24068846
Salvador Davila
Texas Bar No.  24065119

**LITTLER MENDELSON, PC**
100 Congress Avenue, Suite 1400
Austin, Texas  78701
(512) 982-7250 (Telephone)
(512) 982-7248  (Facsimile)
dgibson@littler.com
sdavila@littler.com

**ATTORNEYS FOR DEFENDANTS
AMAZON.COM, INC. and TENET
CONCEPTS, LLC**

Respectfully submitted,


_____
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
Holt Major Lackey
Texas State Bar No. 24047763
hlackey@equalrights.law
**Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy., Ste. 190
Austin, Texas 78731
(737) 808-2262 (phone)
(737) 808-2260 (fax)

OF COUNSEL:

Robert J. Valli, Jr.
Sara Wyn Kane
James Vagnini
**Valli Kane & Vagnini, LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
 (516) 203-7180 (phone)
 (516) 706-0248 (fax)

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon all counsel of record via the Court's electronic filing system in accordance with the Federal Rules of Civil Procedure on March 13, 2018.

/s/ *Jay D. Ellwanger*
Jay D. Ellwanger

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| JEFFREY LINES, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiffs, | § § | Case No. 1:17-cv-00072-LY |
| vs. | § § | |
| AMAZON.COM, INC.; TENET CONCEPTS, LLC; and JOHN DOES 1-5, | § § § | |
| Defendants. | § § § § | |

## DEFENDANTS AMAZON.COM, INC. AND TENET CONCEPTS, LLC'S MOTION TO TRANSFER VENUE AND BRIEF IN SUPPORT

Defendants Amazon.com, Inc. ("Amazon") and Tenet Concepts, LLC ("Tenet") (collectively, "Defendants") hereby move to transfer these proceedings to the Northern District of Texas, Fort Worth Division, pursuant to 28 U.S.C. § 1412, for potential referral to the Bankruptcy Court of the Northern District of Texas, where the bankruptcy case of Tenet is currently pending. In the alternative, Defendants move to refer these proceedings to the Western District of Texas Bankruptcy Court, Austin Division, for transfer to the Bankruptcy Court of the Northern District of Texas.

## I.      INTRODUCTION

This case is a wage and hour lawsuit. Plaintiff Jeffery Lines ("Plaintiff") has sued Tenet and Amazon for unpaid wages under state and federal law arising from his employment with Tenet and alleged joint employment with Amazon (which Defendants deny). On January 25, 2018, Tenet filed a voluntary petition for bankruptcy under Chapter 11, and Plaintiff's claims against Tenet were automatically stayed pursuant to 11 U.S.C. § 362. Though Plaintiff's claims

1

against Amazon have not yet been stayed, those claims are so intertwined with the claims by the Plaintiff against Tenet that they cannot be separately litigated. The Plaintiff's claims against Amazon are really claims against Tenet, because Tenet has the duty to defend and indemnify Amazon. Therefore, a judgment against Amazon would essentially be a judgment against Tenet. And the continuation of the lawsuit, even if it is only against Amazon, will result in a claim against Tenet in the form of defense costs in addition to any underlying liability. Moreover, Amazon is Tenet's sole customer, and its continued relationship with Tenet is necessary to Tenet's chapter 11 reorganization and payment of its creditors. Consequently, Tenet and Amazon assert that the automatic stay also applies to Plaintiff's claims against Amazon.

Plaintiff relies on a theory of joint employment by Tenet and Amazon, and throughout his First Amended Complaint, he repeatedly asserts allegations against "Defendants" collectively, making it unclear which actions are attributable to Tenet and which are attributable to Amazon. Plaintiff does not allege any separate claims against Amazon, and he does not seek any separate relief from Amazon. In addition, the service contract between Tenet and Amazon provides indemnification rights to Amazon, which means the resolution of the claims against Amazon, or even just their continued litigation, will have a direct impact on the Tenet bankruptcy estate. Therefore, Defendants move to transfer this action to the Northern District of Texas, Fort Worth Division, under 28 U.S.C. § 1412, in the interests of justice, to be litigated as part of the pending Chapter 11 bankruptcy proceeding relating to Tenet.

In the alternative, Defendants request that this proceeding be referred to the Bankruptcy Court of the Western District of Texas as a related proceeding, pursuant to the Western District of Texas' October 4, 2013 Order of Reference of Bankruptcy Cases and Proceedings (the "Standing Reference Order").

## II.    PROCEDURAL BACKGROUND

In his operative First Amended Complaint, Plaintiff alleges that Defendants jointly employed him and other delivery drivers in Texas, California, and Illinois to deliver merchandise under the Amazon Prime Now model, which provided for one to two-hour delivery to Amazon Prime Now customers.[1] Plaintiff allegedly worked from Amazon's warehouse in Irving, Texas from October 6, 2015 until January 22, 2016.[2]

Plaintiff alleges Tenet "maintained a service contract with Defendant Amazon to provide delivery services for Defendant Amazon's merchandise to Defendant Amazon's customers."[3] Both Defendants admitted in their respective pleadings that Tenet and an Amazon subsidiary had a contract under which Tenet would provide one to two hour delivery services of Amazon's merchandise to Amazon Prime Now customers.[4] The contract between Amazon and Tenet incorporates Amazon's Delivery Provider Terms of Service, which include an indemnification provision requiring Tenet to indemnify and defend Amazon in this lawsuit. (Decl. ¶ 4.)

The allegations in Plaintiff's First Amended Complaint are almost entirely against "Defendants" collectively, and Plaintiff rarely differentiates between Tenet and Amazon in describing the alleged conduct.[5] Tenet admits to being an employer of Plaintiff.[6] Amazon denies any employment relationship with Plaintiff, and both Defendants deny a joint employer relationship.[7]

Based on these allegations, Plaintiff asserts four claims:  (1) unpaid overtime under the

---

[1] Dkt. No. 11, ¶¶ 2, 31, 36, 38.
[2] *Id.* at ¶¶ 32, 37.
[3] *Id.* at ¶¶ 2, 35.
[4] Dkt. Nos. 19 & 20, ¶¶ 2, 35.
[5] *See, e.g.,* Dkt. No. 11 at ¶¶ 4-8, 10-11, 42-44, 48-62, 139-142. These citations only point to some of the allegations against "Defendants," but in total, the word "Defendants" occurs in the Amended Complaint 173 times. *See generally, id.*
[6] Dkt. No. 20, ¶ 3.
[7] Dkt. No. 19, ¶¶ 3, 31; Dkt. No. 20, ¶¶ 3. 31.

3

FLSA; (2) minimum wage violations under the FLSA; (3) unlawful retention of tips under the FLSA; and (4) minimum wage violations under the Texas Labor Code.[8] Plaintiff also alleges a fifth claim for retaliation under the FLSA, claiming that Defendants terminated his employment after he complained to Defendants about alleged FLSA violations.[9]

Plaintiff seeks to represent three putative collectives under the FLSA—an overtime collective, a minimum wage collective, and a tip collective.[10] In addition, Plaintiff seeks to represent a Rule 23 "Texas class" to assert claims under state law.[11]

On January 25, 2018, Tenet filed a Suggestion of Bankruptcy, providing notice that it had filed a voluntary petition for bankruptcy relief under Chapter 11 in the Bankruptcy Court for the Northern District of Texas, Fort Worth Division, Case Number 18-40270-rfn11.[12] Tenet's Suggestion of Bankruptcy also provided notice of the automatic stay under section 362(a) of litigation and other proceedings against Tenet.[13] As set forth above, the claims by Plaintiff against Tenet and Amazon are so intertwined with and related to Tenet's bankruptcy case that the claims against both are subject to the automatic stay.

Prior to the Suggestion of Bankruptcy, the parties engaged in limited discovery, including the exchange of initial disclosures. On the day the Suggestion of Bankruptcy was filed, Defendants served written responses and objections to Plaintiffs' discovery requests, and Amazon has since produced a limited number of documents in response to those requests.

### III. ARGUMENT AND AUTHORITIES

The transfer of an action related to a bankruptcy case is controlled by 28 U.S.C. § 1412,

---

[8] *See* Dkt. No. 11.
[9] *Id.* at ¶¶ 199-203.
[10] *Id.* ¶¶ 128, 139, 150.
[11] *Id.* at ¶ 162.
[12] Dkt. No. 33.
[13] *Id.*

4

which states: "[a] district court may transfer a case or proceeding under Title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412; *see Leal v. Bednar*, No. 3:16-CV-3424-G, 2017 WL 565176, at *3 (N.D. Tex. Feb. 13, 2017) (applying section 1412 to transfer case relating to the bankruptcy proceeding); *Marroquin v. Taylor Bean & Whitaker Mortg. Corp.*, No. 3:09-BK-07047-JAF, 2013 WL 1703867, at *2 (Bankr. W.D. Tex. Apr. 19, 2013) (same); *Marquette Transportation Company v. Trinity Marine Products, Inc.*, No. CIVA 06-0826, 2006 WL 2349461, at *4 (E.D. La. Aug. 11, 2006) (same).[14] Rulings under 28 U.S.C. § 1412 are determined on a case-by-case basis that is subject to the broad discretion of the court considering a transfer of venue motion. *Reis v. Ardinger (In re Adkins Supply, Inc.)*, No. 11-10353-RLJ-7, 2015 WL 1498856, at *5 (Bankr. N.D. Tex. Mar. 27, 2015).

## A.      This Action Relates to Tenet's Bankruptcy Case.

The Bankruptcy Court of the Northern District of Texas is the proper venue to hear Plaintiff's claims against both Tenet and Amazon because they indisputably "relate to" the bankruptcy case. *See* 28 U.S.C. §§ 157(a)-(b). "Related to" jurisdiction exists where the outcome of a case "could conceivably have any effect" on the bankruptcy estate. *Edge Petroleum Oper. Co. v. GPR Holdings, L.L.C. (In re TXNB Internal Case)*, 483 F.3d 292, 298 (5th Cir. 2007) ("Certainty is unnecessary; an action is 'related to' bankruptcy if the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate.") (citing *Arnold v. Garlock, Inc.*, 278 F.3d

---

[14] The result under 28 U.S.C. § 1404(a) is the same. *Campbell v. Williams*, No. 1:14-CV-097, 2015 WL 3657627, at *4 (S.D. Tex. June 12, 2015) ("The only substantial difference between the statutes is the additional requirement under § 1404(a) that an action may be transferred to any place where venue could have been valid originally."). This case could have been originally filed the Northern District of Texas because it is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Plaintiff alleges he worked out of Amazon's Irving, Texas warehouse, which is within the Northern District. Dkt. No. 11, ¶ 37.

5

426, 434 (5th Cir. 2001); *Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 752 (5th Cir. 1995)), *cert. denied*, 552 U.S. 1022 (2007). This is a "broad and deferential analysis," and there is no doubt the test is met here. *Campbell*, 2015 WL 3657627, at *2.

In this case, the outcome of Plaintiff's claims absolutely will have an effect on the bankruptcy estate in a number of ways. First, Plaintiff's claims against Tenet are inextricably intertwined with his claims against Amazon. Plaintiff proceeds on a theory that Tenet and Amazon are joint employers of the putative class members, and he does not bother to differentiate between the acts of Tenet and the acts of Amazon in his First Amended Complaint.[15] Plaintiff does not allege any separate claims against Amazon, and he does not seek any separate relief from Amazon.[16] The sole basis for recovery from Amazon arises out of the alleged joint employment relationship and the same facts alleged against Tenet. Even Plaintiff's proposed collective and class definitions aim squarely at Defendants collectively, referring to "[a]ll delivery drivers employed by Defendants" and to "Defendants' policies" that allegedly violated the law.[17] Thus, Plaintiff's claims cannot be tried without Tenet, particularly when Tenet admits it was Plaintiff's employer.[18] But Tenet, which is protected by the automatic stay under section 362, cannot participate in proceedings in this Court.

Second, even if Plaintiff could prevail on any of his claims against Amazon alone, this too would affect the bankruptcy estate. As Plaintiff admits, Tenet contracted with Amazon to provide delivery services to Amazon's customers.[19] That contract includes an indemnification provision, pursuant to which Tenet has agreed to indemnify and defend Amazon in this case. (Decl. ¶ 4.) Thus, even if Plaintiff prevails against Amazon alone, it will impact the bankruptcy

---

[15] *See, e.g.,* Dkt. No. 11, ¶¶ 4-8, 10-11, 42-44, 48-62, 139-142.
[16] *See generally id.*
[17] *Id.* at ¶¶ 128, 139, 150, 162.
[18] Dkt. No. 20, ¶ 3.
[19] *See* Dkt. No. 11, ¶ 35.

6

estate. *Lone Star Fund V (US), LP v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010). *See Leal*, 2017 WL 565176 (case in which the plaintiff sought payment of subrogation from defendants, including the debtor, was related to the bankruptcy proceeding).

Third, even if Plaintiff does not prevail against Amazon, the mere continuation of this lawsuit creates a claim against Tenet because of its duty to indemnify Amazon. Every day this action continues against Amazon, Tenet is accruing an obligation to pay more defense costs. Finally, Amazon is Tenet's only customer. Tenet's business relationship with Amazon is crucial to Tenet's ability to reorganize and pay any of its creditors, including the Plaintiff.

Therefore, to allow this case to go forward would put Tenet—and Amazon—in an untenable position. Because of the indemnity agreement, a judgment against Amazon would be a judgment against the Tenet bankruptcy estate and continuation of this suit against Amazon creates a claim for defense costs against Tenet.. Consequently, the claims by the Plaintiff against Amazon are not only related to the bankruptcy case, but Tenet's interests are so closely aligned with Amazon's that the automatic stay applies to Amazon as well. And, the only court that can grant relief from that stay is the Bankruptcy Court in the Northern District.

**B.** **Because this Action Relates to the Bankruptcy, It Should be Transferred to the Bankruptcy Court in the "Interest of Justice."**

Section 1412 of the Judicial Code provides that proceedings may be transferred "in the interest of justice." 28 U.S.C. § 1412. There is a "strong presumption that proceedings related to a bankruptcy case should be transferred to the district where the bankruptcy proceedings are pending." *Leal*, 2017 WL 565176 at *4; *see also Campbell*, 2015 WL 3657627, at *3-4 (stating a presumption in favor of the "home court," or the court where the bankruptcy case is pending); *LSREF2 Baron, LLC v. Aguilar*, No. 3:12-CV-1242-M, 2013 WL 230381, at *4 (N.D. Tex. Jan. 18, 2013) (weighing presumption in favor of the forum where the bankruptcy case is pending as

7

a factor in favor of transfer). The most important factor when considering transfer of a related proceeding to the bankruptcy court is "whether transfer would promote the economic and efficient administration of the bankruptcy estate.'" *Leal*, 2017 WL 565176 at *4 (quoting *LSREF2 Baron*, LLC, 2013 WL 230381, at *4). Other factors include: (1) whether the interests of judicial economy would be served by the transfer; (2) the possibility of a fair trial; (3) either forum's interest in the controversy; (4) the enforceability of any judgment obtained; and (5) the plaintiff's original choice of forum. *Leal*, 2017 WL 565176 at *4.

Here, transfer of this case to the Northern District for referral to the Bankruptcy Court will further the economic administration of the estate by consolidating this dispute with other claims against the estate into one forum, thereby eliminating the risk of inconsistent rulings. The Bankruptcy Court has an interest in remaining the sole adjudicator of claims against Tenet's estate. Indeed, courts have held that "bankruptcy jurisdiction is designed to provide a single forum for dealing with all claims to the bankrupt's assets." *Elscint, Inc. v. First Wis Fin. Corp. (Matter of Xonics, Inc.)* (7th Cir. 1987) 813 F.2d 127, 131 (7th Cir. 1987); *Eggers v. TVZ Records, LLC*, No. A-08-CA-668-SS, 2010 WL 11506652, at *2 (W.D. Tex. Jan. 22, 2010) ("To transfer this case to the bankruptcy court would streamline disposition of both this case and the Bankruptcy Action, by bringing all matters related to the debtor and his assets into a single forum."). If Plaintiff were allowed to proceed against Amazon in this Court, it will result in a liability for Tenet due to the indemnification provision of the contract between Tenet and Amazon. Moreover, the Plaintiff's claims against Tenet and Amazon are so intertwined that the automatic stay should apply to both, and, since the Bankruptcy Court in the Northern District is the only court with the power to modify the stay, this action should be in that court. Thus, in the interest of the economic administration of Tenet's bankruptcy case, this Court should give

8

deference to the claims adjudication process in place in the Bankruptcy Court by allowing the proceeding to be transferred there.

Furthermore, judicial economy and fairness will be served by transferring the proceeding to the Bankruptcy Court. Notice of Tenet's bankruptcy has been sent to all of its current and former employees, which comprise the universe of potential members of the putative FLSA collective and putative Texas class. As a result, any claims those persons may have against Tenet will be adjudicated as part of the bankruptcy proceeding. Moreover, the Bankruptcy Court will be intimately familiar with Tenet's bankruptcy and the various administrative issues related to the cases, including the availability of Tenet's resources. Transfer of this case to the Bankruptcy Court will diminish the possibility of overlapping or inconsistent judgments. *See Leal*, 2017 WL 565176, at *4.

The remaining factors also weigh in favor of transfer. Plaintiff resides in the Northern District, and he was employed by Tenet in the Northern District of Texas, not the Western District.[20] And there is no reason to believe that the parties will not be able to receive a fair trial in the Northern District. In addition, a judgment outside of the Bankruptcy Court would be void and unenforceable against Tenet, absent the Bankruptcy Court lifting the stay.  In addition, a judgment will be equally enforceable whether entered in the Northern District or the Western District. While the Plaintiff's original choice of forum is considered, here it is outweighed by the interests of justice. *See Campbell*, 2015 WL 3657627, at *3 (though a court typically gives weight to a plaintiff's choice of forum, "a transfer is nonetheless appropriate if it is in the interest of justice or for the convenience of the parties").

Given that Tenet's bankruptcy is pending in the Northern District of Texas, transfer of this case is warranted given (i) the judicial economy and the economic benefit to the estate to

---

[20] First Am. Compl. ¶¶ 15, 37.

9

having all claims in one proceeding; (ii) the Bankruptcy Court's interest in having all claims in a single forum and the reduced risk of inconsistent rulings; (iii) the Northern District's connection to the underlying matter; and (iv) the enforceability of any judgment.

### C. In the Alternative, This Case Should Be Referred to the Bankruptcy Court of the Western district of Texas

In the alternative, Defendants request that the Court refer this action to the Bankruptcy Court of the Western District of Texas under 28 U.S.C. § 157(a) and the Standing Reference Order. In the event of such a referral, Defendants will then move that Court to transfer the case to the Bankruptcy Court in the Northern District, for all of the reasons set forth above.

## IV. CONCLUSION

For the above reasons, Defendants request that the Court transfer this action to the Northern District of Texas, Fort Worth Division, for referral to the Bankruptcy Court of the Northern District of Texas. In the alternative, Defendants request the Court transfer this action to the Bankruptcy Court of the Western District of Texas.

Dated: March 20, 2018                    Respectfully submitted,


                                        /s/ Darren G. Gibson
                                        **Darren G. Gibson**
                                        State Bar No. 24068846
                                        **Salvador Davila**
                                        State Bar No. 24065119

                                        **LITTLER MENDELSON, PC**
                                        100 Congress Avenue, Suite 1400
                                        Austin, Texas 78701
                                        (512) 982-7250 (Telephone)
                                        (512) 982-7248 (Facsimile)
                                        dgibson@littler.com
                                        sdavila@littler.com

                                        **ATTORNEYS FOR DEFENDANTS TENET CONCEPTS, LLC AND AMAZON.COM, INC.**

10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded via ECF with the court, on this the 20th day of March, 2018, to the following counsel:

| | |
|---|---|
| Jay D. Ellwanger | Holt Major Lackey |
| DiNovo Price Ellwanger & Hardy LLP | DiNovo Price Ellwanger & Hardy LLP |
| 7000 North MoPac Expressway, Suite 350 | 7000 North MoPac Expressway, Suite 350 |
| Austin, Texas 78731 | Austin, Texas 78731 |
| 512.539.2626 - telephone | 512.539.2626 - telephone |
| 512.539.2627 – facsimile | 512.539.2627 – facsimile |
| | |
| ATTORNEYS FOR PLAINTIFFS | ATTORNEYS FOR PLAINTIFFS |

Robert J. Valli, Jr.
Sara Wyn Kane
James Vagnini
Valli Kane & Vagnini, LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
(516) 203-7180 - telephone
(516) 706-0248 – facsimile

ATTORNEYS FOR PLAINTIFFS

/s/ Darren G. Gibson
Darren G. Gibson

11

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| JEFFREY LINES, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Case No. 1:17-cv-00072-LY |
| AMAZON.COM, INC.; TENET CONCEPTS, LLC; and JOHN DOES 1-5, | § § § | |
| Defendants. | § § § § | |

## DECLARATION OF SCOTT CASS

This declaration is made pursuant 28 U.S.C. §1746. My name is Scott Cass. As the President and Chief Financial Officer for Tenet Concepts, LLC, I am duly qualified and authorized in all respects to make this declaration.

1.      On or about March 9, 2015, Amazon Logistics, Inc.[1] ("Amazon") and Tenet Concepts, LLC ("Tenet") executed a Delivery Provider Terms of Service Work Order agreement ("Contract"). A true and correct copy of the Contract is attached as Exhibit A.

2.      On or about November 30, 2016, Amazon and Tenet executed a Sixteenth Amendment to the Contract ("Amended Contract"). A true and correct copy of the Amended Contract is attached as Exhibit B.

3.      On or about June 21, 2016, Amazon and Tenet entered into a Delivery Provider Terms of Service ("DSP Terms of Service"). A true and correct copy of the DSP Terms of Service is attached as Exhibit C. The Contract and Amended Contract incorporated the DSP Terms of

---

[1] Amazon Logistics, Inc. is a subsidiary of Amazon.com, Inc.

1

Service, as the same may be amended, modified, or supplemented from time to time. *See* Exhibits A and B.

4.      The DSP Terms of Service contains an indemnification clause, requiring Tenet to indemnify and defend Amazon in this litigation, styled Case No. 1:17-cv-00072-LY, *Jeffrey Lines v. Amazon.com, Inc., Tenet Concepts, LLC, et. al.*, in the United States District Court for the Western District of Texas, Austin Division. *See* Exhibit C, ¶9.

5.      Specifically, the DSP Terms of Services states as follows:

> You will defend, indemnify and hold harmless Amazon and its Affiliates and successors, and each of their respective directors, officers and employees (each an "Indemnified Party" and, collectively, the "Indemnified Parties") from any third-party allegation or claim based on, or any loss, damage, settlement, cost, expense and any other liability (including but not limited to reasonable attorneys' fees and expenses) arising out of or in connection with, (i) any allegation or claim of negligence, strict liability or misconduct of you or your Personnel, (ii) a breach of these Terms, the Program Policies, or any Work Order by you or your Personnel, (iii) any action or inaction by you or any of your Personnel (including, without limitation, any and all loss or damage to personal property or bodily harm (including death)), or (iv) any allegation or claim that you or any of your Personnel failed to comply with applicable Law.  However, the foregoing indemnification obligation does not apply to the extent that any claim subject to indemnification results from the negligence or willful misconduct of the Indemnified Parties.
>
> Your duty to defend is independent of your duty to indemnify.  Your obligations under this Section are independent of any of your other obligations under these Terms.  You will use counsel reasonably satisfactory to the Indemnified Parties to defend each indemnified claim, and the Indemnified Parties will cooperate (at your expense) with you in the defense.  You will not consent to the entry of any judgment or enter into any settlement without the Indemnified Parties' written consent.

Exhibit C, ¶9.

6.      I have read the above and foregoing Declaration, I have personal knowledge of the facts stated in the Declaration, and I affirm that they are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in _AMAR_County, State of _TEXAS_ , on the _20_ day of March, 2018.

Scott Cass
President and CFO of
Tenet Concepts, LLC

# EXHIBIT A

# Delivery Provider Terms of Service

## Work Order

This Work Order (this "Work Order") is effective as of March 1, 2015 ("Work Order Agreement Date"), and is made a part of the Delivery Provider Terms of Service (as the same may be amended, modified or supplemented from time to time, the "Terms") between Amazon Logistics, Inc. ("Amazon"), and you or the entity that you represent.  By accepting this Work Order, you (a) on behalf of yourself and the entity that you represent, agree to be bound by all terms and conditions of this Work Order, and (b) represent and warrant that you have legal authority to bind the entity that you represent to this Work Order.  This Work Order incorporates the terms and conditions of each Schedule attached to this Work Order (including the policies set forth on Schedule A to this Work Order (the "Policies")).  Please see the Terms for definitions of certain capitalized terms used in this Work Order.

1.     **Services**.  Services under this Work Order will commence on the Work Order Agreement Date, and this Work Order will be subject to the same termination rights set forth in the Terms. Deliverables may be tendered by Amazon or its designees from delivery stations, sort centers, fulfillment centers, and/or other distribution points (including merchant locations) (collectively, the "Distribution Points") and accepted by you Monday through Sunday, 365 days a year, at times and days designated by Amazon.  The initial Distribution Points at which Deliverables will be tendered are set forth on Schedule B to this Work Order.  Amazon and you may from time to time and at any time update the Distribution Points set forth on Schedule B to this Work Order. Deliveries of Deliverables are to be made on the same day they are tendered to you and within the delivery time window specified by Amazon.  You will perform the Services in accordance with the Policies and with any standard operating procedures (including those relating to check-in and loading of Deliverables at Distribution Points and the delivery of Deliverables to Amazon customers) that are agreed between Amazon and you from time to time.

2.     **Service Areas**.  Deliverables will be delivered within the geographic areas serviced by the Distribution Points set forth on Schedule B to this Work Order, as updated from time to time by Amazon and you.

3.     **Performance Standards**.  You will perform the Services under this Work Order in accordance with the performance standards set forth on Schedule C to this Work Order.

4.     **Fees Payable by Amazon**.  The following are the rates and charges to be charged to and paid by Amazon in consideration of the Services furnished by you:

    a.     The Fees for Services set forth on Schedule D to this Work Order.

    b.     The Uniform and Vehicle Brand Promotion Fee set forth on Schedule D to this Work Order.  In consideration of accepting this fee, you agree that (i) all of your Personnel who are visiting customer premises or otherwise interacting with customers will wear a uniform that complies with the specifications set forth on Schedule E to this Work Order, which Amazon may change from time to time, and (ii) all of your Vehicles will, while being used to provide Services under the Agreement, meet the vehicle branding specifications set forth on Schedule F to this Work

AMZ_JLINES_00000038

Order, which Amazon may change from time to time. In exchange for your participation, Amazon agrees to provide the identifying logos, marks and insignia that comprise the uniform and vehicle branding specifications. You may elect to cease receiving the Uniform and Vehicle Brand Promotion Fee by giving Amazon 30 days' prior written notice.

5.     **Insurance**. You will, at all times during which you provide the Services and for at least two years after all Services are completed, carry, at your expense: (a) "Commercial General Liability" insurance with limits of not less than $5,000,000 per occurrence and in the general aggregate (or such other amount approved by Amazon in writing); (b) "Business Automobile Liability" insurance (also known as 'motor fleet' insurance) with limits of not less than $5,000,000 per occurrence for bodily injury and property damage combined (or such other amount approved by Amazon in writing); (c) "Worker's Compensation" insurance, including but not limited to coverage for all costs, benefits and liabilities under workers' compensation and similar Laws that may accrue in favor of any person employed by you in all states where you perform Services, and "Employer's Liability" insurance with a limit of not less than $1,000,000 (or such other amount approved by Amazon in writing); and (d) "Cargo Legal Liability" insurance, or similar coverage, with limits sufficient to cover your liability under Section 6 (Claims for Loss or Damage) of the Terms, but in no event less than $25,000 per loss (or such other amount approved by Amazon in writing). You may satisfy the foregoing minimum limits by any combination of primary liability and umbrella excess liability coverage that results in the same protection to you and Amazon insured parties. You may self-insure for workers' compensation where allowed by applicable Law. Each of your insurance policies must: (u) be issued by companies with a rating of A-/VII or better in the current Best's Insurance Reports published by A.M. Best Company, Inc.; (v) provide that the coverage limits will not be reduced below the minimum amounts required by this paragraph and such policy will not be canceled or allowed to expire without at least 30 days' prior written notice from the insurance carrier to Amazon; (w) for (a) and (b) above, name Amazon and its Affiliates, and their respective officers, directors, employees, successors, assigns, licensees, distributors, contractors and agents as additional insureds with the standard separation of insureds provision or an endorsement for cross-liability coverage; (x) provide coverage on an occurrence basis; (y) waive any insurer right of subrogation against Amazon and its Affiliates and their respective officers, directors, employees, successors, assigns, licensees, distributors, contractors and agents, where allowed by applicable Law; and (z) provide primary coverage, without any right of contribution from any other insurance that Amazon or any of its Affiliates may have.

6.     **Audit Rights**. Upon 72 hours' advance written notice to you, Amazon may, during normal business hours and at the expense of Amazon, review your records relating to the Terms, the Program Policies, this Work Order or your performance of the Services under this Work Order. Upon 24 hours' advance written notice to you, Amazon may, during normal business hours and at the expense of Amazon, perform an on-site visit of your delivery operations or conduct "ride-along" observations of your Personnel performing the Services (each, a "Ride-Along Observation"); provided, that, without your consent, (a) during the first week of providing the Services under this Work Order, Amazon will conduct no more than one Ride-Along Observation per day, and (b) after the first week of providing the Services under this Work Order, Amazon will conduct no more than four Ride-Along Observations per month. If any review establishes that there has been any noncompliance by you or overpayment by Amazon, you will promptly cure the non-compliance and/or refund the overpayment, as applicable, and will bear all expenses in connection with the review, all without limiting any other rights or remedies that may be available

AMZ_JLINES_00000039

to Amazon. Also, upon 24 hours' advance written notice, Amazon may, during normal business hours and at the expense of Amazon, inspect any of the processes, procedures, or systems related to your delivery operations.

7. **Personnel Performing Services**. You agree that you and all of your Personnel that perform the Services will satisfy the criteria set forth in the Policies and on <u>Schedule G</u> to this Work Order.

8. **Notices to Amazon**. Notices to Amazon under this Work Order or the Terms may be provided by (a) facsimile transmission to 206-266-2009, or (B) nationally recognized overnight courier service, certified mail (return receipt requested), or personal delivery to Amazon Logistics, Inc., 410 Terry Avenue North, Seattle, WA 98109-5210, Attention: General Counsel.

[Signature Page Follows]



IN WITNESS WHEREOF, properly authorized representatives of the undersigned have executed this Work Order.



| **Amazon Logistics, Inc.** | **Tenet Concepts, LLC** |
| --- | --- |
| By: _Torsten Pilz_ | By: _Tom Mauriello_ |
| BAE77CF5955B4FA... | F8067EFCD4AE486... |
| Name: Torsten Pilz | Name: Tom Mauriello |
| Title: Vice President | Title: Vice President |
| Date Signed: March 9, 2015 | Date Signed: March 7, 2015 |

[Signature Page to Work Order]



AMZ_JLINES_00000041

## Schedule A

**Policies**

<u>Your Personnel; No Subcontractors</u>.

You will hire and employ all drivers, cyclists, walkers, and other Personnel who are assigned by you to perform the Services under this Work Order.  You will not engage subcontractors to perform the Services without the prior written consent of Amazon.



## Schedule B

### Distribution Points

1.  DSF1 – San Francisco, CA



## Schedule C

### Performance Standards

| Category | Performance Metric | Measurement Definition | Minimum Service Level |
|----------|-------------------|------------------------|----------------------|
| Customer Experience | Estimated Arrival Date (EAD) - Attempted | % of packages that were attempted for delivery on the date scheduled. | >=99% |
| Customer Experience | Delivery Accuracy | Defects Per Million Opportunities (DPMO) of Orders mis-delivered | <1000 |
| Customer Experience | First Time Delivery Success (FTDS) | % of packages that were delivered in the first attempt | >=90% |
| Quality | Concessions | Concessions DPMO - attributed to your Personnel (lates, mis-deliveries, etc.) | <1000 |
| Quality | Contacts Per Order (CPO) | Amazon Customer Service CPO (excluding contacts for redelivery requests) attributed to your Personnel | <1% |

AMZ_JLINES_00000044

## Schedule D

**Fees Payable by Amazon***

Fees for Services

| Delivery Fee – Normal Route (8.5 hours) | $279.50 per Planned Route |
|---|---|
| Delivery Fee – Normal Route (10.5 hours) | $294.00 per Planned Route |
| Delivery Fee – FBAF Route (7 hours) | $242.00 per Planned Route |
| Delivery Fee – FBAF Route (10 hours) | $347.00 per Planned Route |

Uniform and Vehicle Brand Promotion Fee

| All Planned Routes | $23.00 per Planned Route |
|---|---|

\* If you are unable for any reason to service all of the Planned Routes to which you commit, you will pay Amazon an amount equal to the fees that would have been payable to you under this Work Order in respect of each Planned Route that you are unable to service.

AMZ_JLINES_00000045

## **Schedule E**

### **Uniform Specifications**

<u>Uniform Shirt and Jacket</u>:

To be determined from time to time by Amazon.

<u>Uniform Pants or Shorts</u>:

To be determined from time to time by Amazon.

<u>Uniform Hat</u>:

To be determined from time to time by Amazon.



## Schedule F

### Vehicle Branding Specifications

Upon a request from Amazon, you agree to make available for branding by Amazon any and all Vehicles that will be used to provide Services under this Work Order. If required by Amazon, such Vehicles must be branded before they are used to provide Services under this Work Order. Unless Amazon agrees otherwise, Vehicles that display Amazon branding will be dedicated exclusively to the Services and will not be used for any other purpose.


AMZ_JLINES_00000047

### Schedule G

### Delivery Personnel Criteria

## Minimum Delivery Personnel Requirements

All of your delivery Personnel must satisfy the following requirements:

- Must possess valid driver's license of the type required by Law to operate applicable Vehicles and transport applicable Deliverables
- Minimum age: 21
- Minimum six months of verifiable experience in like Vehicle within last three years
- No DUI/DWI within five previous years
- No major preventable collisions within three previous years
- Maximum of two non-serious moving violation convictions or preventable minor collisions or any combinations thereof in a commercial or personal vehicle within previous three years
- No driver's license suspensions within previous three years relative to a moving violation in a commercial or personal vehicle
- Pass a drug and alcohol screening test
- Pass a regulatory agency (DOT) specific physical examination
- Pass an extended road test
- Pass a background verification (described further below)
- Verify competency in critical skill areas for the specific driving position

## Background Verification

You will require each applicant to provide a Social Security Number ("SSN") or equivalent unique identifier, and will conduct a SSN search confirming that the supplied SSN is valid and that it correctly identifies the applicant. The SSN search ("SSN Search") must include:

1.     An identification of aliases via SSN search results; and

2.     A search by all aliases (including those provided by SSN search and those supplied by applicant) when conducting each criminal records search.

You will conduct:

1.     a search of the National Criminal Database and a search in each county and corresponding federal district, if any, in which a criminal history is identified by the National Criminal Database search;

2.     a federal crimes search of all federal districts in which the applicant has lived (as determined by a self-report and the SSN search);

AMZ_JLINES_00000048

3.      a felony and misdemeanor search of all county courts in which the applicant has lived in the past seven years (as determined by a self-report and the SSN Search); provided, that for former addresses located within AL, CO, FL, GA, KY, MD, MO, NE, NM, NY, NC, OR, SC, UT, WA, or WI only, a "statewide" search is permitted in lieu of a county court search;

4.      a search of the National Sex Offender Database and a search in each county and corresponding federal district, if any, in which a criminal history is identified by the National Sex Offender Database; and

5.      a search of the Office of Foreign Assets Control.

## Criminal History Assignment

You will use the following criteria when determining who may be placed for assignment with Amazon when criminal history is discovered:

1.      You will not assign any Personnel having any felony conviction within the past seven years related to alcohol, drugs, harassment, sex crimes, theft (including identity theft), traffic, trespassing, violence or weapons.  The list of prohibited convictions includes, but is not limited to, assault, battery, domestic disputes, murder, disfigurement, rape, terrorist acts or other crimes involving bodily injury or threats of bodily injury, theft, burglary, robbery, embezzlement, shoplifting, forgery, and fraud.  Amazon does not consider convictions for crimes involving the failure to pay child support or alimony to fit within the category of crimes of dishonesty.

2.      You will not assign any Personnel having any misdemeanor conviction within the past seven years related to harassment, theft (including identity theft), fraud, sex crimes, violence, weapons, or trespassing.

3.      You will not assign any Personnel having any misdemeanor convictions within the past three years related to the possession, sale or use of illegal drugs. Marijuana related misdemeanor convictions older than two years may not be considered in California.

4.      You will not assign any Personnel appearing on any national or applicable state sex offender registry or any relevant national governmental restricted list (e.g., Office of Foreign Asset Control (OFAC)), within the past seven years.

5.      You will not assign any Personnel that have a pending case(s) reportable by state law that, if convicted, would result in failure to satisfy the requirements set forth in this Schedule G.

You will include the end of sentencing, limited to release date from prison, parole and probation, when determining whether a crime is within the past seven-, three- or two-year scope. Probation cannot be used to extend scope in CA, KS, MA, MD, NM, NY, WA, WI (Dane Co).



AMZ_JLINES_00000049

# EXHIBIT B

# Sixteenth Amendment
## to Work Order
### under the Delivery Provider Terms of Service

  This Sixteenth Amendment to Work Order (this "<u>Sixteenth Amendment</u>") is effective as of December 4, 2016, and amends that certain Work Order, dated as of March 1, 2015, as amended by the First Amendment to Work Order, dated as of March 16, 2015, the Second Amendment to Work Order, dated as of March 30, 2015, the Third Amendment to Work Order, dated as of April 10, 2015, the Fourth Amendment to Work Order, dated as of May 1, 2015, the Fifth Amendment to Work Order, dated as of July 26, 2015, the Sixth Amendment to Work Order, dated as of August 17, 2015, the Seventh Amendment to Work Order, dated as of September 30, 2015, the Eighth Amendment to Work Order, dated as of September 30, 2015, the Ninth Amendment to Work Order, dated as of October 11, 2015, the Tenth Amendment to Work Order, dated as of November 1, 2015, the Eleventh Amendment to Work Order, dated as of February 3, 2016, the Twelfth Amendment to Work Order, dated as of February 14, 2016, the Thirteenth Amendment to Work Order, dated as of March 1, 2016, the Fourteenth Amendment to Work Order, dated as of August 28, 2016, and the Fifteenth Amendment to Work Order, dated as of October 9, 2016 (the "<u>Work Order</u>"), by and between Tenet Concepts, LLC ("<u>you</u>") and Amazon Logistics, Inc., a Delaware corporation ("<u>Amazon</u>").  All capitalized terms used and not defined in this Sixteenth Amendment have the respective meanings assigned to such terms in the Delivery Provider Terms of Service to which you agreed on the Delivery Provider Platform (as the same may be amended, modified, or supplemented from time to time, the "<u>Terms</u>").

  Amazon and you agree as follows:

  **1.**  <u>**Amendment to Schedule D.**</u>  Schedule D to the Work Order is hereby deleted in its entirety and replaced with Schedule D attached hereto.

  **2.**  <u>**No Other Amendments; Conflicts.**</u>  Except as expressly amended hereby, the Work Order remains in full force and effect in accordance with its terms.  In the event of any conflict between the terms of this Sixteenth Amendment and the terms of the Work Order, the terms of this Sixteenth Amendment will control.

[Signature Page Follows]

AMZ_JLINES_00000031

DocuSign Envelope ID: 04F7E40B74E52116C9DBAC4E5A569CD1

IN WITNESS WHEREOF, properly authorized representatives of the undersigned have executed this Sixteenth Amendment.

**Amazon Logistics, Inc.**

By: _Penny Register-Shaw_ _____
F12B31CBDA6D45A...

Name: _Penny Register-Shaw_____

Title: _Director Contractor Relations_____

Date Signed: _November 30, 2016_____

**Tenet Concepts, LLC**

By: _Tom Mauriello_ _____
F8067EECD4AE54B...

Name: _Tom Mauriello_____

Title: _Chief Operation Officer_____

Date Signed: _November 30, 2016_____

[Signature Page to Sixteenth Amendment to Work Order]

DocuSign Envelope ID: ...

## Schedule D

**Fees Payable by Amazon**

### Part I – Fresh and FBAF (DSF1)*

Fees for Services

| | |
|---|---|
| Delivery Fee – Normal Route (8.5 hours) | $279.50 per Planned Route |
| Delivery Fee – Normal Route (10.5 hours) | $294.00 per Planned Route |
| Delivery Fee – FBAF Route (7 hours) | $242.00 per Planned Route |
| Delivery Fee – FBAF Route (10 hours) | $347.00 per Planned Route |

Uniform and Vehicle Brand Promotion Fee

| | |
|---|---|
| All Planned Routes | $23.00 per Planned Route |

* If you are unable for any reason to service all of the Planned Routes contemplated by this Part I of Schedule D to which you commit, you will pay Amazon an amount equal to the fees that would have been payable to you under this Part I of Schedule D in respect of each such Planned Route that you are unable to service.

**Part II – Prime Now**

| Distribution Point | Duration of Planned Route | Fees for Services (per Planned Route) | Uniform and Vehicle Brand Promotion Fee (per Planned Route) | Total (per Planned Route) |
|---|---|---|---|---|
| UCA7* | 1 hour | $21.78 | $5.00 | $26.78 |
| | 2 hours | $48.56 | $5.00 | $53.56 |
| | 3 hours | $75.34 | $5.00 | $80.34 |
| | 4.5 hours | $102.12 | $5.00 | $107.12 |
| | 6.5 hours | $155.68 | $5.00 | $160.68 |
| | 8.5 hours | $209.24 | $5.00 | $214.24 |
| | 10.5 hours | $262.80 | $5.00 | $267.80 |
| UCA8** | 4.5 hours | Launch Period: $102.60 Steady State: $99.20 | $5.00 | Launch Period: $107.60 Steady State: $104.20 |
| | 6.5 hours | Launch Period: $156.40 Steady State: $151.30 | $5.00 | Launch Period: $161.40 Steady State: $156.30 |
| | 8.5 hours | Launch Period: $210.20 Steady State: $203.40 | $5.00 | Launch Period: $215.20 Steady State: $208.40 |
| | 10.5 hours | Launch Period: $264.00 Steady State: $255.50 | $5.00 | Launch Period: $269.00 Steady State: $260.50 |
| UTX1 | 4.5 hours | $79.00 | $5.00 | $84.00 |
| | 6.5 hours | $121.00 | $5.00 | $126.00 |
| | 8.5 hours | $163.00 | $5.00 | $168.00 |
| | 10.5 hours | $205.00 | $5.00 | $210.00 |
| UTX2 and UTX3 | 4.5 hours | $74.00 | $5.00 | $79.00 |
| | 6.5 hours | $113.50 | $5.00 | $118.50 |
| | 8.5 hours | $153.00 | $5.00 | $158.00 |
| | 10.5 hours | $192.50 | $5.00 | $197.50 |

*  At UCA7, in addition to the applicable Planned Route rate set forth in the table above, Amazon will pay you $4.00 per delivery for Amazon Fresh deliveries only.

**  For purposes of the UCA8 rates: (a) "Launch Period" means the period through (and including) the three-week anniversary of the date on which the UCA8 site is publicly launched to fulfill Prime Now orders; and (b) "Steady State" means the period following the Launch Period.

## Part III – Parcel

| Distribution Point | Duration/Type of Planned Route | Base Route Rate (per Planned Route) | Uniform and Vehicle Brand Promotion Fee (per Planned Route) | Dispatcher Fee (per calendar week per Distribution Point) | Fuel Allowance |
|---|---|---|---|---|---|
| DAU1 | 5.5 hours | $158.25 | $5.00 | $1,395.00 | See below. |
| | 6.5 hours | $180.70 | $5.00 | | |
| | 7.5 hours | $203.15 | $5.00 | | |
| | 8.5 hours | $225.60 | $5.00 | | |
| | 9.5 hours | $248.05 | $5.00 | | |
| | 10.5 hours | $270.50 | $5.00 | | |
| DCH1, DCH2, and DCH3 | 5.5 hours | $165.00 | $5.00 | $1,350.00 | See below. |
| | 6.5 hours | $189.80 | $5.00 | | |
| | 7.5 hours | $214.60 | $5.00 | | |
| | 8.5 hours | $239.40 | $5.00 | | |
| | 9.5 hours | $264.20 | $5.00 | | |
| | 10.5 hours | $289.00 | $5.00 | | |
| DDA1 and DDA4 | 5.5 hours | $150.00 | $5.00 | $1,300.00 | See below. |
| | 6.5 hours | $170.80 | $5.00 | | |
| | 7.5 hours | $191.60 | $5.00 | | |
| | 8.5 hours | $212.40 | $5.00 | | |
| | 9.5 hours | $233.20 | $5.00 | | |
| | 10.5 hours | $254.00 | $5.00 | | |
| DHO1 | 5.5 hours | $159.50 | $5.00 | $1,410.00 | See below. |
| | 6.5 hours | $182.20 | $5.00 | | |
| | 7.5 hours | $204.90 | $5.00 | | |
| | 8.5 hours | $227.60 | $5.00 | | |
| | 9.5 hours | $250.30 | $5.00 | | |
| | 10.5 hours | $273.00 | $5.00 | | |
| DSF3 | 4 hours | $135.00 | $5.00 | $1,500.00 | See below. |
| | 5.5 hours | $161.70 | $5.00 | | |
| | 6.5 hours | $195.00 | $5.00 | | |
| | Same Day Planned Route | $195.00 | $5.00 | | |
| DSF4 | 5.5 hours | $157.50 | $5.00 | $1,500.00 | See below. |
| | 6.5 hours | $190.00 | $5.00 | | |
| | Same Day Planned Route | $190.00 | $5.00 | | |
| SAT5 | 5.5 hours | $150.00 | $5.00 | $1,500.00 | See below. |
| | 6.5 hours | $170.80 | $5.00 | | |
| | 7.5 hours | $191.60 | $5.00 | | |
| | 8.5 hours | $212.40 | $5.00 | | |
| | 9.5 hours | $233.20 | $5.00 | | |
| | 10.5 hours | $250.00 | $5.00 | | |
| | Helper (if applicable) | $135.32 | N/A | | |

1. <u>Base Route Rate</u>. The Base Route Rates set forth above are the rates payable by Amazon for any Planned Route that is actually performed by you.

2. <u>Fuel Allowance</u>. The Base Route Rates will be supplemented by the fuel allowance rate per mile corresponding to the Index Price (as defined below) set forth on Attachment 1 to this Part III of <u>Schedule D</u> (as applied, the "<u>Fuel Allowance</u>") applicable on the date on which the Planned Route is

performed.  For the purposes of this paragraph 2, the applicable index price level (the "<u>Index Price</u>") used to calculate the Fuel Allowance payable in respect of Services performed in any given calendar month will be based on the applicable regional PADD-EIA prices for the prior calendar month. The PADD-EIA prices used to calculate the Fuel Allowance can be found at http://www.eia.gov/dnav/pet/pet_pri_gnd_a_epm0_pte_dpgal_m.htm.  Mileage will be based on the average planned miles (based on Amazon's route planning technology) for all Planned Routes originating from the applicable Distribution Point during the prior calendar month, provided that if there is insufficient data to calculate average planned miles for the prior calendar month, mileage will be based on an estimate of the average planned miles (based on Amazon's route planning technology) for all Planned Routes originating from the applicable Distribution Point during the current calendar month.

3.  <u>Dispatcher Fee</u>.  In connection with performing Services, it is anticipated that you will provide a dispatcher to assign Planned Routes to your delivery Personnel and to communicate with your delivery Personnel before, during, and after a Planned Route is completed.  Amazon will pay you the Dispatcher Fee set forth above on a weekly basis for each calendar week during which you actually provide a dispatcher in connection with performing Services.  If, for any given calendar week, the daily average number of Planned Routes that you perform from a specific Distribution Point is greater than 30 Planned Routes, Amazon will pay you a second Dispatcher Fee for such week.

4.  <u>Uniform and Vehicle Brand Promotion Fee</u>.  In consideration of accepting the Uniform and Vehicle Brand Promotion Fee, you agree that (a) all of your Personnel who are visiting customer premises or otherwise interacting with customers will wear a uniform that complies with the specifications set forth on <u>Schedule E</u> to this Work Order, which Amazon may change from time to time, and (b) all of your Vehicles will, while being used to provide Services under the Agreement, meet the vehicle branding specifications set forth on <u>Schedule F</u> to this Work Order, which Amazon may change from time to time.  In exchange for your participation, Amazon agrees to provide the identifying logos, marks and insignia that comprise the uniform and vehicle branding specifications.  You may elect to cease receiving the Uniform and Vehicle Brand Promotion Fee by giving Amazon 30 days' prior written notice.

5.  <u>Unplanned Time</u>.  Certain factors outside of your and your Personnel's control may make it impractical to complete a 10.5-hour Planned Route in no more than 10.5 hours.  Such factors may include the late arrival of a line haul to the Distribution Point, unexpected traffic delays and other on-road issues, and increased volumes on Planned Routes.  In such circumstances, Amazon may, in its discretion, elect to pay you for this unplanned time exceeding 10.5 hours at a rate equal to (a) $28.52 per hour at DAU1, (b) $31.55 per hour at DCH1, DCH2, and DCH3, (c) $26.82 per hour at DDA1, DDA4, and SAT5, (d) $28.78 per hour at DHO1, (e) $33.00 per hour at DSF3, and (f) $32.50 per hour at DSF4.

6.  <u>Training Routes</u>.  If, at the request of Amazon, one of your new delivery associates accompanies an experienced delivery associate on a Planned Route for training purposes (a "<u>Training Route</u>"), Amazon will pay you (a) $201.27 per Training Route at DAU1, DCH1, DCH2, DCH3, DDA1, DDA4, and DHO1, and (b) $161.56 per Training Route at SAT5.

Amazon Confidential

(LEGAL)

6 of 7
2824516

279

AMZ_JLINES_00000036

**Attachment 1 to Part III of Schedule D**

| Index Price (Dollars per Gallon) | | Fuel Allowance |
|---|---|---|
| From | To | Dollars per Mile |
| $1.20 | $1.32 | $0.11 |
| $1.33 | $1.45 | $0.12 |
| $1.46 | $1.58 | $0.13 |
| $1.59 | $1.71 | $0.14 |
| $1.72 | $1.84 | $0.15 |
| $1.85 | $1.97 | $0.16 |
| $1.98 | $2.10 | $0.17 |
| $2.11 | $2.23 | $0.18 |
| $2.24 | $2.36 | $0.19 |
| $2.37 | $2.49 | $0.20 |
| $2.50 | $2.62 | $0.21 |
| $2.63 | $2.75 | $0.22 |
| $2.76 | $2.88 | $0.23 |
| $2.89 | $3.01 | $0.24 |
| $3.02 | $3.14 | $0.25 |
| $3.15 | $3.27 | $0.26 |
| $3.28 | $3.40 | $0.27 |
| $3.41 | $3.53 | $0.28 |
| $3.54 | $3.66 | $0.29 |
| $3.67 | $3.79 | $0.30 |
| $3.80 | $3.92 | $0.31 |
| $3.93 | $4.05 | $0.32 |
| $4.06 | $4.18 | $0.33 |
| $4.19 | $4.31 | $0.34 |
| $4.32 | $4.44 | $0.35 |
| $4.45 | $4.57 | $0.36 |
| $4.58 | $4.70 | $0.37 |
| $4.71 | $4.83 | $0.38 |
| $4.84 | $4.96 | $0.39 |
| $4.97 | $5.09 | $0.40 |
| $5.10 | $5.22 | $0.41 |
| $5.23 | $5.35 | $0.42 |
| $5.36 | $5.48 | $0.43 |
| $5.49 | $5.61 | $0.44 |
| $5.62 | $5.74 | $0.45 |
| $5.75 | $5.87 | $0.46 |
| $5.88 | $6.00 | $0.47 |

Amazon Confidential

# EXHIBIT C

## DELIVERY PROVIDER TERMS OF SERVICE
(Last Updated: June 21, 2016)

These Delivery Provider Terms of Service (these "Terms") contain the terms and conditions that govern your performance of the Services and constitute a legally binding agreement between the applicable Amazon Contracting Party or any of its Affiliates that enters into a Work Order under these Terms ("Amazon"), on the one hand, and you or the entity that you represent ("you"), on the other hand. These Terms take effect on the date when you click an "Agree" or similar button or check box presented with these Terms or, if earlier, when you begin to perform the Services (the "Effective Date"). By accepting these Terms, you (a) on behalf of yourself and the entity that you represent, agree to be bound by all terms and conditions of these Terms, and (b) represent and warrant that you have legal authority to bind the entity that you represent to these Terms. Please see Section 11 for definitions of certain capitalized terms used in these Terms.

1.    **Services**.

a.    Work Orders. At Amazon's request and as specified in one or more work orders that become binding on you (whether by executing the same or otherwise agreeing to the applicable terms, including pursuant to the functionality of the Site) ("Work Orders"), you will provide transportation, delivery and related services (whether on foot, by bicycle, by motor vehicle, or otherwise) ("Services", as such term is further described in any Work Order) in accordance with the terms and conditions of these Terms, the Program Policies, and any performance standards set forth in each applicable Work Order. These Terms and the Program Policies govern each Work Order, and if you commence Services for Amazon in the absence of a Work Order, these Terms and the Program Policies will nevertheless apply.

b.    Affiliates. Any Affiliate of the applicable Amazon Contracting Party may enter into Work Orders with you pursuant to these Terms, and with respect to such Work Orders, such Affiliate becomes a party to these Terms and references to Amazon in these Terms are deemed to be references to such Affiliate. Each Work Order is a separate obligation of the Affiliate of the applicable Amazon Contracting Party that is named in such Work Order, and neither the Amazon Contracting Party nor any other Affiliate of the Amazon Contracting Party has any obligation under such Work Order.

c.    No Minimum Volume/No Exclusivity. You acknowledge and agree that Amazon makes no promises or representations whatsoever as to the amount of business that you can expect at any time under these Terms, whether before or after any Work Order becomes binding on you. Amazon may from time to time give volume, density, weight, product distribution or other projections to you, but such projections are speculative only and will not in any event give rise to any liability on the part of Amazon. The parties acknowledge and agree that Amazon may engage the services of other companies that may perform the same or similar services as those provided by you. These Terms do not obligate you to perform any Services unless and until a Work Order has become binding on you in accordance with Section 1.a.

AMZ_JLINES_00000019

2.    **Personnel Performing Services; Relationship of the Parties; Transportation Authority; Vehicles; License of Equipment**.

    a.    <u>Personnel Performing Services; Relationship of the Parties</u>.

        i.    Each driver, cyclist, walker, and other Personnel provided by you to perform the Services will: (i) have such credentials (e.g., background investigation or references and drug screening), skills, training and expertise as are required by Law, the Program Policies and each applicable Work Order and otherwise be suitable and appropriate to perform the Services; and (ii) have satisfactorily completed your delivery person training program (as applicable) and any other vetting process that you have established prior to providing any Services to or on behalf of Amazon.  You will not permit any of your Personnel who at any time fails to satisfy the requirements of this <u>Section 2.a</u> to provide Services directly or indirectly for or on behalf of Amazon.  Further, upon receipt of a written notice (which may be by email) from Amazon specifying that any of your Personnel has failed to satisfy the requirements of this <u>Section 2.a</u>, you will not permit such Personnel to provide Services directly or indirectly for or on behalf of Amazon.

        ii.    You are an independent contractor of Amazon.  As between Amazon and you, you have exclusive responsibility for your Personnel and exclusive control over your policies relating to wages, fees and other compensation, hours, and working conditions.  You have the exclusive right to hire, engage, transfer, suspend, lay off, recall, promote, discipline, discharge and adjust grievances with your Personnel.  Your Personnel are not eligible to participate in any employee benefit plans or other benefits available to employees of Amazon or any of its Affiliates.  Neither you nor any of your Personnel has any authority to bind Amazon or any of its Affiliates to any agreement or obligation.

    b.    <u>Transportation Authority</u>.  During the Term (as defined in <u>Section 8.a</u>), you will obtain and maintain all motor carrier and other transportation related authorities, permits, and registrations with Governmental Authorities (including, without limitation, those relating to the transportation of alcohol products) as are required to perform the Services under these Terms, the Program Policies, and each applicable Work Order.

    c.    <u>Vehicles</u>.  You will provide, operate, maintain and be responsible for, at your expense, all vehicles (including bicycles) required to perform the Services under these Terms, the Program Policies, and each applicable Work Order (each, a "<u>Vehicle</u>", and collectively, the "<u>Vehicles</u>"), and you will keep the Vehicles in good working order in accordance with the manufacturer's recommendations.  You agree that, if required by Law, all such Vehicles will display any applicable registration numbers and will satisfy all applicable safety, speed, hours of service and other requirements imposed by Law.

    d.    <u>License of Equipment</u>.

        i.    As used in these Terms: (A) "<u>Equipment</u>" means, collectively, Hardware and Licensed Materials; (B) "<u>Hardware</u>" means handheld communication devices/scanners and all associated equipment furnished to you by Amazon, together with any related manuals and other

283

AMZ_JLINES_00000020

documentation; and (C) "<u>Licensed Materials</u>" means any software (including, without limitation, any scanning and delivery application), content or other information furnished to you (whether standalone or for use on Hardware, on devices owned by you, or otherwise) by Amazon, together with any related manuals and other documentation.

      ii.    Amazon grants to you, during the Term, a limited, non-exclusive, non-transferable, non-sublicensable, revocable license to use the Equipment in each country in which you provide the Services, solely for the purpose of performing the Services. You will provide all other equipment necessary for the performance of the Services at your own expense. You will not, in whole or in part: (A) copy the Equipment; (B) distribute copies of the Equipment or any part of the Equipment to any third party; (C) modify, adapt, translate, reverse engineer, make alterations to, decompile, disassemble or make derivative works based on the Equipment or any part of the Equipment; (D) rent, loan, sublicense, lease, distribute or attempt to grant other rights to the Equipment or any part of the Equipment to third parties; (E) permit remote access to the Equipment by any third party; or (F) use the Equipment other than to perform the Services. You will require all of your Personnel using the Equipment to attend the training specified by Amazon, including for updates and periodic refresher training. You will keep all Hardware in good repair, good operating condition and working order and in compliance with the manufacturer's specifications and will furnish all Hardware to Amazon for maintenance, service and repair as specified by Amazon. You will not make any additions, attachments, alterations or improvements to Hardware without the prior written consent of Amazon. If any Hardware or part of any Hardware is lost, stolen, unreturned, damaged, sold, transferred, leased, encumbered or assigned without the express prior written consent of Amazon, you will promptly pay Amazon the full replacement cost of the Hardware, together with any incidental costs that are incurred by Amazon to replace the Hardware.

      iii.    AMAZON LICENSES THE EQUIPMENT TO YOU "AS IS" AND MAKES NO WARRANTIES OF ANY KIND REGARDING THE EQUIPMENT, INCLUDING, BUT NOT LIMITED TO, THE DESIGN, OPERATION OR CONDITION OF, OR THE QUALITY OF THE MATERIAL, COMPONENTS OR WORKMANSHIP IN, THE EQUIPMENT. TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, AMAZON EXPRESSLY DISCLAIMS ALL WARRANTIES, WHETHER EXPRESS OR IMPLIED, INCLUDING BUT NOT LIMITED TO WARRANTIES OF MERCHANTABILITY, NONINFRINGEMENT, TITLE OR FITNESS FOR A PARTICULAR PURPOSE. AMAZON DOES NOT WARRANT THAT THE EQUIPMENT WILL MEET YOUR REQUIREMENTS OR WILL OPERATE UNINTERRUPTED, ERROR FREE OR PROVIDE ACCURATE, COMPLETE OR UP-TO-DATE INFORMATION. AMAZON WILL NOT BE RESPONSIBLE FOR ANY LOSS, DAMAGE OR CLAIM CAUSED BY OR ATTRIBUTABLE TO ANY DEFECT OR DEFICIENCY IN ANY EQUIPMENT WHETHER ARISING OUT OF THE EQUIPMENT'S MANUFACTURE, DESIGN OR OTHERWISE.

      iv.    Amazon will defend and indemnify you from any loss, damage, cost, and expense (including reasonable attorneys' fees and expenses) arising out of any claim, action or proceeding brought by a third party (each, a "<u>Third-Party Claim</u>") alleging that your use of the Equipment as authorized under this <u>Section 2.d</u> infringes or misappropriates any third-party patent, copyright, trademark, trade secret or other intellectual property rights (collectively, "<u>Third-Party Proprietary Rights</u>"). Amazon will have sole control of the defense of any Third-Party Claim, and

AMZ_JLINES_00000021

you will cooperate (at Amazon's expense) with Amazon in the defense. Amazon's obligation to indemnify under this <u>Section 2.d(iv)</u> will not apply to the extent that any Equipment infringes or misappropriates any Third-Party Proprietary Rights as a result of (A) any modification of or to the Equipment made by you or any of your Personnel, (B) use of the Equipment by you or any of your Personnel other than as contemplated by this <u>Section 2.d</u>, or (C) the combination of the Equipment with other products or services.

3.   **Fees**.

     a.   Amazon will pay you in accordance with the rate structure included in each applicable Work Order or that is otherwise agreed between the parties pursuant to the functionality of the Site. Except as provided in any Work Order or otherwise on the Site, the rate structure will not be subject to adjustment in the event that delivery volumes, number of stops, time per stop or between stops, distances traveled, labor or vehicle costs or any other forecast or assumption with respect to a Planned Route differs in any respect from the forecasts and assumptions used to set the rate structure set out in any Work Order or otherwise on the Site. Except as provided in any Work Order or otherwise on the Site, you will be entitled to no compensation or reimbursement of any expenses for performing the Services.

     b.   Amazon may (i) deduct from and offset against any amounts owing by Amazon to you under these Terms or any Work Order any sums payable by you to Amazon, or (ii) invoice you for such amounts due Amazon and you will pay Amazon invoiced amounts upon receipt of such invoice.

     c.   You acknowledge that, depending on the jurisdiction in which the Services are provided and the program to which the Services relate, an Amazon customer may be able during order checkout, at the customer's option, to provide that an e-tip be directed toward the delivery person and/or the persons responsible for fulfilling orders (the "<u>Tips</u>"). If applicable, Amazon will distribute to you all Tips collected in connection with applicable deliveries made by your Personnel, and you agree to distribute all such Tips to your Personnel in accordance with applicable Law.

4.   **Invoicing**. Unless otherwise directed by Amazon, you will provide weekly invoices (at no charge) in a form acceptable to Amazon. Each invoice will include at least the following data in addition to any other itemized data reasonably requested by Amazon: service date, service type, number of Planned Routes per Service Area by shift (if applicable), and total cost. At Amazon's request, you will issue separate invoices for each account established under these Terms or any Work Order. The payment obligation under each invoice is a separate obligation of the account to which the invoiced Services were provided pursuant to the applicable Work Order, and no other account has any obligation under such invoice or Work Order. Amazon will pay, or cause to be paid, all undisputed portions of your properly submitted invoices within 30 days of receipt. Amazon has no obligation to pay, or cause to be paid, any fees or expenses invoiced more than three months after the applicable Services are performed, and you waive any claim for payment of amounts not invoiced within that three-month period. Amazon or its designee may conduct invoice audits to verify accuracy. Discrepant invoices will be rejected or short paid with appropriate

AMZ_JLINES_00000022

explanation of the discrepancy. The parties will use their commercially reasonable efforts to resolve any disputes promptly.

5. **Representations, Warranties and Covenants**.

a. You represent and warrant to Amazon that you are a legal business entity duly formed, validly existing and in good standing under the Laws of the jurisdiction of your formation and that you have all requisite right, power and authority to enter into, and perform your obligations under, these Terms and each Work Order.

b. In addition to any compliance obligations set forth in these Terms, you are solely responsible for any and all obligations owed to your Personnel pursuant to applicable Law and for the management of your Personnel and promptly investigating and resolving all workplace complaints made by your Personnel.

c. You acknowledge that Amazon's Code of Business Conduct and Ethics posted at http://phx.corporate-ir.net/phoenix.zhtml?c=97664&p=irol-govConduct (the "Code") prohibits the paying of bribes to anyone for any reason, whether in dealings with Governmental Authorities or the private sector. You will not violate or knowingly permit anyone to violate the Code's prohibition on bribery or any applicable anti-corruption Laws. Amazon may immediately terminate or suspend performance under these Terms if you breach this Section. You will maintain true, accurate and complete books and records concerning any payments made by you to any other person or entity in connection with the performance of the Services, including any such payments made on behalf of Amazon. Amazon and its designated representatives may inspect your books and records to verify such payments and for compliance with this Section and the Code.

d. You will: (i) perform the Services in a competent and workmanlike manner in accordance with the level of professional care customarily observed by highly skilled professionals rendering similar services; (ii) not violate or infringe any third party's right in proprietary or confidential information in performing the Services; (iii) comply with all Laws pertaining to the Services, including without limitation all Laws applicable to transport, health and safety; (iv) hold and comply with all applicable licenses and permits required by Governmental Authorities in performing the Services; (v) notify Amazon as soon as possible of any event or circumstance that impairs the safety of or delays delivery of Deliverables, and use an acceptable industry standard of care in the protection of the Deliverables; (vi) at all times have sufficient equipment, Personnel and resources available to perform the Services (and, in any case in which you believe, in your reasonable business judgment, that you do not have sufficient equipment, Personnel and resources available to perform the Services, you will immediately notify Amazon); (vii) comply, at your sole cost and expense, with any social compliance and product safety requirements specified by Amazon, including Amazon's Supplier Code of Standards and Responsibilities posted at http://www.amazon.com/gp/help/customer/display.html?ie=UTF8&nodeId=200885140 (collectively, "Compliance Requirements"), and permit, as requested by Amazon from time to time, Amazon's designee to audit your compliance with any Compliance Requirements, and you will implement any corrective actions required by Amazon resulting from such audits at your expense; and (vii) not have any lien on Amazon property or assets, including any Deliverables or

AMZ_JLINES_00000023

any documents relating to any Deliverables, and you waive all rights to any lien upon any shipment or related documents on behalf of yourself and any third party engaged by you.

     e.    <u>Hazardous Materials Notifications</u>.  You will notify Amazon's dangerous goods compliance department (at the phone number or email address designated by Amazon for this purpose) promptly (and in any event within 24 hours) after you become aware of any (i) injury to persons, property damage, environmental damage, fire, breakage, spillage, leakage, or any other accident or incident involving any product defined, designated, or classified as hazardous material, hazardous substance, or dangerous good (including limited and excepted quantities, consumer commodity, ORM-D, lithium batteries, and radioactive and magnetic materials) under any applicable Law and transported by you under these Terms (collectively, "<u>Hazardous Materials</u>"), (ii) event or circumstance involving Hazardous Materials that violates or is reasonably likely to violate any applicable Law, or (iii) investigation of any shipment containing Hazardous Materials by any governmental agency or authority.

6.    **Claims for Loss or Damage**.  You will be liable for Delay, loss or damage to Deliverables occurring while such Deliverables are in the care, custody or control of you and/or your Personnel in an amount equal to the actual cost of the Delayed, lost or damaged Deliverables, including the replacement cost of the Deliverables and direct costs associated with the original packaging, handling, and shipping (including the costs of packaging, handling and shipping the replacement). Claims for Delayed, lost or damaged Deliverables may be based upon Amazon's manifest, may be initiated electronically (including via email), and may be filed at any time within 120 days after the Deliverable was tendered to you.  You will acknowledge all claims within 30 days of receipt and will process all claims to conclusion and pay or credit the applicable account within 60 days of receipt. You will cooperate with Amazon's loss prevention and investigative personnel in the conduct of investigations related to fraud, theft and other matters of mutual concern.

7.    **Insurance**.  You will, at all times during which you provide the Services and for at least two years after all Services are completed, carry, at your expense, the types of insurance and minimum limits of insurance, in each case, that are specified in the Program Policies, each applicable Work Order, or otherwise on the Site.  You will submit certificates of insurance evidencing required insurance coverages to Amazon through the Site or by such other means specified by Amazon prior to the commencement of the Services and at each policy renewal thereafter.  You consent to Amazon disclosing your certificates of insurance or other information to third parties for the purpose of verifying your compliance with this <u>Section 7</u>.

8.    **Term and Termination**.

     a.    <u>Term and Termination</u>.  The term of these Terms will begin on the Effective Date and will continue until terminated in accordance with this <u>Section 8.a</u> (the "<u>Term</u>.").  Either party may terminate these Terms at any time, with or without cause, by providing the other party with 30 days' prior written notice.  If the term of any Work Order extends beyond the Term, these Terms will survive for the purposes of that Work Order until the termination of that Work Order.

     b.    <u>No Damages for Termination</u>.  Amazon will not be liable, on account of termination or expiration of these Terms, for loss of goodwill, prospective profits or anticipated orders.  Unless

AMZ_JLINES_00000024

specifically provided in any Work Order, Amazon will not be liable, on account of termination of these Terms or any Work Order, for any expenditures, investments, leases or commitments made by you under these Terms or any Work Order or for any other reason. You acknowledge and agree that you have no expectation, and that you have not received any assurances from Amazon or any other person, that your business relationship with Amazon will continue beyond the Term.

      c.    <u>Transition Assistance</u>. In connection with the termination or expiration of these Terms or any Work Order for any reason, you will provide reasonable assistance to Amazon in order to enable and facilitate an orderly transition of the Services to Amazon or a third party designated by Amazon.

9.    **Indemnification**.

      a.    You will defend, indemnify and hold harmless Amazon and its Affiliates and successors, and each of their respective directors, officers and employees (each an "<u>Indemnified Party</u>" and, collectively, the "<u>Indemnified Parties</u>") from any third-party allegation or claim based on, or any loss, damage, settlement, cost, expense and any other liability (including but not limited to reasonable attorneys' fees and expenses) arising out of or in connection with, (i) any allegation or claim of negligence, strict liability or misconduct of you or your Personnel, (ii) a breach of these Terms, the Program Policies, or any Work Order by you or your Personnel, (iii) any action or inaction by you or any of your Personnel (including, without limitation, any and all loss or damage to personal property or bodily harm (including death)), or (iv) any allegation or claim that you or any of your Personnel failed to comply with applicable Law. However, the foregoing indemnification obligation does not apply to the extent that any claim subject to indemnification results from the negligence or willful misconduct of the Indemnified Parties.

      b.    Your duty to defend is independent of your duty to indemnify. Your obligations under this Section are independent of any of your other obligations under these Terms. You will use counsel reasonably satisfactory to the Indemnified Parties to defend each indemnified claim, and the Indemnified Parties will cooperate (at your expense) with you in the defense. You will not consent to the entry of any judgment or enter into any settlement without the Indemnified Parties' prior written consent.

10.    **Confidentiality; Customer Information; Work Product**.

      a.    You will at all times comply with the terms of any nondisclosure agreement executed or otherwise agreed to by you in favor of Amazon and/or its Affiliates (an "<u>NDA</u>"). If no NDA exists, you and your representatives will (i) protect and keep confidential the existence of these Terms (including all Work Orders), their terms and conditions, and any other information obtained from Amazon or any of its representatives that is identified as confidential or proprietary or that, given the nature of such information or the manner of its disclosure, reasonably should be considered confidential or proprietary (including, without limitation, all information relating to Amazon's technology, customers (including Customer Information (as defined below)), business plans, marketing activities, and finances) (collectively, "<u>Confidential Information</u>"), (ii) use Confidential Information solely for the purpose of providing Services, and (iii) return all Confidential Information to Amazon promptly following a request from Amazon. All Confidential

AMZ_JLINES_00000025

Information will remain Amazon's exclusive property, and you will have no rights to use Confidential Information except as expressly provided in an NDA or these Terms.

b.      If you are required by any Governmental Authority to disclose the contents of any Deliverable, you will promptly provide Amazon with notice of such requirement.  In such instances, you will use commercially reasonable efforts to (i) ensure that any items removed from a container are promptly put back into the container following the relevant Government Authority's inspection, and (ii) provide Amazon with an audit against the manifest for such items.

c.      Except as expressly set forth in these Terms, the Program Policies, or any Work Order, you will not use any trade name, trademark, service mark, logo or commercial symbol, or any other proprietary rights of Amazon or any of its Affiliates in any manner (including but not limited to use in any client list, press release, advertisement or other promotional material) without the prior written authorization of such use by a Vice President of Amazon.  Without the prior written authorization by a Vice President of Amazon, you will not make any public announcement or other statement (including, without limitation, a press release, response to a media query, advertisement, or other promotional material) in which you refer to Amazon or its Affiliates, these Terms, any Work Order, the Services, or any Confidential Information.

d.      You will, and will cause your Personnel to, use all personally identifiable information concerning Amazon's customers, including names and addresses (collectively, "Customer Information"), solely for the purpose of providing Services.  You will comply with all instructions of Amazon in respect of the processing of Customer Information, and you will maintain appropriate technical and organizational security measures to prevent unauthorized use or disclosure of Customer Information.  All Customer Information is and will remain the exclusive property of Amazon, and you will not transfer, rent, barter, trade or sell Customer Information and will not develop lists of or aggregate Customer Information.  Except as otherwise required by applicable Law, you will, and will cause your Personnel to, delete all instances (including backups and other copies) of Customer Information associated with each shipment within two weeks after completing the shipment.  Before disposing of any hardware, media or software (including any sale or transfer of such material or any disposition of your business) that contains or previously contained Customer Information, at Amazon's direction, you will either return such hardware, media or software to Amazon, or perform a complete forensic destruction of the Customer Information (which may include a physical destruction, preferably incineration, or secure data wipe) such that no Customer Information can be recovered or retrieved.  For the avoidance of doubt, the contents of Deliverables tendered by Amazon to you are Customer Information subject to this Section 10.

e.      The parties agree that, between the parties, any information or data arising out of or in connection with the Services, including without limitation any Amazon customer data or Customer Information and any data, analysis or other work specifically commissioned by Amazon and agreed to by you (collectively, "Work Product"), is owned by Amazon.  For purposes of these Terms, Work Product does not include: (a) any inventions or developments made by you and existing prior to the Effective Date; or (b) any inventions or developments developed entirely independently by you, at any time, without any use, knowledge of, or reference to, the Confidential Information.  The Work Product has been specially ordered and commissioned by Amazon.  You

AMZ_JLINES_00000026

agree that the Work Product is a "work made for hire" for copyright purposes, with all copyrights in the Work Product owned by Amazon. To the extent that the Work Product does not qualify as a work made for hire under applicable Law, and to the extent that the Work Product includes material subject to copyright, trade secret, or other proprietary rights protection, you hereby assign to Amazon (or to such of its Affiliates as it may designate), its successors and assigns, all right, title and interest in and to the Work Product. To the extent necessary to effect this assignment, you will execute any documents that Amazon reasonably requests. At any time upon request from Amazon and upon termination or expiration of these Terms, you will deliver to Amazon in tangible form all materials containing Work Product, whether complete or in process. All Work Product will be Confidential Information that is subject to this <u>Section 10</u>.

11.   **<u>Defined Terms</u>**.

a.      "<u>Affiliate</u>" means, with respect to any entity, any person or other entity that directly or indirectly controls, is controlled by, or is under common control with, such first entity.

b.      "<u>Amazon Contracting Party</u>" means: (i) if the Services are provided in the United States, Amazon Logistics, Inc.; or (ii) if the Services are provided in the United Kingdom, Amazon UK Services Ltd.

c.      "<u>Chosen Courts</u>" means: (i) if the Services are provided in the United States, the federal and state courts in King County, Washington; or (ii) if the Services are provided in the United Kingdom, the courts in England and Wales.

d.      "<u>Delay</u>" means, with respect to any Deliverable, that such Deliverable was not delivered within the delivery window specified by Amazon.

e.      "<u>Deliverables</u>" means parcels, totes or other deliverables tendered by Amazon to you or any of your Personnel.

f.      "<u>Governing Laws</u>" means: (i) if the Services are provided in the United States, the laws of the State of Washington; or (ii) if the Services are provided in the United Kingdom, the laws of England and Wales.

g.      "<u>Governmental Authority</u>" means any governmental, quasi-governmental or regulatory authority, body, department, commission, board, bureau, agency, division, court, securities exchange or other legislative, executive or judicial governmental entity or instrumentality, whether foreign or domestic, of any country, nation, state, county, parish or municipality, jurisdiction or other political subdivision.

h.      "<u>Law</u>" means any national, federal, state, local or foreign statute, common law, ordinance, rule, regulation, order, judgment or agency requirement of, or issued, promulgated or entered into with, any Governmental Authority.

i.      "<u>Personnel</u>" means, with respect to any party, such party's employees, agents, representatives, and subcontractors. For the avoidance of doubt, your Personnel will include any individual assigned by you to perform the Services.

AMZ_JLINES_00000027

j.      "Planned Route" means a number of Deliverables in a given area that Amazon plans for a single person and/or Vehicle for delivery on a specific shift and day and that in turn is assigned by you to a specific person and/or Vehicle for delivery on a specific shift and day.

k.      "Program Policies" means any terms, conditions, policies, guidelines and other information of which you are notified in accordance with Section 12.c or that are referenced in these Terms or posted on the Site.

l.      "Service Area" means the zip codes, cities, geographies or other areas with respect to which you provide the Services, as specifically defined in a Work Order.

m.      "Site" means the Amazon Delivery Provider website (or any successor or related website designated by Amazon).

n.      "Taxes" means those applicable sales or use taxes or value added taxes that you are legally obligated to charge.

12.  **Miscellaneous**.

a.      You will not assign any of your rights or obligations under these Terms or any Work Order without Amazon's prior written consent.  Any attempt by you to assign, subcontract or delegate in violation of this Section will be null and void.

b.      These Terms and the Work Orders are governed by the applicable Governing Laws, excluding any conflict of laws rules.  You irrevocably submit to venue and exclusive jurisdiction in the applicable Chosen Courts for any dispute arising out of or relating to these Terms, any Work Order or the Services, and you waive all objections to jurisdiction and venue of the applicable Chosen Courts.

c.      Notices to you under these Terms may be provided by (i) posting a notice on the Site, or (ii) sending a message to the email address then associated with your account.  Notices provided by posting on the Site will be effective upon posting, and notices provided by email will be effective when sent by Amazon.  It is your responsibility to keep your email address current, and you will be deemed to have received any email sent to the email address then associated with your account when Amazon sends the email, whether or not you actually receive it.  Notices to Amazon under these Terms may be provided by (A) facsimile transmission to the number stated in the Program Policies or any applicable Work Order, or (B) pre-paid post requiring signature on receipt or personal delivery to the address stated in the Program Policies or any applicable Work Order.  Amazon may update the facsimile number and/or address for notices to Amazon by posting a notice on the Site.  Notices to Amazon will be deemed effective when delivered in person, when delivered by pre-paid post, or when received by facsimile.

d.      If any provision of these Terms, the Program Policies, or any Work Order is determined to be unenforceable, the parties intend that these Terms, the Program Policies, or the Work Order (as applicable) be enforced as if the unenforceable provisions were not present and

AMZ_JLINES_00000028

that any partially valid and enforceable provisions be enforced to the extent that they are enforceable.

e. A party does not waive any right under any provision of these Terms, the Program Policies, or any Work Order by failing to insist on compliance with, or by failing to exercise any right under, the applicable provision. Any waivers granted under these Terms, the Program Policies, or any Work Order are effective only if recorded in a writing signed by the party granting such waiver. The rights and remedies of the parties under these Terms, the Program Policies, and any Work Order are cumulative and are not exclusive, and either party may enforce any of its rights or remedies under these Terms, the Program Policies, or any Work Order or other rights and remedies available to it at law or in equity. The Section headings of these Terms are for convenience only and have no interpretive value.

f. The following provisions, along with any other provisions that by their nature should survive termination or expiration of these Terms, will survive: Sections 4, 6, 7, 8.b, 8.c, and 9-12.

g. You acknowledge that any breach of these Terms, the Program Policies, or any Work Order by you or any of your representatives would cause irreparable harm to Amazon for which Amazon has no adequate remedies at law. Accordingly, Amazon is entitled to specific performance or injunctive relief for any breach of these Terms, the Program Policies, or any Work Order by you or any of your representatives without the necessity of proving damages or posting bond.

h. Except for your indemnity obligations under Section 9 and liability arising out of your breach of Section 10, neither party will be liable under any circumstances for lost opportunities or profits, consequential, special, punitive, incidental or indirect damages of any kind. Nothing in these Terms shall limit or exclude either party's liability for any matter that may not be limited or excluded by applicable Law.

i. You may charge and Amazon will pay Taxes invoiced by you, provided that those Taxes are stated on the original invoice that you provide to Amazon and your invoices state those Taxes separately and meet the appropriate tax requirements for a valid tax invoice, if any. Amazon may provide you an exemption certificate acceptable to the relevant taxing authority, in which case, you will not collect the Taxes covered by the certificate. You will be responsible for all other taxes (including interest and penalties) or fees arising from transactions and the documentation of transactions under these Terms and any Work Order. Amazon will maintain the right to deduct or withhold any taxes that Amazon determines it is obligated to withhold from any amounts payable to you under these Terms or any Work Order, and payment to you as reduced by such deductions or withholdings will constitute full payment and settlement to you of all amounts payable to you under these Terms or any Work Order. You will provide Amazon with any forms, documents, or certifications as may be required for Amazon to satisfy any information reporting or withholding tax obligations with respect to any payments under these Terms or any Work Order.

j. These Terms (together with the Program Policies, which are incorporated in these Terms by this reference), any Work Orders, and any NDA constitute the complete and final

AMZ_JLINES_00000029

agreement of the parties pertaining to the Services and supersede and replace the parties' prior agreements, understandings, representations and discussions (whether written or oral) relating to the Services.

k.      Amazon may modify these Terms (including any Program Policies) at any time by posting a revised version on the Site or by otherwise notifying you in accordance with <u>Section 12.c</u>. The modified Terms will become effective upon posting or, if Amazon notifies you by email, as stated in the email message.  By continuing to provide the Services after the effective date of any modification to these Terms, you agree to be bound by the modified Terms.  It is your responsibility to check the Site regularly for modifications to these Terms.

l.      The parties may use standard business forms or other communications, but use of such forms is for convenience only and does not alter the provisions of these Terms. NEITHER PARTY WILL BE BOUND BY, AND EACH SPECIFICALLY OBJECTS TO, ANY PROVISION THAT IS DIFFERENT FROM OR IN ADDITION TO THESE TERMS (WHETHER PROFFERED VERBALLY OR IN ANY QUOTATION, INVOICE, BILL OF LADING, SHIPPING DOCUMENT, ACCEPTANCE, CONFIRMATION, CORRESPONDENCE, OR OTHERWISE).

m.      You will not be liable for your failure or delay in fulfilling your obligations under these Terms, the Program Policies, or any Work Order if such failure or delay is caused by fire, flood, weather conditions or other Acts of God, invasions, riots, closing of public highways, civil unrest, war, or acts of terrorism or any circumstance beyond your reasonable control and without fault or negligence on your part ("<u>Force Majeure</u>"); <u>provided</u>, that (i) you will promptly notify Amazon in writing of the occurrence and details of any event of Force Majeure that has caused, or is likely to cause, you to either delay or fail to perform your obligations under these Terms or any Work Order, and (ii) you will use reasonable efforts to overcome or limit the effects of any such event of Force Majeure on Amazon.  If the service interruption caused by the Force Majeure continues for 30 days, either party will have the right to terminate any affected Work Order with respect to the Services not being performed by giving the other party 24 hours' prior written notice. To be effective, such notice must be delivered during the service interruption.

n.      If there is a conflict among these Terms, the Program Policies, and any Work Order, the Program Policies will prevail over these Terms and the Work Order, and the Work Order will prevail over these Terms.

AMZ_JLINES_00000030

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **JEFFREY LINES, individually and on behalf of all others similarly situated,** | § § § | |
| **Plaintiffs,** | § § | **Case No. 1:17-cv-00072-LY** |
| **vs.** | § § | |
| **AMAZON.COM, INC.; TENET CONCEPTS, LLC; and JOHN DOES 1-5,** | § § § | |
| **Defendants.** | § § § § | |

## <u>ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE</u>

Before this Court is Defendants' Motion to Transfer Venue and Brief in Support. After considering the relevant pleadings and evidence in this matter, the Court is of the opinion that the Motion should be **GRANTED**.

It is therefore ORDERED that this action shall be transferred to the Northern District of Texas, Fort Worth Division, for further handling.

All relief not specifically granted here in denied.

SIGNED this _____ day of March, 2018.


_____
UNITED STATES DISTRICT JUDGE


Firmwide:153520206.1 090575.1002

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| JEFFREY LINES, individually and on behalf of all others similarly situated, | § § § | CASE NO. 1:17-cv-0072 |
| Plaintiffs, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| AMAZON.COM, INC.; TENET CONCEPTS, LLC; and JOHN DOES 1-5, | § § § | |
| Defendants. | § | |

## PLAINTIFF JEFFREY LINES' NOTICE OF SUBSTANTIAL COMPLIANCE REGARDING JOINT STATUS REPORT

Plaintiff Jeffrey Lines, individually and on behalf of all others similarly situated ("Plaintiff") file this Notice of Substantial Compliance Regarding Joint Status Report.

On February 27, 2018, Plaintiff and Defendants filed a Joint Status Report. Dkt. 38. In that report, the parties reported that they had agreed "to file the appropriate motions to request their respective preferred relief, as described [therein], within fourteen (14) days of [that] joint-status report (on or before March 13, 2018)." On March 13, 2018, the Parties filed an Agreed Amendment Amendment to Joint Status Report notifying the Court that they had agreed instead to file the appropriate motions to request their preferred relief by today, March 20, 2018. Dkt. 40. In accordance with these deadlines, today Plaintiff Jeffrey Lines filed a Motion for Limited Relief from Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1) ("Motion") in the Bankruptcy Court for the Northern District of Texas.

Dated:  March 20, 2018
        Austin, Texas

Respectfully submitted,


_____
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
Holt Major Lackey
Texas State Bar No. 24047763
hlackey@equalrights.law
**Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy., Ste. 190
Austin, Texas 78731
(737) 808-2262 (phone)
(737) 808-2260 (fax)

OF COUNSEL:

Robert J. Valli, Jr.
Sara Wyn Kane
James Vagnini
**Valli Kane & Vagnini, LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
 (516) 203-7180 (phone)
 (516) 706-0248 (fax)

**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

      I certify that the foregoing document was served upon all counsel of record via the Court's electronic filing system in accordance with the Federal Rules of Civil Procedure on March 20, 2018.

/s/ <i>Jay D. Ellwanger</i>      
Jay D. Ellwanger

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| JEFFREY LINES, individually and on behalf of all others similarly situated, | § § § | |
| | § | CASE NO. 1:17-cv-0072 |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| AMAZON.COM, INC.; TENET CONCEPTS, LLC; and JOHN DOES 1-5, | § § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |

## JEFFREY LINES' RESPONSE TO DEFENDANTS' MOTION TO TRANSFER VENUE

Defendants' Motion to Transfer Venue ("Motion") should be denied because it makes multiple incorrect conclusions of bankruptcy law that are currently before the Bankruptcy Court for the Northern District of Texas. Specifically, the Motion assumes (1) that Defendant Tenet Concepts, LLC ("Tenet") "is protected by the automatic stay under Section 362"; and (2) that Plaintiff's claims against Defendant Amazon.com, Inc. ("Amazon") are necessarily "related to" the bankruptcy case, such that Amazon is vicariously entitled to a bankruptcy stay.

This Court need not reach either of these contested questions, because they are the subject of Plaintiff's Motion for Relief from the Automatic Stay ("Motion for Relief"), which was filed in the Bankruptcy Court, served on all interested parties entitled to service under that court's rules, and set for hearing on April 11, 2018. The scope of the automatic stay, whether there is "cause" to lift it, and whether a civil action is sufficiently "related to" a bankruptcy case to warrant bankruptcy jurisdiction are all questions given, by statute, to the Bankruptcy Court. 11 U.S.C. § 362(d)(1); 28 U.S.C. 157(b)(3). Defendants' Motion concedes that "the only court that can grant relief from that stay is the Bankruptcy Court in the Northern District." Motion at 7. Accordingly, this Motion in this Court must be denied.

## **Procedural Background**

Lines filed this case in this District on February 2, 2017, and filed a First Amended Complaint on April 14, 2017. Tenet and Amazon are both named as Defendants in both the Original and FAC. The case is based on Lines' employment as a delivery driver with Tenet and Amazon from October 6, 2015 until his unlawful termination on or around January 22, 2016.

Lines alleges that Tenet and Amazon, as joint employers, (i) failed to pay him and other similarly situated drivers for all hours worked; (ii) failed to pay him and other similarly situated drivers the statutorily required overtime premium for all hours worked in excess of forty hours

1

per week; (iii) required him and other similarly situated drivers to work "off the clock" before their scheduled start times, through their meal breaks, and at the conclusion of each work day; (iv) unlawfully retain his and other similarly situated drivers' tips; (v) failed to reimburse his and other similarly situated drivers' expenses; and (vi) unlawfully discharged Lines as retaliation for raising these FLSA violations. Lines alleges that this conduct violates the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA") and related causes of action.

On January 25, 2018 Tenet filed a Voluntary Petition in the Bankruptcy Court and a Suggestion of Bankruptcy in this Court. Dkt. 33. On January 29, 2018, this Court ordered a status conference to discuss the effect of the bankruptcy filing on this case. Dkt. 24. At that February 13, 2018, status conference, the Parties and the Court discussed options for proceeding with the case, including that (i) Plaintiff could seek relief from the automatic stay, (ii) the case could be transferred to the Bankruptcy Court, and (iii) Plaintiff could non-suit Tenet and proceed against Amazon. The Court ordered the Parties to meet, confer, and submit a Joint Status Report within two weeks of that conference regarding the Parties' plans for how to proceed. Dkt. 36.

On Febraury 27, 2018, as ordered, the Parties submitted a Joint Status Report in which Plaintiff reported that he intended to move the Bankruptcy Court to life the automatic stay as it pertains to Tenet. Dkt. 38.[1] On March 20, 2018, as anticipated in the Joint Status Report and according to the briefing schedule agreed to by the parties in an amended status report, Plaintiff filed a Motion for Relief from Automatic Stay in the Bankruptcy Court seeking permission to

---

[1] In that Status Report, Plaintiff also reserved the right to add Principle Distribution, LLC, which Plaintiff then believed to be Tenet's sole member, as a Defendant. The Joint Status Report explains that Defendants denied that Principle was the sole member and owner of Tenet, and that Plaintiff's decision on whether to add Principle could depend on evidence that at that time had not yet been produced by Defendants. Evidence produced by Defendants since the Joint Status Report suggests that Principle divested from Tenet in October 2015. Based on this evidence, Plaintiff does not currently intend to add Principle as a defendant, though it reserves the right to do so should additional evidence supporting Principle's liability come to light.

proceed to verdict in this Case.[2]

Plaintiff served its Motion for Relief upon all parties entitled to service under the Northern District's Bankruptcy Local Rules, including the Office of United States Trustee, the twenty largest unsecured creditors of Tenet, and the Internal Revenue Service. Any responses to Plaintiff's Motion for Relief from these interested parties are due on April 4, and the Motion for Relief is already scheduled for a hearing on April 11.

The April 11 hearing on Plaintiff's Motion for Relief in the Bankruptcy Court will resolve a disputed question of bankruptcy law—whether the automatic stay precludes Plaintiff from proceeding against Tenet in this Court. Defendants' Motion to Transfer is fundamentally premised on the assumption that the automatic stay will preclude Plaintiff from proceeding against Tenet in this Court. That assumption is disputed, and will be resolved by the Bankruptcy Court at the April 11 hearing.

## **Argument**

### 1. **The Motion Assumes that the automatic stay bars Tenet from participating in proceedings in this Court. That question is currently before the Bankruptcy Court.**

Defendants' Motion is premised on the assertion that "Tenet, which is protected by the automatic stay under section 362, cannot participate in proceedings in this Court." Motion at 6. But as Defendants acknowledge, the scope of the section 362 stay on this lawsuit is an issue for the Bankruptcy Court, and "the only court that can grant relief from that stay is the Bankruptcy Court in the Northern District." Motion at 7.

Even where the stay applies, a bankruptcy court may terminate, annul, lift or condition the Automatic Stay "for cause." 11 U.S.C. § 362(d)(1). "Cause" within the context of Section

---

[2] To comply with a Northern District Bankruptcy rule requiring notice language to interested parties, Plaintiff filed an Amended Motion for Relief on March 21, 2018. That Amended Motion is attached as Exhibit A.

362(d)(1) is undefined, and "is a broad concept that is intentionally flexible so that courts may respond to different or unique circumstances." *In re Choice ATM Enterprises, Inc.,* No. 14-44982-DML, 2015 WL 1014617, at *3 (Bankr. N.D. Tex. Mar. 4, 2015); *Mooney v. Gill,* 310 B.R. 543, 546–47 (N.D.Tex.2002) (quoting *In re Sentry Park, Ltd.*, 87 B.R. 427, 430 (Bankr.W.D.Tex.1988)). Section 362(d) thus gives bankruptcy courts "flexibility to address specific exigencies on a case-by-case basis." *Choice ATM*, 2015 WL 1014617, at *3; (quoting *In re Chesnut*, 422 F.3d 298, 303-04 (5th Cir.2005)). "Congress itself provided some guidance as to what constitutes 'cause,' specifically mentioning 'a desire to permit an action to proceed to completion in another tribunal' and 'the lack of connection with or interference with the pending bankruptcy case.'" *Choice ATM*, 2015 WL 1014617, at *3; (quoting H.R. REP. No. 95–595, 343.44 (1977), reprinted in 1978 U.S.C.C.A.N. 5787, 6300).

There is thus no mandatory standard for finding "cause" in the Fifth Circuit, with the Circuit instead affording flexibility to bankruptcy courts to balance the factors and equities. *See In re Mirant Corp.*, 440 F.3d 238, 253 (5th Cir. 2006). Furthermore, "the automatic stay was never intended to preclude a determination of tort liability and the attendant damages. It was merely intended to prevent a prejudicial dissipation of the bankrupt's assets." *Continental*, 61 B.R. at 779 (citing *In re Bock Laundry Mach. Co.*, 37 B.R. 564, 567 (Bankr. N.D. Ohio 1984)).

Whether Tenet "cannot participate in proceedings in this Court," a premise that underlies Defendants' entire Motion, is a disputed question of law currently and properly before the Bankruptcy Court. Plaintiff's Motion for Relief before the Bankruptcy Court follows the ordinary and appropriate process for determining whether this case may proceed in this Court in light of Tenet's bankruptcy, as was contemplated at the Status Conference and in the Joint Status Report. It is for good reason that bankruptcy law entrusts the determination of the scope of the

4

automatic stay and discretion to lift the automatic stay to the Bankruptcy Court. The Bankruptcy Court has jurisdiction to consider the interests of the bankruptcy estate and the other creditors, and so is procedurally best positioned to determine whether proceeding with this case in this Court would interfere with the goals of bankruptcy law.

If the Bankruptcy Court determines, contrary to the Motion, that Tenet *can* "participate in proceedings in this Court," then the rationale behind Defendants' Motion disappears. If, on the other hand, the Bankruptcy Court affirms Defendants' premise, then Plaintiff would not disagree with Defendants' conclusion that the matter should be transferred. But the Bankruptcy Court has not yet ruled, and Defendants' premise is still contested and unclear. Defendants' Motion (without prejudice to refile depending on the outcome of the April 11 bankruptcy hearing) should be denied to allow the Bankruptcy Court to make this determination of bankruptcy law.

**2.** <u>**The Motion assumes that the case against Amazon is "related to" the bankruptcy case. That is likewise a question for the Bankruptcy Court.**</u>

Without citation, Defendants' Motion suggests Plaintiff is required to "differentiate" between Defendants' wrongful acts in order to have independent claims against Amazon. But there is no such pleading requirement under the FLSA, which allows suit against any entity that is an "employer." *See, e.g. Rudy v. Consolidated Restaurant Co., Inc*., 2010 WL 3565418 at *5 (5th Cir. 2010) (stating that "[t]he FLSA contemplates that there may be several simultaneous employers who may be responsible for FLSA compliance" and under the FLSA "the statutory definition of employer must be liberally construed to effectuate Congress' remedial intent.").

The repeated suggestion in the Motion that Lines' claims against Amazon are entirely derivative of his claims against Tenet is mistaken. Defendants' observation that many allegations of the FAC are lodged against "Defendants" collectively rather than only Tenet or Amazon does not mean that the allegations are not lodged against Amazon. To the contrary, Plaintiff alleges

that Amazon was fully an employer and is fully liable for the claims.

The nature of Lines' claims are such that Lines was not in a position, when he filed the FAC before any discovery had been conducted, to know which Defendant was specifically responsible for each of his allegations. Though discovery is ongoing and incomplete, the facts uncovered thus far (as well as those disclosed in the pleadings and at the 341 meeting in the Bankruptcy Action), evidence that Amazon effectively controlled every aspect of Lines' and similarly situated drivers' employment with Tenet and Amazon. Specifically:

a. Tenet "provides delivery services exclusively for Amazon." Dkt. 4 at 2, par. 3;

b. Tenet was formed on January 27, 2015 by its Founder and then-sole-Member Principle Distribution, LLC, apparently for the sole purpose of entering its first Work Order with Amazon on March 1, 2015. *See* Certificate of Formation, (Exhibit B); Sixteenth Amendment to Work Order, AMZ_JLines_00000031, (Exhibit C); Tenet Testimony at March 9, 2018 341 Meeting (hereinafter "341 Meeting.");

c. Tenet was minimally capitalized at its founding. *See* 341 Meeting;

d. Lines and other similarly situated drivers worked out of Amazon facilities, and although Tenet had management on-site at those facilities, Tenet's on-site management would "take orders" from Amazon employees. *See* 341 Meeting; Dkt. 4 at 2, par. 6;

e. Lines and similarly situated drivers wore Amazon branding on their person and vehicles while performing their job duties, received work assignments through an Amazon application on their mobile device, and were subject to voluminous regulations and terms spelled out in Amazon's contract with Tenet. *See, e.g.* Delivery Provider Terms of Service, AMZ_JLines_00000019-30, (Exhibit D);

f. Amazon retained ownership of and the right to inspect all documents and data regarding its relationship with Tenet. *Id.* at AMZ_JLines_00000026-27; Work Order, AMZ_JLines_00000038-40 at AMZ_JLines_00000039-40, (Exhibit E).

g. Amazon required Tenet to "distribute each Tip … in accordance with the disbursement report derived from Amazon's systems and furnished to you by Amazon." AMZ_JLines_00000003, (Exhibit F).

h. Tenet's Driver's handbook sets forth numerous regulations under the heading "Amazon Regulations," including comprehensive instructions regarding attendance, dispatch, time off, personal appearance, and logging of hours. Driver's Handbook,

6

Tenet-000024, Tenet-000026-28, (Exhibit G).

Contrary to the suggestion in the Motion, Lines alleges that Amazon was every bit as much his "employer" for purposes of the FLSA, and is equally liable as a Defendant in this case.

Under the Bankruptcy Code, the automatic stay applies only to actions against Tenet. 11 U.S.C. § 362(a)(1-8). "By its terms the automatic stay applies only to the debtor, not to co-debtors under Chapter 7 or Chapter 11 of the Bankruptcy Code nor to" co-defendants. *Reliant Energy Servs., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (quoting *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir.1985). Thus Section 362 is "rarely … a valid basis on which to stay actions against non-debtors." *Arnold v. Garlock, Inc.* 278 F.3d 426, 436 (5th Cir. 2001).

The question of whether the alleged indemnity agreement renders Plaintiff's claims against Amazon sufficiently "related to" the bankruptcy case is reserved to the Bankruptcy Court under the very procedural statute Defendants invoke. 28 U.S.C. 157(b)(3) ("The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11."). Whether to extend the automatic stay to Amazon in this case is thus a matter properly raised before the Bankruptcy Court at the April 11 hearing. This Court need not reach the issue until the Bankruptcy Court has ruled.

Extending the automatic stay to solvent Defendant Amazon would, in any event, be inequitable under these circumstances. The evidence suggests that Tenet was an under-capitalized special purpose entity established solely to provide delivery driver human resources services exclusively to Amazon. Tenet's pleadings and testimony in the Bankruptcy Court state that the defense of this and two similar lawsuits was the primary cause of Tenet's bankruptcy. If

7

Amazon's interpretation of the effect of the indemnity clause were correct, then by only employing its delivery drivers through jointly through a minimally capitalized shell company, Amazon could avoid a district court ever having jurisdiction to enforce the FLSA against it (because the joint employer is so minimally capitalized that merely defending a lawsuit will drive it into bankruptcy). Amazon is directly liable to Plaintiffs for its violations of the FLSA; that it may have a right to recover indemnification from Tenet is secondary to this case and a question for the Bankruptcy Court. Unless and until the Bankruptcy Court rules that the automatic stay applies to Amazon, this case may continue in this Court.

3. **The "interest of justice," convenience of the parties, and the *Leal* factors cited by Defendants all weigh against transfer.**

Until the Bankruptcy Court rules on the scope of the automatic stay, this Court need not reach the ultimate question of whether transfer is warranted. The Bankruptcy Court's determination will either moot the rationale behind Defendants' Motion by clarifying that the Case may proceed in this District consistent with bankruptcy law, or the Bankruptcy Court will rule that the automatic stay precludes this Case from proceeding in this District, in which case Plaintiff will not oppose the Motion. Nonetheless, applying the factors relied upon by Defendants weigh against transfer or are neutral.

The most important *Leal* factor is "whether transfer would promote the economic and efficient administration of the bankruptcy estate. *Leal*, 2017 WL 565176 at *4. This is best decided by the Bankruptcy Court, which has jurisdiction over the bankruptcy estate and interested parties, and has already scheduled a hearing. The other *Leal* factors also weigh against transfer or are neutral. Those factors are: (1) whether the interests of judicial economy would be served by the transfer; (2) the possibility of a fair trial; (3) either forum's interest in the controversy; (4) the enforceability of any judgment obtained; and (5) the plaintiff's original

8

choice of forum. The interests of judicial economy favor proceeding in this Court, where the case has proceeded for over a year. This Court has more experience and is better suited to preside over Rule 23 class actions than is the Bankruptcy Court. A trial in this Court would be fair and afford Plaintiff his Seventh Amendment right to a jury trial. The Western District of Texas has a significant interest in the controversy because many members of the putative class reside in the Western District, Defendant Tenet is headquartered in the Western District in Austin, and Defendant Amazon also has a significant corporate presence in the Western District in Austin. The enforceability of any judgment obtained will be the same in either venue, so is neutral as a factor. Finally, the Plaintiff's original choice of forum weighs decisively against transfer.

Defendants' analysis of these factors again relies on presuming that the Bankruptcy Court will agree with Defendants' legal conclusions. For example, Defendants' analysis of the "efficient administration of the bankruptcy estate" factor rests on the unsupported assertion that "[t]he Bankruptcy Court has an interest in remaining the sole adjudicator of claims against Tenet's estate." Motion at 8. But this is essentially the question before the Bankruptcy Court in Plaintiff's Motion for Relief. The Bankruptcy Court will make its interests, and whether proceeding in this Court is consistent with those interests, clear after the April 11 hearing.

Transfer is thus not mandated by any precedent cited in Defendants' Motion. The ultimate question of transfer need not be reached until the Bankruptcy Court clarifies the scope of the automatic stay. That determination will either contradict or confirm the assumptions that Defendants make in their Motion, vitiating either the rationale behind Defendants' Motion or the rationale behind Plaintiff's opposition to the Motion. Absent and until the Bankruptcy Court denies Plaintiff's Motion for Relief, the "interest of justice" weighs against allowing Amazon to escape this Court's jurisdiction simply because it employs its delivery drivers through a

9

minimally capitalized special purpose entity.

Amazon, one of the world's largest corporations, effectively directed nearly every aspect of Lines' and the putative class's employment and was the primary beneficiary of both their labor and the scheme to undercompensate them as alleged in the District Court Action. To allow Amazon to avoid accountability in District Court for its labor practices simply because it contractually outsourced some aspects of human resources (without sacrificing ultimate control) and demanded indemnity from Tenet, an undercapitalized special purpose entity created only to service Amazon, would place form over substance and undermine the purposes of both the Bankruptcy Code and the FLSA.

The purpose of the automatic stay is to protect the bankrupt and its creditors—not to insulate solvent third parties like Amazon from liability for their employment practices. The totality of the circumstances here—the special purpose entity created solely to contract with Amazon; the timing of the bankruptcy filing on the extended due date of the discovery responses just before Lines could move for conditional certification; the citation of the litigation as the primary reason behind the bankruptcy filing; and the attempt by Amazon to rely on the bankruptcy to avoid its discovery obligations—suggest that the stay is being used by Amazon (and Tenet) primarily as a tactic to deny Lines the process to which he is entitled in district court. "Courts have regarded the opportunity to litigate the issue of liability as a significant right which cannot be easily set aside, even where pre-petition causes of action are involved." *In re Todd Shipyards Corp.*, 92 B.R. 600, 603 (Bankr. D.N.J. 1988) (citing *In re Continental Air Lines, Inc*., 61 B.R. 758, 779, (S.D. Tex. 1986)).

## CONCLUSION

For the above reasons, Defendants' Motion to Transfer Venue should be denied.

Dated: March 27, 2018

Austin, Texas

Respectfully submitted,

_____

Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
Holt Major Lackey (*pro hac vice*)
Texas State Bar No. 24047763
hlackey@equalrights.law
**Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy.
Suite 190
Austin, Texas 78731
(737) 808-2262 (phone)
(737) 808-2260 (fax)

OF COUNSEL:

Sara Wyn Kane (*pro hac vice*)
James Vagnini (*pro hac vice*)
Robert Berman (*pro hac vice*)
Monica Hincken (*pro hac vice*)
**Valli Kane & Vagnini, LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
(516) 203-7180 (phone)
(516) 706-0248 (fax)

**ATTORNEYS FOR PLAINTIFFS**

11

### CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon all counsel of record via the Court's electronic filing system in accordance with the Federal Rules of Civil Procedure on March 27, 2018.


/s/ *Jay D. Ellwanger*
Jay D. Ellwanger

12

# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | CASE NO. 18-40270-rfn11 |
| | § | |
| TENET CONCEPTS, LLC, | § | |
| | § | |
| | § | |
| Debtor. | § | Chapter 11 Case |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## JEFFREY LINES' AMENDED MOTION FOR LIMITED RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)

Jeffrey Lines ("Lines"), by and through his attorneys, hereby moves this Honorable Court to grant limited relief from Debtor Tenet Concept LLC's ("Debtor" or "Tenant") automatic stay pursuant to 11 USC § 362(d)(1) to allow Lines' and the putative class of which he is the class representative to proceed to liquidate their claims in the Federal Court action *Jeffrey Lines et al. v. Amazon.com Inc. et al.*, currently pending in the Austin Division of the Western District of Texas, No 1:17-cv-0072-LY (the "District Court Action").

## FACTUAL AND PROCEDURAL BACKGROUND

Lines filed the District Court Action on February 2, 2017, and filed a First Amended Complaint on April 14, 2017. Debtor, Amazon.com, Inc. ("Amazon") and John Does 1-5 were the named Defendants in both the Original and First Amended Complaint. The District Court Action is based on Lines' employment as a delivery driver with Debtor and Amazon from October 6, 2015 until his unlawful termination on or around January 22, 2016.

In the District Court Action, Lines alleges that Debtor and Amazon, as joint employers, (i) failed

to pay him and other similarly situated drivers for all hours worked; (ii) failed to pay him and other similarly situated drivers the statutorily required overtime premium for all hours worked in excess of forty hour per workweek; (iii) required him and other similarly situated drivers to work "off the clock" before their scheduled start times, through their purported meal breaks, and at the conclusion of each work day; (iv) unlawfully retain his and other similarly situated drivers' tips; (v) failed to reimburse his and other similarly situated drivers' expenses; and (vi) unlawfully discharged Lines as retaliation for raising FLSA violations. Lines alleges that this conduct violates violates the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA") and related causes of action.

The facts uncovered thus far in discovery in the District Court Action, as well as in the pleadings and at the 341 meeting in this Bankruptcy Action, suggest that Amazon effectively controlled every aspect of Lines' and similarly situated drivers' employment with Debtor and Amazon. Specifically:

a. Debtor "provides delivery services exclusively for Amazon." Dkt. 4 at 2, par. 3;

b. Debtor was formed on January 27, 2015 by its Founder and then-sole-Member Principle Distribution, LLC, apparently for the sole purpose of entering its first Work Order with Amazon on March 1, 2015. *See* Certificate of Formation, attached as Exhibit A; Sixteenth Amendment to Work Order, AMZ_JLines_00000031, attached as Exhibit B; Debtor Testimony at March 9, 2018 341 Meeting (hereinafter "341 Meeting.");

c. Debtor was minimally capitalized at its founding. *See* 341 Meeting;

d. Lines and other similarly situated drivers worked out of Amazon facilities, and although Debtor had management on-site at those facilities, Debtor's on-site management would "take orders" from Amazon employees. *See* 341 Meeting; Dkt. 4 at 2, par. 6;

e. Lines and similarly situated drivers wore Amazon branding on their person and vehicles while performing their job duties, received work assignments through an Amazon

2

application on their mobile device, and were subject to voluminous regulations and terms spelled out in Amazon's contract with Debtor. *See, e.g.* Delivery Provider Terms of Service, AMZ_JLines_00000019-30, attached as Exhibit C;

f.  Amazon retained ownership of and the right to inspect all documents and data regarding its relationship with Debtor. *Id.* at AMZ_JLines_00000026-27; Work Order, AMZ_JLines_00000038-40 at AMZ_JLines_00000039-40, attached as Exhibit D.

g.  Amazon required Debtor to "distribute each Tip … in accordance with the disbursement report derived from Amazon's systems and furnished to you by Amazon." AMZ_JLines_00000003, attached as Exhibit E.

h.  Debtor's Driver's handbook sets forth numerous regulations under the heading "Amazon Regulations," including comprehensive instructions regarding attendance, dispatch, time off, personal appearance, and logging of hours. Driver's Handbook, Tenet-000024, Tenet-000026-28, attached as Exhibit F.

Accordingly, Lines seeks to hold Amazon liable in the District Court Action as a joint employer.

According to Debtor, the District Court Action and two other class action lawsuits against Debtor are "the reason this [bankruptcy] case was filed." 341 Meeting; *See also* Dkt. 4 at 2, par. 5-6. Both Debtor and Amazon have relied on this Bankruptcy Action to frustrate discovery in the District Court Action. The Discovery Period in the District Court Action began in earnest with an Initial Pretrial Conference held by the Western District court on October 3, 2017, and the entry of a Scheduling Order that same day. WDTX Dkt. 29, attached as Exhibit G.  On December 19, 2017, Plaintiff Lines served his First Sets of Interrogatories, Requests for Production, and Requests for Admissions on Debtor and Amazon. Excerpts of Plaintiff's First Discovery Requests, attached as Exhibit H. According to the Federal Rules of Civil Procedure, Defendants' responses to this discovery were thus due on January 18,

3

2018. These discovery requests were propounded at the class certification phase of the District Court Action, and accordingly dealt with matters relevant to class certification rather than the ultimate merits of the case.

On January 12, 2018, counsel representing Debtor and Amazon in the District Court Action requested an extension of the January 18th discovery deadline. After representations were made by counsel for both Defendants as to which documents would be timely produced, counsel for Lines agreed to extend the response deadline to January 25, 2018. *See* Correspondence, attached as Exhibit I.

On January 25th Debtor and Amazon served their responses and objections to the Discovery. As to numerous discovery requests, Debtor stood on its objections, while Amazon relied on the claim that various documents were in Debtor's possession rather than Amazon's. That same day, Debtor filed its Voluntary Petition in the Bankruptcy Action in this Court and a Suggestion of Bankruptcy in the Western District court.

On January 31, 2018, counsel for Lines held a discovery conference with counsel for Debtor and Amazon in the District Court Action. During that conference, and subsequent conferences, counsel for Defendants took the position that the automatic bankruptcy stay precluded any further discovery action against Debtor, including any effort to compel Amazon to obtain documents from Debtor.

Counsel for Defendants in the District Court Action have also taken the position that the bankruptcy stay applies to at least partially stay the case against Amazon, due to an indemnity agreement between Debtor and Amazon, and have argued that the case should be transferred to bankruptcy court. *See* District Court Action Dkt. 38, attached as Exhibit J. Lines does not dispute that the stay prevents him from enforcing any judgment against Tenet outside of this Bankruptcy Action. However, the stay need not necessarily prevent the litigation from proceeding in the District Court Action in order to liquidate Lines' claims against Debtor for purposes of this Bankruptcy Action.

Amazon, one of the world's largest corporations, effectively directed nearly every aspect of Lines' and the putative class's employment and was the primary beneficiary of both their labor and the scheme to undercompensate them as alleged in the District Court Action. To allow Amazon to avoid accountability in District Court for its labor practices simply because it contractually outsourced some aspects of human resources (without sacrificing ultimate control) and demanded indemnity from Tenet, an undercapitalized special purpose entity created only to service Amazon, would place form over substance and undermine the purposes of both the Bankruptcy Code and the FLSA. Accordingly, Jeffrey Lines respectfully files this Motion for Relief from the Automatic Stay to modify the stay so that his and the putative class's claims may be liquidated in the District Court Action against Amazon and Debtor.

## **ARGUMENT**

The equities weigh in favor of granting the limited relief requested by Lines because:

(1) The *Curtis* and *Johnson* factors weigh in favor of granting the limited relief described above; and
(2) Lines will be severely prejudiced if he is not permitted to prosecute his claims against Amazon.

Under the Bankruptcy Code, the automatic stay applies only to actions against the debtor. 11 U.S.C. § 362(a)(1-8). "By its terms the automatic stay applies only to the debtor, not to co-debtors under Chapter 7 or Chapter 11 of the Bankruptcy Code nor to" co-defendants. *Reliant Energy Servs., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (quoting *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir.1985). Thus Section 362 is "rarely … a valid basis on which to stay actions against non-debtors." *Arnold v. Garlock, Inc.* 278 F.3d 426, 436 (5th Cir. 2001).

Even where the stay applies, a bankruptcy court may terminate, annul, lift or condition the Automatic Stay "for cause." 11 U.S.C. § 362(d)(1). "Cause" within the context of Section 362(d)(1) is undefined, and "is a broad concept that is intentionally flexible so that courts may respond to different or

5

unique circumstances*." In re Choice ATM Enterprises, Inc.,* No. 14-44982-DML, 2015 WL 1014617, at *3 (Bankr. N.D. Tex. Mar. 4, 2015); *Mooney v. Gill,* 310 B.R. 543, 546–47 (N.D.Tex.2002) (quoting *In re Sentry Park, Ltd.*, 87 B.R. 427, 430 (Bankr.W.D.Tex.1988)). Section 362(d) thus gives bankruptcy courts "flexibility to address specific exigencies on a case-by-case basis." *Choice ATM*, 2015 WL 1014617, at *3; (quoting *In re Chesnut*, 422 F.3d 298, 303-04 (5th Cir.2005)). "Congress itself provided some guidance as to what constitutes 'cause,' specifically mentioning 'a desire to permit an action to proceed to completion in another tribunal' and 'the lack of connection with or interference with the pending bankruptcy case.'" *Choice ATM*, 2015 WL 1014617, at *3; (quoting H.R. REP. No. 95–595, 343.44 (1977), reprinted in 1978 U.S.C.C.A.N. 5787, 6300). There is thus no mandatory standard for finding "cause" in the Fifth Circuit, with the Circuit instead affording flexibility to bankruptcy courts to balance the factors and equities. *See In re Mirant Corp.*, 440 F.3d 238, 253 (5th Cir.2006).

In determining whether to grant requests to proceed with litigation outside of bankruptcy, courts utilize varying methodologies and rely on various factors, including those set out in *In re Curtis*, 40 B.R. 795, 799–800 (Bankr.D.Utah 1984) and *In re Johnson*, 115 B.R. 634, 636 (Bankr.D.Minn.1989). *Choice ATM*, 2015 WL 1014617, at *3 and notes 10 & 11. Bankruptcy courts in this Circuit apply these factors under a variety of approaches, with the court applying the factors that are "relevant to the case before it." *Choice ATM*, 2015 WL 1014617, at *3-4. This Court has previously suggested that the test ultimately turns upon a "balance[ing of] the hardships of the parties." *Mooney*, 310 B.R. at 546.

The stay may be modified to permit the continuance of a civil suit if no great prejudice to either the estate or the debtor results, and if the hardship to petitioner by continuance of the stay outweighs the hardship to the debtor by modification of the stay. *Matter of McGraw*, 18 B.R. 140, 141–142, (Bankr. W.D. Wis. 1982).

#### *1. The Relevant* **Curtis** *and Johnson Factors Favor Granting Relief from the Stay*

The relevant *Curtis* and *Johnson* factors favor allowing Lines to proceed in the Western District of Texas against Amazon and Debtor. Because the District Court Action involves Lines' claims against both Debtor Tenet and Amazon, proceeding in the Western District of Texas will allow complete resolution of the issues (*Curtis* factor 1). The District Court Action focuses on third party Amazon, and thus will not interfere with the Bankruptcy Action. (*Curtis* factors 2 and 6; *Johnson* factor 5). Because the limited relief from the stay sought by Lines will only allow liquidation of his and the putative class's claims, the District Court Action would also not prejudice the interests of the other creditors. (*Curtis* factor 7). The burden on Debtor and other creditors will be particularly minimal here because Debtor has already had a full 37 days in which to respond to the bulk of Lines' discovery requests, meaning that the search for and collection of responsive documents has presumably already been carried out before Debtor even filed its voluntary petition for bankruptcy.

Judicial economy (*Curtis* factor 10; *Johnson* factor 2) likewise favors granting Lines' requested relief. Lines' claims are fundamentally about and against Amazon, one of the world's largest corporations, that controlled every relevant aspect of Lines' employment. The District Court Action has proceeded to the point that Lines is prepared to file a motion for conditional class certification, creating a likelihood that the investment of resources advancing this complex litigation to this point would be wasted if trial of Lines' claims were deferred. (*Johnson* factor 3). Lines and the putative class have a strong likelihood of success on these claims, and the Western District of Texas has significant expertise in the FLSA class action subject matter of those claims. (*Johnson* factors 4 and 6). The claims are not principally about or against Debtor Tenet, a minimally capitalized special purpose entity established only to provide personnel to Amazon's operations in an apparent scheme to minimize Amazon's exposure to liability for underpaying its workforce.

7

This wage and hour lawsuit against Amazon is most efficiently and equitably administered in a United States District Court. Amazon is far from bankrupt. Amazon should not escape discovery or liability regarding its employment practices simply because it contrived to employ its Amazon Prime Now delivery drivers through an undercapitalized shell company that was apparently manufactured to create a legal buffer between Amazon and its employees.

**2.  Lines will be severely prejudiced if he is not permitted to prosecute his claims against Amazon**

The final *Curtis* factor looks to the "balance of hurt" entailed in either granting or denying the requested relief. It is essentially this factor on which this Court relied in *Mooney* when it conducted a "balance [of] the hardships of the parties." 310 B.R. at 546. Here, the hardship and hurt imposed on Lines by allowing the bankruptcy stay to defeat his claims against the far-from bankrupt Amazon outweighs any hardship or hurt to Debtor or other creditors by allowing liquidation in the District Court Action.

The District Court Action has been pending for more than a year, and the bulk of the requested discovery was due even before the bankruptcy stay was entered. The District Court Action has progressed to the point that Lines is prepared to move for conditional certification of the class of Amazon Prime Now delivery drivers employed through Debtor in Texas, Illinois, and California. Lines' right to pursue this action against his employer Amazon in United States District Court was created by Congress in the Federal Labor Standards Act, and is consistent with Congress's stated "desire to permit an action to proceed to completion in another tribunal" notwithstanding a bankruptcy filing where the district court action lacks "connection with or interference with the pending bankruptcy case." H.R. REP. No. 95–595, 343.44 (1977), reprinted in 1978 U.S.C.C.A.N. 5787, 6300.

The purpose of the automatic stay is not to insulate highly solvent third parties like Amazon from

8

liability for their employment practices, nor to interfere with reasonably necessary discovery in litigation involving such solvent third parties. Furthermore, it has been noted that "the automatic stay was never intended to preclude a determination of tort liability and the attendant damages. It was merely intended to prevent a prejudicial dissipation of the debtor's assets." *Continental*, 61 B.R. at 779 (citing *In re Bock Laundry Mach. Co.*, 37 B.R. 564, 567 (Bankr. N.D. Ohio 1984)).

The totality of the circumstances here—the special purpose entity created solely to enter into contracts with Amazon; the timing of the bankruptcy filing on the extended due date of the discovery responses just before Lines could file his motion for conditional certification; the citation of the litigation as the primary reason behind the bankruptcy filing; and the attempt by Amazon to rely on the bankruptcy to avoid its discovery obligations in the Western District Action—suggest that the stay is being used by Amazon (and Debtor) primarily as a tactic to deny Lines the process to which he is entitled in district court and prejudice his pending litigation. "Courts have regarded the opportunity to litigate the issue of liability as a significant right which cannot be easily set aside, even where pre-petition causes of action are involved." *In re Todd Shipyards Corp.*, 92 B.R. 600, 603 (Bankr. D.N.J. 1988) (citing *In re Continental Air Lines, Inc.*, 61 B.R. 758, 779, (S.D. Tex. 1986)).

Any prejudice to Debtor or other creditors from allowing Lines' and the class's claims to be liquidated in District Court, by contrast, would be minimal. The value of Lines' and the prospective class's claims against both Amazon and Debtor must be determined—the issue is merely whether making that determination in this Bankruptcy Action or in the year-old Western District Action that principally involves Amazon as well as debtor better serves judicial economy and fairness to the parties.

## NOTICE

PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED,

9

AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT ELDON B. MAHON U.S. COURTHOUSE, 501 W. 10TH STREET, FORT WORTH, TEXAS 76102 BEFORE CLOSE OF BUSINESS ON APRIL 4, 2018, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.

## CONCLUSION

Petitioner Lines respectfully requests that this Court lift or modify Debtor's automatic stay pursuant to 11 U.S.C. § 362 (d)(1) to allow the District Court Action to proceed through jury trial and liquidation of the class claims against Debtor.

Dated: March 21, 2018
Austin, Texas

Respectfully submitted,

Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
Holt Major Lackey
Texas State Bar No. 24047763
hlackey@equalrights.law
**Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy.
Suite 190
Austin, Texas 78731
(737) 808-2262 (phone)
(737) 808-2260 (fax)

OF COUNSEL:

Robert J. Valli, Jr.
Sara Wyn Kane
James Vagnini
**Valli Kane & Vagnini, LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
(516) 203-7180 (phone)
(516) 706-0248 (fax)

**ATTORNEYS FOR PLAINTIFFS**

11

## CERTIFICATE OF CONFERENCE

Pursuant to a February 13, 2018 Order of Judge Lee Yeakel of the Western District of Texas, counsel for Jeffrey Lines and counsel for Tenet Concepts, LLC and Amazon.com, Inc. conferred on numerous occasions regarding the procedural posture of the District Court Action pending in the Austin Division of the Western District of Texas in light of this Bankruptcy Action. Throughout these conferences it was established that Defendants oppose any lifting of the bankruptcy stay, and on March 20, 2018, Defendants filed a motion in the District Court Action to transfer the case to this Court. This Motion is thus opposed.

/s/ *Holt M. Lackey*
Holt M. Lackey

## CERTIFICATE OF SERVICE

I hereby certify that the preceding pleading was served on March 21, 2018 on (1) the Office of the United States Trustee, via the CM/ECF system; (2) Counsel for any committees appointed under Section 1102 of the Bankruptcy Code, via the CM/ECF system; (3) Top twenty largest unsecured creditors of the Debtor (as listed in Debtor's Form 204): (a) Protective Insurance Company, 111 Congressional Blvd, Suite 500, Carmel IN 46032, (b) The Hartford, PO Box 660916, Dallas, TX 75266-0916, (c) Littler Mendelson P.C., PO Box 45547, San Francisco, CA 94145, (d) IPFS Corporation, PO Box 730223, Dallas, TX 75373-0223, (e) McDonald Sanders, LLC, 777 Main Street, Suite 1300, Fort Worth, TX 76102, (f) IPFS Corporation, 24722 Network Place, Chicago, IL 60673-1247, (g) Vanbridge LLC, PO Box 416103, Boston, MA 02241-6103, (h) BSX Insurance, 3355 W. Alabama, Houston, TX 77098; (4) Debtor at 8200 Cameron Road, Suite A198, Austin, TX 78754, Attn: Scott Cass; (5) Debtor's reorganization counsel, via the CM/ECF system, and via first-class mail, at: Bobby Forshey, Forsehy & Prostok, LLP, 777 Main Street, Suite 1290, Fort Worth, TX 76102; (6) IRS, via first-class mail, at:

12

International Revenue Service, Special Procedures-Insolvency, PO Box 7346, Philadelphia, PA 19101-7346.

/s/ *Holt M. Lackey*_____
Holt M. Lackey

# EXHIBIT B



| Secretary of State<br>P.O. Box 13697<br>Austin, TX 78711-3697<br>FAX: 512/463-5709<br><br>Filing Fee: $300 | **Certificate of Formation<br>Limited Liability Company** | **Filed in the Office of the<br>Secretary of State of Texas<br>Filing #: 802143784 01/27/2015<br>Document #: 588383440004<br>Image Generated Electronically<br>for Web Filing** |
|---|---|---|

### Article 1 - Entity Name and Type

The filing entity being formed is a limited liability company. The name of the entity is:

### TENET CONCEPTS, LLC

### Article 2 – Registered Agent and Registered Office

☐ A. The initial registered agent is an organization (cannot be company named above) by the name of:

**OR**

☑ B. The initial registered agent is an individual resident of the state whose name is set forth below:

**Name:**
### RUSSELL    DAVENPORT

C. The business address of the registered agent and the registered office address is:

**Street Address:**
### MCDONALD SANDERS PC
### 777 MAIN STREET, SUITE 1300  FORT WORTH  TX  76102

### Consent of Registered Agent

☐ A. A copy of the consent of registered agent is attached.

**OR**

☑ B. The consent of the registered agent is maintained by the entity.

### Article 3 - Governing Authority

☐ A. The limited liability company is to be managed by managers.

**OR**

☑ B. The limited liability company will not have managers. Management of the company is reserved to the members.

The names and addresses of the governing persons are set forth below:

Managing Member 1: (Business Name) **PRINCIPLE DISTRIBUTION, LLC**

Address: **8200 CAMERON ROAD   CENTRE A SUITE 198  AUSTIN  TX, USA  78754**

### Article 4 - Purpose

The purpose for which the company is organized is for the transaction of any and all lawful business for which limited liability companies may be organized under the Texas Business Organizations Code.

### Supplemental Provisions / Information

[The attached addendum, if any, is incorporated herein by reference.]

**Certificate.pdf**

| Organizer |
| --- |

The name and address of the organizer are set forth below.

**GLENDA M MCGUIRE**        **P.O. BOX 79095, HOUSTON, TX 77279-9095**

| **Effectiveness of Filing** |
| --- |

☑A. This document becomes effective when the document is filed by the secretary of state.

| **OR** |
| --- |

☐B. This document becomes effective at a later date, which is not more than ninety (90) days from the date of its signing. The delayed effective date is:

| **Execution** |
| --- |

The undersigned affirms that the person designated as registered agent has consented to the appointment. The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument.

**GLENDA M MCGUIRE**

Signature of Organizer

FILING OFFICE COPY

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697

Coby Shorter, III
Deputy Secretary of State

# Office of the Secretary of State

## CERTIFICATE OF RESERVATION OF
## ENTITY NAME
## OF

### TENET CONCEPTS, LLC

The undersigned, as Secretary of State of Texas, hereby certifies that the above entity name has been reserved in this office pursuant to the provisions of Section 5.101 of the Texas Business Organizations Code for the exclusive use of

### PRINCIPLE DISTRIBUTION, LLC
### 204 WEST POWELL LANE, BLDG #3, AUSTIN , TX 77753

for a period of one hundred twenty days after the date hereof.

This name reservation does not authorize the use of a name in this state in violation of the rights of another under the federal Trademark Act of 1946, the Texas trademark law, the Assumed Business or Professional Name Act, or the common law.

Dated: 01/23/2015



Coby Shorter, III
Deputy Secretary of State

*Come visit us on the internet at http://www.sos.state.tx.us/*

Phone: (512) 463-5555         Fax: (512) 463-5709         Dial: 7-1-1 for Relay Services
Prepared by: Monica Martinez-Soto         TID: 10317         Document: 587478930010

328

# EXHIBIT C

**Sixteenth Amendment**
**to Work Order**
**under the Delivery Provider Terms of Service**

       This Sixteenth Amendment to Work Order (this "Sixteenth Amendment") is effective as of December 4, 2016, and amends that certain Work Order, dated as of March 1, 2015, as amended by the First Amendment to Work Order, dated as of March 16, 2015, the Second Amendment to Work Order, dated as of March 30, 2015, the Third Amendment to Work Order, dated as of April 10, 2015, the Fourth Amendment to Work Order, dated as of May 1, 2015, the Fifth Amendment to Work Order, dated as of July 26, 2015, the Sixth Amendment to Work Order, dated as of August 17, 2015, the Seventh Amendment to Work Order, dated as of September 30, 2015, the Eighth Amendment to Work Order, dated as of September 30, 2015, the Ninth Amendment to Work Order, dated as of October 11, 2015, the Tenth Amendment to Work Order, dated as of November 1, 2015, the Eleventh Amendment to Work Order, dated as of February 3, 2016, the Twelfth Amendment to Work Order, dated as of February 14, 2016, the Thirteenth Amendment to Work Order, dated as of March 1, 2016, the Fourteenth Amendment to Work Order, dated as of August 28, 2016, and the Fifteenth Amendment to Work Order, dated as of October 9, 2016 (the "Work Order"), by and between Tenet Concepts, LLC ("you") and Amazon Logistics, Inc., a Delaware corporation ("Amazon"). All capitalized terms used and not defined in this Sixteenth Amendment have the respective meanings assigned to such terms in the Delivery Provider Terms of Service to which you agreed on the Delivery Provider Platform (as the same may be amended, modified, or supplemented from time to time, the "Terms").

       Amazon and you agree as follows:

       **1.**     **Amendment to Schedule D.** Schedule D to the Work Order is hereby deleted in its entirety and replaced with Schedule D attached hereto.

       **2.**     **No Other Amendments; Conflicts.** Except as expressly amended hereby, the Work Order remains in full force and effect in accordance with its terms. In the event of any conflict between the terms of this Sixteenth Amendment and the terms of the Work Order, the terms of this Sixteenth Amendment will control.

[Signature Page Follows]

# EXHIBIT D

## DELIVERY PROVIDER TERMS OF SERVICE
(Last Updated: June 21, 2016)

These Delivery Provider Terms of Service (these "<u>Terms</u>") contain the terms and conditions that govern your performance of the Services and constitute a legally binding agreement between the applicable Amazon Contracting Party or any of its Affiliates that enters into a Work Order under these Terms ("<u>Amazon</u>"), on the one hand, and you or the entity that you represent ("<u>you</u>"), on the other hand.  These Terms take effect on the date when you click an "Agree" or similar button or check box presented with these Terms or, if earlier, when you begin to perform the Services (the "<u>Effective Date</u>").  By accepting these Terms, you (a) on behalf of yourself and the entity that you represent, agree to be bound by all terms and conditions of these Terms, and (b) represent and warrant that you have legal authority to bind the entity that you represent to these Terms.  Please see <u>Section 11</u> for definitions of certain capitalized terms used in these Terms.

1.   **Services**.

a.   <u>Work Orders</u>.  At Amazon's request and as specified in one or more work orders that become binding on you (whether by executing the same or otherwise agreeing to the applicable terms, including pursuant to the functionality of the Site) ("<u>Work Orders</u>"), you will provide transportation, delivery and related services (whether on foot, by bicycle, by motor vehicle, or otherwise) ("<u>Services</u>", as such term is further described in any Work Order) in accordance with the terms and conditions of these Terms, the Program Policies, and any performance standards set forth in each applicable Work Order.  These Terms and the Program Policies govern each Work Order, and if you commence Services for Amazon in the absence of a Work Order, these Terms and the Program Policies will nevertheless apply.

b.   <u>Affiliates</u>.  Any Affiliate of the applicable Amazon Contracting Party may enter into Work Orders with you pursuant to these Terms, and with respect to such Work Orders, such Affiliate becomes a party to these Terms and references to Amazon in these Terms are deemed to be references to such Affiliate.  Each Work Order is a separate obligation of the Affiliate of the applicable Amazon Contracting Party that is named in such Work Order, and neither the Amazon Contracting Party nor any other Affiliate of the Amazon Contracting Party has any obligation under such Work Order.

c.   <u>No Minimum Volume/No Exclusivity</u>.  You acknowledge and agree that Amazon makes no promises or representations whatsoever as to the amount of business that you can expect at any time under these Terms, whether before or after any Work Order becomes binding on you.  Amazon may from time to time give volume, density, weight, product distribution or other projections to you, but such projections are speculative only and will not in any event give rise to any liability on the part of Amazon.  The parties acknowledge and agree that Amazon may engage the services of other companies that may perform the same or similar services as those provided by you.  These Terms do not obligate you to perform any Services unless and until a Work Order has become binding on you in accordance with <u>Section 1.a</u>.

AMZ_JLINES_00000019

2.    **Personnel Performing Services; Relationship of the Parties; Transportation Authority; Vehicles; License of Equipment**.

    a.    <u>Personnel Performing Services; Relationship of the Parties</u>.

        i.    Each driver, cyclist, walker, and other Personnel provided by you to perform the Services will: (i) have such credentials (e.g., background investigation or references and drug screening), skills, training and expertise as are required by Law, the Program Policies and each applicable Work Order and otherwise be suitable and appropriate to perform the Services; and (ii) have satisfactorily completed your delivery person training program (as applicable) and any other vetting process that you have established prior to providing any Services to or on behalf of Amazon.  You will not permit any of your Personnel who at any time fails to satisfy the requirements of this <u>Section 2.a</u> to provide Services directly or indirectly for or on behalf of Amazon.  Further, upon receipt of a written notice (which may be by email) from Amazon specifying that any of your Personnel has failed to satisfy the requirements of this <u>Section 2.a</u>, you will not permit such Personnel to provide Services directly or indirectly for or on behalf of Amazon.

        ii.    You are an independent contractor of Amazon.  As between Amazon and you, you have exclusive responsibility for your Personnel and exclusive control over your policies relating to wages, fees and other compensation, hours, and working conditions.  You have the exclusive right to hire, engage, transfer, suspend, lay off, recall, promote, discipline, discharge and adjust grievances with your Personnel.  Your Personnel are not eligible to participate in any employee benefit plans or other benefits available to employees of Amazon or any of its Affiliates.  Neither you nor any of your Personnel has any authority to bind Amazon or any of its Affiliates to any agreement or obligation.

    b.    <u>Transportation Authority</u>.  During the Term (as defined in <u>Section 8.a</u>), you will obtain and maintain all motor carrier and other transportation related authorities, permits, and registrations with Governmental Authorities (including, without limitation, those relating to the transportation of alcohol products) as are required to perform the Services under these Terms, the Program Policies, and each applicable Work Order.

    c.    <u>Vehicles</u>.  You will provide, operate, maintain and be responsible for, at your expense, all vehicles (including bicycles) required to perform the Services under these Terms, the Program Policies, and each applicable Work Order (each, a "<u>Vehicle</u>", and collectively, the "<u>Vehicles</u>"), and you will keep the Vehicles in good working order in accordance with the manufacturer's recommendations.  You agree that, if required by Law, all such Vehicles will display any applicable registration numbers and will satisfy all applicable safety, speed, hours of service and other requirements imposed by Law.

    d.    <u>License of Equipment</u>.

        i.    As used in these Terms: (A) "<u>Equipment</u>" means, collectively, Hardware and Licensed Materials; (B) "<u>Hardware</u>" means handheld communication devices/scanners and all associated equipment furnished to you by Amazon, together with any related manuals and other

AMZ_JLINES_00000020

documentation; and (C) "Licensed Materials" means any software (including, without limitation, any scanning and delivery application), content or other information furnished to you (whether standalone or for use on Hardware, on devices owned by you, or otherwise) by Amazon, together with any related manuals and other documentation.

ii.    Amazon grants to you, during the Term, a limited, non-exclusive, non-transferable, non-sublicensable, revocable license to use the Equipment in each country in which you provide the Services, solely for the purpose of performing the Services.  You will provide all other equipment necessary for the performance of the Services at your own expense.  You will not, in whole or in part: (A) copy the Equipment; (B) distribute copies of the Equipment or any part of the Equipment to any third party; (C) modify, adapt, translate, reverse engineer, make alterations to, decompile, disassemble or make derivative works based on the Equipment or any part of the Equipment; (D) rent, loan, sublicense, lease, distribute or attempt to grant other rights to the Equipment or any part of the Equipment to third parties; (E) permit remote access to the Equipment by any third party; or (F) use the Equipment other than to perform the Services.  You will require all of your Personnel using the Equipment to attend the training specified by Amazon, including for updates and periodic refresher training.  You will keep all Hardware in good repair, good operating condition and working order and in compliance with the manufacturer's specifications and will furnish all Hardware to Amazon for maintenance, service and repair as specified by Amazon.  You will not make any additions, attachments, alterations or improvements to Hardware without the prior written consent of Amazon.  If any Hardware or part of any Hardware is lost, stolen, unreturned, damaged, sold, transferred, leased, encumbered or assigned without the express prior written consent of Amazon, you will promptly pay Amazon the full replacement cost of the Hardware, together with any incidental costs that are incurred by Amazon to replace the Hardware.

iii.    AMAZON LICENSES THE EQUIPMENT TO YOU "AS IS" AND MAKES NO WARRANTIES OF ANY KIND REGARDING THE EQUIPMENT, INCLUDING, BUT NOT LIMITED TO, THE DESIGN, OPERATION OR CONDITION OF, OR THE QUALITY OF THE MATERIAL, COMPONENTS OR WORKMANSHIP IN, THE EQUIPMENT.  TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, AMAZON EXPRESSLY DISCLAIMS ALL WARRANTIES, WHETHER EXPRESS OR IMPLIED, INCLUDING BUT NOT LIMITED TO WARRANTIES OF MERCHANTABILITY, NONINFRINGEMENT, TITLE OR FITNESS FOR A PARTICULAR PURPOSE.  AMAZON DOES NOT WARRANT THAT THE EQUIPMENT WILL MEET YOUR REQUIREMENTS OR WILL OPERATE UNINTERRUPTED, ERROR FREE OR PROVIDE ACCURATE, COMPLETE OR UP-TO-DATE INFORMATION.  AMAZON WILL NOT BE RESPONSIBLE FOR ANY LOSS, DAMAGE OR CLAIM CAUSED BY OR ATTRIBUTABLE TO ANY DEFECT OR DEFICIENCY IN ANY EQUIPMENT WHETHER ARISING OUT OF THE EQUIPMENT'S MANUFACTURE, DESIGN OR OTHERWISE.

iv.    Amazon will defend and indemnify you from any loss, damage, cost, and expense (including reasonable attorneys' fees and expenses) arising out of any claim, action or proceeding brought by a third party (each, a "Third-Party Claim") alleging that your use of the Equipment as authorized under this Section 2.d infringes or misappropriates any third-party patent, copyright, trademark, trade secret or other intellectual property rights (collectively, "Third-Party Proprietary Rights").  Amazon will have sole control of the defense of any Third-Party Claim, and

AMZ_JLINES_00000021

you will cooperate (at Amazon's expense) with Amazon in the defense. Amazon's obligation to indemnify under this <u>Section 2.d(iv)</u> will not apply to the extent that any Equipment infringes or misappropriates any Third-Party Proprietary Rights as a result of (A) any modification of or to the Equipment made by you or any of your Personnel, (B) use of the Equipment by you or any of your Personnel other than as contemplated by this <u>Section 2.d</u>, or (C) the combination of the Equipment with other products or services.

3. **Fees**.

a. Amazon will pay you in accordance with the rate structure included in each applicable Work Order or that is otherwise agreed between the parties pursuant to the functionality of the Site. Except as provided in any Work Order or otherwise on the Site, the rate structure will not be subject to adjustment in the event that delivery volumes, number of stops, time per stop or between stops, distances traveled, labor or vehicle costs or any other forecast or assumption with respect to a Planned Route differs in any respect from the forecasts and assumptions used to set the rate structure set out in any Work Order or otherwise on the Site. Except as provided in any Work Order or otherwise on the Site, you will be entitled to no compensation or reimbursement of any expenses for performing the Services.

b. Amazon may (i) deduct from and offset against any amounts owing by Amazon to you under these Terms or any Work Order any sums payable by you to Amazon, or (ii) invoice you for such amounts due Amazon and you will pay Amazon invoiced amounts upon receipt of such invoice.

c. You acknowledge that, depending on the jurisdiction in which the Services are provided and the program to which the Services relate, an Amazon customer may be able during order checkout, at the customer's option, to provide that an e-tip be directed toward the delivery person and/or the persons responsible for fulfilling orders (the "<u>Tips</u>"). If applicable, Amazon will distribute to you all Tips collected in connection with applicable deliveries made by your Personnel, and you agree to distribute all such Tips to your Personnel in accordance with applicable Law.

4. **Invoicing**. Unless otherwise directed by Amazon, you will provide weekly invoices (at no charge) in a form acceptable to Amazon. Each invoice will include at least the following data in addition to any other itemized data reasonably requested by Amazon: service date, service type, number of Planned Routes per Service Area by shift (if applicable), and total cost. At Amazon's request, you will issue separate invoices for each account established under these Terms or any Work Order. The payment obligation under each invoice is a separate obligation of the account to which the invoiced Services were provided pursuant to the applicable Work Order, and no other account has any obligation under such invoice or Work Order. Amazon will pay, or cause to be paid, all undisputed portions of your properly submitted invoices within 30 days of receipt. Amazon has no obligation to pay, or cause to be paid, any fees or expenses invoiced more than three months after the applicable Services are performed, and you waive any claim for payment of amounts not invoiced within that three-month period. Amazon or its designee may conduct invoice audits to verify accuracy. Discrepant invoices will be rejected or short paid with appropriate

AMZ_JLINES_00000022

explanation of the discrepancy.  The parties will use their commercially reasonable efforts to resolve any disputes promptly.

5.    **Representations, Warranties and Covenants**.

a.    You represent and warrant to Amazon that you are a legal business entity duly formed, validly existing and in good standing under the Laws of the jurisdiction of your formation and that you have all requisite right, power and authority to enter into, and perform your obligations under, these Terms and each Work Order.

b.    In addition to any compliance obligations set forth in these Terms, you are solely responsible for any and all obligations owed to your Personnel pursuant to applicable Law and for the management of your Personnel and promptly investigating and resolving all workplace complaints made by your Personnel.

c.    You acknowledge that Amazon's Code of Business Conduct and Ethics posted at http://phx.corporate-ir.net/phoenix.zhtml?c=97664&p=irol-govConduct (the "Code") prohibits the paying of bribes to anyone for any reason, whether in dealings with Governmental Authorities or the private sector.  You will not violate or knowingly permit anyone to violate the Code's prohibition on bribery or any applicable anti-corruption Laws.  Amazon may immediately terminate or suspend performance under these Terms if you breach this Section.  You will maintain true, accurate and complete books and records concerning any payments made by you to any other person or entity in connection with the performance of the Services, including any such payments made on behalf of Amazon.  Amazon and its designated representatives may inspect your books and records to verify such payments and for compliance with this Section and the Code.

d.    You will: (i) perform the Services in a competent and workmanlike manner in accordance with the level of professional care customarily observed by highly skilled professionals rendering similar services; (ii) not violate or infringe any third party's right in proprietary or confidential information in performing the Services; (iii) comply with all Laws pertaining to the Services, including without limitation all Laws applicable to transport, health and safety; (iv) hold and comply with all applicable licenses and permits required by Governmental Authorities in performing the Services; (v) notify Amazon as soon as possible of any event or circumstance that impairs the safety of or delays delivery of Deliverables, and use an acceptable industry standard of care in the protection of the Deliverables; (vi) at all times have sufficient equipment, Personnel and resources available to perform the Services (and, in any case in which you believe, in your reasonable business judgment, that you do not have sufficient equipment, Personnel and resources available to perform the Services, you will immediately notify Amazon); (vii) comply, at your sole cost and expense, with any social compliance and product safety requirements specified by Amazon, including Amazon's Supplier Code of Standards and Responsibilities posted at http://www.amazon.com/gp/help/customer/display.html?ie=UTF8&nodeId=200885140 (collectively, "Compliance Requirements"), and permit, as requested by Amazon from time to time, Amazon's designee to audit your compliance with any Compliance Requirements, and you will implement any corrective actions required by Amazon resulting from such audits at your expense; and (vii) not have any lien on Amazon property or assets, including any Deliverables or

AMZ_JLINES_00000023

any documents relating to any Deliverables, and you waive all rights to any lien upon any shipment or related documents on behalf of yourself and any third party engaged by you.

     e.    <u>Hazardous Materials Notifications</u>.  You will notify Amazon's dangerous goods compliance department (at the phone number or email address designated by Amazon for this purpose) promptly (and in any event within 24 hours) after you become aware of any (i) injury to persons, property damage, environmental damage, fire, breakage, spillage, leakage, or any other accident or incident involving any product defined, designated, or classified as hazardous material, hazardous substance, or dangerous good (including limited and excepted quantities, consumer commodity, ORM-D, lithium batteries, and radioactive and magnetic materials) under any applicable Law and transported by you under these Terms (collectively, "<u>Hazardous Materials</u>"), (ii) event or circumstance involving Hazardous Materials that violates or is reasonably likely to violate any applicable Law, or (iii) investigation of any shipment containing Hazardous Materials by any governmental agency or authority.

6.    **Claims for Loss or Damage**.  You will be liable for Delay, loss or damage to Deliverables occurring while such Deliverables are in the care, custody or control of you and/or your Personnel in an amount equal to the actual cost of the Delayed, lost or damaged Deliverables, including the replacement cost of the Deliverables and direct costs associated with the original packaging, handling, and shipping (including the costs of packaging, handling and shipping the replacement).  Claims for Delayed, lost or damaged Deliverables may be based upon Amazon's manifest, may be initiated electronically (including via email), and may be filed at any time within 120 days after the Deliverable was tendered to you.  You will acknowledge all claims within 30 days of receipt and will process all claims to conclusion and pay or credit the applicable account within 60 days of receipt. You will cooperate with Amazon's loss prevention and investigative personnel in the conduct of investigations related to fraud, theft and other matters of mutual concern.

7.    **Insurance**.  You will, at all times during which you provide the Services and for at least two years after all Services are completed, carry, at your expense, the types of insurance and minimum limits of insurance, in each case, that are specified in the Program Policies, each applicable Work Order, or otherwise on the Site.  You will submit certificates of insurance evidencing required insurance coverages to Amazon through the Site or by such other means specified by Amazon prior to the commencement of the Services and at each policy renewal thereafter.  You consent to Amazon disclosing your certificates of insurance or other information to third parties for the purpose of verifying your compliance with this <u>Section 7</u>.

8.    **Term and Termination**.

     a.    <u>Term and Termination</u>.  The term of these Terms will begin on the Effective Date and will continue until terminated in accordance with this <u>Section 8.a</u> (the "<u>Term</u>.").  Either party may terminate these Terms at any time, with or without cause, by providing the other party with 30 days' prior written notice.  If the term of any Work Order extends beyond the Term, these Terms will survive for the purposes of that Work Order until the termination of that Work Order.

     b.    <u>No Damages for Termination</u>.  Amazon will not be liable, on account of termination or expiration of these Terms, for loss of goodwill, prospective profits or anticipated orders.  Unless

AMZ_JLINES_00000024

specifically provided in any Work Order, Amazon will not be liable, on account of termination of these Terms or any Work Order, for any expenditures, investments, leases or commitments made by you under these Terms or any Work Order or for any other reason. You acknowledge and agree that you have no expectation, and that you have not received any assurances from Amazon or any other person, that your business relationship with Amazon will continue beyond the Term.

c.   Transition Assistance. In connection with the termination or expiration of these Terms or any Work Order for any reason, you will provide reasonable assistance to Amazon in order to enable and facilitate an orderly transition of the Services to Amazon or a third party designated by Amazon.

9.   **Indemnification**.

a.   You will defend, indemnify and hold harmless Amazon and its Affiliates and successors, and each of their respective directors, officers and employees (each an "Indemnified Party" and, collectively, the "Indemnified Parties") from any third-party allegation or claim based on, or any loss, damage, settlement, cost, expense and any other liability (including but not limited to reasonable attorneys' fees and expenses) arising out of or in connection with, (i) any allegation or claim of negligence, strict liability or misconduct of you or your Personnel, (ii) a breach of these Terms, the Program Policies, or any Work Order by you or your Personnel, (iii) any action or inaction by you or any of your Personnel (including, without limitation, any and all loss or damage to personal property or bodily harm (including death)), or (iv) any allegation or claim that you or any of your Personnel failed to comply with applicable Law. However, the foregoing indemnification obligation does not apply to the extent that any claim subject to indemnification results from the negligence or willful misconduct of the Indemnified Parties.

b.   Your duty to defend is independent of your duty to indemnify. Your obligations under this Section are independent of any of your other obligations under these Terms. You will use counsel reasonably satisfactory to the Indemnified Parties to defend each indemnified claim, and the Indemnified Parties will cooperate (at your expense) with you in the defense. You will not consent to the entry of any judgment or enter into any settlement without the Indemnified Parties' prior written consent.

10.   **Confidentiality; Customer Information; Work Product**.

a.   You will at all times comply with the terms of any nondisclosure agreement executed or otherwise agreed to by you in favor of Amazon and/or its Affiliates (an "NDA"). If no NDA exists, you and your representatives will (i) protect and keep confidential the existence of these Terms (including all Work Orders), their terms and conditions, and any other information obtained from Amazon or any of its representatives that is identified as confidential or proprietary or that, given the nature of such information or the manner of its disclosure, reasonably should be considered confidential or proprietary (including, without limitation, all information relating to Amazon's technology, customers (including Customer Information (as defined below)), business plans, marketing activities, and finances) (collectively, "Confidential Information"), (ii) use Confidential Information solely for the purpose of providing Services, and (iii) return all Confidential Information to Amazon promptly following a request from Amazon. All Confidential

338

Information will remain Amazon's exclusive property, and you will have no rights to use Confidential Information except as expressly provided in an NDA or these Terms.

      b.      If you are required by any Governmental Authority to disclose the contents of any Deliverable, you will promptly provide Amazon with notice of such requirement. In such instances, you will use commercially reasonable efforts to (i) ensure that any items removed from a container are promptly put back into the container following the relevant Government Authority's inspection, and (ii) provide Amazon with an audit against the manifest for such items.

      c.      Except as expressly set forth in these Terms, the Program Policies, or any Work Order, you will not use any trade name, trademark, service mark, logo or commercial symbol, or any other proprietary rights of Amazon or any of its Affiliates in any manner (including but not limited to use in any client list, press release, advertisement or other promotional material) without the prior written authorization of such use by a Vice President of Amazon. Without the prior written authorization by a Vice President of Amazon, you will not make any public announcement or other statement (including, without limitation, a press release, response to a media query, advertisement, or other promotional material) in which you refer to Amazon or its Affiliates, these Terms, any Work Order, the Services, or any Confidential Information.

      d.      You will, and will cause your Personnel to, use all personally identifiable information concerning Amazon's customers, including names and addresses (collectively, "Customer Information"), solely for the purpose of providing Services. You will comply with all instructions of Amazon in respect of the processing of Customer Information, and you will maintain appropriate technical and organizational security measures to prevent unauthorized use or disclosure of Customer Information. All Customer Information is and will remain the exclusive property of Amazon, and you will not transfer, rent, barter, trade or sell Customer Information and will not develop lists of or aggregate Customer Information. Except as otherwise required by applicable Law, you will, and will cause your Personnel to, delete all instances (including backups and other copies) of Customer Information associated with each shipment within two weeks after completing the shipment. Before disposing of any hardware, media or software (including any sale or transfer of such material or any disposition of your business) that contains or previously contained Customer Information, at Amazon's direction, you will either return such hardware, media or software to Amazon, or perform a complete forensic destruction of the Customer Information (which may include a physical destruction, preferably incineration, or secure data wipe) such that no Customer Information can be recovered or retrieved. For the avoidance of doubt, the contents of Deliverables tendered by Amazon to you are Customer Information subject to this Section 10.

      e.      The parties agree that, between the parties, any information or data arising out of or in connection with the Services, including without limitation any Amazon customer data or Customer Information and any data, analysis or other work specifically commissioned by Amazon and agreed to by you (collectively, "Work Product"), is owned by Amazon. For purposes of these Terms, Work Product does not include: (a) any inventions or developments made by you and existing prior to the Effective Date; or (b) any inventions or developments developed entirely independently by you, at any time, without any use, knowledge of, or reference to, the Confidential Information. The Work Product has been specially ordered and commissioned by Amazon. You

AMZ_JLINES_00000026

agree that the Work Product is a "work made for hire" for copyright purposes, with all copyrights in the Work Product owned by Amazon. To the extent that the Work Product does not qualify as a work made for hire under applicable Law, and to the extent that the Work Product includes material subject to copyright, trade secret, or other proprietary rights protection, you hereby assign to Amazon (or to such of its Affiliates as it may designate), its successors and assigns, all right, title and interest in and to the Work Product. To the extent necessary to effect this assignment, you will execute any documents that Amazon reasonably requests. At any time upon request from Amazon and upon termination or expiration of these Terms, you will deliver to Amazon in tangible form all materials containing Work Product, whether complete or in process. All Work Product will be Confidential Information that is subject to this <u>Section 10</u>.

11.   **<u>Defined Terms</u>**.

a.      "<u>Affiliate</u>" means, with respect to any entity, any person or other entity that directly or indirectly controls, is controlled by, or is under common control with, such first entity.

b.      "<u>Amazon Contracting Party</u>" means: (i) if the Services are provided in the United States, Amazon Logistics, Inc.; or (ii) if the Services are provided in the United Kingdom, Amazon UK Services Ltd.

c.      "<u>Chosen Courts</u>" means: (i) if the Services are provided in the United States, the federal and state courts in King County, Washington; or (ii) if the Services are provided in the United Kingdom, the courts in England and Wales.

d.      "<u>Delay</u>" means, with respect to any Deliverable, that such Deliverable was not delivered within the delivery window specified by Amazon.

e.      "<u>Deliverables</u>" means parcels, totes or other deliverables tendered by Amazon to you or any of your Personnel.

f.      "<u>Governing Laws</u>" means: (i) if the Services are provided in the United States, the laws of the State of Washington; or (ii) if the Services are provided in the United Kingdom, the laws of England and Wales.

g.      "<u>Governmental Authority</u>" means any governmental, quasi-governmental or regulatory authority, body, department, commission, board, bureau, agency, division, court, securities exchange or other legislative, executive or judicial governmental entity or instrumentality, whether foreign or domestic, of any country, nation, state, county, parish or municipality, jurisdiction or other political subdivision.

h.      "<u>Law</u>" means any national, federal, state, local or foreign statute, common law, ordinance, rule, regulation, order, judgment or agency requirement of, or issued, promulgated or entered into with, any Governmental Authority.

i.      "<u>Personnel</u>" means, with respect to any party, such party's employees, agents, representatives, and subcontractors. For the avoidance of doubt, your Personnel will include any individual assigned by you to perform the Services.

AMZ_JLINES_00000027

  j.  "<u>Planned Route</u>" means a number of Deliverables in a given area that Amazon plans for a single person and/or Vehicle for delivery on a specific shift and day and that in turn is assigned by you to a specific person and/or Vehicle for delivery on a specific shift and day.

  k.  "<u>Program Policies</u>" means any terms, conditions, policies, guidelines and other information of which you are notified in accordance with <u>Section 12.c</u> or that are referenced in these Terms or posted on the Site.

  l.  "<u>Service Area</u>" means the zip codes, cities, geographies or other areas with respect to which you provide the Services, as specifically defined in a Work Order.

  m.  "<u>Site</u>" means the Amazon Delivery Provider website (or any successor or related website designated by Amazon).

  n.  "<u>Taxes</u>" means those applicable sales or use taxes or value added taxes that you are legally obligated to charge.

12. **<u>Miscellaneous</u>**.

  a.  You will not assign any of your rights or obligations under these Terms or any Work Order without Amazon's prior written consent. Any attempt by you to assign, subcontract or delegate in violation of this Section will be null and void.

  b.  These Terms and the Work Orders are governed by the applicable Governing Laws, excluding any conflict of laws rules. You irrevocably submit to venue and exclusive jurisdiction in the applicable Chosen Courts for any dispute arising out of or relating to these Terms, any Work Order or the Services, and you waive all objections to jurisdiction and venue of the applicable Chosen Courts.

  c.  Notices to you under these Terms may be provided by (i) posting a notice on the Site, or (ii) sending a message to the email address then associated with your account. Notices provided by posting on the Site will be effective upon posting, and notices provided by email will be effective when sent by Amazon. It is your responsibility to keep your email address current, and you will be deemed to have received any email sent to the email address then associated with your account when Amazon sends the email, whether or not you actually receive it. Notices to Amazon under these Terms may be provided by (A) facsimile transmission to the number stated in the Program Policies or any applicable Work Order, or (B) pre-paid post requiring signature on receipt or personal delivery to the address stated in the Program Policies or any applicable Work Order. Amazon may update the facsimile number and/or address for notices to Amazon by posting a notice on the Site. Notices to Amazon will be deemed effective when delivered in person, when delivered by pre-paid post, or when received by facsimile.

  d.  If any provision of these Terms, the Program Policies, or any Work Order is determined to be unenforceable, the parties intend that these Terms, the Program Policies, or the Work Order (as applicable) be enforced as if the unenforceable provisions were not present and

AMZ_JLINES_00000028

that any partially valid and enforceable provisions be enforced to the extent that they are enforceable.

      e.     A party does not waive any right under any provision of these Terms, the Program Policies, or any Work Order by failing to insist on compliance with, or by failing to exercise any right under, the applicable provision. Any waivers granted under these Terms, the Program Policies, or any Work Order are effective only if recorded in a writing signed by the party granting such waiver. The rights and remedies of the parties under these Terms, the Program Policies, and any Work Order are cumulative and are not exclusive, and either party may enforce any of its rights or remedies under these Terms, the Program Policies, or any Work Order or other rights and remedies available to it at law or in equity. The Section headings of these Terms are for convenience only and have no interpretive value.

      f.     The following provisions, along with any other provisions that by their nature should survive termination or expiration of these Terms, will survive: <u>Sections 4</u>, <u>6</u>, <u>7</u>, <u>8.b</u>, <u>8.c</u>, and <u>9-12</u>.

      g.     You acknowledge that any breach of these Terms, the Program Policies, or any Work Order by you or any of your representatives would cause irreparable harm to Amazon for which Amazon has no adequate remedies at law. Accordingly, Amazon is entitled to specific performance or injunctive relief for any breach of these Terms, the Program Policies, or any Work Order by you or any of your representatives without the necessity of proving damages or posting bond.

      h.     Except for your indemnity obligations under <u>Section 9</u> and liability arising out of your breach of <u>Section 10</u>, neither party will be liable under any circumstances for lost opportunities or profits, consequential, special, punitive, incidental or indirect damages of any kind. Nothing in these Terms shall limit or exclude either party's liability for any matter that may not be limited or excluded by applicable Law.

      i.     You may charge and Amazon will pay Taxes invoiced by you, provided that those Taxes are stated on the original invoice that you provide to Amazon and your invoices state those Taxes separately and meet the appropriate tax requirements for a valid tax invoice, if any. Amazon may provide you an exemption certificate acceptable to the relevant taxing authority, in which case, you will not collect the Taxes covered by the certificate. You will be responsible for all other taxes (including interest and penalties) or fees arising from transactions and the documentation of transactions under these Terms and any Work Order. Amazon will maintain the right to deduct or withhold any taxes that Amazon determines it is obligated to withhold from any amounts payable to you under these Terms or any Work Order, and payment to you as reduced by such deductions or withholdings will constitute full payment and settlement to you of all amounts payable to you under these Terms or any Work Order. You will provide Amazon with any forms, documents, or certifications as may be required for Amazon to satisfy any information reporting or withholding tax obligations with respect to any payments under these Terms or any Work Order.

      j.     These Terms (together with the Program Policies, which are incorporated in these Terms by this reference), any Work Orders, and any NDA constitute the complete and final

AMZ_JLINES_00000029

agreement of the parties pertaining to the Services and supersede and replace the parties' prior agreements, understandings, representations and discussions (whether written or oral) relating to the Services.

       k.      Amazon may modify these Terms (including any Program Policies) at any time by posting a revised version on the Site or by otherwise notifying you in accordance with <u>Section 12.c</u>. The modified Terms will become effective upon posting or, if Amazon notifies you by email, as stated in the email message. By continuing to provide the Services after the effective date of any modification to these Terms, you agree to be bound by the modified Terms. It is your responsibility to check the Site regularly for modifications to these Terms.

       l.      The parties may use standard business forms or other communications, but use of such forms is for convenience only and does not alter the provisions of these Terms. NEITHER PARTY WILL BE BOUND BY, AND EACH SPECIFICALLY OBJECTS TO, ANY PROVISION THAT IS DIFFERENT FROM OR IN ADDITION TO THESE TERMS (WHETHER PROFFERED VERBALLY OR IN ANY QUOTATION, INVOICE, BILL OF LADING, SHIPPING DOCUMENT, ACCEPTANCE, CONFIRMATION, CORRESPONDENCE, OR OTHERWISE).

       m.      You will not be liable for your failure or delay in fulfilling your obligations under these Terms, the Program Policies, or any Work Order if such failure or delay is caused by fire, flood, weather conditions or other Acts of God, invasions, riots, closing of public highways, civil unrest, war, or acts of terrorism or any circumstance beyond your reasonable control and without fault or negligence on your part ("<u>Force Majeure</u>"); <u>provided</u>, that (i) you will promptly notify Amazon in writing of the occurrence and details of any event of Force Majeure that has caused, or is likely to cause, you to either delay or fail to perform your obligations under these Terms or any Work Order, and (ii) you will use reasonable efforts to overcome or limit the effects of any such event of Force Majeure on Amazon. If the service interruption caused by the Force Majeure continues for 30 days, either party will have the right to terminate any affected Work Order with respect to the Services not being performed by giving the other party 24 hours' prior written notice. To be effective, such notice must be delivered during the service interruption.

       n.      If there is a conflict among these Terms, the Program Policies, and any Work Order, the Program Policies will prevail over these Terms and the Work Order, and the Work Order will prevail over these Terms.

AMZ_JLINES_00000030

# EXHIBIT E

Information will remain Amazon's exclusive property, and you will have no rights to use Confidential Information except as expressly provided in an NDA or these Terms.

b.        If you are required by any Governmental Authority to disclose the contents of any Deliverable, you will promptly provide Amazon with notice of such requirement.  In such instances, you will use commercially reasonable efforts to (i) ensure that any items removed from a container are promptly put back into the container following the relevant Government Authority's inspection, and (ii) provide Amazon with an audit against the manifest for such items.

c.        Except as expressly set forth in these Terms, the Program Policies, or any Work Order, you will not use any trade name, trademark, service mark, logo or commercial symbol, or any other proprietary rights of Amazon or any of its Affiliates in any manner (including but not limited to use in any client list, press release, advertisement or other promotional material) without the prior written authorization of such use by a Vice President of Amazon.  Without the prior written authorization by a Vice President of Amazon, you will not make any public announcement or other statement (including, without limitation, a press release, response to a media query, advertisement, or other promotional material) in which you refer to Amazon or its Affiliates, these Terms, any Work Order, the Services, or any Confidential Information.

d.        You will, and will cause your Personnel to, use all personally identifiable information concerning Amazon's customers, including names and addresses (collectively, "Customer Information"), solely for the purpose of providing Services.  You will comply with all instructions of Amazon in respect of the processing of Customer Information, and you will maintain appropriate technical and organizational security measures to prevent unauthorized use or disclosure of Customer Information.  All Customer Information is and will remain the exclusive property of Amazon, and you will not transfer, rent, barter, trade or sell Customer Information and will not develop lists of or aggregate Customer Information.  Except as otherwise required by applicable Law, you will, and will cause your Personnel to, delete all instances (including backups and other copies) of Customer Information associated with each shipment within two weeks after completing the shipment.  Before disposing of any hardware, media or software (including any sale or transfer of such material or any disposition of your business) that contains or previously contained Customer Information, at Amazon's direction, you will either return such hardware, media or software to Amazon, or perform a complete forensic destruction of the Customer Information (which may include a physical destruction, preferably incineration, or secure data wipe) such that no Customer Information can be recovered or retrieved.  For the avoidance of doubt, the contents of Deliverables tendered by Amazon to you are Customer Information subject to this Section 10.

e.        The parties agree that, between the parties, any information or data arising out of or in connection with the Services, including without limitation any Amazon customer data or Customer Information and any data, analysis or other work specifically commissioned by Amazon and agreed to by you (collectively, "Work Product"), is owned by Amazon.  For purposes of these Terms, Work Product does not include: (a) any inventions or developments made by you and existing prior to the Effective Date; or (b) any inventions or developments developed entirely independently by you, at any time, without any use, knowledge of, or reference to, the Confidential Information.  The Work Product has been specially ordered and commissioned by Amazon.  You

AMZ_JLINES_00000026

agree that the Work Product is a "work made for hire" for copyright purposes, with all copyrights in the Work Product owned by Amazon.  To the extent that the Work Product does not qualify as a work made for hire under applicable Law, and to the extent that the Work Product includes material subject to copyright, trade secret, or other proprietary rights protection, you hereby assign to Amazon (or to such of its Affiliates as it may designate), its successors and assigns, all right, title and interest in and to the Work Product.  To the extent necessary to effect this assignment, you will execute any documents that Amazon reasonably requests.  At any time upon request from Amazon and upon termination or expiration of these Terms, you will deliver to Amazon in tangible form all materials containing Work Product, whether complete or in process.  All Work Product will be Confidential Information that is subject to this <u>Section 10</u>.

11.  **<u>Defined Terms</u>**.

a.  "<u>Affiliate</u>" means, with respect to any entity, any person or other entity that directly or indirectly controls, is controlled by, or is under common control with, such first entity.

b.  "<u>Amazon Contracting Party</u>" means: (i) if the Services are provided in the United States, Amazon Logistics, Inc.; or (ii) if the Services are provided in the United Kingdom, Amazon UK Services Ltd.

c.  "<u>Chosen Courts</u>" means: (i) if the Services are provided in the United States, the federal and state courts in King County, Washington; or (ii) if the Services are provided in the United Kingdom, the courts in England and Wales.

d.  "<u>Delay</u>" means, with respect to any Deliverable, that such Deliverable was not delivered within the delivery window specified by Amazon.

e.  "<u>Deliverables</u>" means parcels, totes or other deliverables tendered by Amazon to you or any of your Personnel.

f.  "<u>Governing Laws</u>" means: (i) if the Services are provided in the United States, the laws of the State of Washington; or (ii) if the Services are provided in the United Kingdom, the laws of England and Wales.

g.  "<u>Governmental Authority</u>" means any governmental, quasi-governmental or regulatory authority, body, department, commission, board, bureau, agency, division, court, securities exchange or other legislative, executive or judicial governmental entity or instrumentality, whether foreign or domestic, of any country, nation, state, county, parish or municipality, jurisdiction or other political subdivision.

h.  "<u>Law</u>" means any national, federal, state, local or foreign statute, common law, ordinance, rule, regulation, order, judgment or agency requirement of, or issued, promulgated or entered into with, any Governmental Authority.

i.  "<u>Personnel</u>" means, with respect to any party, such party's employees, agents, representatives, and subcontractors.  For the avoidance of doubt, your Personnel will include any individual assigned by you to perform the Services.

AMZ_JLINES_00000027

## Delivery Provider Terms of Service

## Work Order

This Work Order (this "Work Order") is effective as of March 1, 2015 ("Work Order Agreement Date"), and is made a part of the Delivery Provider Terms of Service (as the same may be amended, modified or supplemented from time to time, the "Terms") between Amazon Logistics, Inc. ("Amazon"), and you or the entity that you represent.  By accepting this Work Order, you (a) on behalf of yourself and the entity that you represent, agree to be bound by all terms and conditions of this Work Order, and (b) represent and warrant that you have legal authority to bind the entity that you represent to this Work Order.  This Work Order incorporates the terms and conditions of each Schedule attached to this Work Order (including the policies set forth on Schedule A to this Work Order (the "Policies")).  Please see the Terms for definitions of certain capitalized terms used in this Work Order.

1.  **Services**.  Services under this Work Order will commence on the Work Order Agreement Date, and this Work Order will be subject to the same termination rights set forth in the Terms. Deliverables may be tendered by Amazon or its designees from delivery stations, sort centers, fulfillment centers, and/or other distribution points (including merchant locations) (collectively, the "Distribution Points") and accepted by you Monday through Sunday, 365 days a year, at times and days designated by Amazon.  The initial Distribution Points at which Deliverables will be tendered are set forth on Schedule B to this Work Order.  Amazon and you may from time to time and at any time update the Distribution Points set forth on Schedule B to this Work Order. Deliveries of Deliverables are to be made on the same day they are tendered to you and within the delivery time window specified by Amazon.  You will perform the Services in accordance with the Policies and with any standard operating procedures (including those relating to check-in and loading of Deliverables at Distribution Points and the delivery of Deliverables to Amazon customers) that are agreed between Amazon and you from time to time.

2.  **Service Areas**.  Deliverables will be delivered within the geographic areas serviced by the Distribution Points set forth on Schedule B to this Work Order, as updated from time to time by Amazon and you.

3.  **Performance Standards**.  You will perform the Services under this Work Order in accordance with the performance standards set forth on Schedule C to this Work Order.

4.  **Fees Payable by Amazon**.  The following are the rates and charges to be charged to and paid by Amazon in consideration of the Services furnished by you:

    a.  The Fees for Services set forth on Schedule D to this Work Order.

    b.  The Uniform and Vehicle Brand Promotion Fee set forth on Schedule D to this Work Order.  In consideration of accepting this fee, you agree that (i) all of your Personnel who are visiting customer premises or otherwise interacting with customers will wear a uniform that complies with the specifications set forth on Schedule E to this Work Order, which Amazon may change from time to time, and (ii) all of your Vehicles will, while being used to provide Services under the Agreement, meet the vehicle branding specifications set forth on Schedule F to this Work

AMZ_JLINES_00000038

Order, which Amazon may change from time to time. In exchange for your participation, Amazon agrees to provide the identifying logos, marks and insignia that comprise the uniform and vehicle branding specifications. You may elect to cease receiving the Uniform and Vehicle Brand Promotion Fee by giving Amazon 30 days' prior written notice.

5. **Insurance**. You will, at all times during which you provide the Services and for at least two years after all Services are completed, carry, at your expense: (a) "Commercial General Liability" insurance with limits of not less than $5,000,000 per occurrence and in the general aggregate (or such other amount approved by Amazon in writing); (b) "Business Automobile Liability" insurance (also known as 'motor fleet' insurance) with limits of not less than $5,000,000 per occurrence for bodily injury and property damage combined (or such other amount approved by Amazon in writing); (c) "Worker's Compensation" insurance, including but not limited to coverage for all costs, benefits and liabilities under workers' compensation and similar Laws that may accrue in favor of any person employed by you in all states where you perform Services, and "Employer's Liability" insurance with a limit of not less than $1,000,000 (or such other amount approved by Amazon in writing); and (d) "Cargo Legal Liability" insurance, or similar coverage, with limits sufficient to cover your liability under Section 6 (Claims for Loss or Damage) of the Terms, but in no event less than $25,000 per loss (or such other amount approved by Amazon in writing). You may satisfy the foregoing minimum limits by any combination of primary liability and umbrella excess liability coverage that results in the same protection to you and Amazon insured parties. You may self-insure for workers' compensation where allowed by applicable Law. Each of your insurance policies must: (u) be issued by companies with a rating of A-/VII or better in the current Best's Insurance Reports published by A.M. Best Company, Inc.; (v) provide that the coverage limits will not be reduced below the minimum amounts required by this paragraph and such policy will not be canceled or allowed to expire without at least 30 days' prior written notice from the insurance carrier to Amazon; (w) for (a) and (b) above, name Amazon and its Affiliates, and their respective officers, directors, employees, successors, assigns, licensees, distributors, contractors and agents as additional insureds with the standard separation of insureds provision or an endorsement for cross-liability coverage; (x) provide coverage on an occurrence basis; (y) waive any insurer right of subrogation against Amazon and its Affiliates and their respective officers, directors, employees, successors, assigns, licensees, distributors, contractors and agents, where allowed by applicable Law; and (z) provide primary coverage, without any right of contribution from any other insurance that Amazon or any of its Affiliates may have.

6. **Audit Rights**. Upon 72 hours' advance written notice to you, Amazon may, during normal business hours and at the expense of Amazon, review your records relating to the Terms, the Program Policies, this Work Order or your performance of the Services under this Work Order. Upon 24 hours' advance written notice to you, Amazon may, during normal business hours and at the expense of Amazon, perform an on-site visit of your delivery operations or conduct "ride-along" observations of your Personnel performing the Services (each, a "Ride-Along Observation"); provided, that, without your consent, (a) during the first week of providing the Services under this Work Order, Amazon will conduct no more than one Ride-Along Observation per day, and (b) after the first week of providing the Services under this Work Order, Amazon will conduct no more than four Ride-Along Observations per month. If any review establishes that there has been any noncompliance by you or overpayment by Amazon, you will promptly cure the non-compliance and/or refund the overpayment, as applicable, and will bear all expenses in connection with the review, all without limiting any other rights or remedies that may be available

DocuSign Envelope ID: 1501074157A4448BD24A6787166394BF2
Case 4:16-cv-00899-1 Document 238   Filed 03/27/18 Page 8 of 6   PageID 936
Case 4:16-cv-00899-1 Document 238   Entered 11/02/18 08:17:32   Page 349 of 385

to Amazon.  Also, upon 24 hours' advance written notice, Amazon may, during normal business hours and at the expense of Amazon, inspect any of the processes, procedures, or systems related to your delivery operations.

7.      **Personnel Performing Services**.   You agree that you and all of your Personnel that perform the Services will satisfy the criteria set forth in the Policies and on <u>Schedule G</u> to this Work Order.

8.      **Notices to Amazon**.  Notices to Amazon under this Work Order or the Terms may be provided by (a) facsimile transmission to 206-266-2009, or (B) nationally recognized overnight courier service, certified mail (return receipt requested), or personal delivery to Amazon Logistics, Inc., 410 Terry Avenue North, Seattle, WA 98109-5210, Attention: General Counsel.

[Signature Page Follows]



AMZ_JLINES_00000040

# EXHIBIT F

## Schedule A

### Policies

<u>Your Personnel; No Subcontractors</u>.

You will hire and employ all drivers, cyclists, walkers, and other Personnel who are assigned by you to perform the Services under this Work Order.  You will not engage subcontractors to perform the Services without the prior written consent of Amazon.

<u>Tips</u>.

Without limiting the generality of Section 3(c) of the Terms, which requires you to distribute all Tips to your Personnel in accordance with applicable Law, you will distribute each Tip to your specific Personnel who delivered the shipment to which the Tip relates in accordance with the disbursement report derived from Amazon's systems and furnished to you by Amazon.



# EXHIBIT G

Case 4:16-cv-00399 Document 42-87 Filed 03/21/18 Page 7 of 25 Page 353 of



# DRIVER'S HANDBOOK

EFFECTIVE DATE: MARCH 1, 2015

| REVISION: 4 | JULY 2015 |
|---|---|

TENET - 000024

- The employee must seek the employer's agreement before using their vehicle for work
- The car must be legally registered, warranted and insured for the purposes of work – the employee must show evidence of this on request
- The employee must not carry loads for which the vehicle is unsuited
- The vehicle must not be used in conditions for which it was not designed (such as off-road).

## Tenet Concepts Responsibilities

Take all steps to ensure company vehicles are as safe as possible and will not require staff to drive under conditions that are unsafe and/or likely to create an unsafe environment, physical distress, fatigue, etc.

Tenet Concepts will do this by undertaking the following tasks:

Giving priority to safety features when selecting new vehicles, including:

- choosing vehicles with ESC (Electronic Stability Control), ABS brakes and side head-protecting airbags

Ensuring all vehicles are well maintained and that the equipment promotes driver, operator and passenger safety by:

- servicing the vehicles according to manufacturers' recommendations
- setting up procedures where employees check vehicles' oil, water, tyre pressures and general cleanliness on a monthly basis, then record the inspections
- keeping maintenance schedules in the glove boxes of all vehicles, which are completed each time the vehicles are serviced in any way
- following the maintenance schedules in the vehicles' manuals
- setting up a procedure to identify and rectify faults as soon as practicable.

Collecting and collating statistics on incidents, crashes and their causes, including:

- The number of crashes
- Who was thought to be at fault?
- The probable causes of the crashes and other contributors, such as unrealistic work schedules
- The financial cost of all crashes
- The number of prosecutions
- The number of near-miss events
- Other costs, such as downtime, Tenet Concepts compensation claims, temporary workers and lost productivity.

## Amazon Regulations

**Show up, or Get a Substitute**
The #1 Rule of the job is: **Show up, or get a substitute that's approved by the Dispatcher.**
Each name on the work schedule is there because we need that person for that shift. When a person fails to show up it creates poor service and, also, unfairly dumps extra work on fellow Team Members. So, come to work as scheduled or replace yourself with a substitute that's approved by the Dispatcher.

**Call the Dispatcher when there's an emergency.**
If an illness or emergency arises and it appears that you will be late for work, or if you ever cannot find a Substitute, contact the Dispatcher immediately (**at least 1 hour before your start time**) and arrange with the Dispatcher to get a substitute for you.

**Give schedule requests to the dispatcher at least 2 weeks before the requested time off.**

TENET - 000026

If you would like time off, fill out an Employee time off request form and provide to the Manager at least 2 weeks before the **requested** time off. He or she will do their best to give you the day off. But keep in mind that the Manager's #1 duty is a well-ran shift. If you're needed for a certain shift, you will be scheduled.
**Check the schedule each time you work,** to avoid missing a shift.

**Your Shift Is YOUR Responsibility.**
Once the schedule is posted, it's your responsibility to work your scheduled hours or to get a substitute that's approved by the Dispatcher. Whenever you arrange for a substitute, make sure that person contacts the Dispatcher directly and tells the Dispatcher that they're substituting for you. If the Dispatcher is not notified of the change by the substitute and it turns out the substitute doesn't report to work, the Dispatcher will have to hold <u>YOU</u> accountable for the unfilled shift.

**Arrive Prepared** to deliver efficiently, you must be prepared:

- Black pants – work appropriate (No sweatpants, No athletic shorts)
- Amazon polo shirt
- Closed toed shoes
- Reflective vest
- No holes in pants
- No low cut top
- No shorts shorter than fingertip length when arms extended
- Hats must be worn with the bill forward
- **No competitor clothing**

**Follow the Personal Appearance Code**
A first-class image attracts and impresses customers. So, come to work clean and professional-looking. Do that by dressing according to the company's personal appearance code. The following is a partial description of the dress code.

**Personal Appearance Code**
RESOLVING DISAGREEMENT. Any discussion or disagreement regarding whether a particular aspect of clothing or grooming meets the code will be decided by the company.

**HAIR**. Hair should be neat-looking and trim. On the back of the head, hair should be cut above the top of the collar and on the side it should not extend below the bottom of the ear OR if hair is longer than the collar and bottom of the ear it should be tucked under the hat OR it should be suitably restrained with a hairnet, rubber band, or barrette and should be kept behind the shoulders at all times. Hair in front should be at least 1/2-inch above the eyebrows. <u>Unconventional hair styles and hair dyed unnatural colors</u> can alarm some customers and therefore, is discouraged.

**BEARD/MUSTACHE** must be neatly trimmed.

**HAT**. Only company issued hats should be worn. It should be clean, not faded, not torn, and have no pins or patches except those authorized by the company. Wear it securely on top of your head with the bill straight forward. Wear it at all times while working.  If your hat becomes dirty, faded from sun, or greasy around the band, obtain a new one from the Dispatcher.

**SHIRT**. Wear only the company issued shirt. It should be clean, not faded, not torn, and have no pins, buttons or patches except those authorized by the company. It must be free of body odor, and should be tucked into the pants and have all buttons buttoned except the top one. It should fit properly, neither baggy nor tight.

**UNDERSHIRT**. You may wear a clean, white short-sleeve T-shirt underneath but the sleeves must not show. Lettering, pictures, and hoods on shirts or undershirts are not allowed.

**AMAZON BADGES**. Must be worn at all times in the building and on your route, they must be displayed above your waist.

**PANTS**. Black pants are required. Pants should extend to approximately3-inches off the floor, should not drag on the floor or rise above the ankles .They should be clean, wrinkle-free, not faded, not torn, and have no holes, rips, frays, patches, pins, decorative stitching or rivets. In warm weather, black shorts may be worn in place of long pants. (No shorts shorter than fingertip length when arms extended)

TENET - 000027

**SHOES**. Must cover the entire foot. Sandals and similar footwear are not allowed. Shoes should have no rips, holes, or patches. Dots, checks, plaids or other patterns are not allowed. White, black, brown, or grey is preferred.

**SOCKS.** Socks are required. They must be white or black.

**REFLECTIVE VEST.** Must be worn at all times

**JEWELRY.** Should be kept to a minimum

**BODY CLEANLINESS**. Clean-smelling body and pleasant breath are a must .Fingernails should be clean, and neatly trimmed.

**SMOKING AND PERSONAL HABITS**.
Smoking is prohibited in the work area and in vans. Chewing tobacco and engaging in similar activities is not allowed.

**PRE-POST ROUTE CHECKLIST – Must be filled out completely**
- If any equipment is missing notify the dispatcher
- All breaks and lunch times must be provided.
- Hours must be totaled and driver must sign.
- Dispatcher will check and sign.
- Mileage must be accurate.
- Make sure to check your vehicle for damage before you leave the yard.

---

**-REMAINDER OF PAGE INTENTIONALLY LEFT BLANK-**

TENET - 000028

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| JEFFREY LINES, individually and on behalf of all others similarly situated, | § § § | CASE NO. 1:17-cv-0072 |
| Plaintiffs, | § § | |
| v. | § § | |
| AMAZON.COM, INC.; TENET CONCEPTS, LLC; and JOHN DOES 1-5, | § § § | JURY TRIAL DEMANDED |
| Defendants. | § | |

## <u>ORDER</u>

Before the Court is Defendants' Motion to Transfer Venue. Having considered the Motion and responsive briefing, the Court is of the opinion that the Motion should be DENIED.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **JEFFREY LINES, individually and on behalf of all others similarly situated,** | § § § | |
| **Plaintiffs,** | § § | **Case No. 1:17-cv-00072-LY** |
| **vs.** | § § | |
| **AMAZON.COM, INC.; TENET CONCEPTS, LLC; and JOHN DOES 1-5,** | § § § | |
| **Defendants.** | § § § § | |

## DEFENDANTS AMAZON.COM, INC. AND TENET CONCEPTS, LLC'S REPLY TO JEFFREY LINES' RESPONSE TO THEIR MOTION TO TRANSFER VENUE

After Defendants Amazon.com, Inc. ("Amazon") and Tenet Concepts, LLC ("Tenet") filed their Motion to Transfer Venue to the Northern District of Texas for referral to the Bankruptcy Court for the Northern District of Texas ("Bankruptcy Court") where Tenet's bankruptcy is pending, Plaintiff filed a Motion for Relief from the Automatic Stay in the Bankruptcy Court, requesting that the Bankruptcy Court lift the stay so that Plaintiff may proceed against Tenet in this action. As a result, in its Opposition to Defendants Motion to Transfer, Plaintiff now urges this Court to deny Defendants' motion because the Bankruptcy Court is considering overlapping issues in the context of Plaintiff's Motion for Relief.[1]

As thoroughly explained in the Motion to Transfer Venue, the interests of justice require transfer of this action to the Northern District of Texas for referral to the Bankruptcy Court, and nothing in Plaintiff's Response compels a contrary result. But if the Court finds that the issues before the Bankruptcy Court necessarily overlap with the issues in Defendants' Motion to

---

[1] *See* Dkt. No. 43.

1

Transfer Venue, Defendants do not oppose a short stay pending the Bankruptcy Court's ruling on Plaintiff's Motion for Relief from the automatic stay.

## I. THE COURT MAY STAY THESE PROCEEDINGS PENDING THE BANKRUPTCY'S RESOLUTION OF PLAINTIFF'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY.

The gravamen of Plaintiff's first two arguments is that Defendants' Motion should be denied because, after this motion was filed, Plaintiff moved the Bankruptcy Court for relief from the automatic stay, and therefore, in determining that motion, the Bankruptcy Court will determine (1) whether Tenet can participate in this litigation and (2) whether the case against Amazon is "related to" Tenet's bankruptcy case.[2] As Defendants' Motion to Transfer Venue makes clear, a transfer of venue and referral to the Bankruptcy Court is the most appropriate course for the lawsuit, because as Plaintiff concedes, only the Bankruptcy Court has control over any modification of the automatic stay that currently protects Tenet.[3] In addition, as Defendants explained in their Motion, this proceeding is related to the bankruptcy proceeding because, regardless of what separate allegations Plaintiff may have against Amazon, the indemnity agreement between Tenet and Amazon means that a judgement against Amazon will impact Tenet and the bankruptcy estate.[4] *See Leal v. Bednar*, No. 3:16-CV-3424-G, 2017 WL 565176, *3 (N.D. Tex. Feb. 13, 2017) (action seeking payment of subrogation from defendants, including the debtor, was related to the bankruptcy proceeding).

That said, if Plaintiff prefers to allow the Bankruptcy Court to rule on his request for relief from the stay before this Court rules on Defendants' pending motion to transfer venue, Defendants do not oppose a short stay of these proceedings pending the Bankruptcy Court's ruling. *Dwyer v. USAA Savings Bank*, 2017 WL 7805760 (W.D. Tex. Nov. 21, 2017) (granting a

---

[2] Dkt. No. 43 at 3-8.
[3] Dkt. No. 38.
[4] *Id.* at 6-7; Dkt. No. 41-1 at ¶ 4.

2

short stay pending appeal of a legal issue that would affect the viability of the plaintiff's claims after considering whether the plaintiff would be prejudiced, the issues in the case would be simplified, and whether discovery was complete).

Rather than dismissing Defendants' motion without prejudice for it to be refiled if the Bankruptcy Court denies Plaintiff's motion to lift the stay,[5] the resolution of this motion and these proceedings should be stayed pending the resolution of Plaintiff's motion for relief from the stay. With the April 11 hearing date just over a week away, a short stay would not prejudice Plaintiff. Due to the indemnity agreement between Amazon and Tenet, both would be prejudiced if Amazon were forced to continue to defend against Plaintiff's allegations in this Court when the parties and the forum are unclear. As Plaintiff acknowledges, the ruling of the Bankruptcy Court could simplify the issues before this Court. Finally, though formal discovery has begun, it is not complete, and a short stay will not impede its progress. If the Court is inclined to wait for the Bankruptcy Court's input before deciding Defendants' motion, these proceedings should be stayed pending the Bankruptcy Court's ruling.

## II. THE INTERESTS OF JUSTICE WEIGH IN FAVOR OF A TRANSFER TO THE NORTHERN DISTRICT OF TEXAS.

Once the Court does consider the merits of Defendants' Motion to Transfer, the interests of justice require that this case be transferred to the Northern District of Texas for referral to the Bankruptcy Court. *See Leal*, 2017 WL 565176, at *3 (listing factors for consideration when analyzing transfer of related case to the bankruptcy court).

In addition to the presumption in favor of transferring related cases to the District where bankruptcy is proceeding, the most important factor, "whether transfer would promote the economic and efficient administration of the bankruptcy estate," *see Leal*, 2017 WL 565176 at

---

[5] *See, e.g.,* Dkt. No. 43 at 4-5, 8.

*4, weighs in favor of transfer. Because any judgment against Amazon would impact the bankruptcy estate under Defendants' indemnity agreement, transfer would further the economic administration of the estate by consolidating all of the claims against the estate into one forum, thereby eliminating the risk of inconsistent rulings. Plaintiff does not dispute this premise or attempt to distinguish the case law Defendants' cited in support of it. Rather, Plaintiff merely states that this argument presumes that the Bankruptcy Court has an interest in being the sole adjudicator of claim's against Tenet's estate, and that issue is currently pending before the Bankruptcy Court.[6] Though Plaintiff contends he now has separate facts pointing to Amazon's liability, he does not deny that: (i) his claims include an alleged joint employment relationship; (ii) the claims alleged against Tenet and Amazon are the same; or (iii) if he were allowed to proceed against Amazon, it could result in liability against Tenet. Thus, in the interest of the economic administration of Tenet's bankruptcy case, this Court should give deference to the claims adjudication process in place in the Bankruptcy Court by allowing the proceeding to be transferred there.

Furthermore, judicial economy and fairness will be served by transferring the proceeding to the Bankruptcy Court. *See Leal*, 2017 WL 565176 at *4. Plaintiff does not dispute that the Bankruptcy Court will be most familiar with Tenet's bankruptcy and the availability of Tenet's resources; instead, without citation to law, he contends trial should proceed before this Court "where the case has proceeded for over a year."[7] However, the case is still procedurally in the early stages and formal discovery has just begun. There have been no dispositive motions or rulings, and Plaintiff has not moved for conditional certification. No efficiency would be lost by transferring this case to the Bankruptcy Court.

---

[6] Dkt. No. 43 at 9.
[7] *Id.*

Plaintiff also does not dispute that the parties can receive a fair trial before the Bankruptcy Court. *See Leal*, 2017 WL 565176 at *4. Instead, without citation, Plaintiff argues this Court has more "experience" over Rule 23 class actions, but he does not explain how that impacts transfer.[8] Plaintiff also fails to sufficiently dispute that the Northern District of Texas has an interest in this action. *See id.* at *4. Though Plaintiff argues that "many members of the putative class" live in this district and Tenet's headquarters are in Austin, Plaintiff fails to mention that he himself resides in the Northern District, and was employed by Tenet in the Northern District.[9]

As for the enforceability of any judgment, Plaintiff's argument that it will be "the same" in both courts presumes that the Bankruptcy Court will lift the automatic stay.[10] If it does not, a judgment outside of the Bankruptcy Court would be unenforceable against Tenet. *See* 28 U.S.C. § 1334(e); *United States v. Miller*, No. CIV.A.5:02-CV-0168-C, 2003 WL 23109906, at *12 (N.D. Tex. Dec. 22, 2003) ("both federal and state law hold that an action taken in violation of the automatic stay is without effect"). Even considering the Plaintiff's original choice of forum, these factors compel transfer in the interests of justice. *See Campbell v. Williams*, 2015 WL 3657627, at *3 (S.D. Tex. June 12, 2015).

### III. CONCLUSION

Defendants request that the Court transfer this action to the Northern District of Texas, Fort Worth Division, for referral to the Bankruptcy Court of the Northern District of Texas. In the alternative, Defendants do not oppose a short stay pending the Bankruptcy Court's resolution of Plaintiff's Motion for Relief from Stay.

---

[8] Dkt. No. 43 at 9.
[9] First Am. Compl. ¶¶ 15, 37.
[10] Dkt. No. 42 at 9.

5

Dated:  April 2, 2018                    Respectfully submitted,


                                         */s/ Darren G. Gibson*
                                         **Darren G. Gibson**
                                         State Bar No. 24068846
                                         **Salvador Davila**
                                         State Bar No. 24065119

                                         **LITTLER MENDELSON, PC**
                                         100 Congress Avenue, Suite 1400
                                         Austin, Texas  78701
                                         (512) 982-7250 (Telephone)
                                         (512) 982-7248 (Facsimile)
                                         dgibson@littler.com
                                         sdavila@littler.com

                                         **ATTORNEYS FOR DEFENDANTS TENET
                                         CONCEPTS, LLC AND AMAZON.COM, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded via ECF with the court, on this the 2nd day of April, 2018, to the following counsel:

Jay D. Ellwanger                                 Holt Major Lackey
DiNovo Price Ellwanger & Hardy LLP               DiNovo Price Ellwanger & Hardy LLP
7000 North MoPac Expressway, Suite 350           7000 North MoPac Expressway, Suite 350
Austin, Texas  78731                             Austin, Texas  78731
512.539.2626 - telephone                         512.539.2626 - telephone
512.539.2627 – facsimile                         512.539.2627 – facsimile

ATTORNEYS FOR PLAINTIFFS                          ATTORNEYS FOR PLAINTIFFS

Robert J. Valli, Jr.
Sara Wyn Kane
James Vagnini
Valli Kane & Vagnini, LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
(516) 203-7180 - telephone
(516) 706-0248 – facsimile

ATTORNEYS FOR PLAINTIFFS

*/s/ Darren G. Gibson*
Darren G. Gibson

7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **JEFFREY LINES, individually and on behalf of all others similarly situated,** | § § § | |
| **Plaintiffs,** | § § | **Case No. 1:17-cv-00072-LY** |
| **vs.** | § § | |
| **AMAZON.COM, INC.; TENET CONCEPTS, LLC; and JOHN DOES 1-5,** | § § § | |
| **Defendants.** | § § § § | |

## PLAINTIFFS' WITHDRAWAL OF OPPOSITION TO MOTION TO TRANSFER

Plaintiff Jeffrey Lines, individually and on behalf of all others similarly situated ("Plaintiff") files this withdrawal of his opposition to Defendants Amazon.com, Inc. ("Amazon") and Tenet Concepts LLC ("Tenet" and collectively with Amazon "Defendants") Motion to Transfer Venue (Dkt. 41).

By way of background, on January 25, 2018, Tenet filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, Case Number 18-40270-rfn11 ("the Tenet Bankruptcy"). (*See* Dkt. 33-1). That same day, Tenet filed a Suggestion of Bankruptcy in this case. (Dkt. 33). On February 27, 2018, the parties submitted a Joint Status Report, informing the Court of their positions as to the proper next procedural steps in this case, due to the pending Tenet bankruptcy case. (Dkt. 38).

On March 20, 2018, in accordance with the plans the parties announced in the Joint Status Report, all parties filed the appropriate motions to seek their respective preferred relief. Tenet and Amazon filed their Motion to Transfer Venue, seeking to transfer this case to the Northern District

of Texas for potential referral to the Bankruptcy Court where the Tenet bankruptcy case is pending. (Dkt. 41). On the same date, Plaintiff filed a Notice of Substantial Compliance, informing this Court that he filed a Motion for Limited Relief from Automatic Stay Pursuant to 11 U.S.C. §362(d)(1) in the Bankruptcy Court seeking relief from the automatic stay to allow Plaintiff to proceed against both Amazon and Tenet in this case ("Motion for Limited Relief"). (Dkt. 42). Plaintiff has consistently taken the position that if its Motion for Limited Relief was denied by the Bankruptcy Court, then it "would not disagree" with the relief sought by Defendants' Motion to Transfer. *See, e.g.* Dkt. 43 at 5.

The hearing on Plaintiff's Motion for Limited Relief was held on May 8, 2018. At that May 8 hearing, Judge Russell F. Nelms of the Bankruptcy Court of the Northern District of Texas ruled that Plaintiff's Motion for Limited Relief was temporarily denied and that the claims against Amazon and Tenet in this case are subject to the automatic stay imposed by 11 U.S.C. §362, except for the issue of whether Amazon is an employer of Plaintiff under the Fair Labor Standards Act. Judge Nelms further ordered the parties to appear for a status conference on the Motion for Limited Relief on June 11, 2018. As required by the Judge Nelms' May 8, 2018 ruling on the Motion for Limited Relief, a status conference was held on June 11, 2018 in the Bankruptcy Court. At that hearing, Judge Nelms found no reason to set aside or reconsider his order of May 8, 2018.

Accordingly, and consistent with Plaintiff's representation that he would not oppose Defendants' Motion to Transfer if his Motion for Limited Relief was denied, Plaintiff hereby withdraws his opposition to Defendants Motion to Transfer.

Plaintiff respectfully requests the Court to consider Defendants' Motion to Transfer (Dkt. 41) to be unopposed, and to consider Plaintiff's brief in opposition to the Motion to Transfer (Dkt. 43) to be withdrawn.

2

Dated:   July 6, 2018

Respectfully submitted,


*Jay D. Ellwanger*
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalright.law
Holt Major Lackey
Texas State Bar No. 24047763
hlackey@equalright.law
**Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy.
Suite 190
Austin, Texas 78731
(737) 808-2262 (phone)
(737) 808-2260 (fax)

OF COUNSEL:

Sara Wyn Kane (*pro hac vice*)
James Vagnini (*pro hac vice*)
Robert Berman (*pro hac vice*)
Monica Hincken (*pro hac vice*)
**Valli Kane & Vagnini, LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
(516) 203-7180 (phone)
(516) 706-0248 (fax)


**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I certify that I discussed the foregoing filing with counsel for Defendants and confirmed

that it is not opposed.

*Holt M. Lackey*_____
Holt M. Lackey

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon all counsel of record via the Court's
electronic filing system in accordance with the Federal Rules of Civil Procedure on July 6, 2018.

*Holt M. Lackey*_____
Holt M. Lackey

# U.S. District Court [LIVE]
## Western District of Texas (Austin)
## CIVIL DOCKET FOR CASE #: 1:17−cv−00072−LY

Lines v. Amazon.Com, Inc. et al
Assigned to: Judge Lee Yeakel
Cause: 15:2(a) Fair Labor Standards Act

Date Filed: 02/02/2017
Jury Demand: Plaintiff
Nature of Suit: 710 Labor: Fair Standards
Jurisdiction: Federal Question

**Plaintiff**

**Jeffrey Lines**
*individually and on behalf of all others similary situated*

represented by **Holt Major Lackey**
Ellwanger Law LLP
8310−1 N. Capital of Texas Highway
Suite 190
Austin, TX 78731
737−808−2238
Email: hlackey@equalrights.law
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James A. Vagnini**
Valli Kne & Vagnini, LLP
600 Old Country Rd., Ste. 519
Garden City, NY 11530
516−203−7180
Fax: 516−706−0248
Email: jvagnini@vkvlawyers.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sara Wyn Kane**
Valli Kane & Vagnini, LLP
600 Old Country Road, Suite 519
Garden City, NY 11530
516−203−7180
Fax: 516−706−0248
Email: skane@vkvlawyers.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Berman**
Valli Kane & Vagnini, LLP
600 Old Country Rd, Ste. 519
Garden City, NY 11530
516−203−7180
Fax: 516−706−0248
Email: mberman@vkvlawyers.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Monica Hincken**

Valli Kane & Vagnini, LLP
600 Old Country Road, Suite 519
Garden City, NY 11530
516-203-7180
Fax: 516-706-0248
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jay D. Ellwanger**
Ellwanger Law LLLP
8310 N. Capital of Texas Hwy.
Suite 190
Austin, TX 78731
737-808-2262
Email: jellwanger@equalrights.law
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Amazon.Com, Inc.**                          represented by   **Darren Glenn Gibson**
Littler Mendelson PC
100 Congress Ave., Suite 1400
Austin, TX 78701
512-782-7250
Fax: 512-782-7248
Email: dgibson@littler.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin S. Mullen**
The Mullen Firm PLLC
3801 N. Capital of Texas Hwy.
Suite E-240/604
Austin, TX 78746
512-537-7959
Email: kevin@themullenfirm.com
*TERMINATED: 04/24/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Salvador Davila**
Littler Mendelson, P.C.
100 Congress Avenue, Suite 1400
Austin, TX 78701
(512) 982-7250
Fax: (512) 982-7248
Email: SDavila@littler.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Tenet Concepts, LLC**                          represented by   **Darren Glenn Gibson**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin S. Mullen**
(See above for address)
*TERMINATED: 04/24/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Salvador Davila**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Doe, 1**

**Defendant**

**John Doe, 2**

**Defendant**

**John Doe, 3**

**Defendant**

**John Doe, 4**

**Defendant**

**John Doe, 5**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/02/2017 | Ï 1 | COMPLAINT ( Filing fee $ 400 receipt number 0542–9258413). No Summons requested at this time, filed by Jeffrey Lines. (Attachments: # 1 Civil Cover Sheet)(Ellwanger, Jay) (Attachment 1 replaced on 2/3/2017 to flatten image) (afd). (Entered: 02/02/2017) |
| 02/02/2017 | Ï | Case Assigned to Judge Lee Yeakel. CM WILL NOW REFLECT THE JUDGE INITIALS AS PART OF THE CASE NUMBER. PLEASE APPEND THESE JUDGE INITIALS TO THE CASE NUMBER ON EACH DOCUMENT THAT YOU FILE IN THIS CASE. (afd) (Entered: 02/03/2017) |
| 02/02/2017 | Ï | DEMAND for Trial by Jury by Jeffrey Lines. (afd) (Entered: 02/03/2017) |
| 02/03/2017 | Ï 2 | Letter to Holt Major Lackey re: Non–Admitted Status. (afd) (Entered: 02/03/2017) |
| 02/09/2017 | Ï 3 | MOTION to Appear Pro Hac Vice by Jay D. Ellwanger *for Sara Wyn Kane* ( Filing fee $ 100 receipt number 0542–9281306) by on behalf of Jeffrey Lines. (Attachments: # 1 Proposed Order)(Ellwanger, Jay) (Entered: 02/09/2017) |
| 02/09/2017 | Ï 4 | MOTION to Appear Pro Hac Vice by Jay D. Ellwanger *for James A. Vagnini* ( Filing fee $ 100 receipt number 0542–9281322) by on behalf of Jeffrey Lines. (Attachments: # 1 Proposed Order)(Ellwanger, Jay) (Entered: 02/09/2017) |
| 02/13/2017 | Ï 5 | |

| | | |
|---|---|---|
| | | ORDER GRANTING <u>3</u> Motion for Sara Wyn Kane to Appear Pro Hac Vice. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (ml) (Entered: 02/13/2017) |
| 02/13/2017 | Ï 6 | ORDER GRANTING <u>4</u> Motion for James A. Vagnini to Appear Pro Hac Vice. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (ml) (Entered: 02/14/2017) |
| 03/03/2017 | Ï 7 | REQUEST FOR ISSUANCE OF SUMMONS by Jeffrey Lines. (Ellwanger, Jay) (Entered: 03/03/2017) |
| 03/03/2017 | Ï 8 | Summons Issued as to Tenet Concepts, LLC. (jf) (Entered: 03/03/2017) |
| 03/31/2017 | Ï 9 | MOTION to Dismiss *Pursuant to 12(b)(6) and Brief In Support* by Amazon.Com, Inc., Tenet Concepts, LLC. (Mullen, Kevin) (Entered: 03/31/2017) |
| 03/31/2017 | Ï 10 | Certificate of Interested Parties *and Corporate Disclosure Statement* by Amazon.Com, Inc., Tenet Concepts, LLC. (Mullen, Kevin) (Entered: 03/31/2017) |
| 04/14/2017 | Ï 11 | AMENDED COMPLAINT against All Defendants amending, filed by Jeffrey Lines.(Ellwanger, Jay) (Entered: 04/14/2017) |
| 04/14/2017 | Ï 12 | DEFICIENCY NOTICE: No certificate of service was included in pleading. Please file ONLY the certificate of service in the form of a pleading using the "Certificate of Service" event located under the 'Service of Process' menu re <u>11</u> Amended Complaint (jf) (Entered: 04/17/2017) |
| 04/17/2017 | Ï 13 | CERTIFICATE OF SERVICE by Jeffrey Lines *for* <u>11</u> Amended Complaint (Ellwanger, Jay) (Entered: 04/17/2017) |
| 04/21/2017 | Ï 14 | NOTICE of Attorney Appearance by Darren Glenn Gibson on behalf of Amazon.Com, Inc., Tenet Concepts, LLC. Attorney Darren Glenn Gibson added to party Amazon.Com, Inc.(pty:dft), Attorney Darren Glenn Gibson added to party Tenet Concepts, LLC(pty:dft) (Gibson, Darren) Modified event on 4/21/2017 (jf). (Entered: 04/21/2017) |
| 04/21/2017 | Ï | Notice of Correction: Proposed order is required. Please file the proposed order to substitute counsel using the "Attachment" event re <u>14</u> MOTION to Substitute Attorney. (jf) (Entered: 04/21/2017) |
| 04/21/2017 | Ï 15 | ATTACHMENT *Proposed Order* to <u>14</u> MOTION to Substitute Attorney by Amazon.Com, Inc., Tenet Concepts, LLC. (Gibson, Darren) (Entered: 04/21/2017) |
| 04/24/2017 | Ï 16 | ORDER GRANTING <u>14</u> Motion to Substitute Attorney. Signed by Judge Lee Yeakel. (jf) (Entered: 04/25/2017) |
| 04/25/2017 | Ï 17 | Unopposed MOTION for Extension of Time to File Answer *to Plaintiff's First Amended Complaint* by Amazon.Com, Inc., Tenet Concepts, LLC. (Attachments: # <u>1</u> Proposed Order – Proposed Order)(Gibson, Darren) (Entered: 04/25/2017) |
| 05/01/2017 | Ï 18 | ORDER GRANTING <u>17</u> Motion for Extension of Time to Answer ; Amazon.Com, Inc. answer due 5/12/2017; Tenet Concepts, LLC answer due 5/12/2017. Signed by Judge Lee Yeakel. (jf) (Entered: 05/01/2017) |
| 05/12/2017 | Ï 19 | *AMAZON.COM, INC.'s* ANSWER to <u>11</u> Amended Complaint by Amazon.Com, Inc..(Gibson, Darren) (Entered: 05/12/2017) |
| 05/12/2017 | Ï 20 | |

| | | ANSWER to 11 Amended Complaint by Tenet Concepts, LLC.(Gibson, Darren) (Entered: 05/12/2017) |
|---|---|---|
| 05/17/2017 | 21 | MOTION to Appear Pro Hac Vice by Jay D. Ellwanger *for Matthew L. Berman* ( Filing fee $ 100 receipt number 0542–9597872) by on behalf of Jeffrey Lines. (Attachments: # 1 Proposed Order)(Ellwanger, Jay) (Entered: 05/17/2017) |
| 05/23/2017 | 22 | ORDER DISMISSING 9 Motion to Dismiss. Signed by Judge Lee Yeakel. (jf) (Entered: 05/24/2017) |
| 05/23/2017 | 23 | ORDER GRANTING 21 Motion to Appear Pro Hac Vice for Matthew L. Berman. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (jf) (Entered: 05/24/2017) |
| 07/24/2017 | 24 | Proposed Scheduling Order by Jeffrey Lines. (Berman, Matthew) (Entered: 07/24/2017) |
| 08/07/2017 | 25 | ORDER (Initial Pretrial Conference set for 10/3/2017 at 2:30 PM before Judge Lee Yeakel). Signed by Judge Lee Yeakel. (jf) (Entered: 08/07/2017) |
| 10/03/2017 | 26 | Scheduling Recommendations *Joint Discovery/Case Management Plan* by Amazon.Com, Inc., Tenet Concepts, LLC. (Attachments: # 1 Exhibit A)(Davila, Salvador) (Entered: 10/03/2017) |
| 10/03/2017 | 27 | Minute Entry for proceedings held before Judge Lee Yeakel: Initial Pretrial Conference in Chambers held on 10/3/2017 (Minute entry documents are not available electronically). (Court Reporter Arlinda Rodriguez)(jf) (Entered: 10/03/2017) |
| 10/03/2017 | 28 | Unopposed MOTION for Protective Order by Amazon.Com, Inc., Tenet Concepts, LLC. (Attachments: # 1 Exhibit A – Confidentiality and Protective Order)(Davila, Salvador) (Entered: 10/03/2017) |
| 10/03/2017 | 29 | SCHEDULING ORDER: Pretrial Conference set for 3/29/2019 at 10:00 AM before Judge Lee Yeakel and jury trial in the month of April 2019, ADR Report Deadline due by 3/9/2018, Discovery due by 10/5/2018, Motions due by 11/9/2018. Signed by Judge Lee Yeakel. (jf) (Entered: 10/04/2017) |
| 10/06/2017 | 30 | PROTECTIVE ORDER. Signed by Judge Lee Yeakel. (dm) (Entered: 10/06/2017) |
| 10/19/2017 | 31 | MOTION to Appear Pro Hac Vice by Jay D. Ellwanger *for Monica Hincken* ( Filing fee $ 100 receipt number 0542–10095187) by on behalf of Jeffrey Lines. (Attachments: # 1 Proposed Order)(Ellwanger, Jay) (Entered: 10/19/2017) |
| 10/24/2017 | 32 | ORDER GRANTING Monica Hincken's 31 Motion to Appear Pro Hac Vice. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (jf) (Entered: 10/24/2017) |
| 01/25/2018 | 33 | SUGGESTION OF BANKRUPTCY as to Tenet Concepts, LLC . (Attachments: # 1 Exhibit A – Tenet Voluntary Petition)(Gibson, Darren) (Entered: 01/25/2018) |
| 01/29/2018 | 34 | ORDER setting Status Conference for 2/13/2018 01:30 PM before Judge Lee Yeakel. Signed by Judge Lee Yeakel. (klw) (Entered: 01/30/2018) |
| 02/13/2018 | 35 | Minute Entry for proceedings held before Judge Lee Yeakel: Status Conference held on 2/13/2018 (Minute entry documents are not available electronically). (Court Reporter Arlinda Rodriguez.)(dl) (Entered: 02/14/2018) |
| 02/13/2018 | 36 | JOINT Status Report due by 2/27/2018. Signed by Judge Lee Yeakel. (dl) (Entered: 02/15/2018) |

| 02/20/2018 | 37 | MOTION to Appear Pro Hac Vice by Jay D. Ellwanger *Application and Proposed Order for Holt Lackey to Appear Pro Hac Vice* ( Filing fee $ 100 receipt number 0542–10480878) by on behalf of Jeffrey Lines. (Ellwanger, Jay) (Entered: 02/20/2018) |
|---|---|---|
| 02/27/2018 | 38 | STATUS REPORT *Joint Status Report* by Jeffrey Lines. (Ellwanger, Jay) (Entered: 02/27/2018) |
| 02/27/2018 | 39 | ORDER GRANTING 37 Motion to Appear Pro Hac Vice. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (dl) (Entered: 02/28/2018) |
| 03/13/2018 | 40 | STATUS REPORT *Agreed Amendment to Joint Status Report* by Jeffrey Lines. (Ellwanger, Jay) (Entered: 03/13/2018) |
| 03/20/2018 | 41 | MOTION to Change Venue *and Brief in Support* by Amazon.Com, Inc., Tenet Concepts, LLC. (Attachments: # 1 Affidavit Declaration of Scott Cass, # 2 Proposed Order Proposed Order)(Gibson, Darren) (Entered: 03/20/2018) |
| 03/20/2018 | 42 | NOTICE *of Substantial Compliance Regarding Joint Status Report* by Jeffrey Lines (Ellwanger, Jay) (Entered: 03/20/2018) |
| 03/27/2018 | 43 | Response in Opposition to Motion, filed by Jeffrey Lines, re 41 MOTION to Change Venue *and Brief in Support* filed by Defendant Amazon.Com, Inc., Defendant Tenet Concepts, LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Proposed Order)(Ellwanger, Jay) (Entered: 03/27/2018) |
| 04/02/2018 | 44 | REPLY to Response to Motion, filed by Amazon.Com, Inc., Tenet Concepts, LLC, re 41 MOTION to Change Venue *and Brief in Support* filed by Defendant Amazon.Com, Inc., Defendant Tenet Concepts, LLC (Gibson, Darren) (Entered: 04/02/2018) |
| 07/06/2018 | 45 | NOTICE *of Withdrawal of Opposition to Motion to Transfer* by Jeffrey Lines re 41 MOTION to Change Venue *and Brief in Support* (Ellwanger, Jay) (Entered: 07/06/2018) |
| 08/09/2018 | 46 | ORDER GRANTING 41 Motion to Transfer Venue. Signed by Judge Lee Yeakel. (dl) (Entered: 08/09/2018) |

U.S. District Court [LIVE]
**Western District of Texas (Austin)**
**CIVIL DOCKET FOR CASE #: 1:17−cv−00072−LY**

# Internal Use Only

| | |
|---|---|
| Lines v. Amazon.Com, Inc. et al | Date Filed: 02/02/2017 |
| Assigned to: Judge Lee Yeakel | Jury Demand: Plaintiff |
| Cause: 15:2(a) Fair Labor Standards Act | Nature of Suit: 710 Labor: Fair Standards |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Jeffrey Lines**
*individually and on behalf of all others similary
situated*

represented by **Holt Major Lackey**
Ellwanger Law LLP
8310−1 N. Capital of Texas Highway
Suite 190
Austin, TX 78731
737−808−2238
Email: hlackey@equalrights.law
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James A. Vagnini**
Valli Kne & Vagnini, LLP
600 Old Country Rd., Ste. 519
Garden City, NY 11530
516−203−7180
Fax: 516−706−0248
Email: jvagnini@vkvlawyers.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sara Wyn Kane**
Valli Kane & Vagnini, LLP
600 Old Country Road, Suite 519
Garden City, NY 11530
516−203−7180
Fax: 516−706−0248
Email: skane@vkvlawyers.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Berman**
Valli Kane & Vagnini, LLP
600 Old Country Rd, Ste. 519
Garden City, NY 11530
516−203−7180
Fax: 516−706−0248
Email: mberman@vkvlawyers.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

Monica Hincken
Valli Kane & Vagnini, LLP
600 Old Country Road, Suite 519
Garden City, NY 11530
516–203–7180
Fax: 516–706–0248
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jay D. Ellwanger**
Ellwanger Law LLLP
8310 N. Capital of Texas Hwy.
Suite 190
Austin, TX 78731
737–808–2262
Email: jellwanger@equalrights.law
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Amazon.Com, Inc.**                    represented by    **Darren Glenn Gibson**
Littler Mendelson PC
100 Congress Ave., Suite 1400
Austin, TX 78701
512–782–7250
Fax: 512–782–7248
Email: dgibson@littler.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin S. Mullen**
The Mullen Firm PLLC
3801 N. Capital of Texas Hwy.
Suite E–240/604
Austin, TX 78746
512–537–7959
Email: kevin@themullenfirm.com
*TERMINATED: 04/24/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Salvador Davila**
Littler Mendelson, P.C.
100 Congress Avenue, Suite 1400
Austin, TX 78701
(512) 982–7250
Fax: (512) 982–7248
Email: SDavila@littler.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Tenet Concepts, LLC**                                            represented by **Darren Glenn Gibson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin S. Mullen**
(See above for address)
*TERMINATED: 04/24/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Salvador Davila**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Doe, 1**

**Defendant**

**John Doe, 2**

**Defendant**

**John Doe, 3**

**Defendant**

**John Doe, 4**

**Defendant**

**John Doe, 5**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/02/2017 | Ï 1 | COMPLAINT ( Filing fee $ 400 receipt number 0542−9258413). No Summons requested at this time, filed by Jeffrey Lines. (Attachments: # 1 Civil Cover Sheet)(Ellwanger, Jay) (Attachment 1 replaced on 2/3/2017 to flatten image) (afd). (Entered: 02/02/2017) |
| 02/02/2017 | Ï | Case Assigned to Judge Lee Yeakel. CM WILL NOW REFLECT THE JUDGE INITIALS AS PART OF THE CASE NUMBER. PLEASE APPEND THESE JUDGE INITIALS TO THE CASE NUMBER ON EACH DOCUMENT THAT YOU FILE IN THIS CASE. (afd) (Entered: 02/03/2017) |
| 02/02/2017 | Ï | DEMAND for Trial by Jury by Jeffrey Lines. (afd) (Entered: 02/03/2017) |
| 02/03/2017 | Ï 2 | Letter to Holt Major Lackey re: Non−Admitted Status. (afd) (Entered: 02/03/2017) |
| 02/09/2017 | Ï 3 | MOTION to Appear Pro Hac Vice by Jay D. Ellwanger *for Sara Wyn Kane* ( Filing fee $ 100 receipt number 0542−9281306) by on behalf of Jeffrey Lines. (Attachments: # 1 Proposed Order)(Ellwanger, Jay) (Entered: 02/09/2017) |
| 02/09/2017 | Ï 4 | MOTION to Appear Pro Hac Vice by Jay D. Ellwanger *for James A. Vagnini* ( Filing fee $ 100 receipt number 0542−9281322) by on behalf of Jeffrey Lines. (Attachments: # 1 Proposed Order)(Ellwanger, Jay) (Entered: 02/09/2017) |

| 02/13/2017 | Ï | (Court only) ***Attorney Sara Wyn Kane for Jeffrey Lines added. (ml) (Entered: 02/13/2017) |
|---|---|---|
| 02/13/2017 | Ï 5 | ORDER GRANTING 3 Motion for Sara Wyn Kane to Appear Pro Hac Vice. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (ml) (Entered: 02/13/2017) |
| 02/13/2017 | Ï | (Court only) ***Attorney James A. Vagnini for Jeffrey Lines added. (ml) (Entered: 02/14/2017) |
| 02/13/2017 | Ï 6 | ORDER GRANTING 4 Motion for James A. Vagnini to Appear Pro Hac Vice. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (ml) (Entered: 02/14/2017) |
| 03/03/2017 | Ï 7 | REQUEST FOR ISSUANCE OF SUMMONS by Jeffrey Lines. (Ellwanger, Jay) (Entered: 03/03/2017) |
| 03/03/2017 | Ï 8 | Summons Issued as to Tenet Concepts, LLC. (jf) (Entered: 03/03/2017) |
| 03/31/2017 | Ï 9 | MOTION to Dismiss *Pursuant to 12(b)(6) and Brief In Support* by Amazon.Com, Inc., Tenet Concepts, LLC. (Mullen, Kevin) (Entered: 03/31/2017) |
| 03/31/2017 | Ï 10 | Certificate of Interested Parties *and Corporate Disclosure Statement* by Amazon.Com, Inc., Tenet Concepts, LLC. (Mullen, Kevin) (Entered: 03/31/2017) |
| 04/14/2017 | Ï 11 | AMENDED COMPLAINT against All Defendants amending, filed by Jeffrey Lines.(Ellwanger, Jay) (Entered: 04/14/2017) |
| 04/14/2017 | Ï 12 | DEFICIENCY NOTICE: No certificate of service was included in pleading. Please file ONLY the certificate of service in the form of a pleading using the "Certificate of Service" event located under the 'Service of Process' menu re 11 Amended Complaint (jf) (Entered: 04/17/2017) |
| 04/17/2017 | Ï 13 | CERTIFICATE OF SERVICE by Jeffrey Lines *for* 11 Amended Complaint (Ellwanger, Jay) (Entered: 04/17/2017) |
| 04/21/2017 | Ï 14 | NOTICE of Attorney Appearance by Darren Glenn Gibson on behalf of Amazon.Com, Inc., Tenet Concepts, LLC. Attorney Darren Glenn Gibson added to party Amazon.Com, Inc.(pty:dft), Attorney Darren Glenn Gibson added to party Tenet Concepts, LLC(pty:dft) (Gibson, Darren) Modified event on 4/21/2017 (jf). (Entered: 04/21/2017) |
| 04/21/2017 | Ï | Notice of Correction: Proposed order is required. Please file the proposed order to substitute counsel using the "Attachment" event re 14 MOTION to Substitute Attorney. (jf) (Entered: 04/21/2017) |
| 04/21/2017 | Ï 15 | ATTACHMENT *Proposed Order* to 14 MOTION to Substitute Attorney by Amazon.Com, Inc., Tenet Concepts, LLC. (Gibson, Darren) (Entered: 04/21/2017) |
| 04/24/2017 | Ï 16 | ORDER GRANTING 14 Motion to Substitute Attorney. Signed by Judge Lee Yeakel. (jf) (Entered: 04/25/2017) |
| 04/24/2017 | Ï | (Court only) *** Attorney Kevin S. Mullen terminated. (jf) (Entered: 04/25/2017) |
| 04/25/2017 | Ï 17 | Unopposed MOTION for Extension of Time to File Answer *to Plaintiff's First Amended Complaint* by Amazon.Com, Inc., Tenet Concepts, LLC. (Attachments: # 1 Proposed Order – Proposed Order)(Gibson, Darren) (Entered: 04/25/2017) |
| 05/01/2017 | Ï 18 | ORDER GRANTING 17 Motion for Extension of Time to Answer ; Amazon.Com, Inc. answer due 5/12/2017; Tenet Concepts, LLC answer due 5/12/2017. Signed by Judge Lee Yeakel. (jf) (Entered: 05/01/2017) |

| 05/12/2017 | 19 | *AMAZON.COM, INC.'s* ANSWER to 11 Amended Complaint by Amazon.Com, Inc..(Gibson, Darren) (Entered: 05/12/2017) |
|---|---|---|
| 05/12/2017 | 20 | ANSWER to 11 Amended Complaint by Tenet Concepts, LLC.(Gibson, Darren) (Entered: 05/12/2017) |
| 05/17/2017 | 21 | MOTION to Appear Pro Hac Vice by Jay D. Ellwanger *for Matthew L. Berman* ( Filing fee $ 100 receipt number 0542–9597872) by on behalf of Jeffrey Lines. (Attachments: # 1 Proposed Order)(Ellwanger, Jay) (Entered: 05/17/2017) |
| 05/23/2017 | 22 | ORDER DISMISSING 9 Motion to Dismiss. Signed by Judge Lee Yeakel. (jf) (Entered: 05/24/2017) |
| 05/23/2017 | 23 | ORDER GRANTING 21 Motion to Appear Pro Hac Vice for Matthew L. Berman. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (jf) (Entered: 05/24/2017) |
| 07/24/2017 | 24 | Proposed Scheduling Order by Jeffrey Lines. (Berman, Matthew) (Entered: 07/24/2017) |
| 08/07/2017 | 25 | ORDER (Initial Pretrial Conference set for 10/3/2017 at 2:30 PM before Judge Lee Yeakel). Signed by Judge Lee Yeakel. (jf) (Entered: 08/07/2017) |
| 10/03/2017 | 26 | Scheduling Recommendations *Joint Discovery/Case Management Plan* by Amazon.Com, Inc., Tenet Concepts, LLC. (Attachments: # 1 Exhibit A)(Davila, Salvador) (Entered: 10/03/2017) |
| 10/03/2017 | 27 | Minute Entry for proceedings held before Judge Lee Yeakel: Initial Pretrial Conference in Chambers held on 10/3/2017 (Minute entry documents are not available electronically). (Court Reporter Arlinda Rodriguez)(jf) (Entered: 10/03/2017) |
| 10/03/2017 | 28 | Unopposed MOTION for Protective Order by Amazon.Com, Inc., Tenet Concepts, LLC. (Attachments: # 1 Exhibit A – Confidentiality and Protective Order)(Davila, Salvador) (Entered: 10/03/2017) |
| 10/03/2017 | 29 | SCHEDULING ORDER: Pretrial Conference set for 3/29/2019 at 10:00 AM before Judge Lee Yeakel and jury trial in the month of April 2019, ADR Report Deadline due by 3/9/2018, Discovery due by 10/5/2018, Motions due by 11/9/2018. Signed by Judge Lee Yeakel. (jf) (Entered: 10/04/2017) |
| 10/06/2017 | 30 | PROTECTIVE ORDER. Signed by Judge Lee Yeakel. (dm) (Entered: 10/06/2017) |
| 10/19/2017 | 31 | MOTION to Appear Pro Hac Vice by Jay D. Ellwanger *for Monica Hincken* ( Filing fee $ 100 receipt number 0542–10095187) by on behalf of Jeffrey Lines. (Attachments: # 1 Proposed Order)(Ellwanger, Jay) (Entered: 10/19/2017) |
| 10/24/2017 | 32 | ORDER GRANTING Monica Hincken's 31 Motion to Appear Pro Hac Vice. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (jf) (Entered: 10/24/2017) |
| 01/25/2018 | 33 | SUGGESTION OF BANKRUPTCY as to Tenet Concepts, LLC . (Attachments: # 1 Exhibit A – Tenet Voluntary Petition)(Gibson, Darren) (Entered: 01/25/2018) |
| 01/29/2018 | 34 | ORDER setting Status Conference for 2/13/2018 01:30 PM before Judge Lee Yeakel. Signed by Judge Lee Yeakel. (klw) (Entered: 01/30/2018) |
| 02/13/2018 | 35 | Minute Entry for proceedings held before Judge Lee Yeakel: Status Conference held on 2/13/2018 (Minute entry documents are not available electronically). (Court Reporter Arlinda Rodriguez.)(dl) |

|   |   | (Entered: 02/14/2018) |
|---|---|---|
| 02/13/2018 | 36 | JOINT Status Report due by 2/27/2018. Signed by Judge Lee Yeakel. (dl) (Entered: 02/15/2018) |
| 02/20/2018 | 37 | MOTION to Appear Pro Hac Vice by Jay D. Ellwanger *Application and Proposed Order for Holt Lackey to Appear Pro Hac Vice* ( Filing fee $ 100 receipt number 0542–10480878) by on behalf of Jeffrey Lines. (Ellwanger, Jay) (Entered: 02/20/2018) |
| 02/27/2018 | 38 | STATUS REPORT *Joint Status Report* by Jeffrey Lines. (Ellwanger, Jay) (Entered: 02/27/2018) |
| 02/27/2018 | 39 | ORDER GRANTING 37 Motion to Appear Pro Hac Vice. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (dl) (Entered: 02/28/2018) |
| 03/13/2018 | 40 | STATUS REPORT *Agreed Amendment to Joint Status Report* by Jeffrey Lines. (Ellwanger, Jay) (Entered: 03/13/2018) |
| 03/20/2018 | 41 | MOTION to Change Venue *and Brief in Support* by Amazon.Com, Inc., Tenet Concepts, LLC. (Attachments: # 1 Affidavit Declaration of Scott Cass, # 2 Proposed Order Proposed Order)(Gibson, Darren) (Entered: 03/20/2018) |
| 03/20/2018 | 42 | NOTICE *of Substantial Compliance Regarding Joint Status Report* by Jeffrey Lines (Ellwanger, Jay) (Entered: 03/20/2018) |
| 03/27/2018 | 43 | Response in Opposition to Motion, filed by Jeffrey Lines, re 41 MOTION to Change Venue *and Brief in Support* filed by Defendant Amazon.Com, Inc., Defendant Tenet Concepts, LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Proposed Order)(Ellwanger, Jay) (Entered: 03/27/2018) |
| 04/02/2018 | 44 | REPLY to Response to Motion, filed by Amazon.Com, Inc., Tenet Concepts, LLC, re 41 MOTION to Change Venue *and Brief in Support* filed by Defendant Amazon.Com, Inc., Defendant Tenet Concepts, LLC (Gibson, Darren) (Entered: 04/02/2018) |
| 07/06/2018 | 45 | NOTICE *of Withdrawal of Opposition to Motion to Transfer* by Jeffrey Lines re 41 MOTION to Change Venue *and Brief in Support* (Ellwanger, Jay) (Entered: 07/06/2018) |
| 08/09/2018 | 46 | ORDER GRANTING 41 Motion to Transfer Venue. Signed by Judge Lee Yeakel. (dl) (Entered: 08/09/2018) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

_____

_____

**Plaintiff**

v.

_____

Docket Number

_____

**Defendant**

## CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 636(c), the parties to the above captioned civil matter hereby waive their right to proceed before a Judge of the United States District Court and consent to have a United States Magistrate Judge conduct any and all further proceedings in the above styled case (including the trial) and order entry of a final judgment.

Signature of Party or Counsel of Record          Date

_____          _____
_____          _____
_____          _____

NOTE: Return this form to the District Clerk only if it has been executed by all parties to the case.

_____

## ORDER OF REASSIGNMENT

IT IS HEREBY ORDERED that the above captioned matter be reassigned to the United States Magistrate Judge_____ for the conduct of all further proceedings and the entry of judgment in accordance with 28 § 636(c) and the foregoing consent of the parties.

_____          _____
Date                                              UNITED STATES DISTRICT JUDGE

## TRIALS BY THE UNITED STATES MAGISTRATE JUDGE

28 U.S.C. § 636(c)(1) and Fed. R. Civ. Proc 73(b) provide that upon the consent of all parties in a civil case, the district judge may enter an order reassigning the civil case to a magistrate judge. Miscellaneous Order No. 6 of the Northern District of Texas provides that it is the plaintiff's obligation to attach a copy of this notice to the complaint and summons, when served.

## NOTICE OF RIGHT TO CONSENT TO PROCEED
## BEFORE A UNITED STATES MAGISTRATE JUDGE

You have the opportunity to consent to the exercise of civil jurisdiction over your case by a magistrate judge. If all parties involved in your case consent, the presiding district judge may enter an order of transfer, and reassign your case to a magistrate judge.

Your decision to consent, or not to consent, to the reassignment of your case to a magistrate judge is entirely voluntary and without any adverse consequences if you choose not to consent. Your decision should be communicated to the clerk of the district court using the form entitled: *Consent to Proceed Before a United States Magistrate Judge* ("consent form"). It is preferred that all parties submit the consent form jointly, but it may be submitted individually if necessary. A district judge or magistrate judge will not be informed of any party's response to this notice unless all parties have consented to the referral of the matter to a magistrate judge.

Even if all parties consent to the exercise of civil jurisdiction by a magistrate judge, the district judge may choose not to enter an order reassigning the case to a magistrate judge. However, if the district judge does enter an order of transfer, and reassigns your case to the magistrate judge, the magistrate judge is then authorized to conduct any or all proceedings in the case, including a jury or non–jury trial, and order the entry of a final judgment. Upon entry of judgment by the magistrate judge in any case referred under 28 U.S.C. § 636(c)(1), 28 U.S.C. § 636(c)(3) provides that "an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court."

If you wish to consent to proceed before a United States magistrate judge and are a registered electronic filer in the Northern District of Texas, you complete the online form available in the court's ECF system under Civil Events, Other Filings. Non–ECF filers may access the consent form on the court's website at www.txnd.uscourts.gov, Forms, Civil or request a paper copy from any of the clerk's seven divisional offices.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN RE: STANDING ORDER    §
CONCERNING PAPER FILING IN  §
CASES ASSIGNED TO U.S.    §
DISTRICT JUDGE JOHN McBRYDE  §

<u>STANDING ORDER</u>

Because of the uncertainty that might be created by Local Rule LR 5.1 of the Local Civil Rules and Rule LCrR 49.2 of the Local Criminal Rules of this court concerning the document-filing requirements of the undersigned,

The undersigned DIRECTS that:

1. No document will be filed in any case on the docket of the undersigned by electronic means; and, all documents filed in any case on the docket of the undersigned shall be in traditional paper form, single-sided, bearing the original signature of the filing party and complying with the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, the local rules of this court applicable to paper filings, and the undersigned's judge-specific requirements as set forth in the form status report order available at

http://www.txnd.uscourts.gov/sites/default/files/documents/McBrydeStatusReportOrder.pdf.

2. An exception to the foregoing is that documents filed in an action before the action is assigned to the docket of the

undersigned are authorized to be electronically filed; provided, if any such document has been electronically filed in a civil action before the action has been assigned to the docket of the undersigned, and if the action is not one that is on the docket of the undersigned by reason of a transfer from another federal court or judge, the filing party shall deliver to the clerk of court within three (3) business days of the receipt of this order the original and one copy of each such document in paper form, without any changes except as necessary to comply with the requirements of paragraph 1 above and bearing original signatures as if the documents had been filed in paper form, and shall staple to the front of the original of each such document a copy of the Notice of Electronic Filing related to the previous electronic filing of the document.

3.    Any party who initiates a civil action that is assigned to the docket of the undersigned shall serve a copy of this order by certified or registered mail, return receipt requested, on each other party to the action within five (5) days of receipt of this order.  If an additional party is joined in such action, the party or parties causing the joinder of the additional party shall serve a copy of this order on the additional party, by certified or registered mail, return receipt requested, within five (5) days of the joinder of the additional party.

2

4.    In each criminal case, the government shall serve a
copy of this order on each defendant's counsel, by certified or
registered mail, return receipt requested, within five (5) days
after the identity of defense counsel is known, either by reason
of entry of appearance or order appointing counsel.

5.    Every attorney who appears in this action or case must
be a registered user of this court's ECF.  See
http://www.txnd.uscourts.gov/ecf-registration. Any attorney who fails to
register is subject to being stricken as an attorney without
further notice.

SIGNED September 20, 2018.

_____
JOHN McBRYDE
United States District Judge

3